UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV 19-01514-DOC (DFMx) | Date: | July 23, 2020 |
|---|---|---|---|
| Title | Jeremy Holloway v. County of Orange et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Plaintiff(s): | | Attorney(s) for Defendant(s): |
| Not Present | | Not Present |

| Proceedings: | (IN CHAMBERS) Order Granting Plaintiff's Ex Parte Application to Order Resumption of Defendant Renegar's Deposition (Dkt. 69) |
|---|---|

A deposition is a judicial proceeding that should be conducted with the solemnity and decorum befitting its importance. Lawyers participating in depositions should comport themselves in a professional and dignified manner. When lawyers behave otherwise, it reflects poorly on the entire judicial process.

MAG Aerospace Indus., Inc. v. B/E Aerospace, Inc., No. 13-06089, 2014 WL 12754932, at *1 (C.D. Cal. Aug. 28, 2014).

\* \* \* \* \*

This is a police excessive-force case. Earlier this month, on July 7, Plaintiff's counsel took the deposition of one of the primary deputy-defendants, Chad Renegar. Unfortunately, the deposition did not live up to the standards set forth in the paragraph above. It ended prematurely when Renegar and his counsel unilaterally terminated the deposition.

The following day, Plaintiff's counsel filed an ex parte application to compel the resumption of Renegar's deposition. See Dkt. 69 ("Application"). Plaintiff's counsel sought an order compelling the resumption of Renegar's deposition on a mutually agreeable date and an award of $5,000 in sanctions. See Dkt. 69-2. Defendants filed an opposition. See Dkt. 70.

I held a telephonic conference with counsel on July 9, 2020. During the call, I learned that Plaintiff's counsel had videotaped the deposition. As the parties did not agree on who was at fault for the deposition going awry, I asked Plaintiff's counsel to submit a copy of the video recording.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Plaintiff's counsel also later provided me with a transcript. I have read the entire transcript and reviewed substantial portions of the video. Based on that review, I now rule as follows:

The Federal Rules allow a party or a deponent to move to terminate a deposition. See Fed. R. Civ. P. 30(d)(3)(A).[1] The rules provide that a deposition may be terminated or limited if "it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Id.

In deciding whether to terminate a deposition, courts have focused on the "manner in which the interrogation is conducted." In re Stratosphere Corp. Sec. Litig., 182 F.R.D. 614, 619 (D. Nev. 1998). Courts have also observed that depositions should be halted or limited "sparingly." E.g., Smith v. Logansport Cmty. Sch. Corp., 139 F.R.D. 637, 640 (N.D. Ind. 1991). This pre-disposition against terminating depositions makes sense; not only do courts want depositions to be completed, but they also do not want to be burdened with mid-deposition motions to terminate every time counsel have a dispute.

Here, although I have, as detailed below, considerable concerns about the manner in which Renegar was questioned by Plaintiff's counsel, those concerns do not overcome my reluctance to see a key witness's deposition terminated before completion. For that reason, the Application to resume Renegar's deposition is GRANTED. Renegar's deposition shall resume on a date, time, and location that is mutually agreeable to counsel and that is before the discovery cut-off date. The remaining portion of Renegar's deposition shall be limited to 90 minutes.[2]

But that's not the only relief Plaintiff's Application seeks. Plaintiff's counsel also seeks $5,000 in sanctions to cover her attorney's fees and court reporter's costs. Rule 37(a)(5) applies to an award of expenses for an unsuccessful motion to terminate. See Fed. R. Civ. P. 30(d)(3)(C). Under Rule 37(a)(5)(A), a payment of expenses is not warranted if the losing party's position is "substantially justified."

Plaintiff's request for sanctions is DENIED. Although I do not agree that Renegar's deposition should be terminated, his deposition was, to put it mildly, a train wreck. And

---

[1] Although the matter is before me on Plaintiff's Application to resume the deposition rather than Defendants' motion to terminate Renegar's deposition, I view the procedural posture as meaningless. It was Plaintiff who caused the procedural posture by filing an ex parte application. And it is clear that Rule 30(d)(3)(A) is the correct standard for deciding Plaintiff's Application.

