**MKRTCHYAN LAW**

Narine Mkrtchyan, Esq. (SBN 243269)

1010 N. Central Ave, Suite 204

Glendale, CA 91202

Telephone No. (818) 388-7022

Web:  www.narinelaw.com

Email: narine57@gmail.com

Attorney for Jeremy Holloway

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY HOLLOWAY,<br><br>       Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE, DEPUTY CHAD RENEGAR, individually and as a peace officer, DEPUTY JOEL GONZALEZ, individually and as a peace officer, DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY BRANDON BILLINGER, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS individually and as a peace officer, DEPUTY JUSTIN GUNDERSON, individually and as a peace officer, and DOES 1-10. | Case No. 8:19-cv-01514-DOC-DFM<br><br>**DECLARATION OF JEREMY HOLLOWAY IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL FOR SANCTIONS AND FURTHER DEPOSITION**  8:30 A.M.JT |

Defendants.

# DECLARATION OF JEREMY HOLLOWAY

1. I am the Plaintiff in this matter. I am 44 years old.
2. I am an honorably discharged veteran, Sergeant of the Marine Corps of the United States. I have served my country well and am proud of that.
3. I currently reside in Connellsville, Pennsylvania where I moved in July 2018 because of the incident in this case when I was unjustifiably assaulted and injured and thereafter subjected to more harassment and mistreatment by the Orange County Sheriff's Department at the O'Neill Regional Park where I was lawfully camping.
4. I had not visited California since 2018 and made special arrangements despite the Covid-19 to fly to Orange County for two weeks, to appear specially for my in-person deposition in this case, that took place on August 14, 2020. Due to my medical health issues as a result of this incident, and the outbreak of Covid-19 I have not had stable income this year and had to gather funds for travel and lodging to California. It cost me approximately 6835.55 to come to California for this deposition.
5. I timely appeared for my deposition which began at about 9 am and ended at about 7 pm with one hour lunch break in-between and 5-10 minute

breaks for restroom in-between.

6. I had expected the deposition to be about the incident in this case and how I was brutalized on January 21, 2018 by the Sheriff's Deputies.

7. However, to my great surprise, the defense counsel Mr. Frank Harrell taking my deposition was entirely focused on my background and life story. His attitude throughout was very belittling, accusatory, antagonistic and disparaging towards me and my counsel.

8. First, he asked me to remove my face mask, while there were at least 7 people in the room seated close to each other. He also removed his mask and was not wearing it at any point during this deposition. My lawyer objected on health and safety reasons related to Covid-19 but was ignored. I had to testify without a mask for the large part of the deposition endangering my health and my counsel's who was seated next to me.

9. Throughout the deposition, I had the impression, he was trying to agitate me and 'corner' me by asking the same questions over and over again, even after I gave him my best answers. He was not satisfied with my answers and kept asking the same questions over and over again, hoping to get a different answer or to rattle me. Most of his questions were accusatory in nature, leaving an impression that he already knew the answer and no matter what I said, it did not matter. I was getting frustrated especially because he had a grin on his face and was using hand gestures that were not being captured on video. His entire body language was very hostile in a passive-aggressive style. While he did not raise his voice, his tone remained antagonistic.

10. He asked me a lot of questions related to my background, my relationships with my family, my lifelong employment and residential history and criminal record history. I did not feel comfortable answering many of his questions because I did not believe that by filing a suit for

violation of my rights and damages, I would be subjected to such degree of intrusion into my privacy. I also could not recollect many of the background related questions, but he seemed to take it as lack of cooperation on my part and kept pressing me for more, not taking my answer as true. However, I answered all his questions to the best of my ability.

11. I was even asked about my social media posts and my Facebook account. The counsel was accusing me of deleting my page and destroying evidence without showing me specific posts from my page as to what he meant. I kept my Facebook posts public and did not take them seriously, but since the death of George Floyd and Breonna Taylor and the social media reaction to them with police brutality focus, I felt the pain of what these deputies did to me, was hitting me hard, and I stopped getting on Facebook and closed my account sometime in 2020 not to relive the incident. Prior to the incident I had no ill-will towards law enforcement, but since this incident, I consider them killers. They came close to killing me too like George Floyd on the day of the incident.

12. Throughout this deposition, I felt as if the defense counsel was accusing me of all manner of things that had nothing to do with his lawsuit. He was also attributing actions to me that never happened. I felt really harassed with his questioning and felt like I was the one accused of misconduct not these Defendants. It was a real ordeal to go through this examination and intrusive questionnaire about my life story. Despite all this hostility, I cooperated and answered all questions to the end. We left the conference room at around 7 pm after a full day session. I left for Pennsylvania a week later. I was not told at that session that I would be called in again for another session and was under the impression that the deposition had its natural ending with defense finishing their questions.

13. Now I am learning that they have asked the Court to order another session of my deposition, when I believe I have answered all their questions fairly, and without withholding any information. I was also asked to respond to more Interrogatory responses by Defendants and believe I have given all information I recall about both the incident and my background.
14. I have been in severe financial hardship this year because of my medical injuries as a result of the incident and the Covid-19. I have no funds to return to California except for trial scheduled in this matter. I also do not believe, it is safe to travel for me given the continuous outbreak of Covid-19.
15. This case is costing me and my lawyer too much while I am a victim of police misconduct and want vindication of my rights and compensation for my injuries.
16. I request that I am not subjected to another session of harassment by these lawyers, whose goal has not been to find out the truth of what happened, but to accuse me of all manner of things as part of this lawsuit, as these deputies did in 2018 by offering false police reports to the District Attorney's Office in efforts to criminally prosecute me.
17. As a victim of these deputies, I request protective orders against this harassment that is costing me and my lawyer prohibitive sums. At the end of the day, I want to be fairly compensated for my injuries that have left a permanent mark on my health and life. I did not believe that filing a suit for violation of my rights and injuries would subject me to so many unfair accusations and ongoing harassment.
18. If the Court believes, the defense is entitled to more answers from me, I respectfully request that that session is conducted remotely on Zoom and for a limited period of time to prevent further prolonged harassment of me and repeated questions about issues I have already answered. I will

comply with all court orders to the best of my ability.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of November, 2020 at Glendale, CA

Jeremy Holloway

Plaintiff