S. Frank Harrell – SBN 133437
sharrell@lynberg.com
Tamara M. Heathcote – SBN 193312
theathcote@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W. Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants COUNTY OF ORANGE, DEPUTY CHAD RENEGAR, DEPUTY JOEL GONZALEZ, DEPUTY KEVIN PAHEL, DEPUTY BRANDON BILLINGER, DEPUTY MARK BORBA, DEPUTY JAMESON GOTTS and DEPUTY JUSTIN GUNDERSON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

JEREMY HOLLOWAY,

Plaintiff,

vs.

COUNTY OF ORANGE, DEPUTY CHAD RENEGAR, individually and as a peace officer, DEPUTY JOEL GONZALEZ, individually and as a peace officer, DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY BRANDON BILLINGER, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS individually and as a peace officer, DEPUTY JUSTIN GUNDERSON, individually and as a peace officer, and DOES 1-10.

Defendants.

CASE NO. 8:19-cv-01514-DOC-DFM

*Assigned for All Purposes to:*
*Hon. David O. Carter, Courtroom 9D*

**DEFENDANTS' OBJECTIONS TO EVIDENCE OFFERED IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION**

*Filed Concurrently with Defendants' Reply to Opposition and Objections in Response to Plaintiff's Statement of Uncontroverted Facts*

**Date: December 14, 2020**
**Time: 8:30 a.m.**
**Dept.: 9D**

*Trial Date: January 19, 2021*
*Second Amended Complaint filed: December 10, 2019*

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** Defendants hereby submit the following evidentiary objections to the evidence submitted by Plaintiff Jeremy Holloway ("Plaintiff") in support of his Opposition to Defendants' Motion for Summary Adjudication.

**SPECIFIC OBJECTIONS TO PLAINTIFF'S SEPARATE STATEMENT OF DISPUTED MATERIAL FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY ADJUDICATION**

**1. Separate Statement No. 1:**

Objection to the Holloway Declaration ¶¶ 2-4 concerning Plaintiff's former service in the military, his former rank in the military, and his former discharge from the military as relevant to any issue of fact material to resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to the Holloway Deposition pp 51, 64-66 concerning Plaintiff's former service in the military, his former rank in the military, and his former discharge from the military as relevant to any issue of fact material to resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to the statement that Plaintiff was "sleeping peacefully in a tent with his dog" as the Holloway Declaration and Holloway testimony cited do not provide a factual predicate for same, and is otherwise irrelevant to any issue. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 5:5-6 ("Each cell should contain a narrowly focused statement of fact, and address a single subject in as concise a manner as possible."); and 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the

first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**2. Separate Statement No. 2:**

Objection to Plaintiff's Material Fact on the grounds that Plaintiff misstates the evidence. Only one deputy initially communicated with Plaintiff and requested Plaintiff to come out of his tent. See, Holloway Declaration ¶ 6. The interaction is also irrelevant to the determination of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Holloway Deposition pp 71, 77 as the amount of deputies present at the "first encounter" is irrelevant for purposes of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Borba Deposition testimony pp 67-71, 82-84 that Borba was present at the "first encounter" is irrelevant for purposes of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Renegar Deposition testimony pp 75-78 regarding deputies present at the "first encounter" is irrelevant for purposes of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Pahel Deposition testimony pp 62-70 regarding deputies present at the "first encounter" is irrelevant for purposes of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Gonzalez Deposition testimony pp 35-44 regarding deputies present at the "first encounter" is irrelevant for purposes of this Motion. See, Fed. R. Evid. 401, 402.

Objection to statement and supporting evidence as it discusses the "first encounter" and is therefore irrelevant to any issue of fact material to resolution of this motion as Plaintiff concedes in his Opposition: "[D]ue to the search and seizure conditions as part of his probation, Jeremy cannot claim a Fourth Amendment violation for unlawful detention and search for the first encounter with the deputies.

Plaintiff concedes as part of this Opposition, he has no illegal search claim for these reasons." (Opposition, p. 14:16-20, Dkt. No. 125.) [Emphasis in original.] The "fact" is therefore irrelevant to determination of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**3. Separate Statement No. 3:**

Objection to Holloway Deposition testimony pp 72-74 related to it being cold, that Holloway was "half-awake and upset with the intrusion", and that Holloway questioned the reason for the need of the deputies to speak with him as irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to Holloway Declaration ¶ 6 related to it being cold, that Holloway was "half-awake and upset with the intrusion", and that Holloway questioned the reason for the need of the deputies to speak with him as irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to statement and supporting evidence as it discusses the "first encounter" and is therefore irrelevant to any issue of fact material to resolution of this motion as Plaintiff concedes in his Opposition: "[D]ue to the search and seizure conditions as part of his probation, Jeremy cannot claim a Fourth Amendment violation for unlawful detention and search for the first encounter with the deputies. Plaintiff concedes as part of this Opposition, he has no illegal search claim for these reasons." (Opposition, p. 14:16-20, Dkt. No. 125.) [Emphasis in original.] The "fact" is therefore irrelevant to determination of this Motion. See, Fed. R. Evid. 401,

402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**4. Separate Statement No. 4:**

Objection to Holloway Deposition testimony pp 71-74 regarding Deputy Renegar's tone or volume of voice as irrelevant to any issue of fact material to the resolution of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Holloway Declaration ¶ 6 regarding Deputy Renegar's tone or volume of voice as irrelevant to any issue of fact material to the resolution of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Holloway Deposition testimony pp 71-74 regarding Deputy Renegar's statements "demanding [Holloway] come out of his tent" and/or "still not explaining why they needed to talk to him" as irrelevant to any issue of fact material to the resolution of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Holloway Declaration ¶ 6 regarding Deputy Renegar's statements "demanding [Holloway] come out of his tent" and/or "still not explaining why they needed to talk to him" as irrelevant to any issue of fact material to the resolution of this Motion. See, Fed. R. Evid. 401, 402.

Objection to statement and supporting evidence as it discusses the "first encounter" and is therefore irrelevant to any issue of fact material to resolution of this motion as Plaintiff concedes in his Opposition: "[D]ue to the search and seizure conditions as part of his probation, Jeremy cannot claim a Fourth Amendment violation for unlawful detention and search for the first encounter with the deputies.

