UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-01514-DOC-DFM                              Date: April 2, 2021

Title: JEREMY HOLLOWAY v. COUNTY OF ORANGE ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING MOTION TO REMOVE PROTECTIVE ORDER [166]**

Before the Court is a Motion to Remove Protective Order from Criminal DA File of Defendant Chad Renegar ("Motion") (Dkt. 166) brought by Plaintiff Jeremy Holloway ("Plaintiff"). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.

Having reviewed the moving papers submitted by the parties, the Court now GRANTS Plaintiff's Motion.

**I.   Background**

   **A.   Facts**

The following facts are taken from the operative Second Amended Complaint ("SAC") (Dkt. 28). Plaintiff Jeremy Holloway ("Plaintiff") brings 42 U.S.C. § 1983 claims against the Defendants. *See generally* SAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-01514-DOC-DFM　　　　　　　　　　　　　　　　　　Date: April 2, 2021

Page 2

Plaintiff—a then homeless veteran—was camping at O'Neill Regional Park on January 21, 2018. Id. ¶ 7. In his first interaction with the Defendants, Plaintiff was investigated as a suspect for a domestic violence complaint. *Id.* In his second interaction with the Defendants, he was hit, tasered, and pinned to the ground. *Id.*

Plaintiff suffered bruised ribs and legs, a head injury, severe bleeding, a swollen face, lost vision, severe pain in his back, and periodic loss of consciousness. *Id.* Plaintiff also suffered severe emotional distress. *Id.* Deputies Renegar, Gonzalez, Pahel, Billinger, Borba, Gotts, and Gunderson then transported Holloway to Mission Hospital in Mission Viejo. *Id.* After being treated at the hospital, Deputies Renegar, Gonzalez, and Pahel transported the Plaintiff to Santa Ana Jail, where they charged him with resisting an executive officer and battery of a peace officer. *Id.*

Plaintiff alleges that Deputies Renegar, Gonzalez, Pahel, Billinger, Borba, Gotts, and Gunderson then authored a false police report or refused to provide exculpatory information to justify their brutality *Id.* Plaintiff remained incarcerated for three days before making bail. *Id.* The Orange County District Attorney ultimately declined to file charges against Plaintiff. *Id.*

## B. Procedural History

On August 6, 2019, Plaintiff filed the action in federal court. Dkt. 1. In his complaint, Plaintiff asserts claims for:

(1) unreasonable search and seizure, excessive force, false arrest, and conspiracy to deprive constitutional rights under 42 U.S.C. § 1983 against individual Deputy Defendants; and
(2) unlawful custom and practice under 42 U.S.C. § 1983 against Defendant County of Orange. SAC ¶¶ 8–23.

In October 2019, both parties stipulated to a protective order in this case. Dkt. 23, 24. In February 2021, Plaintiff sought relief for removal of the protective order from Criminal DA File of Defendant Chad Renegar, from the magistrate through an ex parte application. Dkt. 159. That application was denied. Dkt. 164. The Plaintiff now brings this motion to lift the protective order, to this Court. Dkt. 166.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-01514-DOC-DFM                                           Date: April 2, 2021

Page 3

## II.     Legal Standard

In general, "the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002); *see also* Fed. R. Civ. Proc. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."); *Sampson v. City of El Centro*, 2015 WL 11658713, at *3 (S.D. Cal. 2015) (same). Indeed, "[l]iberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes. Because liberality of pretrial discovery is permitted by Rule 26(b)(1), it is necessary for the trial court to have the authority to issue protective orders conferred by Rule 26(c)." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984).

"Where a party challenges the confidential designation of certain documents with particularity, then 'the party opposing disclosure has the burden of establishing that there is good cause to continue the protection of the discovery material.'" *Johnson v. City & Cty. of San Francisco*, 2012 WL 104635, at *1 (N.D. Cal. 2012) (citing *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011)). To establish "good cause," a party seeking the protection must show prejudice or harm will result if the protective order is not in place. *See Phillips*, 307 F.3d at 1210-1211. Then, if the court finds harm will result from disclosure of the information, it must balance public and private interests. *See id.* at 1211; *see also Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (citing several factors that may be considered in evaluating whether good cause exists).

## III.     Discussion

The Court agrees with the Plaintiff in that the Defendants have shown no "good cause" to continue the protection of the discovery material.

In the motion in front of the Court, Plaintiff requested a removal of the existing protective order from Criminal DA File of Defendant Chad Renegar ("Renegar"). *See generally* Mot. This file pertains to charges of felony, perjury, and falsification of official reports against Renegar. Mot. at 7. Plaintiff asserts that he needs access to this file because the criminal charges for perjury and falsification of reports and the contents of the reports are directly relevant to Plaintiff's claims and allegations in this case. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-01514-DOC-DFM     Date: April 2, 2021

Page 4

     Defendants oppose this motion by arguing that they have good cause to continue protecting this information. Opp'n at 7–8. Defendants assert that disclosing the file would make public information about third party witnesses from the criminal case, potentially violating their privacy interests. *Id.* As the Plaintiff asserts, however, all third parties now are witnesses and their names are in the public domain in the criminal complaint. Mot. at 7.

     Furthermore, Plaintiff has provided valid reasons for his request here, and the Court cannot deny this request by simply assuming that the Plaintiff may have some malicious intent in making such a request. *See* Opp'n at 8.

     And finally, the Court believes that this information is relevant in the trial of this case and therefore, the Court cannot agree with the Defendants that "there is no need to discuss the contents of these documents in discovery." *See id.*

     Accordingly, the Defendants have not met their burden of showing "good cause" and therefore, the Court GRANTS the Plaintiff's Motion.

## IV.   Disposition

     For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Remove Protective Order from Criminal DA File of Defendant Chad Renegar.

     The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                         Initials of Deputy Clerk: kd

CIVIL-GEN