# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SA CV 19-01514-DOC-(DFMx) | Date: June 18, 2021 |

Title: JEREMY HOLLOWAY V. COUNTY OF ORANGE ET AL

PRESENT: THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS): ORDER DENYING MOTION FOR RECONSIDERATION [231]**

Before the Court is a Motion for Reconsideration ("Motion") or ("Mot.") (Dkt. 231) brought by Plaintiff Jeremy Holloway ("Plaintiff"). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.

Having reviewed the moving papers and considered the parties' arguments, the Court DENIES Plaintiff's Motion.

## I. Background

### A. Facts

The Court set out the facts of this case in its Order Granting Defendants' Motions for Summary Judgment and Summary Adjudication ("Order") (Dkt. 217) and incorporates said account by reference. In brief, Plaintiff alleges that officers violated his constitutional rights during an arrest that took place following a disturbance at Plaintiff's campsite. *See generally* Order.

### B. Procedural History

Plaintiff filed the Complaint in the instant action on August 6, 2019 (Dkt. 1). On December 10, 2019, Plaintiff filed his Second Amended Complaint ("SAC") (Dkt. 28). On October 23, 2020, Defendant County filed a Motion for Summary Judgment ("Mot. County") (Dkt. 102). Plaintiff opposed the County's motion on November 30, 2020 ("Opp'n County") (Dkt. 123). Also on October 23, 2020, the Individual Defendants filed a Motion for Summary Adjudication ("Mot.") (Dkt. 105). Plaintiff opposed the motion for summary adjudication on November 30, 2020 ("Opp'n") (Dkt. 125). Defendants collectively replied to Plaintiff's oppositions on December 8, 2020 (Dkt. 131).

In his SAC, Plaintiff asserted claims for (1) unreasonable search and seizure, excessive force, false arrest, and conspiracy to deprive constitutional rights under 42 U.S.C. § 1983 against individual Deputy Defendants; and (2) unlawful custom and practice under 42 U.S.C. § 1983 against Defendant County of Orange and Individual Defendants. Second Amended Complaint ("SAC") (Dkt. 28) ¶¶ 8–23. The Court issued its summary judgment and summary adjudication order on May 5, 2021 (Dkt. 217), granting summary judgment to Defendants as to Plaintiff's claims for unreasonable search and seizure and false arrest and his excessive force claim against Deputies Gunderson and Billinger. The Order also granted summary adjudication to Defendants as to Plaintiff's *Monell* claim.

In the instant motion, Plaintiff moves for reconsideration of the Court's summary judgment and summary adjudication order. Plaintiff filed the instant motion on May 18, 2021 (Dkt. 231). Defendant County and Individual Defendants opposed on May 28, 2021 and May 31, 2021, respectively (Dkts. 234, 235). Plaintiff replied on June 3, 2021 (Dkt. 236).

## II.     Legal Standard

Federal Rule of Civil Procedure 60(b) "provides for reconsideration only upon a showing of: (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).

In addition, Local Rule 7-18 provides that a motion for reconsideration of an order may be made only on the following grounds:

> (a) a material difference in fact or law from that presented to the
> Court before such decision that in the exercise of reasonable
> diligence could not have been known to the party moving for
> reconsideration at the time of such decision, or (b) the emergence of
> new material facts or a change of law occurring after the time of
> such decision, or (c) a manifest showing of a failure to consider
> material facts presented to the Court before such decision.

C.D. Cal. R. 7-18. Local Rule 7-18 also states that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.*

## III.Discussion

In the instant Motion, Plaintiff moves for reconsideration on the grounds that 1) the Court's ruling fails to consider material facts; 2) the ruling is an erroneous application of the law; and 3) the ruling precludes Plaintiff from arguing certain damages at trial. Mot. at 1-2. Only the first of Plaintiff's arguments is proper to argue on a motion for reconsideration under prong (c) of Local Rule 7-18. *See Pegasus Satellite TV, Inc. v. DirecTV, Inc.*, 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004) ("Under L.R. 7-18, aa motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent.").

Plaintiff argues that he "has produced sufficient evidence at summary judgment state to disprove existence of probable cause for Plaintiff's arrest . . . ." Mot. at 3. However, in support of this argument, Plaintiff cites the same factual allegations that were contained in Plaintiff's oppositions to Defendants' motions for summary judgment and summary adjudication, which the Court already carefully considered when it ruled on those motions. *See Optional Capital, Inc. v. Kim*, 2008 WL 2986660, at *2 (C.D. Cal. 2008) ("a mere attempt by [the moving party] to reargue its position by directing [the] court to additional case law and . . . argument[s] which [it] clearly could have made earlier, but did not . . . is not the purpose of motions for reconsideration under Local Rule 7-18"). Namely, Plaintiff relies on the fact that "neither of the 911 callers . . . saw either the female or male fighting, or specifically identified Holloway as the person involved in that dispute." Mot. at 3. The Court already considered this argument in deciding the motions for summary judgment and adjudication. Contrary to Plaintiff's assertions, the 911 callers identified Plaintiff as the aggressor in a physical altercation, and courts have repeatedly held that eyewitness identification can give rise to probable cause. *See, e.g.*,

*Crockett v. Cumberland College*, 316 F.3d 571, 584 (6th Cir. 2003) ("It is clearly established that reliance on the account of an eyewitness is sufficient to establish probable cause."); *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) ("It is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness."); *Spiegel v. Cortese*, 196 F.3d 717, 726 (7th Cir. 1999) ("So long as a reasonably credible witness . . . informs the police that someone has committed, or is committing, a crime, the officers have probable cause to place the alleged culprit under arrest . . . .").

In support of his argument regarding probable cause, Plaintiff also cites additional deposition testimony that he did not utilize in his original oppositions to the motions for summary judgment and summary adjudication. However, this testimony does not constitute "new material facts" under L.R. 7-18, given that the depositions were taken before Plaintiff's oppositions were filed and given that Plaintiff drew on other material from the same depositions in those oppositions. *Frederick S. Wyle Professional Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir.1985) (evidence available to a party before it filed its opposition was not "newly discovered evidence" warranting reconsideration of summary judgment); *cf. Graves v. Johnson Control World Services, Inc.*, 2006 WL 1308056, at *1 (N.D. Cal. 2006) ("Evidence is not 'newly discovered' within the meaning of FRCP 59 if it was in the moving party's possession at the time of trial or could have been discovered with reasonable diligence").

Reconsideration is "an extraordinary remedy, to be used sparingly." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Here, Plaintiff merely repeats his arguments from the summary judgment stage because he disagrees with the Court's Order. Plaintiff fails to meet the standard for reconsideration under L.R. 7-18.

## IV.　Disposition

For the reasons set forth above, Defendants' Motion for Reconsideration is DENIED.

The Clerk shall serve this minute order on the parties.