Michael L. Wroniak (State Bar No. 210347)
Christie B. Swiss (State Bar No. 245151)
**COLLINS + COLLINS LLP**
750 The City Drive, Suite 400
Orange, CA 92868
(714) 825-4100 – FAX (714) 823-4101
Email: mwroniak@ccllp.law
Email: cswiss@ccllp.law

Attorneys for Defendant
DEPUTY CHAD RENEGAR

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DISTRICT

| | |
|---|---|
| JEREMY HOLLOWAY, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF ORANGE; DEPUTY CHAD RENEGAR, individually and as a peace officer, DEPUTY JOEL GONZALEZ, individually and as a peace officer. DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY BRANDON BILLINGER, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS, individually and as a peace officer, DEPUTY JUSTIN GUNDERSON, individually and as a peace officer, and DOES 1 through 10, Inclusive <br><br> Defendants. | CASE NO. 8:19-cv-01514-doc-dfm <br> *Honorable David O. Carter; Courtroom 9D* <br><br> **DEPUTY CHAD RENEGAR'S RULE 50 MOTION REGARDING PUNITIVE DAMAGES** <br><br> Complaint Filed: August 6, 2019 <br><br> Trial Date: August 17, 2021 |

*FILE # 23084*

1

**DEPUTY CHAD RENEGAR'S RULE 50 MOTION REGARDING PUNITIVE DAMAGES**

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

Deputy Chad Renegar brings this motion under Federal Rule of Civil Procedure 50(a) to dismiss Plaintiff Jeremy Holloway's claim for punitive damages.

FRCP 50(a) requires a party seeking judgment as a matter of law to file a Rule 50(a) motion at any time before the case is submitted to the jury. *Tortu v. Las Vegas Metro. Police Dept.*, 556 F.3d 1075, 1082 (9th Cir. 2009). If the jury returns a verdict against the moving party, that party may then file a Rule 50(b) motion for judgment as a matter of law no later than 28 days after the entry of judgment. Fed. R. Civ. P. 50(b). A Rule 50(b) motion may be considered only if a Rule 50(a) motion has been previously made during trial, as the motion is considered a renewal of an earlier 50(a) motion. *Tortu*, 556 F.3d at 1082 (citing Fed. R. Civ. P. 50 advisory committee's notes).

According to Ninth Circuit Model Jury Instruction 5.5, punitive damages may only be awarded if the

> defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise

*FILE # 23084*

2

**DEPUTY CHAD RENEGAR'S RULE 50 MOTION REGARDING PUNITIVE DAMAGES**

violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

Ninth Circuit Model Jury Instruction 5.5.

Here, Deputy Renegar should be entitled to judgment as a matter of law that punitive damages are not warranted against him because there is no evidence that the force Renegar used was malicious, oppressive, or in reckless disregard of Mr. Holloway's rights.

Before Renegar used any force on Mr. Holloway, he used his commanding tone and ordered him to get on the ground several times. He also warned Holloway that if he did not comply, then he would be tased. Based on the testimony at trial, at the time Renegar approached Holloway, he knew:

- Renegar had responded to a previous domestic violence call where he and other deputies encountered Holloway at Holloway's campsite;

- During the first encounter, Holloway did not want to cooperate with the deputies; cursed at them; admitted that he had multiple knives (5-6), a machete and an axe at his campsite; was a convicted felon for insurance fraud and was on probation; and was a U.S. Marine Corps veteran.

- There were multiple 911 calls that the person who the deputies had just encountered (Holloway) was yelling and shouting at other

*FILE # 23084*

3

**DEPUTY CHAD RENEGAR'S RULE 50 MOTION REGARDING PUNITIVE DAMAGES**

campsites looking for the person who had called the police on him; Holloway was using curse words when yelling at the other campers and threatening them; dispatch reported that the 911 informant Joshua Gomez heard a little girl screaming; dispatcher reported that the 911informant Joshua Gomez told her that Holloway was going through other campsites. Renegar and other deputies were reactivated by dispatch back to Holloway's campsite code 3, priority 1.

When Holloway was not compliant with the deputies' lawful orders, and fearing for officer safety, Renegar wanted to put Holloway on the ground, in a position of disadvantage, away from any of his potential weapons, in order to put handcuffs on him and then be able to investigate the potential crimes that Holloway committed. There is no evidence that Renegar used force with the intention to injure Mr. Holloway. Renegar attempted an arm-bar takedown of Holloway, which was unsuccessful as Holloway maneuvered away from Renegar, as Holloway grabbed at Renegar's tactical vest and put Renegar in a headlock. Renegar then administered several punches to Holloway's side in order to free himself from Holloway's headlock. Once Renegar was able to get out of the headlock, he attempted to grab Holloway's legs while other deputies attempted to gain control of his arms. Because Holloway was kicking and resisting the deputies' attempts to control his body, Renegar gave another warning, shouting "TASER, TASER, TASER," before applying a 5-second administration of his department-issued taser to Holloway's

*FILE # 23084*

4

**DEPUTY CHAD RENEGAR'S RULE 50 MOTION REGARDING PUNITIVE DAMAGES**

buttocks. Because the probes of the taser did not spread far enough, the taser did not work as intended to incapacitate Holloway, and Holloway continued kicking at the deputies and resisting. Renegar then administered the taser a second time for 5-seconds to Holloway's calf, at which point the taser did work to incapacitate Holloway. Other deputies were then able to put Holloway in handcuffs.

No witnesses have corroborated Holloway's claim that Renegar punched Holloway in the face or that Renegar ever put Holloway in a chokehold. Further, Holloway never identified Renegar as one who allegedly kicked him or kneed him; and Renegar denies that ever happened either. Further, the force was found objectively reasonable in the force review conducted by the Orange County Sheriff's Department.

Therefore, as a matter of law, this Court should conclude that punitive damages are not warranted against Deputy Renegar and dismiss this potential damage against Renegar.

DATED: August 26, 2021             COLLINS + COLLINS LLP


By: _____
    CHRISTIE BODNAR SWISS
    MICHAEL L. WRONIAK
    Attorneys for Defendant DEPUTY CHAD
    RENEGAR

*FILE # 23084*

5
**DEPUTY CHAD RENEGAR'S RULE 50 MOTION REGARDING PUNITIVE DAMAGES**

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101