Michael L. Wroniak (State Bar No. 210347)
Christie B. Swiss (State Bar No. 245151)
**COLLINS + COLLINS LLP**
750 The City Drive, Suite 400
Orange, CA 92868
(714) 825-4100 – FAX (714) 823-4101
Email: mwroniak@ccllp.law
Email: cswiss@ccllp.law

Attorneys for Defendant
DEPUTY CHAD RENEGAR

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DISTRICT

| | |
|---|---|
| JEREMY HOLLOWAY, | CASE NO. 8:19-cv-01514-doc-dfm |
| | *Honorable David O. Carter; Courtroom 9D* |
| Plaintiff, | |
| vs. | **DEPUTY CHAD RENEGAR'S RULE 50(a) MOTION REGARDING CONSPIRACY TO VIOLATE CIVIL RIGHTS (42 U.S.C. § 1983)** |
| COUNTY OF ORANGE; DEPUTY CHAD RENEGAR, individually and as a peace officer, DEPUTY JOEL GONZALEZ, individually and as a peace officer. DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY BRANDON BILLINGER, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS, individually and as a peace officer, DEPUTY JUSTIN GUNDERSON, individually and as a peace officer, and DOES 1 through 10, Inclusive | **Complaint Filed:** August 6, 2019 |
| | **Trial Date:** August 17, 2021 |
| Defendants | |

///

*FILE # 23084*

1

**DEPUTY RENEGAR'S RULE 50(a) MOTION RE CONSPIRACY (42 U.S.C. § 1983)**

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

Deputy Chad Renegar brings this Motion for Judgment as a Matter of Law regarding Plaintiff Jeremy Holloway's cause of action for Conspiracy to Violate Civil Rights (42 U.S.C. § 1983) under Federal Rule of Civil Procedure 50(a).

FRCP 50(a) requires a party seeking judgment as a matter of law to file a Rule 50(a) motion at any time before the case is submitted to the jury. *Tortu v. Las Vegas Metro. Police Dept.*, 556 F.3d 1075, 1082 (9th Cir. 2009). If the jury returns a verdict against the moving party, that party may then file a Rule 50(b) motion for judgment as a matter of law no later than 28 days after the entry of judgment. Fed. R. Civ. P. 50(b). A Rule 50(b) motion may be considered only if a Rule 50(a) motion has been previously made during trial, as the motion is considered a renewal of an earlier 50(a) motion. *Tortu*, 556 F.3d at 1082 (citing Fed. R. Civ. P. 50 advisory committee's notes).

Here, Plaintiff's cause of action for Conspiracy of Violate Civil Rights (42 U.S.C. § 1983) fails as a matter of law because there is no evidence that Deputy Renegar made any overt act or was involved with a meeting of the minds to conspire with any of the Deputy Defendants to violate Plaintiff's constitutional rights.

To establish defendants' liability for a conspiracy under § 1983, plaintiff must show the existence of an agreement or a meeting of the minds to violate constitutional rights. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989). Participants in a conspiracy need not know exact details of plan but, to be liable, each participant must at least share common objective of conspiracy. *Id.* The defendants must have, "by some concerted action, intend[ed] to accomplish some

*FILE # 23084*

2

**DEPUTY RENEGAR'S RULE 50(a) MOTION RE CONSPIRACY (42 U.S.C. § 1983)**

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

unlawful objective for the purpose of harming another which results in damage." *Mendocino Env't Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1301 (9th Cir. 1999) (quoting *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir.1999)). Such an agreement need not be overt and may be inferred on the basis of circumstantial evidence such as the actions of the defendants. *Id*. For example, a showing that the alleged conspirators have committed acts that "are unlikely to have been undertaken without an agreement" may allow a jury to infer the existence of a conspiracy. *Mendocino Env't Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1301 (9th Cir. 1999) (quoting *Kunik v. Racine County*, 946 F.2d 1574, 1580 (7th Cir.1991)). However, to be actionable, the conspiracy must result in overt acts, done in furtherance of the conspiracy, that are both the cause in fact and proximate cause of plaintiffs' injuries. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1990), as amended on denial of reh'g (May 24, 1991); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir.1981); *Gilbrook v. City of Westminster*, 177 F.3d 839, 859 (9th Cir. 1999), as amended on denial of reh'g (July 15, 1999).

A mere allegation of conspiracy without factual specificity is insufficient to support a claim. *Sanchez*, F.2d 1027 at 1039; *Karim–Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir.1988). "In a civil conspiracy, the conspiracy itself is not a cause of action, without overt acts, because again it is the overt act which moves the conspiracy from the area of thought and conversation into action and causes the civil injury and resulting damage." *Hoffman v. Halden*, 268 F.2d 280, 295 (9th Cir. 1959), overruled on other grounds by *Cohen v. Norris*, 300 F.2d 24 (9th Cir. 1962). The

FILE # 23084

3

**DEPUTY RENEGAR'S RULE 50(a) MOTION RE CONSPIRACY (42 U.S.C. § 1983)**

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

damage in a civil conspiracy flows from the overt acts and not from the conspiracy. *Id*.

The jury heard on tape Deputy Renegar's verbal report of what happened during the incident to Sergeant Rawlings, and the jury also saw his police report. He reported on the force used and the reasons that force was found to be within policy by the Sergeant who reviewed all the reports and the videos/audios.

Further, Plaintiff has pointed out during trial that the various reports describe the incident slightly differently. This in and of itself is evidence that there was no conspiracy.

Further, the officers all reported that they documented the force they used.

Finally, there was an allegation that Deputy Borba deliberately stopped recording on his PVS tape to prevent recording of the deputies reporting their force to the Sergeant. However, Deputy Renegar's report of force is clearly documented in his PVS recording, and he never stopped his tape.

Based on these facts, Deputy Renegar is entitled to judgment as a matter of law on Plaintiff's cause of action for Conspiracy to Violate Civil Rights (42 U.S.C. § 1983).

DATED: September 2, 2021               COLLINS + COLLINS LLP

                                       By: _____
                                       CHRISTIE BODNAR SWISS
                                       MICHAEL L. WRONIAK
                                       Attorneys for Defendant DEPUTY CHAD RENEGAR

*FILE # 23084*

4

**DEPUTY RENEGAR'S RULE 50(a) MOTION RE CONSPIRACY (42 U.S.C. § 1983)**