Michael L. Wroniak (State Bar No. 210347)
Christie B. Swiss (State Bar No. 245151)
**COLLINS + COLLINS LLP**
750 The City Drive, Suite 400
Orange, CA 92868
(714) 823-4100 – FAX (714) 823-4101
Email: mwroniak@ccllp.law
Email: cswiss@ccllp.law

Attorneys for Defendant
DEPUTY CHAD RENEGAR

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DISTRICT

| | |
|---|---|
| JEREMY HOLLOWAY,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE; DEPUTY CHAD RENEGAR, individually and as a peace officer, DEPUTY JOEL GONZALEZ, individually and as a peace officer. DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY BRANDON BILLINGER, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS, individually and as a peace officer, DEPUTY JUSTIN GUNDERSON, individually and as a peace officer, and DOES 1 through 10, Inclusive<br><br>    Defendants. | CASE NO. 8:19-cv-01514-DOC-DFM<br>*Honorable David O. Carter; Courtroom 10A*<br><br>**DEFENDANT CHAD RENEGAR'S OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY DISTRICT JUDGE FOR BIAS AND PREJUDICE**<br><br>**Complaint Filed: August 6, 2019**<br><br>**Trial Date: December 6, 2022** |

*FILE # 23084*

1

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY DISTRICT JUDGE**

Defendant Deputy Chad Renegar ("Renegar") hereby opposes Plaintiff Jeremy Holloway's ("Plaintiff") Motion to Disqualify District Judge David O. Carter for Bias and Prejudice ("Motion"). Plaintiff's arguments are without merit because Plaintiff's authorities, while on point with the Motion, do not support Plaintiff's claims. Additionally, Plaintiff's counsel and defense counsel were subject to the same time constraints and conditions while in court. Plaintiff has not been subjected to bias from Honorable District Judge David O. Carter. Therefore, Renegar respectfully requests the Court deny Plaintiff's Motion.

Plaintiff cites numerous Ninth Circuit and United States Supreme Court cases regarding the requirements for a District Judge to be disqualified due to bias and prejudice. Interestingly, each of these cases demonstrates that disqualification is not warranted.

Three of Plaintiff's factual assertions regarding Judge Carter's bias are about his judicial decisions. Yet as Plaintiff's own authority establishes, judicial rulings, in-and-of-themselves, almost never establish bias. Specifically, Plaintiff relies on *United States v. Hernandez*, which held "judicial rulings alone almost never constitute valid basis for a bias or partiality motion." (*United States v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997)). "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for bias or partiality motion unless they display a deep-seated favoritism or antagonism." (*Id*.). The case goes on to say, "most district court rulings take a position on disputed issues

in a case" and that "does not equate to deep-seated favoritism." (*Id.*). Likewise, Plaintiff relies on *Brokaw v. Mercer City*, which found "a reasonable person would not reasonably believe that the district court was biased or prejudiced against C.A. because the only evidence of bias C.A. presents consists of judicial rulings. Moreover, judicial rulings do not demonstrate evidence of personal animosity or malice." (*Brokaw v. Mercer City*, 235 F.3d 1000, 1025 (7th Cir. 2000)).

Here, Plaintiff has not presented any evidence of deep-seated favoritism or antagonism. Just because Plaintiff and his counsel disagree with the rulings, and they impacted his case, does not establish bias. The decision to grant or deny summary judgment/adjudication and to admit or not admit evidence at trial impacts both Plaintiff and Defendants.

Next, Plaintiff asserts that the manner in which Judge Carter conducted the trial demonstrates bias against Plaintiff's counsel. However, pursuant to *United States v. Hernandez*, "a judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary effort at courtroom administration – remain immune." (*Hernandez*, 109 F.3d at 1454). Plaintiff states that Judge Carter was annoyed and angry, while raising his voice. The very authority Plaintiff relies on clearly states that a judge who is annoyed or angry does not rise to the level of bias that is required for removing a district court judge. Specifically, in *Liteky v. United States* the Court held that "not establishing bias or partiality, however, are expressions of impatience, dissatisfaction,

*FILE # 23084*

3

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY DISTRICT JUDGE**

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

annoyance and even anger." (*Liteky v. United States*, 510 U.S. 540, 555-56, 114 S. Ct. 1147, 1157 (1994)). *Liteky* goes on to say, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." (*Id.*). Therefore, even if Judge Carter was annoyed, angry, and raised his voice, that is insufficient to support a claim of bias. Further Plaintiff's counsel ignores the role she played in raising the ire of the Court by continually disobeying the Court's instructions, challenging the Court's ability to control his courtroom and even returning late from breaks. Not to mention the snide comments and commentary on the witnesses and evidence during her drug out examination of witnesses.

Plaintiff makes the claim in the Motion that "the jury like a sponge absorbed that antagonistic attitude towards Plaintiff's counsel, which prejudiced Plaintiff in their eyes, culminating in a hung jury, as if by design." (Motion, page 8, lines 21-24). However, in the transcript attached to the Motion, Judge Carter stated, outside the presence of the jury, he thought there was prejudice to Plaintiff due to Plaintiff's counsel's behavior. (Exhibit A, page 22, lines 13-18 and page 28, lines 8-13). Judge Carter offered to start the trial over from scratch because he was worried about the prejudice to Plaintiff, but Plaintiff's counsel stated she did not want a new trial. (Exhibit A, page 13, lines 10-20).