[2] The record shows that the July 7 deposition began at 9:10 and was terminated at 4:15, and that off-the-record breaks totaling 1 hour and 35 minutes were taken. See Tr. at 5, 32, 114, 133, 192, 249, 284.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

responsibility for that result lies predominantly with Plaintiff's counsel. I expect, as I told counsel during the July 9 telephone conference, that all counsel should comport themselves in the deposition the same as if they were in the courtroom.[3]

It is clear from the transcript and the video that Plaintiff's counsel repeatedly fell short of this standard. Most courts would not permit a lawyer to comment on a witness's answers to her questions. Plaintiff's counsel did this, repeatedly. See, e.g., Tr. at 166 ("A. I do not recall. Q. You don't recall a lot of things."); 270 ("Q. Do you remember ever telling him why this guy is bleeding to his face? A. I do not recall what I told him. Q. Because you didn't care; right? The guy is injured. You don't give a shit."). Similarly, most courts would not permit a lawyer to editorialize about how a jury would view Plaintiff's testimony. Plaintiff did this, also repeatedly. See, e.g., Tr. at 167 ("And if you are a defendant in this case, do you think the jury will believe that you remember anything? Do you think? I can't wait until we get to trial."). Most courts would also put a stop to arguing between counsel. This happened repeatedly, usually instigated by remarks from Plaintiff's counsel. See, e.g., Tr. at 95 ("Do you understand what 'misstating the evidence' means?").

As the deposition continued into the afternoon, Plaintiff's counsel grew increasingly bellicose with Renegar's responses. Rather than questioning him, she lectured him about his answers. See, e.g., Tr. at 204 ("You come back again and you come back again and now you are, in fact, engaging in use of force and at gun point telling him to 'Get down on the ground.' So you need to justify your actions. You need to justify your actions."). When Defendants' counsel objected to these tirades, she turned on her. See, e.g., Tr. at 208 ("It's a joke. This civil litigation is entirely a joke. You know. Complete joke. But wait until we get to trial and you will see."). By her own admission on the record, she raised her voice, and the Court's review of the video recording shows that she raised her voice several times. See, e.g., Tr. at 267 ("I will raise my voice as long as I want.").

As noted above, I also watched substantial parts of the video recording of the deposition. If anything, the video recording is worse than the cold transcript. For the most part, Renegar and his counsel are largely subdued. Plaintiff's counsel is anything but. Not only does she raise her voice, but it appears to me that she slaps the conference room table at least twice. Her tone of voice ranges from exasperated to indignant. She appears to lose her temper several times. I am confident that none of these antics would have been permitted to persist in any courtroom in the federal courthouse in Orange County.

---

[3] The Advisory Committee notes to Rule 30 make that expectation explicit: "[i]n general, counsel should not engage in conduct during a deposition that would not be allowed in the presence of a judicial officer."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Finally, after Defendants' counsel accused Plaintiff's counsel of wasting time, Plaintiff's counsel erupted "Excuse me. Excuse me. I'm tired of you. . . . If you are here to testify to the truth, the whole truth, but the truth, why can't you admit a simple fact from your own fricking fucking report." Tr. at 282. This inappropriate and profane outburst caused Defendant's counsel and her client to leave the deposition. See Tr. at 282-84.

In sum, although I am ordering Renegar's deposition resumed, I cannot find that Defendants' counsel's decision to leave the deposition was without substantial justification. But I also do not want to leave the impression that Defendants' counsel's behavior was beyond reproach. Her repeated objections of "misstates testimony" and "the document speaks for itself" were not well-taken, even if they were not overly disruptive and do not appear to be a consistent effort to coach the witness. And threats to terminate a deposition are not generally helpful, and Defendants' counsel begins making such threats within the first hour. Finally, although she largely remained professional in the face of Plaintiff's counsel's behavior, she made several inappropriate remarks in the latter stages of the proceeding. See Tr. at 207 ("I thought the whole case was [a joke], but I tried not to say anything like that."); 277 ("You think that's funny."); 281 ("You're wasting time. Tick tock."). Like Plaintiff's counsel's outbursts, those remarks would not have been tolerated in the courtroom.

\* \* \* \* \*

"No one expects the deposition of a key witness in a hotly contested case to be a non-stop exchange of pleasantries. However, it must not be allowed to become an excuse for counsel to engage in acts of rhetorical road rage against a deponent and opposing counsel." Freeman v. Schointuck, 192 F.R.D. 187, 189 (D. Md. 2000). Depositions have continued in this case since Renegar's deposition was terminated. I trust that my remarks on July 9 and this subsequent ruling will cause those depositions to be conducted without the rancor that was exhibited on July 7.