Plaintiff concedes as part of this Opposition, he has no illegal search claim for these reasons." (Opposition, p. 14:16-20, Dkt. No. 125.) [Emphasis in original.] The "fact" is therefore irrelevant to determination of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**5. Separate Statement No. 5:**

Objection to Holloway Deposition testimony pp 75-76 as to his putting on a jacket, coming out of his tent and seeing 5 deputies surrounding his campsite and tent as irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to Holloway Declaration ¶ 6 as to his putting on a jacket, coming out of his tent and seeing 5 deputies surrounding his campsite and tent as irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to statement and supporting evidence as it discusses the "first encounter" and is therefore irrelevant to any issue of fact material to resolution of this motion as Plaintiff concedes in his Opposition: "[D]ue to the search and seizure conditions as part of his probation, Jeremy cannot claim a Fourth Amendment violation for unlawful detention and search for the first encounter with the deputies. Plaintiff concedes as part of this Opposition, he has no illegal search claim for these reasons." (Opposition, p. 14:16-20, Dkt. No. 125.) [Emphasis in original.] The "fact" is therefore irrelevant to determination of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**6. Separate Statement No. 6:**

Objection to Holloway Deposition testimony pp 89-90, 94, 103-105 that he was getting "more and more frustrated and fearful", his opinion that the intrusion was unjustified, his questioning of the deputies and his opinion that the deputies were "harassing him" as irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to Holloway Declaration ¶ 6 that he was getting "more and more frustrated and fearful", his opinion that the intrusion was unjustified, his questioning of the deputies and his opinion that the deputies were "harassing him" as irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to statement and supporting evidence as it discusses the "first encounter" and is therefore irrelevant to any issue of fact material to resolution of this motion as Plaintiff concedes in his Opposition: "[D]ue to the search and seizure conditions as part of his probation, Jeremy cannot claim a Fourth Amendment violation for unlawful detention and search for the first encounter with the deputies. Plaintiff concedes as part of this Opposition, he has no illegal search claim for these reasons." (Opposition, p. 14:16-20, Dkt. No. 125.) [Emphasis in original.] The "fact" is therefore irrelevant to determination of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact."

See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**7. Separate Statement No. 7:**

Objection to Plaintiff's Material Fact on the grounds that Plaintiff misstates evidence that Deputy Rengar was rude as none of the evidence cited indicates this fact. This citation by Plaintiff therefore cannot be relied upon to create a dispute as to a genuine issue of material fact. See, Certain Underwriters at Lloyd's London v. Garmin Int'l, Inc., 781 F.3d 1126, 1230-1231 (10th Cir. 2015)(on summary judgement, court may disregard factual statements in briefs not supported by specific references to the record); Carmen v. San Francisco Unified School Dis., 237 F.3d 1026, 1029 (9th Cir. 2001)(judges are not obligated to scour the record looking for a factual dispute without assistance from the parties).

Objection also to Holloway Deposition testimony pp 77-78, 86-90 that Deputy Renegar demanded to pat him down for weapons and still did not explain why they were there as irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection also to Holloway Decl. ¶ 6 that Deputy Renegar demanded to pat him down for weapons and still did not explain why they were there as irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to statement and supporting evidence as it discusses the "first encounter" and is therefore irrelevant to any issue of fact material to resolution of this motion as Plaintiff concedes in his Opposition: "[D]ue to the search and seizure conditions as part of his probation, Jeremy cannot claim a Fourth Amendment violation for unlawful detention and search for the first encounter with the deputies. Plaintiff concedes as part of this Opposition, he has no illegal search claim for these

reasons." (Opposition, p. 14:16-20, Dkt. No. 125.) [Emphasis in original.] The "fact" is therefore irrelevant to determination of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**8. Separate Statement No. 8:**

Objection to statement and supporting evidence as it discusses the "first encounter" and is therefore irrelevant to any issue of fact material to resolution of this motion as Plaintiff concedes in his Opposition: "[D]ue to the search and seizure conditions as part of his probation, Jeremy cannot claim a Fourth Amendment violation for unlawful detention and search for the first encounter with the deputies. Plaintiff concedes as part of this Opposition, he has no illegal search claim for these reasons." (Opposition, p. 14:16-20, Dkt. No. 125.) [Emphasis in original.] The "fact" is therefore irrelevant to determination of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**9. Separate Statement No. 9:**

Objection to statement and supporting evidence as it discusses the "first

encounter" and is therefore irrelevant to any issue of fact material to resolution of this motion as Plaintiff concedes in his Opposition: "[D]ue to the search and seizure conditions as part of his probation, Jeremy cannot claim a Fourth Amendment violation for unlawful detention and search for the first encounter with the deputies. Plaintiff concedes as part of this Opposition, he has no illegal search claim for these reasons." (Opposition, p. 14:16-20, Dkt. No. 125.) [Emphasis in original.] The "fact" is therefore irrelevant to determination of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**10. Separate Statement No. 10:**

Objection to Holloway Deposition testimony pp 127-128 regarding his feeling that he was being harassed as irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to Holloway Declaration ¶ 6 regarding his feeling that he was being harassed as irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection also to the stated "Material Fact" as it is, in its entirety, irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to statement and supporting evidence as it discusses the "first encounter" and is therefore irrelevant to any issue of fact material to resolution of this motion as Plaintiff concedes in his Opposition: "[D]ue to the search and seizure conditions as part of his probation, Jeremy cannot claim a Fourth Amendment

violation for unlawful detention and search for the first encounter with the deputies. Plaintiff concedes as part of this Opposition, he has no illegal search claim for these reasons." (Opposition, p. 14:16-20, Dkt. No. 125.) [Emphasis in original.] The "fact" is therefore irrelevant to determination of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**11. Separate Statement No. 11:**

Objection to the stated "Material Fact" as it is, in its entirety, irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to statement and supporting evidence as it discusses the "first encounter" and is therefore irrelevant to any issue of fact material to resolution of this motion as Plaintiff concedes in his Opposition: "[D]ue to the search and seizure conditions as part of his probation, Jeremy cannot claim a Fourth Amendment violation for unlawful detention and search for the first encounter with the deputies. Plaintiff concedes as part of this Opposition, he has no illegal search claim for these reasons." (Opposition, p. 14:16-20, Dkt. No. 125.) [Emphasis in original.] The "fact" is therefore irrelevant to determination of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed

fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.”).