Next, Plaintiff relies on *Berger v. United States*, a case from 1921 about a judge who blatantly stated that he was biased towards the nationality of the defendant as support

*FILE # 23084*

4

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY DISTRICT JUDGE**

for disqualification. (*Berger v. United States*, 255 U.S. 22, 29, 41 S. Ct. 230, 231 (1921)). In *Berger*, the judge specifically told the defendant he was a disloyal American citizen, and he would rather rule for a bank robber than the defendant strictly based on defendant's nationality. (*Id.*). There can be no doubt that disqualification under those facts was warranted. However, in this matter, Plaintiff presents zero evidence of any such statement from Judge Carter. Rather, Plaintiff's counsel suggests that because Judge Carter was annoyed with her, raised his voice to her, and threatened a mistrial it had to be because she is a female minority lawyer with a different national origin. Counsel's supposition and speculation is not evidence.

Plaintiff makes more unfound claims of bias. First, Plaintiff claims that Judge Carter brought the jury back into the courtroom several times before Plaintiff's counsel was back from a break. This was because she was either unaware of the time trial was resuming or was a few minutes late because she was stuck in the bathroom or elevator. (Mkrtchyan Decl. ¶¶ 2 and 9). Plaintiff's counsel brazenly asserts that the defense counsel began closing argument before she returned from a lunch break. (Mkrtchyan Decl. ¶ 8). Counsel is well aware that never happened. But to the point, at every break the Court advised of the length of the break and when the trial would resume. If Plaintiff's counsel could not keep track of the timing and/or make it back to court on time, that is on her, not the Court.

Second, Plaintiff's counsel states she was unable to take lunch breaks or restroom breaks. Plaintiff also argues that she could not go home until 8:00 p.m. and was expected

*FILE # 23084*

5

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY DISTRICT JUDGE**

to be back at court early the following day. However, this shows no bias towards Plaintiff because Defendants' counsel was subject to the exact same conditions. Additionally, Judge Carter stated he was even working the same hours as counsel in order to make the proper decisions in this trial. (Exhibit A, page 27, line 19-22).

There has been no bias towards Plaintiff by Hon. Judge David Carter. Thus, Defendant respectfully requests this Court deny Plaintiffs Motion.

DATED: June 27, 2022        COLLINS + COLLINS LLP

By: _____
MICHAEL L. WRONIAK
CHRSTIE B. SWISS
Attorneys for Defendant DEPUTY CHAD RENEGAR

*FILE # 23084*

6

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY DISTRICT JUDGE**

# PROOF OF SERVICE

**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California,    )
                        ) ss.
County of San Diego.    )

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 2011 Palomar Airport Road, Suite 207, Carlsbad, California 92011.

On this date, I served the foregoing document described as **DEFENDANT CHAD RENEGAR'S OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY DISTRICT JUDGE FOR BIAS AND PREJUDICE** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Carlsbad, California to be served on the parties as indicated on the attached service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Carlsbad, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Carlsbad, California.

☐ **BY EXPRESS MAIL OR ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY**

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached Service on: 6-27-22

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☐ **(BY FACSIMILE)** - I caused the above-described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) indicated on the attached Service List and the activity report(s) generated by facsimile number (760) 274-2111 indicated all pages were transmitted.

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on **June 27, 2022** at Carlsbad, California.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*[signature]*
MARIAH STEPHNS
mstephens@ccllp.law

*FILE # 23084*

7

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY DISTRICT JUDGE**

**SERVICE LIST**
Case Name: Holloway v. County of Orange, et al.
Case Number: 8:19-cv-01514-DOC-DFM
CCMS: 23084

| | |
|---|---|
| Narine Mkrtchyan<br>1010 North Central Avenue Suite 204<br>Glendale CA, CA 91202<br>**Mailing Address:**<br>10063 Riverside Dr #2288<br>Toluca Lake, CA 91602<br>Tel: 818-388-7022<br>Email: narine57@gmail.com<br>**ATTORNEYS FOR PLAINTIFF JEREMY HOLLOWAY** | S. Frank Harrell<br>Tamara M. Heathcote<br>Lynberg and Watkins APC<br>1100 West Town and Country Road Suite 1450<br>Orange, CA 92868<br>714-937-1010<br>Fax: 714-937-1003<br>Email: sharrell@lynberg.com;<br>theathcote@lynberg.com<br>jbond@lynberg.com<br>srodriguez@lynberg.com<br>**ATTORNEY FOR County of Orange, Deputy Joel Gonzalez, Deputy Kevin Pahel, Deputy Brandon Billinger, Deputy Mark Borba, Deputy Jameson Gotts, Deputy Justin Gunderson** |

*FILE # 23084*

8

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY DISTRICT JUDGE**

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101