**12. Separate Statement No. 12:**

Objection to Holloway deposition testimony and Holloway Declaration that he “got even more frustrated”, his further inquiry and his reason for the further inquiry as irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to statement and supporting evidence as it discusses the “first encounter” and is therefore irrelevant to any issue of fact material to resolution of this motion as Plaintiff concedes in his Opposition: “[D]ue to the search and seizure conditions as part of his probation, Jeremy cannot claim a Fourth Amendment violation for unlawful detention and search for the first encounter with the deputies. Plaintiff concedes as part of this Opposition, he has no illegal search claim for these reasons.” (Opposition, p. 14:16-20, Dkt. No. 125.) [Emphasis in original.] The “fact” is therefore irrelevant to determination of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff’s inclusion of multiple facts. Plaintiff also violates the Court’s Order Re Motions for Summary Judgment in his presentation of this “fact.” See, Court’s Scheduling Order 6:3-6 (“These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party’s last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.”).

**13. Separate Statement No. 13:**

Objection to the characterization of Deputy Renegar’s tone as “getting increasingly accusatory” and the Material Fact in its entirety as irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to statement and supporting evidence as it discusses the “first

encounter" and is therefore irrelevant to any issue of fact material to resolution of this motion as Plaintiff concedes in his Opposition: "[D]ue to the search and seizure conditions as part of his probation, Jeremy cannot claim a Fourth Amendment violation for unlawful detention and search for the first encounter with the deputies. Plaintiff concedes as part of this Opposition, he has no illegal search claim for these reasons." (Opposition, p. 14:16-20, Dkt. No. 125.) [Emphasis in original.] The "fact" is therefore irrelevant to determination of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**14. Separate Statement No. 14:**

Objection to the Material Fact in its entirety as it indicates the search of Plaintiff's tents and items was "unjustified" as this misstates the evidence as Holloway's own declaration states that the deputies "were looking for evidence of a female with me . . . See, Holloway Declaration, ¶ 8, last sentence. This citation by Plaintiff therefore cannot be relied upon to create a dispute as to a genuine issue of material fact. See, Certain Underwriters at Lloyd's London v. Garmin Int'l, Inc., 781 F.3d 1126, 1230-1231 (10th Cir. 2015)(on summary judgement, court may disregard factual statements in briefs not supported by specific references to the record); Carmen v. San Francisco Unified School Dis., 237 F.3d 1026, 1029 (9th Cir. 2001)(judges are not obligated to scour the record looking for a factual dispute without assistance from the parties).

Objection also to the stated "Material Fact" as it is, in its entirety, irrelevant to

any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to statement and supporting evidence as it discusses the "first encounter" and is therefore irrelevant to any issue of fact material to resolution of this motion as Plaintiff concedes in his Opposition: "[D]ue to the search and seizure conditions as part of his probation, Jeremy cannot claim a Fourth Amendment violation for unlawful detention and search for the first encounter with the deputies. Plaintiff concedes as part of this Opposition, he has no illegal search claim for these reasons." (Opposition, p. 14:16-20, Dkt. No. 125.) [Emphasis in original.] The "fact" is therefore irrelevant to determination of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**15. Separate Statement No. 15:**

Objection to the stated "Material Fact" as it is, in its entirety, irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to statement and supporting evidence as it discusses the "first encounter" and is therefore irrelevant to any issue of fact material to resolution of this motion as Plaintiff concedes in his Opposition: "[D]ue to the search and seizure conditions as part of his probation, Jeremy cannot claim a Fourth Amendment violation for unlawful detention and search for the first encounter with the deputies. Plaintiff concedes as part of this Opposition, he has no illegal search claim for these reasons." (Opposition, p. 14:16-20, Dkt. No. 125.) [Emphasis in original.] The "fact" is therefore irrelevant to determination of this Motion. See, Fed. R. Evid. 401,

402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**16. Separate Statement No. 16:**

Objection to Holloway deposition testimony and Holloway Declaration regarding his impression that he did not "get a proper explanation as to what was going on and what he was being accused of" as irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to statement and supporting evidence as it discusses the "first encounter" and is therefore irrelevant to any issue of fact material to resolution of this motion as Plaintiff concedes in his Opposition: "[D]ue to the search and seizure conditions as part of his probation, Jeremy cannot claim a Fourth Amendment violation for unlawful detention and search for the first encounter with the deputies. Plaintiff concedes as part of this Opposition, he has no illegal search claim for these reasons." (Opposition, p. 14:16-20, Dkt. No. 125.) [Emphasis in original.] The "fact" is therefore irrelevant to determination of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**17. Separate Statement No. 17:**

Objection to the stated "Material Fact", in its entirety, as it is irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to statement and supporting evidence as it discusses the "first encounter" and is therefore irrelevant to any issue of fact material to resolution of this motion as Plaintiff concedes in his Opposition: "[D]ue to the search and seizure conditions as part of his probation, Jeremy cannot claim a Fourth Amendment violation for unlawful detention and search for the first encounter with the deputies. Plaintiff concedes as part of this Opposition, he has no illegal search claim for these reasons." (Opposition, p. 14:16-20, Dkt. No. 125.) [Emphasis in original.] The "fact" is therefore irrelevant to determination of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**18. Separate Statement No. 18:**

Objection to the stated "Material Fact", in its entirety, as it is irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to statement and supporting evidence as it discusses the "first encounter" and is therefore irrelevant to any issue of fact material to resolution of this motion as Plaintiff concedes in his Opposition: "[D]ue to the search and seizure conditions as part of his probation, Jeremy cannot claim a Fourth Amendment violation for unlawful detention and search for the first encounter with the deputies. Plaintiff concedes as part of this Opposition, he has no illegal search claim for these

reasons." (Opposition, p. 14:16-20, Dkt. No. 125.) [Emphasis in original.] The "fact" is therefore irrelevant to determination of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**19. Separate Statement No. 19:**

Objection to the stated "Material Fact" as it is, in its entirety, irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to statement and supporting evidence as it discusses the "first encounter" and is therefore irrelevant to any issue of fact material to resolution of this motion as Plaintiff concedes in his Opposition: "[D]ue to the search and seizure conditions as part of his probation, Jeremy cannot claim a Fourth Amendment violation for unlawful detention and search for the first encounter with the deputies. Plaintiff concedes as part of this Opposition, he has no illegal search claim for these reasons." (Opposition, p. 14:16-20, Dkt. No. 125.) [Emphasis in original.] The "fact" is therefore irrelevant to determination of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**20. Separate Statement No. 20:**

Objection to the stated "Material Fact", in its entirety, as it is irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to statement and supporting evidence as it discusses the "first encounter" and is therefore irrelevant to any issue of fact material to resolution of this motion as Plaintiff concedes in his Opposition: "[D]ue to the search and seizure conditions as part of his probation, Jeremy cannot claim a Fourth Amendment violation for unlawful detention and search for the first encounter with the deputies. Plaintiff concedes as part of this Opposition, he has no illegal search claim for these reasons." (Opposition, p. 14:16-20, Dkt. No. 125.) [Emphasis in original.] The "fact" is therefore irrelevant to determination of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**21. Separate Statement No. 21:**

Objection to the stated "Material Fact", in its entirety, as it is irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Additionally, objection to statement and supporting evidence as it discusses the "first encounter" and is therefore irrelevant to any issue of fact material to resolution of this motion as Plaintiff states in his opposition: "[D]ue to the search and seizure conditions as part of his probation, Jeremy cannot claim a Fourth Amendment violation for unlawful detention and search for the first encounter with the deputies. Plaintiff concedes as part of this Opposition, he has no illegal search claim for these

reasons." (Opposition, p. 14:16-20, Dkt. No. 125.) [Emphasis in original.] See, Fed. R. Evid. 401, 402.

Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**22. Separate Statement No. 22:**

Objection to the stated "Material Fact", in its entirety, as it is irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to statement and supporting evidence as it discusses the "first encounter" and is therefore irrelevant to any issue of fact material to resolution of this motion as Plaintiff concedes in his Opposition: "[D]ue to the search and seizure conditions as part of his probation, Jeremy cannot claim a Fourth Amendment violation for unlawful detention and search for the first encounter with the deputies. Plaintiff concedes as part of this Opposition, he has no illegal search claim for these reasons." (Opposition, p. 14:16-20, Dkt. No. 125.) [Emphasis in original.] The "fact" is therefore irrelevant to determination of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**23. Separate Statement No. 23:**

Objection to the stated "Material Fact", in its entirety, as it is irrelevant to any

issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to statement and supporting evidence as it discusses the "first encounter" and is therefore irrelevant to any issue of fact material to resolution of this motion as Plaintiff concedes in his Opposition: "[D]ue to the search and seizure conditions as part of his probation, Jeremy cannot claim a Fourth Amendment violation for unlawful detention and search for the first encounter with the deputies. Plaintiff concedes as part of this Opposition, he has no illegal search claim for these reasons." (Opposition, p. 14:16-20, Dkt. No. 125.) [Emphasis in original.] The "fact" is therefore irrelevant to determination of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**24. Separate Statement No. 24:**

Objection to the Holloway deposition testimony and Holloway Declaration as to Plaintiff's feeling "upset and agitated" as irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to the stated "Material Fact", in its entirety, as it is irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the

opposing party shall be set forth as ¶ 31.”).

**25. Separate Statement No. 25:**

Objection to the stated “Material Fact”, in its entirety, as it is irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff’s inclusion of multiple facts. Plaintiff also violates the Court’s Order Re Motions for Summary Judgment in his presentation of this “fact.” See, Court’s Scheduling Order 6:3-6 (“These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party’s last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.”).

**26. Separate Statement No. 26:**

Objection to the stated “Material Fact”, in its entirety, as it is irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff’s inclusion of multiple facts. Plaintiff also violates the Court’s Order Re Motions for Summary Judgment in his presentation of this “fact.” See, Court’s Scheduling Order 6:3-6 (“These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party’s last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.”).

**27. Separate Statement No. 27:**

Objection to Plaintiff’s assertion that he felt “intimidated” as this is irrelevant to any fact material to the resolution of this motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff’s inclusion of multiple facts. Plaintiff also violates the Court’s Order Re Motions for Summary Judgment in his presentation of this “fact.” See, Court’s Scheduling Order 6:3-6 (“These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party’s last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the

opposing party shall be set forth as ¶ 31.”).

**28. Separate Statement No. 28:**

Objection to the Holloway deposition testimony and the Holloway Declaration as Plaintiff’s neighbors’ actions are irrelevant to any fact material to the resolution of this motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff’s inclusion of multiple facts. Plaintiff also violates the Court’s Order Re Motions for Summary Judgment in his presentation of this “fact.” See, Court’s Scheduling Order 6:3-6 (“These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party’s last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.”).

**29. Separate Statement No. 29:**

Objection to Holloway’s Declaration as to what Plaintiff was thinking as irrelevant to any fact material to the resolution of this motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff’s inclusion of multiple facts. Plaintiff also violates the Court’s Order Re Motions for Summary Judgment in his presentation of this “fact.” See, Court’s Scheduling Order 6:3-6 (“These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party’s last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.”).

**30. Separate Statement No. 30:**

Objection to the entire Material Fact as Defendants are only attempting to summarily adjudicate the use of force claim as to Deputies Billinger and Gunderson and, therefore, this entire Material Fact is irrelevant to any fact material to the resolution of this motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff’s inclusion of multiple facts. Plaintiff also violates the

Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**31. Separate Statement No. 31:**

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**32. Separate Statement No. 32:**

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**33. Separate Statement No. 33:**

Objection to this Material Fact in its entirety as Plaintiff's justification for why he did not obey the deputies' orders is irrelevant to any fact material to the resolution of this motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed

fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.”).

**34. Separate Statement No. 34:**

Objection to the entire Material Fact as Defendants are only attempting to summarily adjudicate the use of force claim as to Deputies Billinger and Gunderson and, therefore, this entire Material Fact is irrelevant to any fact material to the resolution of this motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff’s inclusion of multiple facts. Plaintiff also violates the Court’s Order Re Motions for Summary Judgment in his presentation of this “fact.” See, Court’s Scheduling Order 6:3-6 (“These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party’s last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.”).

**35. Separate Statement No. 35:**

Objection to the entire Material Fact as Plaintiff’s vision as it is irrelevant to any fact material to the resolution of this motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff’s inclusion of multiple facts. Plaintiff also violates the Court’s Order Re Motions for Summary Judgment in his presentation of this “fact.” See, Court’s Scheduling Order 6:3-6 (“These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party’s last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.”).

**36. Separate Statement No. 36:**

Objection to the entire Material Fact as Defendants are only attempting to summarily adjudicate the use of force claim as to Deputies Billinger and Gunderson and, therefore, this entire Material Fact is irrelevant to any fact material to the resolution of this motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**37. Separate Statement No. 37:**

Objection to the entire Material Fact as Defendants are only attempting to summarily adjudicate the use of force claim as to Deputies Billinger and Gunderson and, therefore, this entire Material Fact is irrelevant to any fact material to the resolution of this motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**38. Separate Statement No. 38:**

Objection to the entire Material Fact as Defendants are only attempting to summarily adjudicate the use of force claim as to Deputies Billinger and Gunderson and, therefore, this entire Material Fact is irrelevant to any fact material to the resolution of this motion. See, Fed. R. Evid. 401, 402.

Objection to the entire Material Fact as Defendants are only attempting to summarily adjudicate the use of force claim as to Deputies Billinger and Gunderson and, therefore, this entire Material Fact is irrelevant to any fact material to the resolution of this motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the

Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**39. Separate Statement No. 39:**

Objection to the entire Material Fact as Defendants are only attempting to summarily adjudicate the use of force claim as to Deputies Billinger and Gunderson and, therefore, this entire Material Fact is irrelevant to any fact material to the resolution of this motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**40. Separate Statement No. 40:**

Objection to the entire Material Fact as Defendants are only attempting to summarily adjudicate the use of force claim as to Deputies Billinger and Gunderson and, therefore, this entire Material Fact is irrelevant to any fact material to the resolution of this motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**41. Separate Statement No. 41:**

Objection to the entire Material Fact as Defendants are only attempting to summarily adjudicate the use of force claim as to Deputies Billinger and Gunderson and, therefore, this entire Material Fact is irrelevant to any fact material to the resolution of this motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**42. Separate Statement No. 42:**

Objection to the entire Material Fact as Defendants are only attempting to summarily adjudicate the use of force claim as to Deputies Billinger and Gunderson and, therefore, this entire Material Fact is irrelevant to any fact material to the resolution of this motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**43. Separate Statement No. 43:**

Objection to the entire Material Fact as Defendants are only attempting to summarily adjudicate the use of force claim as to Deputies Billinger and Gunderson and, therefore, this entire Material Fact is irrelevant to any fact material to the resolution of this motion. See, Fed. R. Evid. 401, 402.

Objection as Plaintiff's height and weight is also irrelevant to any fact material to the resolution of this motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**44. Separate Statement No. 44:**

Objection to the entire Material Fact as Defendants are only attempting to summarily adjudicate the use of force claim as to Deputies Billinger and Gunderson and, therefore, this entire Material Fact is irrelevant to any fact material to the resolution of this motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**45. Separate Statement No. 45:**

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**46. Separate Statement No. 46:**

Objection to the entire Material Fact as it is irrelevant to any fact material to the resolution of this motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**47. Separate Statement No. 47:**

Objection to the entire Material Fact as it occurred after the alleged use of force and is irrelevant to any fact material to the resolution of this motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**48. Separate Statement No. 48:**

Objection to the entire Material Fact as it occurred after the alleged use of force and is irrelevant to any fact material to the resolution of this motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the

opposing party shall be set forth as ¶ 31.”).

**49. Separate Statement No. 49:**

Objection to the stated “Material Fact” as the deposition testimony cited by Plaintiff of Rawlings and Renegar and PVS recordings do not support the stated facts resulting in a lack of foundation. Further there is no foundation stated for any of Disputed Statement of Facts/Monell that are referenced. Evidentiary facts are required to support or oppose a summary judgment motion. Conclusory statements are not sufficient. See, Marshall on Behalf of Marshall v. East Carroll Parish Hosp. Service Dist. 134 F3d 319, 324 (5th Cir. 1998); Lewis v. Philip Morris Inc., 355 F3d 515, 533 (6th Cir. 2004) (nonmovant must point to “more than mere speculation, conjecture or fantasy”); National Steel Corp. v. Golden Eagle Ins. Co., 121 F3d 496, 502 (9th Cir. 1997) (“Conclusory allegations of collusion, without factual support, are insufficient to defeat summary judgment”).

Objection to the “Declaration of Roger Clark” in its entirety. The document referred to by Plaintiff as “Roger Clark Declaration” is not a declaration but what appears to be a report, and, therefore, is not sworn to under penalty of perjury and does not include any factual basis for the cited to opinions. See, Fed. R. Evid. 601-603. Under Rule 56(c)(4), the expert must back up his or her opinion with specific facts: “Expert opinion is admissible and may defeat summary judgment if it appears the affiant is competent to give an expert opinion and the *factual basis for the opinion is stated in the affidavit*, even though the underlying factual details and reasoning upon which the opinion is based are not.” [Bulthuis v. Rexall Corp., 789 F2d 1315, 1318 (9th Cir. 1985) (emphasis added); see also, Fed. R. Evid. 701-702.

Objection to Plaintiff’s inclusion of multiple facts. Plaintiff also violates the Court’s Order Re Motions for Summary Judgment in his presentation of this “fact.” See, Court’s Scheduling Order 6:3-6 (“These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party’s last allegedly undisputed

fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.”).

**50. Separate Statement No. 50:**

Objection to this entire Material Fact as it lacks foundation as none of the evidence cited supports the proposition set forth in the Material Fact, rendering Plaintiff’s Separate Statement No. 50 purely speculative and improper. See, Fed. R. Evid. 602.

Objection to Plaintiff’s inclusion of multiple facts. Plaintiff also violates the Court’s Order Re Motions for Summary Judgment in his presentation of this “fact.” See, Court’s Scheduling Order 6:3-6 (“These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party’s last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.”).

**51. Separate Statement No. 51:**

Objection to this entire Material Fact as it lacks foundation as none of the evidence cited supports the proposition set forth in the Material Fact, rendering Plaintiff’s Separate Statement No. 50 purely speculative and improper. See, Fed. R. Evid. 602.

Objection to the stated “Material Fact” as the deposition testimony cited by Plaintiff of Renegar, the Holloway Declaration and the Police Reports do not support the stated facts resulting in a lack of foundation. Evidentiary facts are required to support or oppose a summary judgment motion. Conclusory statements are not sufficient. See, Marshall on Behalf of Marshall v. East Carroll Parish Hosp. Service Dist. 134 F3d 319, 324 (5th Cir. 1998); Lewis v. Philip Morris Inc., 355 F3d 515, 533 (6th Cir. 2004) (nonmovant must point to “more than mere speculation, conjecture or fantasy”); National Steel Corp. v. Golden Eagle Ins. Co., 121 F3d 496, 502 (9th Cir. 1997) (“Conclusory allegations of collusion, without factual support, are insufficient

to defeat summary judgment").

Objection to the "Declaration of Roger Clark" in its entirety. The document referred to by Plaintiff as "Roger Clark Declaration" is not a declaration but what appears to be a report, and, therefore, is not sworn to under penalty of perjury and does not include any factual basis for the cited to opinions. See, Fed. R. Evid. 601-603. Under Rule 56(c)(4), the expert must back up his or her opinion with specific facts: "Expert opinion is admissible and may defeat summary judgment if it appears the affiant is competent to give an expert opinion and the *factual basis for the opinion is stated in the affidavit*, even though the underlying factual details and reasoning upon which the opinion is based are not." [Bulthuis v. Rexall Corp., 789 F2d 1315, 1318 (9th Cir. 1985) (emphasis added); see also, Fed. R. Evid. 701-702.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**52. Separate Statement No. 52:**

Objection to this entire Material Fact as it lacks foundation as none of the evidence cited supports the proposition set forth in the Material Fact, rendering Plaintiff's Separate Statement No. 50 purely speculative and improper. See, Fed. R. Evid. 602.

Objection to the "Declaration of Roger Clark" in its entirety. The document referred to by Plaintiff as "Roger Clark Declaration" is not a declaration but what appears to be a report, and, therefore, is not sworn to under penalty of perjury and does not include any factual basis for the cited to opinions. See, Fed. R. Evid. 601-603. Under Rule 56(c)(4), the expert must back up his or her opinion with specific

facts: "Expert opinion is admissible and may defeat summary judgment if it appears the affiant is competent to give an expert opinion and the *factual basis for the opinion is stated in the affidavit*, even though the underlying factual details and reasoning upon which the opinion is based are not." [Bulthuis v. Rexall Corp., 789 F2d 1315, 1318 (9th Cir. 1985) (emphasis added); see also, Fed. R. Evid. 701-702.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**53. Separate Statement No. 53:**

Plaintiff cannot use information from Mr. Clark to introduce facts about events for which Mr. Clark does not have first-hand knowledge. See, D.C.G. v. City of Santa Ana, 2018 WL 10561989, at *4 (C.D. Cal. 2018) (sustaining objections to Scott DeFoe's "opinions" where DeFoe expresses statements as fact rather than opinion when there is no foundation or factual bases for him to do so given he was not present at the time of the shooting); see also, Fed. R. Evid. 601-606. Mr. Clark's statements here, as a whole constitute inadmissible expert "opinion." See, Fed. R. Evid. 703.

Objection to the "Declaration of Roger Clark" in its entirety. The document referred to by Plaintiff as "Roger Clark Declaration" is not a declaration but what appears to be a report, and, therefore, is not sworn to under penalty of perjury and does not include any factual basis for the cited to opinions. Under Rule 56(c)(4), the expert must back up his or her opinion with specific facts: "Expert opinion is admissible and may defeat summary judgment if it appears the affiant is competent to give an expert opinion and the *factual basis for the opinion is stated in the affidavit*, even though the underlying factual details and reasoning upon which the opinion is

based are not." [Bulthuis v. Rexall Corp., 789 F2d 1315, 1318 (9th Cir. 1985) (emphasis added); see also, Fed. R. Evid. 701-702.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**54. Separate Statement No. 54:**

Objection to the stated "Material Fact" of there being a "code of silence" as none of the testimony or the Declaration of Holloway cited support this fact resulting in a lack of foundation. Evidentiary facts are required to support or oppose a summary judgment motion. Conclusory statements are not sufficient. See, Marshall on Behalf of Marshall v. East Carroll Parish Hosp. Service Dist. 134 F3d 319, 324 (5th Cir. 1998); Lewis v. Philip Morris Inc., 355 F3d 515, 533 (6th Cir. 2004) (nonmovant must point to "more than mere speculation, conjecture or fantasy"); National Steel Corp. v. Golden Eagle Ins. Co., 121 F3d 496, 502 (9th Cir. 1997) ("Conclusory allegations of collusion, without factual support, are insufficient to defeat summary judgment").

Objection to the "Declaration of Roger Clark" in its entirety. The document referred to by Plaintiff as "Roger Clark Declaration" is not a declaration but what appears to be a report, and, therefore, is not sworn to under penalty of perjury and does not include any factual basis for the cited to opinions. See, Fed. R. Evid. 601-603. Under Rule 56(c)(4), the expert must back up his or her opinion with specific facts: "Expert opinion is admissible and may defeat summary judgment if it appears the affiant is competent to give an expert opinion and the *factual basis for the opinion is stated in the affidavit*, even though the underlying factual details and reasoning

upon which the opinion is based are not." [Bulthuis v. Rexall Corp., 789 F2d 1315, 1318 (9th Cir. 1985) (emphasis added); see also, Fed. R. Evid. 701-702.

Objection to Plaintiff's effort to use information from Mr. Clark to introduce facts about events for which Mr. Clark does not have first-hand knowledge. See, D.C.G. v. City of Santa Ana, 2018 WL 10561989, at *4 (C.D. Cal. 2018) (sustaining objections to Scott DeFoe's "opinions" where DeFoe expresses statements as fact rather than opinion when there is no foundation or factual bases for him to do so given he was not present at the time of the shooting); see also, Fed. R. Evid. 601-606. Mr. Clark's statements here, as a whole constitute inadmissible expert "opinion." See, Fed. R. Evid. 703.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**55. Separate Statement No. 55:**

Objection to the stated "Material Fact" of there being a "code of silence" as none of the testimony cited support this fact resulting in a lack of foundation. Evidentiary facts are required to support or oppose a summary judgment motion. Conclusory statements are not sufficient. See, Marshall on Behalf of Marshall v. East Carroll Parish Hosp. Service Dist. 134 F3d 319, 324 (5th Cir. 1998); Lewis v. Philip Morris Inc., 355 F3d 515, 533 (6th Cir. 2004) (nonmovant must point to "more than mere speculation, conjecture or fantasy"); National Steel Corp. v. Golden Eagle Ins. Co., 121 F3d 496, 502 (9th Cir. 1997) ("Conclusory allegations of collusion, without factual support, are insufficient to defeat summary judgment").

Objection to the "Declaration of Roger Clark" in its entirety. The document

referred to by Plaintiff as "Roger Clark Declaration" is not a declaration but what appears to be a report, and, therefore, is not sworn to under penalty of perjury and does not include any factual basis for the cited to opinions. See, Fed. R. Evid. 601-603. Under Rule 56(c)(4), the expert must back up his or her opinion with specific facts: "Expert opinion is admissible and may defeat summary judgment if it appears the affiant is competent to give an expert opinion and the *factual basis for the opinion is stated in the affidavit*, even though the underlying factual details and reasoning upon which the opinion is based are not." [Bulthuis v. Rexall Corp., 789 F2d 1315, 1318 (9th Cir. 1985) (emphasis added); see also, Fed. R. Evid. 701-702.

Objection to Plaintiff's effort to use information from Mr. Clark to introduce facts about events for which Mr. Clark does not have first-hand knowledge. See, D.C.G. v. City of Santa Ana, 2018 WL 10561989, at *4 (C.D. Cal. 2018) (sustaining objections to Scott DeFoe's "opinions" where DeFoe expresses statements as fact rather than opinion when there is no foundation or factual bases for him to do so given he was not present at the time of the shooting); see also, Fed. R. Evid. 601-606. Mr. Clark's statements here, as a whole constitute inadmissible expert "opinion." See, Fed. R. Evid. 703.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**56. Separate Statement No. 56:**

Objection to the stated "Material Fact" as the deposition testimony cited by Plaintiff of Rawlings and Renegar does not support the stated facts resulting in a lack of foundation. Further there is no foundation stated for the *in camera* documents

related to Renegar resulting in the entire "Material Fact" being based on speculation. Evidentiary facts are required to support or oppose a summary judgment motion. Conclusory statements are not sufficient. See, Marshall on Behalf of Marshall v. East Carroll Parish Hosp. Service Dist. 134 F3d 319, 324 (5th Cir. 1998); Lewis v. Philip Morris Inc., 355 F3d 515, 533 (6th Cir. 2004) (nonmovant must point to "more than mere speculation, conjecture or fantasy"); National Steel Corp. v. Golden Eagle Ins. Co., 121 F3d 496, 502 (9th Cir. 1997) ("Conclusory allegations of collusion, without factual support, are insufficient to defeat summary judgment").

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**57. Separate Statement No. 57:**

Objection to the stated "Material Fact" as it is, in its entirety, irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to statement and supporting evidence as it discusses the "first encounter" and is therefore irrelevant to any issue of fact material to resolution of this motion as Plaintiff concedes in his Opposition: "[D]ue to the search and seizure conditions as part of his probation, Jeremy cannot claim a Fourth Amendment violation for unlawful detention and search for the first encounter with the deputies. Plaintiff concedes as part of this Opposition, he has no illegal search claim for these reasons." (Opposition, p. 14:16-20, Dkt. No. 125.) [Emphasis in original.] The "fact" is therefore irrelevant to determination of this Motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the

Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**58. Separate Statement No. 58:**

Objection to Plaintiff's Material Fact on the grounds that Plaintiff misstates the evidence as to the testimony of third party witness, Joshua Gomez who does not testify that the noise was coming from the R.V. camper that was across from his campsite but from the direction of Plaintiff's campsite. See, Deposition of Joshua Gomez, p. 82:2-6; also, see, Call Detail Information Report, p. 3-4, Moving Papers, Declaration of Chad Renegar, Ex. "A". This citation by Plaintiff therefore cannot be relied upon to create a dispute as to a genuine issue of material fact. See, Certain Underwriters at Lloyd's London v. Garmin Int'l, Inc., 781 F.3d 1126, 1230-1231 (10th Cir. 2015)(on summary judgement, court may disregard factual statements in briefs not supported by specific references to the record); Carmen v. San Francisco Unified School Dis., 237 F.3d 1026, 1029 (9th Cir. 2001)(judges are not obligated to scour the record looking for a factual dispute without assistance from the parties).

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**59. Separate Statement No. 59:**

Objection to Plaintiff's Material Fact on the grounds that Plaintiff misstates the evidence as to the testimony of third party witness, Joshua Gomez who states that he

spoke to the dispatch and identified the person involved in the second incident as the same one involved in the first incident and that he also spoke to Deputy Renegar when he first arrived on-scene the second time and pointed him in to the person making the noise. See, Deposition of Joshua Gomez, p. 82:2-6; 103:18-20; and 103:24-104:5; also, see, Call Detail Information Report, p. 3-4, Moving Papers, Declaration of Chad Renegar, Ex. "A". This citation by Plaintiff therefore cannot be relied upon to create a dispute as to a genuine issue of material fact. See, Certain Underwriters at Lloyd's London v. Garmin Int'l, Inc., 781 F.3d 1126, 1230-1231 (10th Cir. 2015)(on summary judgement, court may disregard factual statements in briefs not supported by specific references to the record); Carmen v. San Francisco Unified School Dis., 237 F.3d 1026, 1029 (9th Cir. 2001)(judges are not obligated to scour the record looking for a factual dispute without assistance from the parties).

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**60. Separate Statement No. 60:**

Objection to Plaintiff's Material Fact on the grounds that Plaintiff misstates the evidence as to the testimony of third party witness, Joshua Gomez who states that he spoke to the dispatch and identified the person involved in the second incident as the same one involved in the first incident and that he also spoke to Deputy Renegar when he first arrived on-scene the second time and pointed him in to the person making the noise. See, Deposition of Joshua Gomez, p. 82:2-6; 103:18-20; and 103:24-104:5; also, see, Call Detail Information Report, p. 3-4, Moving Papers, Declaration of Chad Renegar, Ex. "A". This citation by Plaintiff therefore cannot be relied upon to create a

dispute as to a genuine issue of material fact. See, Certain Underwriters at Lloyd's London v. Garmin Int'l, Inc., 781 F.3d 1126, 1230-1231 (10th Cir. 2015)(on summary judgement, court may disregard factual statements in briefs not supported by specific references to the record); Carmen v. San Francisco Unified School Dis., 237 F.3d 1026, 1029 (9th Cir. 2001)(judges are not obligated to scour the record looking for a factual dispute without assistance from the parties).

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**61. Separate Statement No. 61:**

Objection also to the stated "Material Fact" as it is, in its entirety, irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**62. 'Separate Statement No. 62:**

Objection also to the stated "Material Fact" as it is, in its entirety, irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in

sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**63. Separate Statement No. 63:**

Objection also to the stated "Material Fact" as it is, in its entirety, irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**64. Separate Statement No. 64:**

Objection also to the stated "Material Fact" as it is, in its entirety, irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**65. Separate Statement No. 65:**

Objection also to the stated "Material Fact" as it is, in its entirety, irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in

sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**66. Separate Statement No. 66:**

Objection also to the stated "Material Fact" as it is, in its entirety, irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**67. Separate Statement No. 67:**

Objection also to the stated "Material Fact" as it is, in its entirety, irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**68. Separate Statement No. 68:**

Objection also to the stated "Material Fact" as it is, in its entirety, irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in

sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**69. Separate Statement No. 69:**

Objection also to the stated "Material Fact" as it is, in its entirety, irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**70. Separate Statement No. 70:**

Objection also to the stated "Material Fact" as it is, in its entirety, irrelevant to any issue of fact material to the resolution of the motion. See, Fed. R. Evid. 401, 402.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**71. Separate Statement No. 71:**

Objection to the stated "Material Fact" as the deposition testimony cited by Plaintiff of Gomez and the Declaration of Holloway does not support the stated facts resulting in a lack of foundation. See, Fed. R. Evid. 602, 611(a). Further there is no foundation laid for, or reference to, what is being referenced in Plaintiff's Disputed Statement of Facts/Monell. Evidentiary facts are required to support or oppose a

summary judgment motion. Conclusory statements are not sufficient. See, Marshall on Behalf of Marshall v. East Carroll Parish Hosp. Service Dist. 134 F3d 319, 324 (5th Cir. 1998); Lewis v. Philip Morris Inc., 355 F3d 515, 533 (6th Cir. 2004) (nonmovant must point to "more than mere speculation, conjecture or fantasy"); National Steel Corp. v. Golden Eagle Ins. Co., 121 F3d 496, 502 (9th Cir. 1997) ("Conclusory allegations of collusion, without factual support, are insufficient to defeat summary judgment").

Objection to the "Declaration of Roger Clark" in its entirety. The document referred to by Plaintiff as "Roger Clark Declaration" is not a declaration but what appears to be a report, and, therefore, is not sworn to under penalty of perjury and does not include any factual basis for the cited to opinions. See, Fed. R. Evid. 601-603. Under Rule 56(c)(4), the expert must back up his or her opinion with specific facts: "Expert opinion is admissible and may defeat summary judgment if it appears the affiant is competent to give an expert opinion and the *factual basis for the opinion is stated in the affidavit*, even though the underlying factual details and reasoning upon which the opinion is based are not." [Bulthuis v. Rexall Corp., 789 F2d 1315, 1318 (9th Cir. 1985) (emphasis added); see also, Fed. R. Evid. 701-702.

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**72. Separate Statement No. 72:**

Objection to the stated "Material Fact" as the deposition testimony cited by Plaintiff of Rawlings does not support the stated facts resulting in a lack of foundation. Further there is no foundation laid for, or reference to, what is being

referenced in Plaintiff's Disputed Statement of Facts/Monell, pp 3-19. See, Fed. R. Evid. 601-602. Evidentiary facts are required to support or oppose a summary judgment motion. Conclusory statements are not sufficient. See, Marshall on Behalf of Marshall v. East Carroll Parish Hosp. Service Dist. 134 F3d 319, 324 (5th Cir. 1998); Lewis v. Philip Morris Inc., 355 F3d 515, 533 (6th Cir. 2004) (nonmovant must point to "more than mere speculation, conjecture or fantasy"); National Steel Corp. v. Golden Eagle Ins. Co., 121 F3d 496, 502 (9th Cir. 1997) ("Conclusory allegations of collusion, without factual support, are insufficient to defeat summary judgment").

Objection to Plaintiff's inclusion of multiple facts. Plaintiff also violates the Court's Order Re Motions for Summary Judgment in his presentation of this "fact." See, Court's Scheduling Order 6:3-6 ("These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party's last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.").

**73. Separate Statement No. 73:**

Objection to the stated "Material Fact" as the deposition testimony cited by Plaintiff of Rawlings and Renegar and the Responses to Requests for Admissions do not support the stated facts resulting in a lack of foundation. See, Fed. R. Evid. 601-602. Further there is no foundation stated for the *in camera* documents related to Renegar resulting in the entire "Material Fact" being based on speculation. Evidentiary facts are required to support or oppose a summary judgment motion. Conclusory statements are not sufficient. See, Marshall on Behalf of Marshall v. East Carroll Parish Hosp. Service Dist. 134 F3d 319, 324 (5th Cir. 1998); Lewis v. Philip Morris Inc., 355 F3d 515, 533 (6th Cir. 2004) (nonmovant must point to "more than mere speculation, conjecture or fantasy"); National Steel Corp. v. Golden Eagle Ins. Co., 121 F3d 496, 502 (9th Cir. 1997) ("Conclusory allegations of collusion, without

factual support, are insufficient to defeat summary judgment”).

Objection to Plaintiff’s inclusion of multiple facts. Plaintiff also violates the Court’s Order Re Motions for Summary Judgment in his presentation of this “fact.” See, Court’s Scheduling Order 6:3-6 (“These additional facts shall continue in sequentially numbered paragraphs (i.e., if the moving party’s last allegedly undisputed fact was set forth as ¶ 30, then the first allegedly undisputed fact specified by the opposing party shall be set forth as ¶ 31.”).

DATED: December 7, 2020

Respectfully submitted,

**LYNBERG & WATKINS**

By: */s/ Tamara M. Heathcote*
**S. FRANK HARRELL**
**TAMARA HEATHCOTE**
Attorneys for Defendants
County of Orange, Deputy Chad Renegar, Deputy Joel Gonzalez, Deputy Kevin Pahel, Deputy Brandon Billinger, Deputy Mark Borba, Deputy Jameson Gotts and Deputy Justin Gunderson

4827-7828-4244, v. 4