1  S. Frank Harrell – SBN 133437
   sharrell@lynberg.com
2  Tamara M. Heathcote – SBN 193312
   theathcote@lynberg.com
3  Jonathan C. Bond (SBN 280266)
   jbond@lynberg.com
4  **LYNBERG & WATKINS**
   A Professional Corporation
5  1100 W. Town & Country Road, Suite 1450
   Orange, California 92868
6  (714) 937-1010 Telephone
   (714) 937-1003 Facsimile
7
8
9  Attorneys for Defendants DEPUTY JOEL GONZALEZ, DEPUTY KEVIN PAHEL,
   DEPUTY MARK BORBA, and DEPUTY JAMESON GOTTS
10

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13

14  JEREMY HOLLOWAY,                    CASE NO. 8:19-cv-01514-DOC-DFM

15  Plaintiff,                          *Assigned to:*
                                        *Hon. David O. Carter*
16  vs.
                                        *Assigned for Discovery Purposes to:*
17  COUNTY OF ORANGE,                   *Hon. Douglas F. McCormick*
    DEPUTY CHAD RENEGAR,
18  individually and as a peace officer, **DEFENDANTS DEPUTY JOEL**
    DEPUTY JOEL GONZALEZ,              **GONZALEZ, DEPUTY KEVIN**
19  individually and as a peace officer, **PAHEL, DEPUTY MARK BORBA**
    DEPUTY KEVIN PAHEL, individually   **AND DEPUTY JAMESON GOTTS'**
20  and as a peace officer, DEPUTY      **OPPOSITION TO PLAINTIFF'S**
    BRANDON BILLINGER, individually    **"MOTION TO DISQUALIFY**
21  and as a peace officer, DEPUTY      **[RECUSE] DISTRICT JUDGE FOR**
    MARK BORBA, individually and as a  **BIAS AND PREJUDICE";**
22  peace officer, DEPUTY JAMESON      **DECLARATION OF TAMARA M.**
    GOTTS individually and as a peace  **HEATHCOTE IN SUPPORT**
23  officer, DEPUTY JUSTIN             **THEREOF; EXHIBITS**
    GUNDERSON, individually and as a
24  peace officer, and DOES 1-10.      Date:  July 18, 2022
                                       Time:  8:30 a.m.
25                                     Dept.:  Courtroom 10A
    Defendants.
26
                                       *Trial Date: December 6, 2022*
27
                                           **1**
28  ─────────────────────────────────────────────────────

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 1

I.   PRELIMINARY STATEMENT ........................................................ 1

II.  FACTUAL BACKGROUND ......................................................... 2

III. PROCEDURE FOR RECUSAL OF A DISTRICT COURT JUDGE .......................................................................... 8

IV.  PLAINTIFF'S MOTION MUST BE DENIED BASED ON THE FAILURE TO BRING THE MOTION IN A TIMELY MANNER ................................................................ 13

V.   PLAINTIFF'S MOTION SHOULD BE DENIED BASED ON THE FAILURE TO PROVIDE AN AFFIDAVIT BY PLAINTIFF ................................................................ 13

VI.  SECTION 455 HAS NO PROVISION FOR REVIEW BY A JUDGE OTHER THAN THE JUDGE FACING DISQUALIFICATION ................................................ 14

VII. CONCLUSION .................................................................. 15

DEFENDANTS DEPUTY JOEL GONZALEZ, DEPUTY KEVIN PAHEL, DEPUTY MARK BORBA AND DEPUTY JAMESON GOTTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY [RECUSE] DISTRICT JUDGE FOR BIAS AND PREJUDICE

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

Henderson v. Department of Pub. Safety & Corrections,
 901 F2d 1288 (5th Cir. 1990) .......................................................................14

In re Bernard,
 31 F.3d 842 (9th Cir. 1994) ....................................................................14, 15

Polizzi v. United States,
 926 F.2d 1311 (2nd Cir. 1991) .....................................................................13

United States v. Sibla,
 624 F.2d 864 (9th Cir. 1980) ..................................................................12, 14

United States v. Zagari,
 419 F.Supp. 494 (N.D. Cal. 1976) ...............................................................14

Youn v. Track, Inc.,
 324 F3d 409 (6th Cir. 2003) .........................................................................13

## Statutes

28 U.S.C. § 455 ............................................................................................14, 15

28 U.S.C. § 455(b)(1) .........................................................................................12

28 U.S.C. §§ 144 and 455 ...............................................................8, 12, 13, 14

## Other Authorities

Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 16-D (2022) ....................13

**2**

DEFENDANTS DEPUTY JOEL GONZALEZ, DEPUTY KEVIN PAHEL,
DEPUTY MARK BORBA AND DEPUTY JAMESON GOTTS' OPPOSITION TO
PLAINTIFF'S MOTION TO DISQUALIFY [RECUSE] DISTRICT JUDGE FOR
BIAS AND PREJUDICE

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PRELIMINARY STATEMENT

Since the inception of this case, Plaintiff's counsel, Narine Mkrtchyan, has inexplicably chosen a needlessly combative approach in her dealings with others. And her resulting written and spoken words are frankly unacceptable – on any level.

Defense counsel have been subjected to repeated yelling and cursing that frankly does not reflect well on our profession. But it did not stop there. Ms. Mkrtchyan has also unloaded on the Hon. Douglas F. McCormick during the course of this case – even denouncing the Magistrate Judge as an anti-female sexist of some type (before abruptly handing up on him).

To no one's great surprise, Ms. Mkrtchyan's theatrics continued at the trial of this matter – where she saw fit to repeatedly interrupt this Court, mutter disapproval with the Court's evidentiary rulings (in front of the jury), roll her eyes in response to the Court's statements (in front of the jury) and loudly argue with the Court's conduct of the trial (in front of the jury).

At every turn, the Court showed Ms. Mkrtchyan far more solicitude than she had any right to expect. Indeed, many other courts would have opted for dismissal in the face of Ms. Mkrtchyan's unrestrained, circus-like misconduct. But this Court has done nothing of the sort. Instead, the Court has patiently given Ms. Mkrtchyan one chance after another – over and over again – to conform the standards of courtroom decency all attorneys are sworn to uphold.

Ms. Mkrtchyan plainly has no desire to comply with the Court's requests for courtesy, manners and respect. And with re-trial approaching, Ms. Mkrtchyan evidently hopes to start fresh with a new jurist who has no familiarity with this case – and no familiarity with her uniquely disrespectful form of advocacy. Thus, Ms. Mkrtchyan has now filed a putative Motion to "Disqualify" the Court based on claimed "bias" and "prejudice".

**1**

DEFENDANTS DEPUTY JOEL GONZALEZ, DEPUTY KEVIN PAHEL, DEPUTY MARK BORBA AND DEPUTY JAMESON GOTTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY [RECUSE] DISTRICT JUDGE FOR BIAS AND PREJUDICE

1   Needless to say, the Court's patient requests for civility and respect do not

2   justify a motion to replace the judge. Nor does the law permit an attorney to argue for

3   "disqualification" of a judge based on their own ill-considered decision to lob insults

4   and other forms of disrespect at the jurist in issue.

5   This latest chapter in this case marks a sad, cringeworthy new low. Plaintiff's

6   Motion to "Disqualify" the Court based on claimed "bias" and "prejudice" should be

7   forcefully denied.

8   **II.   FACTUAL BACKGROUND**

9   It is no exaggeration to state that the record made by Ms. Mkrtchyan in this

10   litigation is remarkable. (Heathcote Decl., ¶ 3). Defense counsel and their clients have

11   been yelled at, cursed at and generally treated in a manner that brings shame to the

12   legal profession. (Id.). Frivolous objections to non-controversial discovery have been

13   a routine feature of Ms. Mkrtchyan's practice in this case. (Id.). When the defense has

14   sought to defuse and discuss matters, Ms. Mkrtchyan has simply erupted with more

15   yelling and verbal abuse. (Id.).

16   Ms. Mkrtchyan finally gave the defense the proof they needed to seek judicial

17   assistance when she began cursing and shouting at a ***videotaped*** deposition.

18   (Heathcote Decl., ¶ 4). In response, Magistrate Judge Douglas F. McCormick issued a

19   remarkably restrained admonition – particularly given the outrageous video conduct

20   he witnessed. (Order, Dkt. No. 73, p. 2) (the subject "deposition was, to put it mildly,

21   a train wreck. And responsibility for that result lies predominantly with Plaintiff's

22   counsel.")  The Magistrate Judge concluded by reminding "all counsel" that

23   professionalism and common courtesy matter in the legal profession. (Order, Dkt. No.

24   73, pp. 2 and 4) (going forward, "I expect, as I told counsel during the July 9

25   telephone conference, that all counsel should comport themselves in the deposition the

26   same as if they were in the courtroom. . ..I trust that my remarks on July 9 and this

27   subsequent ruling will cause [future] depositions to be conducted without the rancor

28

**2**

DEFENDANTS DEPUTY JOEL GONZALEZ, DEPUTY KEVIN PAHEL, DEPUTY MARK BORBA AND DEPUTY JAMESON GOTTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY [RECUSE] DISTRICT JUDGE FOR BIAS AND PREJUDICE

1   that was exhibited on July 7 [at the subject deposition].")

2       Rather than reform, Ms. Mkrtchyan responded to the Magistrate Judge's civility

3   order with full-throated derision – openly taunting the Court and its directives. (See,

4   Dkt. # 116, Plaintiff Depo., 275:7 – 276:25, Ex. "B" to same)(Ms. Mkrtchyan: "A lot

5   of the things right now are still up in the air in this country. **So whether you have a**

6   **judge saying something** . . . **it really doesn't matter anymore.** Okay?. . ..***I don't***

7   ***care what one specific judge says . . ..***")(emphasis added.) Indeed, at a follow-up

8   deposition, Ms. Mkrtchyan continued to interrupt, shout, curse and throw objects at

9   others. (See, Dkt. # 116, Plaintiff Depo., 258:6 - 260:21, Ex. "B" to same).

10      Ms. Mkrtchyan unwisely continued with these antics during the three - week

11   jury trial of this matter. (Heathcote Decl., ¶ 5.) Indeed, Ms. Mkrtchyan did not have

12   one bad moment or one bad day. Instead, the entire three-week trial was marked by

13   Ms. Mkrtchyan's repeated outbursts, interruptions and unrestrained disrespect to the

14   Court and the office it holds. (Id., ¶ 7). Even so, the Court responded to these outrages

15   with the dignity, restraint and grace befitting its office. (Id.). The Court's patience was

16   – in a word – remarkable. (Id.).

17      Even despite the Court's repeated decision to let dismissal-worthy, on-the-

18   record contempt go, Ms. Mkrtchyan has now filed an attempted Motion to

19   "Disqualify" the Court based on claimed "bias" and "prejudice". What is her

20   evidence? As one might imagine, it's not much – even taken at face value.

21      Indeed, Ms. Mkrchyan only attaches one snippet of trial transcript as an exhibit

22   to support her complaints of unprofessional judicial misconduct. (Motion, Ex. "A",

23   Trial Transcript, Day 4, Volume II, pp. 94-136). According to Plaintiff's counsel, the

24   transcript supposedly demonstrates that the Court "was raising his voice at Plaintiff's

25   counsel in front of the jury and court personnel", was making disparaging remarks and

26   rulings during presentation of witnesses, and then admonished her the very first week

27   of trial, bringing her to tears in open court.  (Motion, p. 8:13-16.) But the transcript

28

**3**

DEFENDANTS DEPUTY JOEL GONZALEZ, DEPUTY KEVIN PAHEL,
DEPUTY MARK BORBA AND DEPUTY JAMESON GOTTS' OPPOSITION TO
PLAINTIFF'S MOTION TO DISQUALIFY [RECUSE] DISTRICT JUDGE FOR
BIAS AND PREJUDICE

she attaches does not support her made-up version of events. Instead, the portion of the transcript presented by Ms. Mkrtchyan, demonstrates the disrespectful manner in which *she* addressed the Court (in front of the jury) when the Court rightly requested that she finish playing a tape (instead of making claims about what it does and does not say):

(Videotape was played, not reported.)

Q  BY MS. MKRTCHYAN: So we heard the  point in time before he's taken down to the ground all the commands given to Jeremy Holloway; yes?

Mr. WRONIAK: Objection. Misstates the evidence.

THE COURT: Sustained. I'm not certain – you may be correct, but that's a statement by you. Continue playing this tape.

MS. MKRTCHYAN: This is – I'm talking about prior to him –

THE COURT: You're playing this tape. I'm not sure you completed that yet. You may have. But that's a statement by you. You're not a witness.

MS. MKRTCHYAN: Yes, Your Honor. My question next is different.

THE COURT: Complete playing this tape.

MS. MKRTCHYAN: But that's not my question, sir. This is my direct examination of a witness; right? You are diverting my ability to question him. I'm talking about the juncture before Holloway was taken to the ground.

THE COURT: I'm sorry, Counsel. I apologize.

MS. MKRTCHYAN: Yes.

**4**

DEFENDANTS DEPUTY JOEL GONZALEZ, DEPUTY KEVIN PAHEL, DEPUTY MARK BORBA AND DEPUTY JAMESON GOTTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY [RECUSE] DISTRICT JUDGE FOR BIAS AND PREJUDICE

1    THE COURT: I'm not diverting you in any way. I'm

2    just not certain as the judge, and you may be right, that this

3    is all of the statements made. And I can't take either you or

4    opposing counsel's word for that. You may be absolutely

5    correct, but I need to make certain that these are all the

6    statements.

7        And when you make a statement in front of the jury

8    that these are all the statements, you may be correct. I don't

9    know. And I direct you to play this tape and continue on for a

10   few moments. That's an order. That's not a request.

11       And when you directly confront the Court in that

12   way, that's not appropriate --

13       MS. MKRTCHYAN: I am just making --

14       THE COURT: -- because that draws me into this kind

15   of discussion which is harmful for you and for the Court, and I

16   don't want that created. But this is the third time for my

17   record that that confrontation has taken place where you direct

18   the comment to the Court.

19       Now, I have no option now except either to correct

20   you, because you're incorrect in the way you're presenting

21   evidence, or let you to continue this kind of conduct. What am

22   I going to do about that?

23       MS. MKRTCHYAN: Your Honor, I was making --

24       THE COURT: Ladies and gentlemen, would you recess

25   for just a moment. My apologies. I need to have a thoughtful

26   discussion with all counsel.

27   (Motion, Ex. "A", 94:4-96:1.)

28

**5**

DEFENDANTS DEPUTY JOEL GONZALEZ, DEPUTY KEVIN PAHEL,
DEPUTY MARK BORBA AND DEPUTY JAMESON GOTTS' OPPOSITION TO
PLAINTIFF'S MOTION TO DISQUALIFY [RECUSE] DISTRICT JUDGE FOR
BIAS AND PREJUDICE

1    The Court then continued setting forth several examples of Ms. Mkrtchyan

2    argumentative and confrontational conduct outside the presence of the jury:

3         THE COURT: It seems that you're very favorable in

4    terms of the ruling when I overruled my magistrate judge when

5    it's favorable, but you're very disrespectful, quite frankly,

6    to the Court when you get an unfavorable ruling and then

7    continue to badger. And apparently, you've been able to

8    achieve that on a number of occasions. And, quite frankly,

9    that won't be happening in this court.

10        . . .

11        THE COURT: Thank you, Counsel. I'm going to

12   respond that your questions in some ways are very appropriate,

13   and I've allowed those. But when they're compound or

14   argumentative or especially confusing, the Court cannot allow

15   that. Nor can I allow you to make statements about what the

16   facts are of this case and continue to do so without proof.

17   You are not a witness in this case, and yet, you put yourself

18   into this as a witness.

19        And when a simple request of the Court is to play

20   the tape a little bit further and you become confrontational so

21   the next few moments I could discern if your statement, which

22   was inappropriate, was the entitled summation of all the

23   commands given, and you may be right, and you refuse to do

24   that, then you are confrontational.

25        . . .

26        MS. MKRTCHYAN: Your Honor, I'm not agreeable to --

27   so you are declaring mistrial based on comment that you took

28

**6**

DEFENDANTS DEPUTY JOEL GONZALEZ, DEPUTY KEVIN PAHEL,
DEPUTY MARK BORBA AND DEPUTY JAMESON GOTTS' OPPOSITION TO
PLAINTIFF'S MOTION TO DISQUALIFY [RECUSE] DISTRICT JUDGE FOR
BIAS AND PREJUDICE

1    confrontational from me?

2           THE COURT: In other words, unless I can make

3    rulings in good faith to the best of my ability and not be

4    constantly confronted by you in court, then I lose control, and

5    it encourages that kind of behavior. If you could be

6    respectful, that's a whole different matter. But,

7    unfortunately, I'm getting drawn into a conflict, and I think

8    that that's harmful to your client, quite frankly.

9           So it's easier for me just to start over and feel

10   good ethically about a clean trial where we haven't had this

11   kind of confrontation because I don't want that to occlude

12   Mr. Holloway.

13          MS. MKRTCHYAN: That would prejudice Mr. Holloway,

14   Your Honor, because as indicated --

15          THE COURT: That's your conduct, Counsel, you're

16   responsible for. And I've made my record, and you've made your

17   record.

18          MS. MKRTCHYAN: Well, that's prejudicial to my

19   client because my conduct --

20          THE COURT: I'm sorry.

21          MS. MKRTCHYAN: -- was not directed at you.

22          THE COURT: It was.

23          . . .

24          THE COURT: It has no effect upon me. But what I've

25   seen is a continuing conduct on your part that's abusive

26   towards the court system in general and this court in

27   particular.

28

**7**

**DEFENDANTS DEPUTY JOEL GONZALEZ, DEPUTY KEVIN PAHEL, DEPUTY MARK BORBA AND DEPUTY JAMESON GOTTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY [RECUSE] DISTRICT JUDGE FOR BIAS AND PREJUDICE**

1    MS. MKRTCHYAN: Your Honor --

2    THE COURT: So between that kind of behavior --

3    you're either going to have to retrain yourself or this case is

4    not going to go forward in a timely fashion.

5    (See, Id. at 97:4-10; 100:21-101:9; 103:7-104:5 and 105:1-8.)

6

7    Any fair reading of the transcript reflects a patient jurist who – like every

8    one else in the courtroom – was left astounded by Ms. Mkrtchyan's needlessly

9    combative, and frankly contemptuous tone.

10    The same goes for Ms. Mkrtchyan's claim that she was not permitted to eat

11    during the trial by the Court.  [Motion p. 5:8 ("not letting her to take lunch/restroom

12    breaks); Decl of Mkrtchyan p. 2:17 ("I was not even allowed to eat").]  However,

13    nothing like this happened – a point the Court itself made when it stated an

14    understanding that everyone needs food. (See, Motion, Transcript, Ex. "A", p. 121:11-

15    17).[1]

16    **III.    PROCEDURE FOR RECUSAL OF A DISTRICT COURT JUDGE**

17    Plaintiff ostensibly brings this Motion pursuant to both 28 U.S.C. §§ 144 and

18    455.  Section 144 provides as follows:

19    Whenever a ***party*** to any proceeding in a district court

20    makes and files ***a timely and sufficient affidavit*** that the

21    judge before whom the matter is pending has a ***personal***

22    ***bias or prejudice either against him or in favor of any***

23    ***adverse party***, such judge shall proceed no further therein,

24

25    _____

26    [1] Ms. Mkrtchyan also filed a valueless ex parte application to disqualify the
Magistrate Judge, the Honorable Douglas McCormick from presiding over the

27    discovery disputes in the case (See, Dkt. Nos. 82, 85 and 87).

28

**8**

DEFENDANTS DEPUTY JOEL GONZALEZ, DEPUTY KEVIN PAHEL,
DEPUTY MARK BORBA AND DEPUTY JAMESON GOTTS' OPPOSITION TO
PLAINTIFF'S MOTION TO DISQUALIFY [RECUSE] DISTRICT JUDGE FOR
BIAS AND PREJUDICE

1    but another judge shall be assigned to hear such proceeding.

2

3    The affidavit shall state the facts and the reasons for the

4    belief that bias or prejudice exists, and ***shall be filed not less***

5    ***than ten days before the beginning of the term at which the***

6    ***proceeding is to be heard***, or good cause shall be shown for

7    failure to file it within such time. A party may file only one

8    such affidavit in any case. It shall be accompanied by a

9    certificate of counsel of record stating that it is made in good

10   faith.  [Emphasis added.]

11   Section 544 provides as follows:

12   (a) Any justice, judge, or magistrate judge of the United

13   States shall disqualify himself in any proceeding in which his

14   impartiality might reasonably be questioned.

15   (b) He shall also disqualify himself in the following

16   circumstances:

17   (1) Where he has a personal bias or prejudice

18   concerning a party, or personal knowledge of disputed

19   evidentiary facts concerning the proceeding;

20   (2) Where in private practice he served as lawyer in the

21   matter in controversy, or a lawyer with whom he previously

22   practiced law served during such association as a lawyer

23   concerning the matter, or the judge or such lawyer has been a

24   material witness concerning it;

25   (3) Where he has served in governmental employment

26   and in such capacity participated as counsel, adviser or

27   material witness concerning the proceeding or expressed an

28

**9**

DEFENDANTS DEPUTY JOEL GONZALEZ, DEPUTY KEVIN PAHEL,
DEPUTY MARK BORBA AND DEPUTY JAMESON GOTTS' OPPOSITION TO
PLAINTIFF'S MOTION TO DISQUALIFY [RECUSE] DISTRICT JUDGE FOR
BIAS AND PREJUDICE

opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

(c) A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.

(d) For the purposes of this section the following words or phrases shall have the meaning indicated:

(1) "proceeding" includes pretrial, trial, appellate review, or other stages of litigation;

(2) the degree of relationship is calculated according to the civil law system;

**10**

DEFENDANTS DEPUTY JOEL GONZALEZ, DEPUTY KEVIN PAHEL, DEPUTY MARK BORBA AND DEPUTY JAMESON GOTTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY [RECUSE] DISTRICT JUDGE FOR BIAS AND PREJUDICE

(3) "fiduciary" includes such relationships as executor, administrator, trustee, and guardian;

(4) "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party, except that:

(i) Ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund;

(ii) An office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" in securities held by the organization;

(iii) The proprietary interest of a policyholder in a mutual insurance company, of a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest;

(iv) Ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities.

(e) No justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

**11**

**DEFENDANTS DEPUTY JOEL GONZALEZ, DEPUTY KEVIN PAHEL, DEPUTY MARK BORBA AND DEPUTY JAMESON GOTTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY [RECUSE] DISTRICT JUDGE FOR BIAS AND PREJUDICE**

1       (f) Notwithstanding the preceding provisions of this section, if

2       any justice, judge, magistrate judge, or bankruptcy judge to

3       whom a matter has been assigned would be disqualified, after

4       substantial judicial time has been devoted to the matter,

5       because of the appearance or discovery, after the matter was

6       assigned to him or her, that he or she individually or as a

7       fiduciary, or his or her spouse or minor child residing in his or

8       her household, has a financial interest in a party (other than an

9       interest that could be substantially affected by the outcome),

10      disqualification is not required if the justice, judge, magistrate

11      judge, bankruptcy judge, spouse or minor child, as the case

12      may be, divests himself or herself of the interest that provides

13      the grounds for the disqualification.

14      The procedure for disqualification of a judge depends upon the grounds

15 asserted. For example, the procedure for challenging a judge for "personal bias or

16 prejudice" depends on whether the challenge is made under 28 <u>U.S.C.</u> § 144 or 28

17 <u>U.S.C.</u> § 455(b)(1): "Although the substantive test for bias or prejudice is identical in

18 Sections 144 and 455, the procedural requirements of the two sections are different."

19 <u>United States v. Sibla</u>, 624 F.2d 864, 867 (9th Cir. 1980).

20      In general, for recusal under 28 <u>U.S.C.</u> § 144 (personal bias or prejudice), a

21 party must file a formal, timely motion supported by detailed ***party*** affidavits.  Here,

22 Plaintiff himself did not sign an affidavit as required in Section 144 and none of the

23 grounds for disqualification contained in Section 544 is cited anywhere in Plaintiff's

24 meandering and vituperative briefing. Instead, it appears that the only reasons

25 Plaintiff's counsel sets forth for the granting of this motion are: (1) all rulings have not

26 gone her way, and (2) Ms. Mkrtchyan's was not allowed to embark on the type of

27 verbal rampage at the proceedings she evidently thought appropriate. Neither of these

28

**12**

**DEFENDANTS DEPUTY JOEL GONZALEZ, DEPUTY KEVIN PAHEL, DEPUTY MARK BORBA AND DEPUTY JAMESON GOTTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY [RECUSE] DISTRICT JUDGE FOR BIAS AND PREJUDICE**

are sufficient reasons for the granting of a motion to disqualify a federal court judge.

## IV.   PLAINTIFF'S MOTION MUST BE DENIED BASED ON THE FAILURE TO BRING THE MOTION IN A TIMELY MANNER

28 U.S.C. §144 requires that the motion must be "timely."  Courts strictly enforce the timeliness requirement of § 144 to safeguard against use of the statute as a delaying tactic.  See, Polizzi v. United States, 926 F.2d 1311, 1321 (2nd Cir. 1991).

> Courts generally disfavor motions to recuse. They may deny the motion as untimely if it appears to be brought as a delaying tactic or if the moving party has "slept" on his or her rights. Therefore, always bring such motions as soon as possible. If you make the motion late in the proceedings, be sure the moving party's affidavit states facts showing why the motion could not have been brought earlier.

See, Motion to Disqualify Judge, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 16-D (2022).

Here, Plaintiff filed this matter on August 6, 2019 and waited until June 2022 (almost three years later) to bring this motion complaining of supposed "bias". This was nine (9) months after the first trial ended in a mistrial and instead of blaming counsel (or herself) for this result, Plaintiff 's counsel has decided to fault the Court. Plaintiff's counsel's laggardly conduct in bringing this motion is the epitome of untimeliness and, on this basis alone, it should be denied.

## V.   PLAINTIFF'S MOTION SHOULD BE DENIED BASED ON THE FAILURE TO PROVIDE AN AFFIDAVIT BY PLAINTIFF

In a motion brought pursuant to section 144, the motion ***must*** be based on a "timely and sufficient" affidavit (or declaration) by a party to the action that the judge before whom the matter is pending "has a personal bias or prejudice either against him or in favor of any adverse party." (See, 28 U.S.C. § 144; see, Youn v. Track, Inc., 324

13

1  F3d 409, 423 (6th Cir. 2003)("Recusal is never granted without the affidavit"]

2      Pursuant to Section 144, the affidavit must state specific facts and reasons for

3  the belief that bias or prejudice exists:

4              A legally sufficient affidavit must meet the following

5              requirements:

6                  (1) the facts must be material and stated with

7              particularity;

8                  (2) the facts must be such that if true they would

9              convince a reasonable man that bias exists; and

10                 (3) the facts must show the bias is personal, as opposed

11             to judicial, in nature. [Henderson v. Department of Pub. Safety

12             & Corrections, 901 F2d 1288, 1296 (5th Cir. 1990); see also

13             United States v. Sibla, 624 F2d 864, 868 (9th Cir. 1980)]

14             Objective facts showing the judge's bias or prejudice are

15             required: Facts of times, places, persons, occasions and

16             circumstances with the particularity that would be reasonably

17             expected in a bill of particulars.

18  United States v. Zagari, 419 F.Supp. 494, 501 (N.D. Cal. 1976).

19     Finally, the affidavit must be signed by a party to the action. Counsel cannot

20  sign the affidavit, but must file a separate certificate; See, 28 U.S.C. § 144.  Therefore,

21  the lack of any affidavit signed by Jeremy Holloway is, in itself, fatal to this motion. .

22  **VI.    SECTION 455 HAS NO PROVISION FOR REVIEW BY A JUDGE**

23  **OTHER THAN THE JUDGE FACING DISQUALIFICATION**

24     No motion is required to precipitate a judge's recusal under 28 U.S.C. § 455.

25  The initial decision whether to sit in a case rests with the individual judge. See, In re

26  Bernard, 31 F.3d 842, 843 (9th Cir. 1994) (". . . the motion is addressed to, and must

27  be decided by, the very judge whose impartiality is being questioned.")

**14**

DEFENDANTS DEPUTY JOEL GONZALEZ, DEPUTY KEVIN PAHEL,
DEPUTY MARK BORBA AND DEPUTY JAMESON GOTTS' OPPOSITION TO
PLAINTIFF'S MOTION TO DISQUALIFY [RECUSE] DISTRICT JUDGE FOR
BIAS AND PREJUDICE

1    Under the canons of judicial ethics, every judicial officer must satisfy himself

2 that he is actually unbiased toward the parties in each case and that his impartiality is

3 not reasonably subject to question. See, In re Bernard, 31 F.3d 842, 843 (9th Cir.

4 1994). To assist judges in carrying out this bias-check the parties are required to list

5 those entities that have an interest in the case. Id. If, however, a motion is brought,

6 there is no provision in Section 455 to refer the motion for recusal/disqualification to

7 another judge. Id. Instead, the judge as to whom the bias/prejudice is alleged decides

8 the motion. Id.

9    It is for this reason that the grounds on which the party believes the judge is

10 prejudiced against the party must be clearly stated in the motion.  This motion sets

11 forth no such examples or citations of prejudice to Mr. Holloway and, for this reason

12 alone, it should be denied.

13 **VII.   <u>CONCLUSION</u>**

14    As Plaintiff has failed to bring this motion in a timely manner, has failed to file

15 an affidavit under his own name and signature and failed to set forth any arguments or

16 demonstration of bias by this Court, Plaintiff's motion for disqualification should be

17 denied.

18 DATED:  June 27, 2022            Respectfully submitted,
                                    **LYNBERG & WATKINS**

19
20                                  By:   */s/ Tamara Heathcote*
                                          _____
                                    **S. FRANK HARRELL**
21                                  **TAMARA HEATHCOTE**
                                    **JONATHAN BOND**
22                                  Attorneys for Defendants
                                    Deputy Joel Gonzalez, Deputy Kevin
23                                  Pahel, Deputy Mark Borba, and Deputy
                                    Jameson Gotts

24
25
26
27
28

DEFENDANTS DEPUTY JOEL GONZALEZ, DEPUTY KEVIN PAHEL,
DEPUTY MARK BORBA AND DEPUTY JAMESON GOTTS' OPPOSITION TO
PLAINTIFF'S MOTION TO DISQUALIFY [RECUSE] DISTRICT JUDGE FOR
BIAS AND PREJUDICE

# DECLARATION OF TAMARA M. HEATHCOTE

I, Tamara M. Heathcote do declare and state as follows:

1.     I am an attorney at law duly authorized to practice before this Court and I am a partner at Lynberg & Watkins, a Professional Corporation, attorneys of record for Defendants Deputy Joel Gonzalez, Deputy Kevin Pahel, Deputy Mark Borba, and Deputy Jameson Gotts ("Deputy Defendants").

2.     I have personal knowledge of the following facts and, if called as a witness, I could and would testify competently thereto.

3.     It is no exaggeration to state that the record made by Ms. Mkrtchyan in this litigation is remarkable. Defense counsel and their clients have been yelled at, cursed at and generally treated in a manner that brings shame to the legal profession. Frivolous objections to non-controversial discovery have been a routine feature of Ms. Mkrtchyan's practice in this case. When the defense has sought to defuse and discuss matters, Ms. Mkrtchyan has simply erupted with more yelling and verbal abuse.

4.     Ms. Mkrtchyan finally gave the defense the proof they needed to seek judicial assistance when she began cursing and shouting at a _videotaped_ deposition.

5.     Ms. Mkrtchyan unwisely continued with these antics during the three - week jury trial of this matter.

6.     Attached hereto as Exhibit "A" is a true and correct copy of entire docket of this matter consisting of 379 entries.

7.     Indeed, Ms. Mkrtchyan did not have one bad moment or one bad day. Instead, the entire three-week trial was marked by Ms. Mkrtchyan's repeated outbursts, interruptions and unrestrained disrespect to the Court and the office it holds. Even so, the Court responded to these outrages with the dignity, restraint and grace befitting its office. (Id.). The Court's patience was – in a word – remarkable.

8.     Attached hereto as Exhibit "B" is a true and correct copy of Dkt No. 69, Plaintiff's Ex Parte Application to Compel Deposition of Chad Renegar, Joel

**16**

DEFENDANTS DEPUTY JOEL GONZALEZ, DEPUTY KEVIN PAHEL, DEPUTY MARK BORBA AND DEPUTY JAMESON GOTTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY [RECUSE] DISTRICT JUDGE FOR BIAS AND PREJUDICE

Gonzalez, et al.

9. Attached hereto as Exhibit "C" is a true and correct copy of Dkt. No. 70, Defendants' Memorandum in Opposition to Plaintiff's Motion to Compel Depositions of Chard Renegar, Joel Gonzalez, et al.

10. I attended the trial in this matter as second chair on behalf of the Defendant Deputies. The trial started on August 17, 2021 and continued through September 7, 2021.

11. Indeed, Ms. Mkrchyan only attaches one snippet of trial transcript as an exhibit to support her complaints of unprofessional judicial misconduct. Attached hereto as Exhibit "D" is a true and correct copy of the Court's Transcript, Day 4, Volume II, pp. 94-136.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on June 27, 2022 at Orange, California.

/s/ Tamara Heathcote
Tamara M. Heathcote, Esq.

---

**17**

DEFENDANTS DEPUTY JOEL GONZALEZ, DEPUTY KEVIN PAHEL, DEPUTY MARK BORBA AND DEPUTY JAMESON GOTTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY [RECUSE] DISTRICT JUDGE FOR BIAS AND PREJUDICE

EXHIBIT A

ACCO,(DFMx),DISCOVERY,MANADR,PROTORD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
## CIVIL DOCKET FOR CASE #: 8:19-cv-01514-DOC-DFM

Jeremy Holloway v. County of Orange et al      Date Filed: 08/06/2019
Assigned to: Judge David O. Carter      Jury Demand: Both
Referred to: Magistrate Judge Douglas F. McCormick      Nature of Suit: 440 Civil Rights: Other
Cause: 42:1983 Civil Rights Act      Jurisdiction: Federal Question

**Plaintiff**

**Jeremy Holloway**      represented by    **Narine Mkrtchyan**
Narine Mkrtchyan
P. O. Box 2288
Toluca Lake, CA 91610
818-388-7022
Email: narine57@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**County of Orange**      represented by    **S Frank Harrell**
Lynberg and Watkins APC
1100 West Town and Country Road Suite 1450
Orange, CA 92868
714-937-1010
Fax: 714-937-1003
Email: sharrell@lynberg.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward Z Kotkin**
Lynberg and Watkins APC
1100 West Town and Country Road Suite 1450
Orange, CA 92868
714-937-1010
Fax: 714-937-1003
Email: ekotkin@lynberg.com
*TERMINATED: 11/05/2020*

**Jonathan C Bond**
Lynberg and Watkins APC
1100 Town and Country Road Suite 1450
Orange, CA 92868
714-937-1010
Fax: 714-937-1003

Email: jbond@lynberg.com
*ATTORNEY TO BE NOTICED*

**Tamara M Heathcote**
Lynberg and Watkins PC
1100 West Town and Country Road Suite 1450
Orange, CA 92868
714-937-1010
Fax: 714-937-1003
Email: theathcote@lynberg.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Chad Renegar**                 represented by  **S Frank Harrell**
*individually*                                   (See above for address)
                                                 *TERMINATED: 05/10/2021*
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Christie Bodnar Swiss**
                                                 Collins and Collins LLP
                                                 2011 Palomar Airport Road Suite 207
                                                 Carlsbad, CA 92011
                                                 760-274-2110
                                                 Fax: 760-274-2111
                                                 Email: cswiss@ccmslaw.com
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Edward Z Kotkin**
                                                 (See above for address)
                                                 *TERMINATED: 11/05/2020*

                                                 **Jonathan C Bond**
                                                 (See above for address)
                                                 *TERMINATED: 05/10/2021*

                                                 **Michael L Wroniak**
                                                 Collins Collins Muir and Stewart LLP
                                                 750 The City Drive Suite 400
                                                 Orange, CA 92868-4940
                                                 714-823-4100
                                                 Fax: 714-823-4101
                                                 Email: mwroniak@ccllp.law
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Tamara M Heathcote**
                                                 (See above for address)
                                                 *TERMINATED: 05/10/2021*

**Defendant**

**Deputy Chad Renegar**          represented by  **S Frank Harrell**
*as a peace officer*                             (See above for address)
                                                 *TERMINATED: 05/10/2021*

*LEAD ATTORNEY*

**Christie Bodnar Swiss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward Z Kotkin**
(See above for address)
*TERMINATED: 11/05/2020*

**Jonathan C Bond**
(See above for address)
*TERMINATED: 05/10/2021*

**Michael L Wroniak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tamara M Heathcote**
(See above for address)
*TERMINATED: 05/10/2021*

**Defendant**

**Does**
*1-20*

**Defendant**

**Joel Gonzalez**
*individually*

represented by **S Frank Harrell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward Z Kotkin**
(See above for address)
*TERMINATED: 11/05/2020*

**Jonathan C Bond**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tamara M Heathcote**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Deputy Joel Gonzalez**
*a peace officer*

represented by **S Frank Harrell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward Z Kotkin**
(See above for address)
*TERMINATED: 11/05/2020*

Jonathan C Bond
(See above for address)
*ATTORNEY TO BE NOTICED*

Tamara M Heathcote
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kevin Pahel**                                      represented by   **S Frank Harrell**
*individually*                                                       (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Edward Z Kotkin**
                                                                    (See above for address)
                                                                    *TERMINATED: 11/05/2020*

                                                                    **Jonathan C Bond**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Tamara M Heathcote**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Deputy Kevin Pahel**                               represented by   **Edward Z Kotkin**
*as a peace officer*                                                 (See above for address)
                                                                    *TERMINATED: 11/05/2020*

                                                                    **Jonathan C Bond**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **S Frank Harrell**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Tamara M Heathcote**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Brandon Billinger**                                represented by   **S Frank Harrell**
*individually*                                                       (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Edward Z Kotkin**
                                                                    (See above for address)
                                                                    *TERMINATED: 11/05/2020*

Jonathan C Bond
(See above for address)
*ATTORNEY TO BE NOTICED*

Tamara M Heathcote
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Deputy Brandon Billinger**                represented by   **S Frank Harrell**
*a a peace officer*                                          (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Edward Z Kotkin**
                                                            (See above for address)
                                                            *TERMINATED: 11/05/2020*

                                                            **Jonathan C Bond**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Tamara M Heathcote**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Mark Borba**                              represented by   **S Frank Harrell**
*individually*                                              (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Edward Z Kotkin**
                                                            (See above for address)
                                                            *TERMINATED: 11/05/2020*

                                                            **Jonathan C Bond**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Tamara M Heathcote**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Deputy Mark Borba**                       represented by   **S Frank Harrell**
*as a peace officer*                                        (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Edward Z Kotkin**
                                                            (See above for address)

*TERMINATED: 11/05/2020*

**Jonathan C Bond**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tamara M Heathcote**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jameson Gotts**                          represented by    **S Frank Harrell**
*individually*                                              (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Edward Z Kotkin**
                                                           (See above for address)
                                                           *TERMINATED: 11/05/2020*

                                                           **Jonathan C Bond**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Tamara M Heathcote**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Deputy Jameson Gotts**                   represented by    **S Frank Harrell**
*as a peace officer*                                        (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Edward Z Kotkin**
                                                           (See above for address)
                                                           *TERMINATED: 11/05/2020*

                                                           **Jonathan C Bond**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Tamara M Heathcote**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Deputy Justin Gunderson**                represented by    **S Frank Harrell**
*as a peace officer*                                        (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Edward Z Kotkin**

(See above for address)
*TERMINATED: 11/05/2020*

**Jonathan C Bond**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tamara M Heathcote**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Justin Gunderson**                    represented by **S Frank Harrell**
*individually*                                          (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Edward Z Kotkin**
                                                        (See above for address)
                                                        *TERMINATED: 11/05/2020*

                                                        **Jonathan C Bond**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Tamara M Heathcote**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/06/2019 | 1 | COMPLAINT Receipt No: 0973-24211042 - Fee: $400, filed by Plaintiff Jeremy Holloway. (Attorney Narine Mkrtchyan added to party Jeremy Holloway(pty:pla)) (Mkrtchyan, Narine) (Entered: 08/06/2019) |
| 08/06/2019 | 2 | CIVIL COVER SHEET filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 08/06/2019) |
| 08/06/2019 | 3 | Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening) 1 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 08/06/2019) |
| 08/06/2019 | 4 | NOTICE of Interested Parties filed by Plaintiff Jeremy Holloway, (Mkrtchyan, Narine) (Entered: 08/06/2019) |
| 08/07/2019 | 5 | NOTICE OF ASSIGNMENT to District Judge David O. Carter and Magistrate Judge Douglas F. McCormick. (ghap) (Entered: 08/07/2019) |
| 08/07/2019 | 6 | NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM filed. (ghap) (Entered: 08/07/2019) |
| 08/07/2019 | 7 | 21 DAY Summons Issued re Complaint (Attorney Civil Case Opening) 1 as to Defendants County of Orange, Chad Renegar(individually ), Chad Renegar(as a peace officer). (ghap) (Entered: 08/07/2019) |
| 08/07/2019 | 8 | INITIAL STANDING ORDER FOLLOWING ASSIGNMENT OF CIVIL CASE TO JUDGE CARTER. (rrp) (Entered: 08/07/2019) |

| 08/15/2019 | 9 | Notice of Appearance or Withdrawal of Counsel: for attorney Edward Z Kotkin counsel for Defendants County of Orange, Chad Renegar, Chad Renegar. Adding EDWARD Z. KOTKIN as counsel of record for COUNTY OF ORANGE and DEPUTY CHAD RENEGAR for the reason indicated in the G-123 Notice. Filed by DEFENDANTS COUNTY OF ORANCE AND CHAD RENEGAR. (Attorney Edward Z Kotkin added to party County of Orange(pty:dft), Attorney Edward Z Kotkin added to party Chad Renegar(pty:dft), Attorney Edward Z Kotkin added to party Chad Renegar(pty:dft)) (Kotkin, Edward) (Entered: 08/15/2019) |
|---|---|---|
| 08/16/2019 | 10 | PROOF OF SERVICE Executed by Plaintiff Jeremy Holloway, upon Defendant All Defendants. Service of the Summons and Complaint were executed upon County of Orange in compliance with Federal Rules of Civil Procedure by personal service.Original Summons returned. (Mkrtchyan, Narine) (Entered: 08/16/2019) |
| 08/26/2019 | 11 | First AMENDED COMPLAINT against Defendants All Defendants amending Complaint (Attorney Civil Case Opening) 1 , filed by plaintiff Jeremy Holloway(Mkrtchyan, Narine) (Entered: 08/26/2019) |
| 09/10/2019 | 12 | ANSWER to Amended Complaint/Petition 11 with JURY DEMAND filed by DEFENDANTS County of Orange, Chad Renegar(individually ), Chad Renegar(as a peace officer).(Kotkin, Edward) (Entered: 09/10/2019) |
| 09/10/2019 | 13 | *CERTIFICATION AND NOTICE OF INTERESTED PARTIES* CERTIFICATE of Interested Parties filed by DEFENDANTS County of Orange, Chad Renegar(individually ), Chad Renegar(as a peace officer), (Kotkin, Edward) (Entered: 09/10/2019) |
| 09/10/2019 | 14 | ORDER SETTING SCHEDULING CONFERENCE by Judge David O. Carter. Scheduling Conference set for 10/21/2019 @ 8:30 AM before Judge David O. Carter. (dgo) (Entered: 09/10/2019) |
| 09/20/2019 | 15 | Notice of Appearance or Withdrawal of Counsel: for attorney S Frank Harrell counsel for Defendants County of Orange, Does, Chad Renegar. Adding S. Frank Harrell as counsel of record for Defendants COUNTY OF ORANGE and DEPUTY CHAD RENEGAR for the reason indicated in the G-123 Notice. Filed by DEFENDANTS COUNTY OF ORANGE and DEPUTY CHAD RENEGAR. (Attorney S Frank Harrell added to party Does(pty:dft))(Harrell, S) (Entered: 09/20/2019) |
| 10/07/2019 | 16 | STATUS REPORT *Rule 26(f)* filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration, # 2 Exhibit)(Mkrtchyan, Narine) (Entered: 10/07/2019) |
| 10/07/2019 | 17 | JOINT REPORT Rule 26(f) Discovery Plan *JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO RULE 26(F)* ; estimated length of trial 4 days, filed by Defendants County of Orange, Chad Renegar, Chad Renegar.. (Attachments: # 1 Declaration EDWARD Z. KOTKIN)(Kotkin, Edward) (Entered: 10/07/2019) |
| 10/18/2019 | 18 | STIPULATION for Order TO ALLOW COUNSEL OTHER THAN LEAD TRIAL COUNSEL TO APPEAR AT PRETRIAL HEARING ON 10.21.19 filed by DEFENDANTS County of Orange, Chad Renegar(individually ), Chad Renegar(as a peace officer). (Attachments: # 1 Proposed Order ON JOINT STIPULATION TO ALLOW COUNSEL OTHER THAN LEAD TRIAL COUNSEL TO APPEAR AT PRETRIAL HEARING)(Kotkin, Edward) (Entered: 10/18/2019) |
| 10/18/2019 | 19 | ORDER by Judge David O. Carter, Granting Joint Stipulation to Allow Counsel Other Than Lead Trial Counsel to Appear at Pretrial Hearing 18 . SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 10/18/2019) |
| 10/21/2019 | 20 | MINUTES OF Scheduling Conference held before Judge David O. Carter: Scheduling Order to be issued. Court Reporter: CourtSmart; Courtroom Deputy: Deborah Lewman; |

| | | Plaintiff Attorney: Narine Mkrtchyan; Defendant Attorney: Edward Z. Kotkin; Time in Court: .33. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. TEXT ONLY ENTRY. (dgo) (Entered: 10/21/2019) |
|---|---|---|
| 10/21/2019 | 21 | ORDER/REFERRAL to ADR Procedure No 1 by Judge David O. Carter. Case ordered to Magistrate Judge Douglas F. McCormick for Settlement Conference. (dgo) (Entered: 10/21/2019) |
| 10/21/2019 | 22 | SCHEDULING ORDER & ORDER RE: PRETRIAL AND TRIAL PROCEDURES by Judge David O. Carter: Amended Pleadings due by 12/9/2019, Discovery cut-off 8/31/2020, Motion cut-off 9/28/2020 @ 8:30 AM, Final Pretrial Conference set for 10/19/2020 @ 8:30 AM before Judge David O. Carter, Jury Trial set for 11/10/2020 @ 8:30 AM before Judge David O. Carter. (dgo) (Entered: 10/21/2019) |
| 10/28/2019 | 23 | Joint STIPULATION for Protective Order filed by DEFENDANTS County of Orange, Chad Renegar(individually ), Chad Renegar(as a peace officer). (Attachments: # 1 Proposed Order FOR PROTECTIVE ORDER)(Kotkin, Edward) (Entered: 10/28/2019) |
| 10/30/2019 | 24 | ORDER ON JOINT STIPULATION FOR PROTECTIVE ORDER by Magistrate Judge Douglas F. McCormick: re Stipulation for Protective Order 23 . (sbou) (Entered: 10/31/2019) |
| 11/18/2019 | 25 | NOTICE OF MOTION AND MOTION to AMEND Complaint Amended Complaint/Petition 11 filed by Plaintiff Jeremy Holloway. Motion set for hearing on 12/16/2019 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit Exhibits A-D, # 2 Proposed Order Proposed Order) (Mkrtchyan, Narine) (Entered: 11/18/2019) |
| 12/06/2019 | 26 | NOTICE of Non-Opposition to Plaintiff's Motion for Order to File Second Amended Complaint & Substitute the True Names of Does 1-6 filed by Defendant County of Orange, Chad Renegar(individually ). (Kotkin, Edward) (Entered: 12/06/2019) |
| 12/09/2019 | 27 | ORDER by Judge David O. Carter: Granting 25 Plaintiff's MOTION Regarding Second Amended Complaint. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 12/10/2019) |
| 12/10/2019 | 28 | SECOND AMENDED COMPLAINT against Defendants All Defendants amending Amended Complaint/Petition 11 , filed by Plaintiff Jeremy Holloway(Mkrtchyan, Narine) (Entered: 12/10/2019) |
| 12/13/2019 | 29 | NOTICE OF MOTION AND MOTION to Compel Plaintiff's Request for Production of Documents filed by plaintiff Jeremy Holloway. Motion set for hearing on 1/7/2020 at 10:00 AM before Magistrate Judge Douglas F. McCormick. (Attachments: # 1 Rule 37Joint Stipulation, # 2 Exhibit Plaintiff's Exhibits A-M, # 3 Declaration Declaration of Counsel Narine Mkrtchyan, # 4 Proposed Order Proposed Order, # 5 Exhibit Defendant's Exhibits)(Mkrtchyan, Narine) (Entered: 12/13/2019) |
| 12/13/2019 | 30 | NOTICE of Manual Filing filed by Plaintiff Jeremy Holloway of Exhibit F to Plaintiff's Motion to Compel, CD-ROM. (Mkrtchyan, Narine) (Entered: 12/13/2019) |
| 12/17/2019 | 31 | Notice of Appearance or Withdrawal of Counsel: for attorney Tamara M Heathcote counsel for Defendants County of Orange, Chad Renegar. Adding Tamara M. Heathcote as counsel of record for Defendants for the reason indicated in the G-123 Notice. Filed by Defendant Defendants. (Attorney Tamara M Heathcote added to party County of Orange(pty:dft), Attorney Tamara M Heathcote added to party Chad Renegar(pty:dft)) (Heathcote, Tamara) (Entered: 12/17/2019) |
| 12/24/2019 | 32 | NOTICE OF MOTION AND MOTION to Dismiss Case *DEFENDANTS' NOTICE OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT-* |

| | | |
|---|---|---|
| | | *MEMORANDUM OF POINTS + AUTHORITIES - DECLARATION OF TAMARA M. HEATHCOTE + EXHIBITS* filed by DEFENDANTS County of Orange, Chad Renegar(as a peace officer), Chad Renegar(individually ). Motion set for hearing on 2/3/2020 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Proposed Order to Dismiss Plaintiff's Second Amended Complaint) (Attorney Tamara M Heathcote added to party Chad Renegar(pty:dft)) (Heathcote, Tamara) (Entered: 12/24/2019) |
| 12/24/2019 | 33 | SUPPLEMENT to MOTION to Compel Plaintiff's Request for Production of Documents 29 *SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S CONTENTIONS RE: JOINT DISCOVERY STIPULATION; DECLARATION OF TAMARA HEATHCOTE IN SUPPORT THEREOF* filed by Defendants County of Orange, Chad Renegar, Chad Renegar. (Heathcote, Tamara) (Entered: 12/24/2019) |
| 12/30/2019 | 34 | SUPPLEMENT to MOTION to Compel Plaintiff's Request for Production of Documents 29 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel, # 2 Exhibit Exhibits N-Q)(Mkrtchyan, Narine) (Entered: 12/30/2019) |
| 01/07/2020 | 35 | MINUTES (IN COURT)Hearing on Plaintiff's Motion to Compel Discovery; Motion for Monetary Sanctions 29 held before Magistrate Judge Douglas F. McCormick: Plaintiff's motion is taken under submission. Counsel are ordered to utilize the Court's informal telephonic discovery process before filing future discovery motions. Court Recorder: CS 01/07/2020. (yl) (Entered: 01/09/2020) |
| 01/10/2020 | 36 | OPPOSITION DEFENDANTS MOTION TO DISMISS re: NOTICE OF MOTION AND MOTION to Dismiss Case *DEFENDANTS' NOTICE OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT- MEMORANDUM OF POINTS + AUTHORITIES - DECLARATION OF TAMARA M. HEATHCOTE + EXHIBITS* NOTICE OF MOTION AND MOTION to Dismiss Case *DEFENDANTS' NOTICE OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT- MEMORANDUM OF POINTS + AUTHORITIES - DECLARATION OF TAMARA M. HEATHCOTE + EXHIBITS* NOTICE OF MOTION AND MOTION to Dismiss Case *DEFENDANTS' NOTICE OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT- MEMORANDUM OF POINTS + AUTHORITIES - DECLARATION OF TAMARA M. HEATHCOTE + EXHIBITS* 32 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Narine Mkrtchyan, # 2 Exhibit Exhibits A-D to Opposition) (Mkrtchyan, Narine) (Entered: 01/10/2020) |
| 01/14/2020 | 37 | STATUS REPORT *to the Court Re Investigation Involving Defendant Deputy Chad Renegar* filed by Defendants County of Orange, Chad Renegar. (Heathcote, Tamara) (Entered: 01/14/2020) |
| 01/15/2020 | 38 | SUPPLEMENT to MOTION to Compel Plaintiff's Request for Production of Documents 29 *and to Defendant's Status Report Filed January 14, 2020* filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 01/15/2020) |
| 01/15/2020 | 39 | MINUTES (IN CHAMBERS) Order Granting in Part Plaintiff's Motion to Compel (Dkt. 29 ) by Magistrate Judge Douglas F. McCormick. Plaintiff Jeremy Holloway ("Plaintiff") moves for an order overruling Defendants' objections and compelling further responses to 15 requests for production of documents. See Dkt. 29 . For the reasons set forth below, Plaintiff's motion is GRANTED in part.(See document for details.) (sbou) (Entered: 01/15/2020) |
| 01/21/2020 | 40 | REPLY Brief in Support of Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendants County of Orange, Chad Renegar. (Heathcote, Tamara) (Entered: 01/21/2020) |
| 01/22/2020 | 41 | MINUTES (IN CHAMBERS) Order re: In Camera Documents by Magistrate Judge |

| | | |
|---|---|---|
| | | Douglas F. McCormick. The County's request is DENIED. The County is ORDERED to produce to the Court for in camera review all documents in its possession, custody, or control that relate to the pending investigation identified in Item No. 3 of its privilege log. Such production shall be made within seven (7) days of the date of this Order. In the alternative, the County may seek reconsideration of this order under 28 U.S.C. § 636(b)(1)(A) with the assigned District Judge. (See document for details.) (sbou) (Entered: 01/23/2020) |
| 01/27/2020 | 42 | SCHEDULING NOTICE by Judge David O. Carter: The Court finds the Motion to Dismiss Case/Motion to Dismiss the Second Amended Complaint 32 is appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for FEBRUARY 3, 2020 is removed from the calendar and the motion is taken under submission. No appearances are necessary on this date and time.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY Modified on 1/27/2020 (kd). (Entered: 01/27/2020) |
| 01/27/2020 | 43 | [STRICKEN AS DUPLICATIVE OF 45 - NOTICE OF MOTION AND MOTION to Dismiss Case *DEPUTY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF TAMARA M. HEATHCOTE IN SUPPORT THEREOF; EXHIBITS* filed by DEFENDANTS Brandon Billinger(individually), Brandon Billinger(a a peace officer), Mark Borba(individually), Mark Borba(as a peace officer), County of Orange, Does, Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ). Motion set for hearing on 3/20/2020 at 10:30 AM before Judge David O. Carter. (Attorney Tamara M Heathcote added to party Brandon Billinger(pty:dft), Attorney Tamara M Heathcote added to party Brandon Billinger(pty:dft), Attorney Tamara M Heathcote added to party Mark Borba(pty:dft), Attorney Tamara M Heathcote added to party Mark Borba(pty:dft), Attorney Tamara M Heathcote added to party Does(pty:dft), Attorney Tamara M Heathcote added to party Joel Gonzalez(pty:dft), Attorney Tamara M Heathcote added to party Joel Gonzalez(pty:dft), Attorney Tamara M Heathcote added to party Jameson Gotts(pty:dft), Attorney Tamara M Heathcote added to party Jameson Gotts(pty:dft), Attorney Tamara M Heathcote added to party Justin Gunderson(pty:dft), Attorney Tamara M Heathcote added to party Justin Gunderson(pty:dft), Attorney Tamara M Heathcote added to party Kevin Pahel(pty:dft), Attorney Tamara M Heathcote added to party Kevin Pahel(pty:dft)) (Heathcote, Tamara) Modified on 1/29/2020 (kd). (Entered: 01/27/2020) |
| 01/28/2020 | 44 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: NOTICE OF MOTION AND MOTION to Dismiss 43 . *The following error(s) was/were found: Proposed Document was not submitted as separate attachment. Hearing information is missing, incorrect, or not timely. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so.* (twdb) (Entered: 01/28/2020) |
| 01/28/2020 | 45 | NOTICE OF MOTION re NOTICE OF MOTION AND MOTION to Dismiss Case *DEPUTY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF TAMARA M. HEATHCOTE IN SUPPORT THEREOF; EXHIBIT 43 PROPOSED ORDER filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Does, Joel Gonzalez,* |

| | | |
|---|---|---|
| | | *Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. Motion set for hearing on 3/9/2020 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Proposed Order) (Heathcote, Tamara) Modified on 1/29/2020 (kd). (Entered: 01/28/2020)* |
| 01/29/2020 | 46 | SCHEDULING NOTICE by Judge David O. Carter: The Court hereby STRIKES the Motion to Dismiss Case 43 as duplicative. Document 45 is the operative motion.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY (Entered: 01/29/2020) |
| 01/29/2020 | 47 | NOTICE OF LODGING filed *DEFENDANTS NOTICE OF LODGING OF DOCUMENTS FOR IN CAMERA REVIEW PURSUANT TO COURTS JANUARY 22, 2020 ORDER* re Minutes of In Chambers Order/Directive - no proceeding held,, 41 (Heathcote, Tamara) (Entered: 01/29/2020) |
| 01/29/2020 | 48 | Opposition Defendant's Motion to Dismiss re: for Hearing 45 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 01/29/2020) |
| 01/29/2020 | 49 | STATUS REPORT *As to Documents Submitted for In Camera Review* filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 01/29/2020) |
| 02/19/2020 | 50 | SCHEDULING NOTICE by Magistrate Judge Douglas F. McCormick. At the request of the parties, the Court sets a Telephonic Discovery Conference for 2/24/2020 at 09:30 AM before Magistrate Judge Douglas F. McCormick. The Courtroom Deputy Clerk will provide call-in information via separate email. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (nbo) TEXT ONLY ENTRY (Entered: 02/19/2020) |
| 02/24/2020 | 51 | MINUTES OF Telephonic Discovery Conference held before Magistrate Judge Douglas F. McCormick: Cause called and counsel make their appearances. Court and counsel confer regarding discovery issues. Court makes ruling as reflected on the record. Court orders Plaintiff to file supplemental briefing by February 28, 2020. Defendant to file supplemental brief by March 5, 2020. Court sets further hearing for March 9, 2020, at 11:00 am. Court Recorder: CS 2/24/2020. (es) (Entered: 02/24/2020) |
| 02/24/2020 | 52 | REPLY DEPUTY DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEPUTY DEFENDANTS' MOTION TO DISMISS IN RE [DOCKET NO. 40] for Hearing 45 filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. (Attorney Edward Z Kotkin added to party Brandon Billinger(pty:dft), Attorney Edward Z Kotkin added to party Brandon Billinger(pty:dft), Attorney Edward Z Kotkin added to party Mark Borba(pty:dft), Attorney Edward Z Kotkin added to party Mark Borba(pty:dft), Attorney Edward Z Kotkin added to party Joel Gonzalez(pty:dft), Attorney Edward Z Kotkin added to party Joel Gonzalez(pty:dft), Attorney Edward Z Kotkin added to party Jameson Gotts(pty:dft), Attorney Edward Z Kotkin added to party Jameson Gotts(pty:dft), Attorney Edward Z Kotkin added to party Justin Gunderson(pty:dft), Attorney Edward Z Kotkin added to party Justin Gunderson(pty:dft), Attorney Edward Z Kotkin added to party Kevin Pahel(pty:dft), Attorney Edward Z Kotkin added to party Kevin Pahel(pty:dft))(Kotkin, Edward) (Entered: 02/24/2020) |
| 02/24/2020 | 53 | REPLY DEPUTY DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEPUTY DEFENDANTS' MOTION TO DISMISS for Hearing 45 filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Kotkin, Edward) (Entered: 02/24/2020) |

| | | |
|---|---|---|
| 02/26/2020 | 54 | SCHEDULING NOTICE by Judge David O. Carter: The Court finds the Motion to Dismiss Case DEPUTY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT 45 appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for March 9, 2020 is removed from the calendar and the motion is taken under submission. No appearances are necessary on this date and time.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY (Entered: 02/26/2020) |
| 02/27/2020 | 55 | NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion to Compel, 39 filed by plaintiff Jeremy Holloway. Motion set for hearing on 4/6/2020 at 09:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit Exhibit A, # 2 Declaration Counsel, # 3 Proposed Order Proposed Order) (Mkrtchyan, Narine) (Entered: 02/27/2020) |
| 02/28/2020 | 56 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: NOTICE OF MOTION AND MOTION for Reconsideration 39 55 . The following error(s) was/were found: Hearing information is missing, incorrect, or not timely. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 02/28/2020) |
| 02/28/2020 | 57 | SCHEDULING NOTICE by Judge David O. Carter re: The Motion for Reconsideration re Order on Motion to Compel, 39 55 is set for hearing on 4/6/2020 at 8:30 AM before Judge David O. Carter. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY (Entered: 02/28/2020) |
| 02/28/2020 | 58 | MINUTES (IN CHAMBERS) by Judge David O. Carter: ORDER DENYING DEFENDANTS MOTIONS TO DISMISS 32 , 45 . SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 02/28/2020) |
| 03/05/2020 | 59 | SUPPLEMENT filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 03/05/2020) |
| 03/09/2020 | 61 | MINUTES OF Discovery Conference Hearing held before Magistrate Judge Douglas F. McCormick: Court and counsel confer regarding discovery issues. Court makes ruling as reflected on the record. Court sets further hearing for March 25, 2020, at 11:00 am. Court Recorder: CS 03/09/2020. (es) (Entered: 03/10/2020) |
| 03/10/2020 | 60 | SUPPLEMENT to MOTION to Compel Plaintiff's Request for Production of Documents 29 re DA reject file filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Narine Mkrtchyan, # 2 Exhibit Exhibits A-C)(Mkrtchyan, Narine) (Entered: 03/10/2020) |
| 03/16/2020 | 62 | MEMORANDUM in Opposition to Plaintiff's Motion for Reconsideration of Order by Magistrate Judge McCormick filed by Defendant County of Orange. (Heathcote, Tamara) (Entered: 03/16/2020) |
| 03/20/2020 | 63 | (In Chambers) Order Re: Telephonic Discovery Conference by Magistrate Judge Douglas F. McCormick: As directed by Chief Judge Phillips's Order No. 20-042 activating the Court's Continuity of Operations Plan, the March 25, 2020 telephonic discovery conference in this matter is hereby CONTINUED to May 5, 2020, at 9:30 a.m. (es) (Entered: 03/20/2020) |
| 03/20/2020 | 64 | SCHEDULING NOTICE by Judge David O. Carter. The Court finds the Motion for Reconsideration re Order on Motion to Compel 39 filed by plaintiff Jeremy Holloway |

|  |  | appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for April 6, 2020 is removed from the calendar and the motion is taken under submission. No appearances are necessary on this date and time. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY (Entered: 03/20/2020) |
|---|---|---|
| 04/03/2020 | 65 | MINUTES (IN CHAMBERS) by Judge David O. Carter: ORDER DENYING PLAINTIFFS MOTION FORRECONSIDERATION OF MAGISTRATE JUDGES ORDER 55 . (twdb) (Entered: 04/03/2020) |
| 05/05/2020 | 66 | MINUTES OF Telephonic Discovery Conference held before Magistrate Judge Douglas F. McCormick: The matter is called and counsel make their appearances. Court and counsel confer regarding discovery issues. The Court to issue a separate Order. Court Recorder: CS 05/05/2020. (es) (Entered: 05/06/2020) |
| 05/06/2020 | 67 | MINUTES (IN CHAMBERS) Order re: District Attorney's File for Plaintiff's Case and Renegar Investigation by Magistrate Judge Douglas F. McCormick: The District Attorney's Office is accordingly ORDERED to produce to Plaintiffs counsel the notation from its database indicating that the filing deputy declined to file charges against Plaintiff within fourteen (14) days of the date of this order. (See order for details.) (es) (Entered: 05/06/2020) |
| 06/08/2020 | 68 | STATUS REPORT *to Court Re County of Orange District Attorney's Investigation of Deputy Chad Renegar* filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 06/08/2020) |
| 07/08/2020 | 69 | EX PARTE APPLICATION to Compel Deposition of Chad Renegar, Joel Gonzalez, et al.,, filed by plaintiff Jeremy Holloway. (Attachments: # 1 Exhibit, # 2 Proposed Order) (Mkrtchyan, Narine) (Entered: 07/08/2020) |
| 07/08/2020 | 70 | MEMORANDUM in Opposition to EX PARTE APPLICATION to Compel Deposition of Chad Renegar, Joel Gonzalez, et al.,, 69 filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 07/08/2020) |
| 07/09/2020 | 71 | SCHEDULING NOTICE by Magistrate Judge Douglas F. McCormick. To follow up on today's telephone conference, Plaintiff's counsel is directed to send a duplicate copy of whatever video is sent to the Court to defendants' counsel. Should Plaintiff's counsel believe that payment of costs and/or attorney's fees for those services is warranted, she is granted leave under the Court's January 7, 2020 order to file a noticed motion with the Court. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (nbo) TEXT ONLY ENTRY (Entered: 07/09/2020) |
| 07/09/2020 | 74 | MINUTES OF Telephonic Discovery Hearing held before Magistrate Judge Douglas F. McCormick: Court and counsel confer regarding deposition issues. Court Recorder: AT&T Digital Recording. (nbo) (Entered: 07/24/2020) |
| 07/22/2020 | 72 | TEXT ONLY ENTRY by Magistrate Judge Douglas F. McCormick. Defendants counsels request for an informal discovery conference is DENIED. It is apparent from the face of the Rule 37-1 letters attached to her request that those letters were sent earlier this week, and the Local Rules provide that opposing counsel has up to 10 days to after such letters to confer with Defendants counsel about the issues raised therein. The Courts informal telephonic discovery process is not to be utilized under after an unsuccessful conference (INFORMAL TELEPHONIC CONFERENCE IN DISCOVERY DISPUTES.... Before any such telephonic conference, the parties must engage in the pre-filing conference of counsel required by Local Rule 37-1.). Once an unsuccessful conference has occurred on |

| | | one or more of the issues identified in counsels letters, the Court will schedule an informal telephone conference at either partys request. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (nbo) TEXT ONLY ENTRY (Entered: 07/22/2020) |
|---|---|---|
| 07/23/2020 | 73 | MINUTES (IN CHAMBERS) Order Granting Plaintiff's Ex Parte Application to Order Resumption of Defendant Renegar's Deposition (Dkt. 69) by Magistrate Judge Douglas F. McCormick: Here, although I have, as detailed below, considerable concerns about the manner in which Renegar was questioned by Plaintiff's counsel, those concerns do not overcome my reluctance to see a key witness's deposition terminated before completion. For that reason, the Application to resume Renegar's deposition is GRANTED. Plaintiff's request for sanctions is DENIED. *See document for details.* (es) (Entered: 07/23/2020) |
| 08/18/2020 | 78 | MINUTES OF Telephone Discovery Conference held before Magistrate Judge Douglas F. McCormick: The matter is called and counsel make their appearances. Court and counsel confer regarding discovery issues. Court sets briefing scheduled and a hearing on the motion for 9/2/2020, at 2:00P.M. Court Reporter: AT and T Digital Recording 8/18/20. (et) (Entered: 08/25/2020) |
| 08/21/2020 | 75 | NOTICE OF MOTION AND MOTION to Compel Answers to Interrogatories of Plaintiff Jeremy Holloway filed by Defendant County of Orange. Motion set for hearing on 9/2/2020 at 01:00 PM before Magistrate Judge Douglas F. McCormick. (Heathcote, Tamara) (Entered: 08/21/2020) |
| 08/21/2020 | 76 | NOTICE OF MOTION AND MOTION to Compel Answers to Interrogatories of Plaintiff Jeremy Holloway filed by Defendant Chad Renegar(as a peace officer). Motion set for hearing on 9/2/2020 at 01:00 PM before Magistrate Judge Douglas F. McCormick. (Heathcote, Tamara) (Entered: 08/21/2020) |
| 08/24/2020 | 77 | SCHEDULING NOTICE by Judge David O. Carter. The Court, on its own motion, continues the Motion cut-off date to 10/13/2020. All other dates remain as previously set.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY (Entered: 08/24/2020) |
| 08/31/2020 | 79 | Opposition Opposition re: MOTION to Compel Answers to Interrogatories of Plaintiff Jeremy Holloway 76 , MOTION to Compel Answers to Interrogatories of Plaintiff Jeremy Holloway 75 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Proposed Order)(Mkrtchyan, Narine) (Entered: 08/31/2020) |
| 08/31/2020 | 80 | STIPULATION to Extend Discovery Cut-Off Date to 11/15/2020 filed by plaintiff Jeremy Holloway. (Attachments: # 1 Proposed Order Proposed Order)(Mkrtchyan, Narine) (Entered: 08/31/2020) |
| 09/02/2020 | 81 | ORDER by Judge David O. Carter, Granting Stipulation to Extend Discovery Cut-Off and Trial 80 . Jury Trial 1/19/21 at 8:30 am; Final Pre-Trial Conference 1/4/21 at 8:30 am; ( Motions due by 12/14/2020.) SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 09/04/2020) |
| 09/02/2020 | 84 | MINUTES OF Defendant's Motion to Compel Answers to Interrogatories 75 Defendant's Motion to Compel Answers to Interrogatories 76 Hearing held before Magistrate Judge Douglas F. McCormick: The matter is called and counsel make their appearances. Court makes rulings as reflected on the record. Plaintiff's counsel asks for written rulings and the Court indicated that it would issue a written order. Court Reporter: AT&T-Digital Recording. (es) (Entered: 09/09/2020) |
| 09/08/2020 | 82 | EX PARTE APPLICATION to Disqualify Magistrate Judge Douglas McCormick filed by |

| | | Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 09/08/2020) |
|---|---|---|
| 09/09/2020 | 83 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: EX PARTE APPLICATION to Disqualify Magistrate Judge Douglas McCormick 82 . The following error(s) was/were found: Proposed Document was not submitted as separate attachment. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 09/09/2020) |
| 09/09/2020 | 85 | MINUTES (IN CHAMBERS) by Judge David O. Carter: ORDER DENYING PLAINTIFF'SAPPLICATION TO DISQUALIFY MAGISTRATE JUDGE MCCORMICK 82 . (lc) (Entered: 09/09/2020) |
| 09/09/2020 | 86 | MINUTES (IN CHAMBERS) Order re Motions to Compel (Dkts. 75, 76) by Magistrate Judge Douglas F. McCormick: The Court held a telephonic hearing with the parties and made some oral rulings.1 Shortly into the hearing, however, Plaintiffs counsel asked for written rulings and the Court indicated that it would issue a written order. This order supersedes any rulings made orally during the hearing. [See document for details.] (es) (Entered: 09/09/2020) |
| 09/09/2020 | 87 | to Plaintiff's Ex Parte Application to Disqualify Magistrate Judge for Bias and Prejudice re: EX PARTE APPLICATION to Disqualify Magistrate Judge Douglas McCormick 82 filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 09/09/2020) |
| 09/11/2020 | 88 | COMPACT DISC Order for date of proceedings 9/2/2020 to 9/2/2020 re: Order on Motion to Compel Answers to Interrogatories,,, 86 , filed by Defendants Brandon Billinger(individually), Mark Borba(individually), County of Orange, Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Justin Gunderson(individually), Kevin Pahel(as a peace officer), Chad Renegar(as a peace officer). Court will contact Olivia Banke at obanke@lynberg.com with any questions regarding this order. Transcript portion requested: Other: 9/2/2020. FEE PAID. (Heathcote, Tamara) (Entered: 09/11/2020) |
| 09/11/2020 | 89 | COMPACT DISC Order for date of proceedings 08/18/2020 to 09/02/2020 filed by plaintiff Jeremy Holloway. Court will contact Narine Mkrtchyan at narine56@msn.com with any questions regarding this order. Transcript portion requested: Other: Discovery conferences 08/18/2020 and 9/2/2020telephonically. FEE NOT PAID. (Mkrtchyan, Narine) (Entered: 09/11/2020) |
| 09/11/2020 | 90 | COMPACT DISC Order for date of proceedings 08/18/2020 to 08/18/2020 filed by plaintiff Jeremy Holloway. Court will contact Narine Mkrtchyan at narine56@msn.com with any questions regarding this order. Transcript portion requested: Other: Discovery conferences 08/18/2020 telephonically. FEE NOT PAID. (Mkrtchyan, Narine) (Entered: 09/11/2020) |
| 09/11/2020 | 91 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Audio Recording Form (AO-436), 89 . The following error(s) was found: FEE MUST FIRST BE PAID ONLINE BEFORE WE CAN PROCESS YOUR REQUEST. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (ha) TEXT ONLY ENTRY (Entered: 09/11/2020) |
| 09/11/2020 | 92 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Audio Recording Form (AO-436), 89 . The following error(s) was found: YOU MUST FIRST PAY ONLINE BEEORE WE CAN PROCESS REQUEST. THERE IS NO PDF |

| | | DOCUMENT ASSOCIATED WITH THIS ENTRY. (ha) TEXT ONLY ENTRY (Entered: 09/11/2020) |
|---|---|---|
| 09/14/2020 | 93 | COMPACT DISC Order for date of proceedings 08/18/2020 to 08/18/2020 filed by plaintiff Jeremy Holloway. Court will contact Narine Mkrtchyan at narine56@msn.com with any questions regarding this order. Transcript portion requested: Other: Discovery conference. FEE PAID. (Mkrtchyan, Narine) (Entered: 09/14/2020) |
| 09/14/2020 | 94 | COMPACT DISC Order for date of proceedings 09/02/2020 to 09/02/2020 filed by plaintiff Jeremy Holloway. Court will contact Narine Mkrtchyan at narine56@msn.com with any questions regarding this order. Transcript portion requested: Other: Discovery conference. FEE PAID. (Mkrtchyan, Narine) (Entered: 09/14/2020) |
| 09/14/2020 | 95 | COMPACT DISC Order for date of proceedings 8/18/2020 to 8/18/2020 re: Telephone Conference, 78 , filed by Defendants Brandon Billinger(individually), Mark Borba(individually), County of Orange, Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Justin Gunderson(individually), Kevin Pahel(as a peace officer), Chad Renegar(as a peace officer). Court will contact Olivia Banke at obanke@lynberg.com with any questions regarding this order. Transcript portion requested: Other: 8/18/2020 Discovery Telephonic Hearing. FEE PAID. (Heathcote, Tamara) (Entered: 09/14/2020) |
| 09/21/2020 | 96 | NOTICE OF MOTION AND MOTION for Review of Magistrate Judge's Rulings of September 9 re Order on Motion to Compel Answers to Interrogatories,,, 86 filed by Plaintiff Jeremy Holloway. Motion set for hearing on 10/19/2020 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Proposed Order, # 3 Exhibit) (Mkrtchyan, Narine) (Entered: 09/21/2020) |
| 09/21/2020 | 97 | NOTICE of Manual Filing filed by Plaintiff Jeremy Holloway of Audio Recording CD-ROM of Discovery tele-conference. (Mkrtchyan, Narine) (Entered: 09/21/2020) |
| 09/29/2020 | 98 | Opposition to Plaintiff's Motion for Review of September 9, 2020 Order Opposition re: NOTICE OF MOTION AND MOTION for Review of Magistrate Judge's Rulings of September 9 re Order on Motion to Compel Answers to Interrogatories,,, 86 96 *Opposition* filed by Defendants County of Orange, Chad Renegar. (Heathcote, Tamara) (Entered: 09/29/2020) |
| 10/14/2020 | 99 | SCHEDULING NOTICE by Judge David O. Carter. The Court finds the Pltf's Motion for Review of Magistrate Judge's Rulings 86 of September 9 re: Order on Motion to Compel Answers to Interrogatories 96 appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for October 19, 2020 is removed from the calendar and the motion is taken under submission. No appearances are necessary on this date and time. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY (Entered: 10/14/2020) |
| 10/22/2020 | 100 | NOTICE OF MOTION AND MOTION to Compel Plaintiff's Further Responses to Request for Production of Documents, Set One *and Production of Documents; Request for Spoliation and Monetary Sanction; Declaration of Tamara M. Heathcote; Exhibits* filed by Defendants Brandon Billinger(individually), Mark Borba(individually), County of Orange, Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Justin Gunderson(individually), Kevin Pahel(as a peace officer), Chad Renegar(as a peace officer). Motion set for hearing on 11/24/2020 at 10:00 AM before Magistrate Judge Douglas F. McCormick. (Attorney S Frank Harrell added to party Kevin Pahel(pty:dft)) (Harrell, S) (Entered: 10/22/2020) |
| 10/22/2020 | 101 | NOTICE OF MOTION AND MOTION to Compel Plaintiff's Further Responses to Request for Production of Documents, Set One *; Request for Spoliation and Monetary Sanctions; Declaration of Tamara M. Heathcote; Exhibits* filed by Defendants Brandon |

| | | |
|---|---|---|
| | | Billinger(a a peace officer), Mark Borba(individually), County of Orange, Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Justin Gunderson(individually), Kevin Pahel(as a peace officer), Chad Renegar(as a peace officer). Motion set for hearing on 11/24/2020 at 10:00 AM before Magistrate Judge Douglas F. McCormick. (Harrell, S) (Entered: 10/22/2020) |
| 10/23/2020 | [102](#) | NOTICE OF MOTION AND MOTION for Summary Judgment as to Plaintiff's Second Amended Complaint (Monell) *with Declarations of Jon Briggs, S. Frank Harrell, in support, Exhibits* filed by Defendant County of Orange. Motion set for hearing on 12/14/2020 at 08:30 AM before Judge David O. Carter. (Attorney Jonathan C Bond added to party County of Orange(pty:dft)) (Bond, Jonathan) (Entered: 10/23/2020) |
| 10/23/2020 | [103](#) | STATEMENT of Separate Statement of Uncontroverted Facts and Conclusions of Law in Support of NOTICE OF MOTION AND MOTION for Summary Judgment as to Plaintiff's Second Amended Complaint (Monell) *with Declarations of Jon Briggs, S. Frank Harrell, in support, Exhibits* [102](#) filed by Defendant County of Orange. (Bond, Jonathan) (Entered: 10/23/2020) |
| 10/23/2020 | [104](#) | NOTICE OF LODGING filed re NOTICE OF MOTION AND MOTION for Summary Judgment as to Plaintiff's Second Amended Complaint (Monell) *with Declarations of Jon Briggs, S. Frank Harrell, in support, Exhibits* [102](#) (Attachments: # [1](#) Proposed Order A - Granting Summary Judgment)(Bond, Jonathan) (Entered: 10/23/2020) |
| 10/23/2020 | [105](#) | NOTICE OF MOTION AND MOTION for Summary Adjudication as to Second Amended Complaint *with Supporting Declarations and Exhibits* filed by Defendants Brandon Billinger(individually), Brandon Billinger(a a peace officer), Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ). Motion set for hearing on 12/14/2020 at 08:30 AM before Judge David O. Carter. (Attachments: # [1](#) Declaration Declaration of Brian Fuerbach, # [2](#) Declaration Declaration of Chad Renegar, # [3](#) Declaration Declaration of Tamara M. Heathcote) (Attorney Jonathan C Bond added to party Brandon Billinger(pty:dft), Attorney Jonathan C Bond added to party Brandon Billinger(pty:dft), Attorney Jonathan C Bond added to party Mark Borba(pty:dft), Attorney Jonathan C Bond added to party Mark Borba(pty:dft), Attorney Jonathan C Bond added to party Joel Gonzalez(pty:dft), Attorney Jonathan C Bond added to party Joel Gonzalez(pty:dft), Attorney Jonathan C Bond added to party Jameson Gotts(pty:dft), Attorney Jonathan C Bond added to party Jameson Gotts(pty:dft), Attorney Jonathan C Bond added to party Justin Gunderson(pty:dft), Attorney Jonathan C Bond added to party Justin Gunderson(pty:dft), Attorney Jonathan C Bond added to party Kevin Pahel(pty:dft), Attorney Jonathan C Bond added to party Kevin Pahel(pty:dft), Attorney Jonathan C Bond added to party Chad Renegar(pty:dft), Attorney Jonathan C Bond added to party Chad Renegar(pty:dft)) (Bond, Jonathan) (Entered: 10/23/2020) |
| 10/23/2020 | [106](#) | STATEMENT of Undisputed Material Facts and Statement of Law NOTICE OF MOTION AND MOTION for Summary Adjudication as to Second Amended Complaint *with Supporting Declarations and Exhibits* [105](#) filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. (Bond, Jonathan) (Entered: 10/23/2020) |
| 10/23/2020 | [107](#) | NOTICE OF LODGING filed re NOTICE OF MOTION AND MOTION for Summary Adjudication as to Second Amended Complaint *with Supporting Declarations and* |

| | | |
|---|---|---|
| | | *Exhibits* 105 (Attachments: # 1 Proposed Order Granting MSA)(Bond, Jonathan) (Entered: 10/23/2020) |
| 10/29/2020 | 109 | MINUTES (IN CHAMBERS) by Judge David O. Carter: Denying Plaintiff's MOTION for Reconsideration of Magistrate Judge's Order 96 . (twdb) (Entered: 10/30/2020) |
| 10/30/2020 | 108 | Opposition Defendant's Motion to Compel re: MOTION to Compel Plaintiff's Further Responses to Request for Production of Documents, Set One *; Request for Spoliation and Monetary Sanctions; Declaration of Tamara M. Heathcote; Exhibits* 101 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E) (Mkrtchyan, Narine) (Entered: 10/30/2020) |
| 11/04/2020 | 110 | EX PARTE APPLICATION to Compel Responses to Plaintiff's Requests for Production of Documents filed by plaintiff Jeremy Holloway. (Attachments: # 1 Exhibit A-E, # 2 Proposed Order Proposed Order)(Mkrtchyan, Narine) (Entered: 11/04/2020) |
| 11/04/2020 | 111 | NOTICE OF MOTION AND First MOTION for Sanctions Plaintiff and Plaintiff's Counsel *Narine Mkrtchyan* filed by Defendants Brandon Billinger(individually), Mark Borba(individually), County of Orange, Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Justin Gunderson(individually), Kevin Pahel(as a peace officer), Chad Renegar(as a peace officer). Motion set for hearing on 12/8/2020 at 10:00 PM before Magistrate Judge Douglas F. McCormick. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H, # 9 Supplement Notice of Manual Lodging, # 10 Proposed Order [Proposed] Order)(Heathcote, Tamara) (Entered: 11/04/2020) |
| 11/05/2020 | 112 | Notice of Appearance or Withdrawal of Counsel: for attorney Jonathan C Bond counsel for Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. EDWARD Z. KOTKIN is no longer counsel of record for the aforementioned party in this case for the reason indicated in the G-123 Notice. Filed by DEFENDANTS COUNTY OF ORANGE, ET AL.. (Bond, Jonathan) (Entered: 11/05/2020) |
| 11/05/2020 | 113 | OPPOSITION to EX PARTE APPLICATION to Compel Responses to Plaintiff's Requests for Production of Documents 110 *Opposition* filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 11/05/2020) |
| 11/06/2020 | 114 | NOTICE OF MOTION re MOTION to Compel Plaintiff's Further Responses to Request for Production of Documents, Set One *; Request for Spoliation and Monetary Sanctions; Declaration of Tamara M. Heathcote; Exhibits* 101 filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. Motion set for hearing on 11/24/2020 at 10:00 AM before Judge David O. Carter. (Heathcote, Tamara) (Entered: 11/06/2020) |
| 11/06/2020 | 115 | NOTICE Notice re: Defendants' Motion to Dismiss For Violation of Court Order, Or For Alternative Relief (Dkt No. 111) filed by Defendants Brandon Billinger(individually), Brandon Billinger(a a peace officer), Mark Borba(individually), Mark Borba(as a peace officer), County of Orange, Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ). *(ECF Docket No. 114 is the Correct Document, ECF Docket No. 111 may be disregarded)* (Bond, Jonathan) (Entered: 11/06/2020) |

| 11/09/2020 | 116 | Amendment to First MOTION for Sanctions Plaintiff and Plaintiff's Counsel *Narine Mkrtchyan* 111 filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. (Attachments: # 1 Proposed Order Proposed Order Granting Motion) (Bond, Jonathan) (Entered: 11/09/2020) |
|---|---|---|
| 11/09/2020 | 117 | NOTICE of Manual Filing filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar of CD/DVD of Deposition Proceeding. (Bond, Jonathan) (Entered: 11/09/2020) |
| 11/10/2020 | 118 | REPLY MOTION to Compel Plaintiff's Further Responses to Request for Production of Documents, Set One *; Request for Spoliation and Monetary Sanctions; Declaration of Tamara M. Heathcote; Exhibits* 101 filed by Defendant County of Orange. (Heathcote, Tamara) (Entered: 11/10/2020) |
| 11/12/2020 | 119 | MINUTES (IN CHAMBERS) Order re Plaintiff's Ex Parte Application to Compel Discovery (Dkt. 110) by Magistrate Judge Douglas F. McCormick: [SEE DOCUMENT FOR DETAILS.] (es) (Entered: 11/12/2020) |
| 11/17/2020 | 120 | Opposition Defendant's Motion to Compel re: First MOTION for Sanctions Plaintiff and Plaintiff's Counsel *Narine Mkrtchyan* 111 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Declaration Declaration of Plaintiff Jeremy Holloway, # 3 Proposed Order, # 4 Exhibit A1, # 5 Exhibit A2, # 6 Exhibit B, # 7 Exhibit C, # 8 Exhibit D, # 9 Exhibit E, # 10 Exhibit F) (Mkrtchyan, Narine) (Entered: 11/17/2020) |
| 11/20/2020 | 121 | SCHEDULING NOTICE by Magistrate Judge Douglas F. McCormick. The Court, on its own motion, hereby continues the motions scheduled for November 24, 2020 10:00 am, to December 8, 2020, at 10:00 am. The hearing will be held telephonically. The Courtroom Deputy Clerk will circulate call in information prior to the scheduled date. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (nbo) TEXT ONLY ENTRY (Entered: 11/20/2020) |
| 11/24/2020 | 122 | REPLY in support of First MOTION for Sanctions Plaintiff and Plaintiff's Counsel *Narine Mkrtchyan* 111 filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 11/24/2020) |
| 11/30/2020 | 123 | Opposition Opposition re: NOTICE OF MOTION AND MOTION for Summary Judgment as to Plaintiff's Second Amended Complaint (Monell) *with Declarations of Jon Briggs, S. Frank Harrell, in support, Exhibits* 102 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Supplement Plaintiff's Disputed Statement of Facts, # 2 Declaration Declaration of Counsel, # 3 Supplement Plaintiff's Compendium of Evidence) (Mkrtchyan, Narine) (Entered: 11/30/2020) |
| 11/30/2020 | 124 | NOTICE of Manual Filing filed by Plaintiff Jeremy Holloway of Flashdrive with audio/video. (Mkrtchyan, Narine) (Entered: 11/30/2020) |
| 11/30/2020 | 125 | Opposition Opposition re: NOTICE OF MOTION AND MOTION for Summary Adjudication as to Second Amended Complaint *with Supporting Declarations and Exhibits* 105 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Supplement Plaintiff's Disputed Statement of Facts, # 2 Supplement Plaintiff's Separate Statement of Facts, # 3 Declaration Declaration of Counsel, # 4 Supplement Compendium of Evidence, # 5 Exhibit 1, # 6 Exhibit 2, # 7 Exhibit 3, # 8 Exhibit 4, # 9 Exhibit 5, # 10 Exhibit 6, # 11 |

| | | |
|---|---|---|
| | | Exhibit 7, # [12](#) Exhibit 8, # [13](#) Exhibit 9, # [14](#) Exhibit 10, # [15](#) Exhibit 11, # [16](#) Exhibit 12, # [17](#) Exhibit 13, # [18](#) Exhibit 14, # [19](#) Exhibit 15, # [20](#) Exhibit 16, # [21](#) Exhibit 17, # [22](#) Exhibit 18, # [23](#) Exhibit 19, # [24](#) Exhibit 20, # [25](#) Exhibit 21, # [26](#) Exhibit 22, # [27](#) Exhibit 23, # [28](#) Exhibit 24, # [29](#) Exhibit 25, # [30](#) Exhibit 26, # [31](#) Exhibit 27, # [32](#) Exhibit 28)(Mkrtchyan, Narine) (Entered: 11/30/2020) |
| 12/02/2020 | [126](#) | STIPULATION for Jury Trial on 05/25/21 filed by plaintiff Jeremy Holloway. (Attachments: # [1](#) Proposed Order)(Mkrtchyan, Narine) (Entered: 12/02/2020) |
| 12/02/2020 | [127](#) | ORDER REGARDING STIPULATION FOR EXTENSION OF TRIAL [126](#) by Judge David O. Carter, re Stipulation for Trial [126](#) : GOOD CAUSE APPEARING THEREFORE, The Trial Scheduling Order is hereby modified as follows: JURY Trial: May 25, 2021, 8:30 am, Final Pre-Trial Conference: May 3, 2021 8:30 am, Lodge Pre-Trial Conference Order: April 26, 2021, ADR Cut-Off: March 30, 2021. (bm) (Entered: 12/03/2020) |
| 12/07/2020 | [128](#) | REPLY Reply to Opposition to Motion for Summary Judgment NOTICE OF MOTION AND MOTION for Summary Adjudication as to Second Amended Complaint *with Supporting Declarations and Exhibits* [105](#) filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. (Attachments: # [1](#) Declaration of Tamara Heathcote, # [2](#) Exhibit A - Pertitnent Deposition Testimony of Gomez)(Bond, Jonathan) (Entered: 12/07/2020) |
| 12/07/2020 | [129](#) | STATEMENT of Objections to Plaintiff's Separate Statement of Undisputed Facts (ECF Dkt 125-2) NOTICE OF MOTION AND MOTION for Summary Adjudication as to Second Amended Complaint *with Supporting Declarations and Exhibits* [105](#) , NOTICE OF MOTION AND MOTION for Summary Judgment as to Plaintiff's Second Amended Complaint (Monell) *with Declarations of Jon Briggs, S. Frank Harrell, in support, Exhibits* [102](#) filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. (Bond, Jonathan) (Entered: 12/07/2020) |
| 12/07/2020 | [130](#) | Objection to Evidence in support of opposition Objection to Opposition re: NOTICE OF MOTION AND MOTION for Summary Adjudication as to Second Amended Complaint *with Supporting Declarations and Exhibits* [105](#) , NOTICE OF MOTION AND MOTION for Summary Judgment as to Plaintiff's Second Amended Complaint (Monell) *with Declarations of Jon Briggs, S. Frank Harrell, in support, Exhibits* [102](#) filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. (Bond, Jonathan) (Entered: 12/08/2020) |
| 12/08/2020 | [131](#) | REPLY Corrected Reply to Opposition to Motion NOTICE OF MOTION AND MOTION for Summary Adjudication as to Second Amended Complaint *with Supporting Declarations and Exhibits* [105](#) , NOTICE OF MOTION AND MOTION for Summary Judgment as to Plaintiff's Second Amended Complaint (Monell) *with Declarations of Jon Briggs, S. Frank Harrell, in support, Exhibits* [102](#) *CORRECTED Reply to Opposition to Motions for Summary Judgment with Supporting Declaration of Tamara M. Heathcote* filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. (Attachments: # [1](#) Exhibit A - Pertinent Portions of Testimony of Gomez)(Bond, Jonathan) (Entered: 12/08/2020) |

| 12/08/2020 | [132] | MINUTES OF Defendant's Motion to Compel Plaintiff's Further Responses to Request for Production of Documents, Set One and Production of Documents [101] Defendants' Motion to Dismiss for Violation of Court Order, or for Alternative Relief; Request for Monetary Sanctions [111] hearing held before Magistrate Judge Douglas F. McCormick: The matter is called and counsel make their appearances. Counsel argue motion. Court takes matters under submission and sets a further hearing for December 16, 2020, at 9:30 am. Court Reporter: AT&T-Digital Recording. (es) (Entered: 12/11/2020) |
|---|---|---|
| 12/10/2020 | [133] | MINUTES (IN CHAMBERS) Order re: Defendant's Motion to Compel by Magistrate Judge Douglas F. McCormick: Defendant County of Orange ("Defendant") moves to compel with respect to 12 requests for production of documents. See Dkt. 101. As discussed at the hearing, ruling on RFP No. 48 has been deferred. As to the other 11 RFPs, the Court now rules as follows: SEE DOCUMENT FOR DETAILS. (es) (Entered: 12/11/2020) |
| 12/11/2020 | 134 | SCHEDULING NOTICE by Judge David O. Carter: The MOTION for Summary Judgment [102] and MOTION for Summary Adjudication [105] previously set for 12/14/2020 at 8:30 a.m. is reset to 12/14/2020 at 2:00 p.m. via Zoom. ***TIME CHANGE ONLY*** Zoom instructions will be sent to the parties prior to the hearing. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (rrp) TEXT ONLY ENTRY (Entered: 12/11/2020) |
| 12/14/2020 | [135] | MINUTES OF MOTION HEARING (Held and Completed) held before Judge David O. Carter. The Court hereby arguments from the parties on the Motion for Summary Judgment as to Plaintiffs Second Amended Complaint (Monell) [102] and the Motion for Summary Adjudication as to Second Amended Complaint [105] . The Court takes the matters under submission. The Court's order will issue. Court Reporter: Debbie Gale. (lom) (Entered: 12/15/2020) |
| 12/16/2020 | [136] | MINUTES OF Defendant's Motion to Compel Plaintiff's Further Responses to Request for Production of Documents, Set One and Production of Document [101] Defendants' Motion to Dismiss for Violation of Court Order, or for Alternative Relief; Request for Monetary Sanctions [111] Motion Hearing held before Magistrate Judge Douglas F. McCormick. The matters is called and counsel make their appearances. Court and counsel confer. Court to issue separate order. Court Reporter: AT&T-Digital Recording. (et) (Entered: 12/17/2020) |
| 12/17/2020 | [137] | MINUTES (IN CHAMBERS) Order re: RFP No. 48 by Magistrate Judge Douglas F. McCormick. Yesterday Plaintiff's counsel represented to the Court that Plaintiff's Facebook account has been permanently deleted. The Court ORDERS Plaintiff to submit a declaration with the Court within fourteen (14) days of the date of this Order. (et) (Entered: 12/17/2020) |
| 12/17/2020 | [138] | SUPPLEMENT to MOTION to Compel Plaintiff's Further Responses to Request for Production of Documents, Set One *; Request for Spoliation and Monetary Sanctions; Declaration of Tamara M. Heathcote; Exhibits* [101] *Defendants' Supplemental Declaration on Attorney's Fees and Costs* filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 12/17/2020) |
| 12/18/2020 | 139 | SCHEDULING NOTICE by Judge David O. Carter. The Court is in receipt of Plaintiff's Notice of Manual Filing of two flash drives. These flash drives are filled with what appear to be hundreds of unmarked and unreadable files (by the Court computers, meaning the flash drives are not in formats that the Court computer can pick up and open.) Counsel indicated during the recent MSJ hearing that there was audio that she wanted the Court to consider in making its decision on the MSJ. The Court is unable to use these flash drives. Plaintiff counsel to submit either new files or clarify the names and |

| | | locations of the files on the existing flash drives that she wants the Court to review. Deadline for this filing is DECEMBER 25, 2020. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY (Entered: 12/18/2020) |
|---|---|---|
| 12/24/2020 | 140 | SUPPLEMENT to NOTICE OF MOTION AND MOTION for Summary Adjudication as to Second Amended Complaint *with Supporting Declarations and Exhibits* 105 , NOTICE OF MOTION AND MOTION for Summary Judgment as to Plaintiff's Second Amended Complaint (Monell) *with Declarations of Jon Briggs, S. Frank Harrell, in support, Exhibits* 102 *in response to Court's Text Scheduling Order 139* filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 12/24/2020) |
| 12/24/2020 | 141 | SUPPLEMENT to MOTION to Compel Plaintiff's Further Responses to Request for Production of Documents, Set One *; Request for Spoliation and Monetary Sanctions; Declaration of Tamara M. Heathcote; Exhibits* 101 *in response to Court's Order, Doc. 133* filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel, # 2 Exhibit Exhibit A)(Mkrtchyan, Narine) (Entered: 12/24/2020) |
| 12/28/2020 | 142 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Supplement(Motion related), 140 , Supplement(Motion related), 141 . The following error(s) was/were found: Local Rule 11-8 Memorandum/brief exceeding 10 pages shall contain table of contents. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (lom) (Entered: 12/28/2020) |
| 12/29/2020 | 143 | [DECLARATION OF JEREMY HOLLOWAY IN RESPONSE TO COURT'S ORDER OF 137 IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL AND FOR SANCTIONS filed as] SUPPLEMENT to MOTION to Compel Plaintiff's Further Responses to Request for Production of Documents, Set One *and Production of Documents; Request for Spoliation and Monetary Sanction; Declaration of Tamara M. Heathcote; Exhibits* 100 *in response to Court's Order Doc. No. 137* filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) Modified on 12/30/2020 (es). (Entered: 12/29/2020) |
| 01/11/2021 | 144 | Order re: Defendants' Motion for Sanctions (Dkt. 116) by Magistrate Judge Douglas F. McCormick. Based on its review of the record, the parties' papers, and the arguments of counsel at the hearing, the Court now RECOMMENDS and ORDERS as follows: SEE DOCUMENT FOR DETAILS. (es) (Entered: 01/11/2021) |
| 01/12/2021 | 145 | COMPACT DISC Order for date of proceedings 12/8/20 to 12/8/20 filed by plaintiff Jeremy Holloway. Court will contact Narine Mkrtchyan at narine56@msn.com with any questions regarding this order. Transcript portion requested: Other: discovery telephonic hearing. FEE PAID. (Mkrtchyan, Narine) (Entered: 01/12/2021) |
| 01/18/2021 | 146 | DECLARATION of S. Frank Harrell and Tamara M. Heathcote in support of Defendants Motion for Sanctions (Dkt 116, Order Dkt 144) First MOTION for Sanctions Plaintiff and Plaintiff's Counsel *Narine Mkrtchyan* 111 *Pertaining to Motion at ECF Dkt 111, 116, and Order ECF Dkt 144* filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. (Attachments: # 1 Exhibit A - September 2020 Fees, # 2 Exhibit B - October 2020 Fees, # 3 Exhibit C - November 2020 Fees, # 4 Exhibit D - November 2020 Fees)(Bond, Jonathan) (Entered: 01/18/2021) |
| 01/20/2021 | 147 | MINUTES (IN CHAMBERS) Order re Plaintiff's Facebook Account by Magistrate Judge Douglas F. McCormick: Based on the foregoing, IT IS HEREBY ORDERED that Defendants' motion for sanctions based on spoliation of evidence is GRANTED. IT IS |

| | | FURTHER RECOMMENDED that the District Judge give the following adverse inference instruction: [See document for details.] Objections to this order shall be filed within fourteen (14) days of the date of this order. (es) (Entered: 01/20/2021) |
|---|---|---|
| 01/25/2021 | 148 | NOTICE OF MOTION AND MOTION for Review of Magistrate's Discovery Ruling January 11 *on monetary sanctions against Plaintiff and his counsel, and second deposition of Plaintiff* filed by plaintiff Jeremy Holloway. Motion set for hearing on 2/22/2021 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel, # 2 Declaration Declaration by Plaintiff Jeremy Holloway, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Proposed Order Proposed Order) (Mkrtchyan, Narine) (Entered: 01/25/2021) |
| 01/25/2021 | 149 | COMPACT DISC Order for date of proceedings 12/8/21 to 12/8/21 filed by Defendants Brandon Billinger(a a peace officer), Mark Borba(individually), County of Orange, Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Justin Gunderson(individually), Kevin Pahel(as a peace officer), Chad Renegar(as a peace officer). Court will contact Tamara M. Heathcote, Esq. at theathcote@lynberg.com with any questions regarding this order. Transcript portion requested: Other: Telephonic Discovery Hearing. FEE PAID. (Heathcote, Tamara) (Entered: 01/25/2021) |
| 01/25/2021 | 150 | NOTICE of Manual Filing filed by Plaintiff Jeremy Holloway of CD-Rom Exhibit A to Plaintiff's Motion for Review. (Mkrtchyan, Narine) (Entered: 01/25/2021) |
| 01/25/2021 | 151 | Defendants Objections to Magistrate Judge's Recommendation as to Defendants' Motion to Dismiss Objection re: First MOTION for Sanctions Plaintiff and Plaintiff's Counsel *Narine Mkrtchyan 111 Defendants' Objections to Report and Recommendation* filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. (Bond, Jonathan) (Entered: 01/25/2021) |
| 01/28/2021 | 152 | REPLY OPPOSITION *DEFENDANTS' OBJECTIONS TO MAGISTRATE'S ORDERS, DOC. 151* filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Exhibit A, # 2 Declaration Declaration of Counsel)(Mkrtchyan, Narine) (Entered: 01/28/2021) |
| 02/02/2021 | 153 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION for Review of Magistrate's Discovery Ruling January 11 *on monetary sanctions against Plaintiff and his counsel, and second deposition of Plaintiff* 148 filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. (Bond, Jonathan) (Entered: 02/02/2021) |
| 02/03/2021 | 154 | NOTICE OF MOTION AND MOTION for Review of Magistrate's Discovery Ruling January 20 re Order on Motion to Compel,, 147 filed by plaintiff Jeremy Holloway. Motion set for hearing on 3/8/2021 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F) (Mkrtchyan, Narine) (Entered: 02/03/2021) |
| 02/04/2021 | 155 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: NOTICE OF MOTION AND MOTION for Review 154 . The following error(s) was/were found: Proposed Document was not submitted as separate attachment. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 02/04/2021) |

| 02/11/2021 | 156 | SUPPLEMENT to NOTICE OF MOTION AND MOTION for Review of Magistrate's Discovery Ruling January 11 *on monetary sanctions against Plaintiff and his counsel, and second deposition of Plaintiff* 148 , NOTICE OF MOTION AND MOTION for Review of Magistrate's Discovery Ruling January 20 re Order on Motion to Compel,, 147 154 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel, # 2 Exhibit A)(Mkrtchyan, Narine) (Entered: 02/11/2021) |
|---|---|---|
| 02/11/2021 | 157 | SUPPLEMENT to NOTICE OF MOTION AND MOTION for Summary Adjudication as to Second Amended Complaint *with Supporting Declarations and Exhibits* 105 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel, # 2 Exhibit Exhibit A)(Mkrtchyan, Narine) (Entered: 02/11/2021) |
| 02/15/2021 | 158 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION for Review of Magistrate's Discovery Ruling January 20 re Order on Motion to Compel,, 147 154 *Opposition* filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 02/15/2021) |
| 02/16/2021 | 159 | EX PARTE APPLICATION for Order for Lifting Protective Order for criminal case file on Defendant Chad Renegar filed by plaintiff Jeremy Holloway. (Attachments: # 1 Exhibit A, # 2 Proposed Order Proposed Order)(Mkrtchyan, Narine) (Entered: 02/16/2021) |
| 02/17/2021 | 160 | MEMORANDUM in Opposition to EX PARTE APPLICATION for Order for Lifting Protective Order for criminal case file on Defendant Chad Renegar 159 *Opposition* filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 02/17/2021) |
| 02/17/2021 | 161 | REPLY In support of Plaintiff's Motion for Review NOTICE OF MOTION AND MOTION for Review of Magistrate's Discovery Ruling January 20 re Order on Motion to Compel,, 147 154 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 02/17/2021) |
| 02/19/2021 | 162 | SCHEDULING NOTICE by Judge David O. Carter: The Court resets the time of the MOTION for Review of Magistrate's Discovery Ruling January 11 *on monetary sanctions against Plaintiff and his counsel, and second deposition of Plaintiff* 148 to 3:30 PM on 2/22/2021 before Judge David O. Carter. Counsel shall take notice of this new time. This hearing will be held via Zoom. The Court's Zoom information is posted under www.cacd.uscourts.gov/David O.Carter. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (rrp) TEXT ONLY ENTRY (Entered: 02/19/2021) |
| 02/22/2021 | 163 | MINUTES OF Motion Hearing held before Judge David O. Carter: PLTF'S MOTION FOR REVIEW OF MAGISTRATE'S DISCOVERY RULING JANUARY 11 ON MONETARY SANCTIONS AGAINST PLAINTIFF AND HIS COUNSEL, AND SECOND DEPOSITION OF PLAINTIFF 148 . For the reasons stated on the record, the Motion is held in abeyance. The plaintiff's deposition must be completed. Counsel shall meet and confer and notify the Court by noon on 2/25/21 of the Zoom deposition. Court Reporter: Debbie Gale. (twdb) (Entered: 02/24/2021) |
| 02/24/2021 | 164 | MINUTES (IN CHAMBERS) Order Denying Plaintiff's Ex Parte Application (Dkt. 159 ) by Magistrate Judge Douglas F. McCormick. See minute order for further information. (lom) (Entered: 02/24/2021) |
| 02/25/2021 | 165 | NOTICE to Court of Setting of Plaintiff's Deposition for March 12, 2021 filed by Defendants Brandon Billinger(individually), Brandon Billinger(aa a peace officer), Mark Borba(individually), Mark Borba(as a peace officer), County of Orange, Joel |

| | | Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ). *Notice to Court of Setting of Plaintiff's Deposition Date - March 12, 2021 (re: ECF Docket No. 163)* (Attachments: # 1 Exhibit Exh A - Notice of Deposition of Plaintiff) (Bond, Jonathan) (Entered: 02/25/2021) |
|---|---|---|
| 03/02/2021 | 166 | NOTICE OF MOTION AND MOTION for Order for Lift Protective Order from Criminal File for Defendant Renegar filed by plaintiff Jeremy Holloway. Motion set for hearing on 4/5/2021 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Proposed Order Proposed Order) (Mkrtchyan, Narine) (Entered: 03/02/2021) |
| 03/03/2021 | 167 | MINUTES (IN CHAMBERS) by Judge David O. Carter: ORDER DENYING PLAINTIFFS MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGES ORDER 154 . (twdb) (Entered: 03/04/2021) |
| 03/11/2021 | 168 | STIPULATION REGARDING SELECTION of Panel Mediator filed. Parties stipulate that Richard Copeland may serve as Panel Mediator. Plaintiff obtained the Panel Mediators consent to serve. All parties and the Panel Mediator have agreed that the mediation will be held on 3/29/2021 and counsel will submit mediation statements seven (7) calendar days before the session. Filed by Plaintiff Jeremy Holloway(Mkrtchyan, Narine) (Entered: 03/11/2021) |
| 03/15/2021 | 169 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION for Order for Lift Protective Order from Criminal File for Defendant Renegar 166 *Opposition* filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 03/15/2021) |
| 03/17/2021 | 170 | REPLY In support of Plaintiff's Motion NOTICE OF MOTION AND MOTION for Order for Lift Protective Order from Criminal File for Defendant Renegar 166 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Exhibit Exhibit A)(Mkrtchyan, Narine) (Entered: 03/17/2021) |
| 03/24/2021 | 171 | Notice of Appearance or Withdrawal of Counsel: for attorney Jonathan C Bond counsel for Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. Adding JONATHAN C. BOND as counsel of record for COUNTY OF ORANGE, DEPUTY CHAD RENEGAR, DEPUTY JOEL GONZALEZ, DEPUTY KEVIN PAHEL, DEPUTY BRANDON BILLINGER, DEPUTY MARK BORBA, DEPUTY JAMESON GOTTS & DEPUTY JUSTIN GUNDERSON for the reason indicated in the G-123 Notice. Filed by DEFENDANTS COUNTY OF ORANGE, ET AL.. (Bond, Jonathan) (Entered: 03/24/2021) |
| 04/02/2021 | 172 | SCHEDULING NOTICE by Judge David O. Carter. The Court re-sets the ZOOM Motion for Order to Lift Protective Order from Criminal File for Defendant Renegar 166 from 8:30 a.m. to 12:00 p.m. on April 5, 2021. The Court's ZOOM information is: https://cacd-uscourts.zoomgov.com/j/1618147150? pwd=eXFCVzloVmdDVlVyL29LZTVoUi9Ldz09 / Webinar ID: 161 814 7150 / Passcode: 634618THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY (Entered: 04/02/2021) |
| 04/02/2021 | 173 | MINUTES (IN CHAMBERS: ORDER GRANTING MOTION TO REMOVE PROTECTIVE ORDER 166 by Judge David O. Carter. For the reasons set forth above, |

| | | the Court GRANTS Plaintiff's Motion to Remove Protective Order from Criminal DA File of Defendant Chad Renegar. (lom) (Entered: 04/02/2021) |
|---|---|---|
| 04/12/2021 | [174](#) | JOINT Exhibit List filed by PLAINTIFF Jeremy Holloway.. (Mkrtchyan, Narine) (Entered: 04/12/2021) |
| 04/12/2021 | [175](#) | Witness List filed by plaintiff Jeremy Holloway.. (Mkrtchyan, Narine) (Entered: 04/12/2021) |
| 04/12/2021 | [176](#) | MEMORANDUM of CONTENTIONS of FACT and LAW filed by plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/12/2021) |
| 04/12/2021 | [177](#) | MEMORANDUM of CONTENTIONS of FACT and LAW filed by Defendants Brandon Billinger(individually), Mark Borba(individually), County of Orange, Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Justin Gunderson(individually), Kevin Pahel(as a peace officer), Chad Renegar(as a peace officer). (Heathcote, Tamara) (Entered: 04/12/2021) |
| 04/22/2021 | [178](#) | NOTICE OF MOTION AND MOTION IN LIMINE #1 to Exclude Prior bad acts filed by Plaintiff Jeremy Holloway. Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter. (Attachments: # [1](#) Declaration Declaration of Counsel Narine Mkrtchyan, # [2](#) Exhibit A, # [3](#) Exhibit B, # [4](#) Exhibit C, # [5](#) Exhibit D)(Mkrtchyan, Narine) (Entered: 04/22/2021) |
| 04/22/2021 | [179](#) | NOTICE OF MOTION AND MOTION IN LIMINE #2 to Exclude Speculative arguments filed by Plaintiff Jeremy Holloway. Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter.(Mkrtchyan, Narine) (Entered: 04/22/2021) |
| 04/22/2021 | [180](#) | NOTICE OF MOTION AND MOTION IN LIMINE #3 to Exclude Social media accounts filed by Plaintiff Jeremy Holloway. Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter. (Attachments: # [1](#) Declaration Declaration of Counsel Narine Mkrtchyan, # [2](#) Exhibit A, # [3](#) Exhibit B, # [4](#) Exhibit C)(Mkrtchyan, Narine) (Entered: 04/22/2021) |
| 04/22/2021 | [181](#) | NOTICE OF MOTION AND MOTION IN LIMINE #4 to Exclude Defense Expert Witness filed by Plaintiff Jeremy Holloway. Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter. (Attachments: # [1](#) Declaration Declaration of Counsel Narine Mkrtchyan, # [2](#) Exhibit A)(Mkrtchyan, Narine) (Entered: 04/22/2021) |
| 04/22/2021 | [182](#) | NOTICE OF MOTION AND MOTION IN LIMINE #5 to Admit Defendant's criminal prosecution filed by plaintiff Jeremy Holloway. Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter. (Attachments: # [1](#) Declaration Declaration of Counsel Narine Mkrtchyan, # [2](#) Exhibit A)(Mkrtchyan, Narine) (Entered: 04/22/2021) |
| 04/22/2021 | [183](#) | NOTICE OF MOTION AND MOTION IN LIMINE #6 to Admit Defendants' Prior Bad Acts filed by Plaintiff Jeremy Holloway. Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter.(Mkrtchyan, Narine) (Entered: 04/22/2021) |
| 04/22/2021 | [184](#) | NOTICE OF MOTION AND MOTION IN LIMINE #7 to Admit Admit Internal Investigation into Plaintiff's Complaint filed by Plaintiff Jeremy Holloway. Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter.(Mkrtchyan, Narine) (Entered: 04/22/2021) |
| 04/22/2021 | [185](#) | NOTICE OF MOTION AND MOTION IN LIMINE #8 to Permit Treating providers testify remotely filed by Plaintiff Jeremy Holloway. Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter. (Attachments: # [1](#) Declaration Declaration of Counsel Narine Mkrtchyan)(Mkrtchyan, Narine) (Entered: 04/22/2021) |
| 04/22/2021 | [186](#) | NOTICE OF MOTION AND MOTION IN LIMINE #9 to Exclude Exclude Untimely |

| | | Disclosures filed by Plaintiff Jeremy Holloway. Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A)(Mkrtchyan, Narine) (Entered: 04/22/2021) |
|---|---|---|
| 04/22/2021 | 187 | NOTICE OF MOTION AND MOTION IN LIMINE (#1) to Exclude Evidence, argument, or expert opinion regarding Orange County Sheriff's Department's Internal Policies, or P.O.S.T. Learning Domains filed by Defendants Brandon Billinger(individually), Brandon Billinger(a a peace officer), Mark Borba(individually), Mark Borba(as a peace officer), County of Orange, Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ). Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter.(Bond, Jonathan) (Entered: 04/22/2021) |
| 04/22/2021 | 188 | NOTICE OF MOTION AND MOTION IN LIMINE (#2) to Exclude References, Evidence, or Testimony regarding Defendant Deputies' Personnel Records or other "Bad Acts" filed by Defendants Brandon Billinger(individually), Brandon Billinger(a a peace officer), Mark Borba(individually), Mark Borba(as a peace officer), County of Orange, Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ). Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter.(Bond, Jonathan) (Entered: 04/22/2021) |
| 04/22/2021 | 189 | NOTICE OF MOTION AND MOTION IN LIMINE (#3) to Exclude Reference to and Evidence of the Defendant Deputies' Other Uses of Force filed by Defendants Brandon Billinger(individually), Brandon Billinger(a a peace officer), Mark Borba(individually), Mark Borba(as a peace officer), County of Orange, Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ). Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter.(Bond, Jonathan) (Entered: 04/22/2021) |
| 04/22/2021 | 190 | NOTICE OF MOTION AND MOTION IN LIMINE (#5) to Exclude Evidence, Argument, or Reference to Pending Criminal Charges, Investigation, and/or News Articles re: Deputy Renegar filed by Defendants Brandon Billinger(individually), Brandon Billinger(a a peace officer), Mark Borba(individually), Mark Borba(as a peace officer), County of Orange, Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ). Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter.(Bond, Jonathan) (Entered: 04/22/2021) |
| 04/22/2021 | 191 | NOTICE OF MOTION AND MOTION IN LIMINE (#4) to Exclude Reference to and Evidence of Other Cases Naming the County of Orange as a Defendant filed by Defendants Brandon Billinger(individually), Brandon Billinger(a a peace officer), Mark Borba(individually), Mark Borba(as a peace officer), County of Orange, Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ). |

| | | Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter.(Bond, Jonathan) (Entered: 04/22/2021) |
|---|---|---|
| 04/22/2021 | 192 | NOTICE OF MOTION AND MOTION IN LIMINE (#7) to Exclude Testimony and Evidence Regarding Post-Incident Investigation filed by Defendants Brandon Billinger(individually), Brandon Billinger(a a peace officer), Mark Borba(individually), Mark Borba(as a peace officer), County of Orange, Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ). Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit A - Expert Disclosure)(Bond, Jonathan) (Entered: 04/22/2021) |
| 04/22/2021 | 193 | NOTICE OF MOTION AND MOTION IN LIMINE (#6) to Exclude Testimony, evidence, and argument regarding Plaintiff's Booking at OC Jail filed by Defendants Brandon Billinger(individually), Brandon Billinger(a a peace officer), Mark Borba(individually), Mark Borba(as a peace officer), County of Orange, Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ). Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter.(Bond, Jonathan) (Entered: 04/22/2021) |
| 04/23/2021 | 194 | NOTICE OF MOTION AND MOTION IN LIMINE (#8) to Exclude Plaintiff's Orthopedic Expert filed by Defendants Brandon Billinger(individually), Brandon Billinger(a a peace officer), Mark Borba(individually), Mark Borba(as a peace officer), County of Orange, Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ). Motion set for hearing on 5/3/2021 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Bond, Jonathan) (Entered: 04/23/2021) |
| 04/23/2021 | 195 | SCHEDULING NOTICE by Judge David O. Carter. The Court re-sets the Jury Trial to MAY 26, 2021, at 8:30 a.m.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY (Entered: 04/23/2021) |
| 04/26/2021 | 196 | NOTICE OF LODGING Proposed Pretrial Conference Order Plaintiff Jeremy Holloway. (Attachments: # 1 Proposed Order Final Pre-Trial Conference Order)(Mkrtchyan, Narine) (Entered: 04/26/2021) |
| 04/26/2021 | 197 | OPPOSITION Opposition re: MOTION IN LIMINE (#1) to Exclude Evidence, argument, or expert opinion regarding Orange County Sheriff's Department's Internal Policies or P.O.S.T. Learning Domains 187 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/26/2021) |
| 04/26/2021 | 198 | OPPOSITION Opposition re: MOTION IN LIMINE (#2) to Exclude References, Evidence, or Testimony regarding Defendant Deputies' Personnel Records or other "Bad Acts" 188 , MOTION IN LIMINE (#3) to Exclude Reference to and Evidence of the Defendant Deputies' Other Uses of Force 189 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/26/2021) |
| 04/26/2021 | 199 | OPPOSITION Opposition re: MOTION IN LIMINE (#4) to Exclude Reference to and Evidence of Other Cases Naming the County of Orange as a Defendant 191 filed by |

| | | Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/26/2021) |
|---|---|---|
| 04/26/2021 | 200 | OPPOSITION Opposition re: MOTION IN LIMINE (#5) to Exclude Evidence, Argument, or Reference to Pending Criminal Charges, Investigation, and/or News Articles re: Deputy Renegar 190 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/26/2021) |
| 04/26/2021 | 201 | OPPOSITION Opposition re: MOTION IN LIMINE (#6) to Exclude Testimony, evidence, and argument regarding Plaintiff's Booking at OC Jail 193 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/26/2021) |
| 04/26/2021 | 202 | OPPOSITION Opposition re: MOTION IN LIMINE (#7) to Exclude Testimony and Evidence Regarding Post-Incident Investigation 192 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel, # 2 Exhibit A)(Mkrtchyan, Narine) (Entered: 04/26/2021) |
| 04/26/2021 | 203 | OPPOSITION Opposition re: MOTION IN LIMINE (#8) to Exclude Plaintiff's Orthopedic Expert 194 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E)(Mkrtchyan, Narine) (Entered: 04/26/2021) |
| 04/26/2021 | 204 | MEMORANDUM in Opposition to MOTION IN LIMINE #5 to Admit Defendant's criminal prosecution 182 filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 04/26/2021) |
| 04/26/2021 | 205 | Opposition Opposition re: MOTION IN LIMINE #9 to Exclude Exclude Untimely Disclosures 186 Opposition filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 04/26/2021) |
| 04/27/2021 | 206 | MEMORANDUM in Opposition to MOTION IN LIMINE #3 to Exclude Social media accounts 180 filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. (Bond, Jonathan) (Entered: 04/27/2021) |
| 04/27/2021 | 207 | OPPOSITION to MOTION IN LIMINE #1 to Exclude Prior bad acts 178 Opposition filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 04/27/2021) |
| 04/27/2021 | 208 | MEMORANDUM in Opposition to MOTION IN LIMINE #2 to Exclude Speculative arguments 179 filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin Pahel, Chad Renegar, Chad Renegar. (Bond, Jonathan) (Entered: 04/27/2021) |
| 04/27/2021 | 209 | OPPOSITION to MOTION IN LIMINE #4 to Exclude Defense Expert Witness 181 Opposition filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 04/27/2021) |
| 04/27/2021 | 210 | MEMORANDUM in Opposition to MOTION IN LIMINE #7 to Admit Admit Internal Investigation into Plaintiff's Complaint 184 filed by Defendants Brandon Billinger, Brandon Billinger, Mark Borba, Mark Borba, County of Orange, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Justin Gunderson, Justin Gunderson, Kevin |

| | | |
|---|---|---|
| | | Pahel, Kevin Pahel, Chad Renegar, Chad Renegar. (Bond, Jonathan) (Entered: 04/27/2021) |
| 04/27/2021 | 211 | OPPOSITION to MOTION IN LIMINE #6 to Admit Defendants' Prior Bad Acts 183 *Opposition* filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel, Chad Renegar. (Heathcote, Tamara) (Entered: 04/27/2021) |
| 04/30/2021 | 212 | NOTICE Consent Order Granting Substitution of Attorney Christie Swiss in place of attorney Tamara Heathcote and S. Frank Harrell filed by Defendant Chad Renegar(as a peace officer), Chad Renegar(individually ). (Swiss, Christie) (Entered: 04/30/2021) |
| 04/30/2021 | 213 | NOTICE Consent Order Granting Substitution of Attorney Michael Wroniak in place of attorney Tamara Heathcote and S. Frank Harrell filed by Defendant Chad Renegar(as a peace officer), Chad Renegar(individually ). (Wroniak, Michael) (Entered: 04/30/2021) |
| 04/30/2021 | 214 | OBJECTIONS to Notice (Other) 213 , Notice (Other) 212 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/30/2021) |
| 04/30/2021 | 215 | SCHEDULING NOTICE by Judge David O. Carter. The Court re-sets the Final Pretrial Conference and the Motions in Limine 178 179 180 181 182 183 184 185 186 187 188 189 190 191 192 193 194 to MAY 6, 2021 at 9:00 AM via Zoom. The Court's Zoom information can be found under www.cacd.uscourts.gov.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kd) TEXT ONLY ENTRY (Entered: 04/30/2021) |
| 05/03/2021 | 216 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice (Other) 213 , Notice (Other) 212 . The following error(s) was/were found: Incorrect form used for the Request. Incorrect event selected. Correct event is: Request to substitute or withdraw attorney G 01. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 05/03/2021) |
| 05/05/2021 | 217 | ORDER GRANTING DEFENDANT COUNTYS MOTION FOR SUMMARY JUDMENT 102 ; AND GRANTING INDIVIDUAL DEFENDANTS MOTION FOR SUMMARY ADJUDICATION 105 by Judge David O. Carter: SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 05/05/2021) |
| 05/06/2021 | 218 | NOTICE Request for Approval of Substitution or Withdrawal of Counsel (Substitution of Attorney Christie Swiss in place of attorney Tamara Heathcote; S. Frank Harrell and Jonathan C. Bond) filed by Defendants Chad Renegar(as a peace officer), Chad Renegar(individually ). (Attachments: # 1 Proposed Order)(Swiss, Christie) (Entered: 05/06/2021) |
| 05/06/2021 | 219 | NOTICE Request for Approval of Substitution or Withdrawal of Counsel (Substitution of Attorney Michael Wroniak in place of attorney Tamara Heathcote, S. Frank Harrell, Jonathan C. Bond) filed by Defendants Chad Renegar(as a peace officer), Chad Renegar(individually ). (Attachments: # 1 Proposed Order)(Wroniak, Michael) (Entered: 05/06/2021) |
| 05/06/2021 | 220 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Notice (Other), 219 , Notice (Other), 218 . The following error(s) was/were found: Incorrect event selected. Correct event to be used is: Request for Approval of Substitution or Withdrawal of Counsel G-01. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 05/06/2021) |

| 05/06/2021 | 221 | MINUTES OF MOTION HEARING (Held via Zoom) before Judge David O. Carter: granting in part and denying in part 178 Motion in Limine to Exclude; denying 179 Motion in Limine to Exclude; denying 180 Motion in Limine to Exclude; denying 181 Motion in Limine to Exclude; granting in part and denying in part 182 Motion in Limine for Admissions; denying 183 Motion in Limine for Admissions; denying 184 Motion in Limine for Admissions; granting 185 Motion in Limine to Permit; Held in Abeyance 186 Motion in Limine to Exclude; denying 187 Motion in Limine to Exclude; granting 188 Motion in Limine to Exclude; denying 189 Motion in Limine to Exclude; denying as moot 191 Motion in Limine to Exclude; denying 192 Motion in Limine to Exclude; granting 193 Motion in Limine to Exclude; denying 194 Motion in Limine to Exclude; The Court continues the Jury Trial to 8/17/21 at 8:30 a.m. The Final Pretrial Conference is not held and will be re-set for a date in the future. SEE DOCUMENT FOR FURTHER INFORMATION. Court Reporter: Deborah Parker and Patricia Cuneo. (twdb) (Entered: 05/07/2021) |
|---|---|---|
| 05/07/2021 | 222 | REQUEST TO SUBSTITUTE ATTORNEY Christie B. Swiss in place of attorney S. Frank Harrell; Tamara M. Heathcote and Jonathan C. Bond filed by Defendants Chad Renegar(as a peace officer), Chad Renegar(individually ). (Attachments: # 1 Proposed Order) (Attorney Christie Bodnar Swiss added to party Chad Renegar(pty:dft), Attorney Christie Bodnar Swiss added to party Chad Renegar(pty:dft)) (Swiss, Christie) (Entered: 05/07/2021) |
| 05/07/2021 | 223 | REQUEST TO SUBSTITUTE ATTORNEY Michael L. Wroniak in place of attorney S. Frank Harrell; Tamara M. Heathcote and Jonathan C. Bond filed by Defendants Chad Renegar(as a peace officer), Chad Renegar(individually ). (Attachments: # 1 Proposed Order) (Attorney Michael L Wroniak added to party Chad Renegar(pty:dft), Attorney Michael L Wroniak added to party Chad Renegar(pty:dft)) (Wroniak, Michael) (Entered: 05/07/2021) |
| 05/10/2021 | 224 | REQUEST for Order for re Enforcement of Trial Subpoenas for New Trial Date *in response to Court's Order 221* filed by PLAINTIFF Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 05/10/2021) |
| 05/10/2021 | 226 | ORDER by Judge David O. Carter: Granting 222 Request to Substitute Attorney. Attorney Tamara M Heathcote; Jonathan C Bond and S Frank Harrell terminated. (twdb) (Entered: 05/11/2021) |
| 05/10/2021 | 227 | ORDER by Judge David O. Carter: Granting 223 Request to Substitute Attorney. S. Frank Harrell, Tamara Heathcote and Jonathan Bond terminated. (twdb) (Entered: 05/11/2021) |
| 05/11/2021 | 225 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: REQUEST for re Enforcement of Trial Subpoenas for New Trial Date *in response to Court's Order 221* 224 . The following error(s) was/were found: Incorrect document is attached to the docket entry. Other error(s) with document(s): The event selected is Motion. The document attached to entry #224 is a proposed order. The Motion/Request is missing. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 05/11/2021) |
| 05/17/2021 | 228 | TRANSCRIPT for proceedings held on May 6, 2021 at 12:23 p.m. Court Reporter: PAT CUNEO CSR 1600, OFFICIAL REPORTER, www.patcuneo.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due |

| | | 6/7/2021. Redacted Transcript Deadline set for 6/17/2021. Release of Transcript Restriction set for 8/16/2021. (Cuneo, Patricia) (Entered: 05/17/2021) |
|---|---|---|
| 05/17/2021 | 229 | NOTICE OF FILING TRANSCRIPT filed for proceedings May 6, 2021 at 12:23 p.m. re Transcript 228 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Cuneo, Patricia) TEXT ONLY ENTRY (Entered: 05/17/2021) |
| 05/17/2021 | 230 | ORDER REGARDING TRIAL SUBPOENAS 224 by Judge David O. Carter: Good Cause Appearing all trial subpoenas properly served on witnesses for appearance on May 25 and May 26, 2021, shall remain in full force and effect and shall compel the attendance of said witnesses on the new trial date of August 17, 2021 at 8:30 a.m. and at the location stated in the trial subpoenas. (bm) (Entered: 05/18/2021) |
| 05/18/2021 | 231 | NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion for Summary Judgment,, Order on Motion for Summary Adjudication, 217 filed by Plaintiff Jeremy Holloway. Motion set for hearing on 6/21/2021 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit 29, # 3 Exhibit 30) (Mkrtchyan, Narine) (Entered: 05/18/2021) |
| 05/24/2021 | 232 | TRANSCRIPT for proceedings held on 05/06/2021, Volume I, 9:00 a.m. Court Reporter: Deborah D. Parker, CSR 10342, phone number transcripts@ddparker.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through DEBORAHDPARKER.COM or PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 6/14/2021. Redacted Transcript Deadline set for 6/24/2021. Release of Transcript Restriction set for 8/23/2021. (dpa) (Entered: 05/24/2021) |
| 05/24/2021 | 233 | NOTICE OF FILING TRANSCRIPT filed for proceedings 05/06/2021, Volume I, 9:00 a.m. re Transcript 232 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (dpa) TEXT ONLY ENTRY (Entered: 05/24/2021) |
| 05/28/2021 | 234 | Opposition to Plaintiff's Motion for Reconsideration of Court's Order of Defendants' Motion for Summary Judgment/Adjudication Under FRCP 54(B) re: NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion for Summary Judgment,, Order on Motion for Summary Adjudication, 217 231 filed by Defendants Chad Renegar, Chad Renegar. (Wroniak, Michael) (Entered: 05/28/2021) |
| 05/31/2021 | 235 | OPPOSITION to NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion for Summary Judgment,, Order on Motion for Summary Adjudication, 217 231 filed by Defendants Brandon Billinger, Mark Borba, County of Orange, Joel Gonzalez, Jameson Gotts, Justin Gunderson, Kevin Pahel. (Heathcote, Tamara) (Entered: 05/31/2021) |
| 06/03/2021 | 236 | REPLY in support of Plaintiff's motion for reconsideration of Court's ruling on MSJ NOTICE OF MOTION AND MOTION for Reconsideration re Order on Motion for Summary Judgment,, Order on Motion for Summary Adjudication, 217 231 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 06/03/2021) |
| 06/18/2021 | 237 | MINUTE ORDER (IN CHAMBERS) by Judge David O. Carter: Before the Court is a Motion for Reconsideration 231 brought by Plaintiff Jeremy Holloway. The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers and considered the parties arguments, the Court DENIES Plaintiffs Motion. No appearances are necessary on June 21, 2021. See Order for complete details. (kd) (Entered: 06/18/2021) |
| 07/27/2021 | 238 | APPLICATION to file document *Records subject to Protective Order/Use of force reports* under seal filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Proposed Order |

| 07/27/2021 | 239 | SEALED DECLARATION IN SUPPORT OF APPLICATION to file document *Records subject to Protective Order/Use of force reports* under seal 238 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Mkrtchyan, Narine) (Entered: 07/27/2021) |
| --- | --- | --- |
| 07/28/2021 | 240 | SUPPLEMENT to MOTION IN LIMINE #6 to Admit Defendants' Prior Bad Acts 183 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan)(Mkrtchyan, Narine) (Entered: 07/28/2021) |
| 07/28/2021 | 241 | ORDER by Judge David O. Carter Re Plaintiff's Application to File Confidential Records Under Seal in support of Plaintiff's Supplemental Brief to Motion in Limine No. 6 238 . (See document for further information). (jp) (Entered: 07/28/2021) |
| 08/04/2021 | 242 | AMENDED Exhibit List filed by Plaintiff Jeremy Holloway.. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan)(Mkrtchyan, Narine) (Entered: 08/04/2021) |
| 08/04/2021 | 243 | Witness List filed by Plaintiff Jeremy Holloway.. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan)(Mkrtchyan, Narine) (Entered: 08/04/2021) |
| 08/06/2021 | 244 | Opposition Opposition re: MOTION IN LIMINE (#8) to Exclude Plaintiff's Orthopedic Expert 194 *Defense late designation of expert witness Dr. Kendall Wagner* filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Mkrtchyan, Narine) (Entered: 08/06/2021) |
| 08/09/2021 | 245 | Witness List filed by DEFENDANTS Brandon Billinger(individually), Mark Borba(individually), County of Orange, Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Justin Gunderson(as a peace officer), Kevin Pahel(individually).. (Bond, Jonathan) (Entered: 08/09/2021) |
| 08/09/2021 | 246 | PROPOSED JOINT EXHIBIT LIST Exhibit List *DEFENDANTS' AMENDED PROPOSED JOINT EXHIBIT LIST* filed by DEFENDANTS Brandon Billinger(individually), Mark Borba(individually), County of Orange, Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Justin Gunderson(individually), Kevin Pahel(as a peace officer).. (Bond, Jonathan) (Entered: 08/09/2021) |
| 08/10/2021 | 247 | Proposed Voir Dire Questions filed by Defendant Chad Renegar(as a peace officer), Chad Renegar(individually ).. (Wroniak, Michael) (Entered: 08/10/2021) |
| 08/10/2021 | 248 | PROPOSED JURY INSTRUCTIONS (annotated set) filed by Plaintiff Jeremy Holloway.. (Mkrtchyan, Narine) (Entered: 08/10/2021) |
| 08/10/2021 | 249 | PROPOSED Special JURY VERDICT filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 08/10/2021) |
| 08/10/2021 | 250 | STATEMENT Proposed Joint Statement of the Case filed by Plaintiff Jeremy Holloway (Mkrtchyan, Narine) (Entered: 08/10/2021) |
| 08/10/2021 | 251 | PROPOSED JURY INSTRUCTIONS filed by Defendants Gonzalez, Pahel, Borba, Gotts, and Renegar Mark Borba(individually), Mark Borba(as a peace officer), County of Orange, Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ).. (Bond, Jonathan) (Entered: 08/10/2021) |
| 08/10/2021 | 252 | STATEMENT the Case [Proposed] filed by Defendants Mark Borba, Mark Borba, Joel |

| | | Gonzalez, Joel Gonzalez, Jameson Gotts, Kevin Pahel, Kevin Pahel, Chad Renegar, Chad Renegar *Defendants Proposed Joint Statement of the Case* (Bond, Jonathan) (Entered: 08/10/2021) |
|---|---|---|
| 08/10/2021 | 253 | PROPOSED SPECIAL JURY VERDICT filed by Defendants Gonzalez, Pahel, Borba, Gotts, and Renegar Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ). (Bond, Jonathan) (Entered: 08/10/2021) |
| 08/10/2021 | 254 | Proposed Voir Dire Questions filed by Defendants Gonzalez, Pahel, Borba, and Gotts Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually).. (Bond, Jonathan) (Entered: 08/10/2021) |
| 08/10/2021 | 255 | TRIAL BRIEF filed by Defendants Gonzalez, Pahel, Borba, and Gotts Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually).. (Bond, Jonathan) (Entered: 08/10/2021) |
| 08/11/2021 | 256 | Proposed Voir Dire Questions filed by Plaintiff Jeremy Holloway.. (Mkrtchyan, Narine) (Entered: 08/11/2021) |
| 08/13/2021 | 257 | Defendants Proposed Second Amended Exhibit List filed by Defendants Gonzalez, Pahel, Borba, Gotts, and Renegar Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually ).. (Bond, Jonathan) (Entered: 08/13/2021) |
| 08/16/2021 | 258 | OBJECTIONS to Jury Instructions (Proposed) 248 filed by Defendants Chad Renegar, Chad Renegar. (Swiss, Christie) (Entered: 08/16/2021) |
| 08/16/2021 | 259 | Witness List filed by Defendants Gonzalez, Pahel, Borba, Gotts, and Renegar Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(individually ).. (Bond, Jonathan) (Entered: 08/16/2021) |
| 08/16/2021 | 260 | JOINDER filed by Defendants Mark Borba, Mark Borba, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Kevin Pahel, Kevin Pahel joining in Objection 258 . (Bond, Jonathan) (Entered: 08/16/2021) |
| 08/16/2021 | 261 | REQUEST FOR JUDICIAL NOTICE *AT TIME OF TRIAL - STATUTES AND CERTIFIED COURT RECORDS* filed by Defendants Mark Borba, Mark Borba, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Kevin Pahel, Kevin Pahel. (Attachments: # 1 Exhibit 199 - Family Code 3044, # 2 Exhibit 200 - Sep 2, 2010 TRO, # 3 Exhibit 201 - Sep 22, 2010 Amended TRO, # 4 Exhibit 202 - May 18, 2016 Request for DVRO, # 5 Exhibit 203 - June 13, 2016 Findings and Order, # 6 Exhibit 204 - Restraining Order After Hearing, # 7 Exhibit 205 - June 19, 2020 Request to Renew Restraining Order, # 8 Exhibit 206 - Minute Orders and Notices of Hearing on DVRO, # 9 Exhibit 207 - Feb 5, 2021 Minute Order and Notice of Hearing on DVRO, # 10 Exhibit 208 - April 5, 2021 Minute Order on DVRO, # 11 Exhibit 209 - April 5, 2021 Order |

| | | Renewing DVRO Permanently, # 12 Exhibit 210 - April 5, 2021 Clerk Certificate of Service, # 13 Exhibit 211 - June 23, 2017 Minute Order, # 14 Exhibit 212 - California Penal Code 240, # 15 Exhibit 213 - California Penal Code 242, # 16 Exhibit 214 - California Penal Code 243, # 17 Exhibit 215 - California Penal Code 550, # 18 Exhibit 216 - California Penal Code 273.6, # 19 Exhibit 217 - Penn Title 18 Pa.C.S.A. 2701 Simple Assault, # 20 Exhibit 218 - Penn Title 18 Pa.C.S.A. 3502 Burglary, # 21 Exhibit 219 - Penn Title 18 Pa.C.S.A. 3503 Criminal Trespass, # 22 Exhibit 220 - Entire Court File 11CM00409, # 23 Exhibit 221 - Entire Court File 05CM03011, # 24 Exhibit 222 - Entire Court File 17CF0358, # 25 Exhibit 223 - Entire Court File 10CM09832, # 26 Exhibit 224 - Entire Court File 12CM04807, # 27 Exhibit 225 - Entire Court File 18NM08472, # 28 Exhibit 226 - Entire Court File MJ-14-14102-CR-0000408-2020, # 29 Exhibit 229 - Entire Court File 20CM04389, # 30 Exhibit 235 - California Vehicle Code 23152)(Bond, Jonathan) (Entered: 08/16/2021) |
|---|---|---|
| 08/17/2021 | 262 | Defendants Proposed Third Amended Exhibit List filed by Defendants Gonzalez, Pahel, Borba, Gotts, and Renegar Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually), Chad Renegar(as a peace officer), Chad Renegar(individually )..(Bond, Jonathan) (Entered: 08/17/2021) |
| 08/17/2021 | 267 | MINUTES OF Jury Trial - 1st Day held before Judge David O. Carter: Jury impaneled and sworn. Opening statements made. Witnesses called, sworn and testified. Jury Trial continued to 8/18/2021 at 09:00 AM before Judge David O. Carter. Court Reporter: Debbie Gale / Deborah Parker / Court Smart. (twdb) (Entered: 08/19/2021) |
| 08/18/2021 | 263 | BRIEF filed by Defendants Gonzalez, Pahel, Borba, Gotts, Gunderson, and Billinger Brandon Billinger(individually), Brandon Billinger(a a peace officer), Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually). *Defendants' Brief re: Claims of Emotional Distress, Damages, and Alternative Stressorson Alternative Stressors* (Bond, Jonathan) (Entered: 08/18/2021) |
| 08/18/2021 | 264 | BRIEF filed by Defendant Chad Renegar(as a peace officer), Chad Renegar(individually ). *Regarding 5th Amendment to Not Testify* (Swiss, Christie) (Entered: 08/18/2021) |
| 08/18/2021 | 265 | JOINDER filed by Defendants Chad Renegar, Chad Renegar joining in Brief (non-motion non-appeal),, 263 . (Swiss, Christie) (Entered: 08/18/2021) |
| 08/18/2021 | 266 | MINUTE ORDER IN CHAMBERS by Judge David O. Carter: ORDER GRANTING IN PART PLAINTIFF'S MOTION IN LIMINE #6 183 . Accordingly, the Application is GRANTED as to Exhibits 79 and 80 and DENIED as to exhibits 81- 87. The Clerk shall serve this minute order on the parties. (twdb) (Entered: 08/18/2021) |
| 08/18/2021 | 268 | MINUTES OF Jury Trial - 2nd Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 8/19/2021 at 09:00 AM before Judge David O. Carter. Plaintiff's Motion in Limine #6 183 - GRANTED in part and DENIED in part. Court Reporter: Debbie Gale / Deborah Parker / Court Smart. (twdb) (Entered: 08/19/2021) |
| 08/19/2021 | 274 | MINUTES OF Jury Trial - 3rd Day held and continued Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Case continued to 8/20/2021 09:00 A.M. for further trial/further jury deliberation. Court Reporter: Debbie Gale/Deborah Parker/Court Smart. (et) (Entered: 08/24/2021) |

| 08/19/2021 | 276 | AMENDED MINUTES held before Judge David O. Carter re: Third Day Jury Trial - Held and Continued 274 . Deborah Parker/Sharon Seffens. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 08/25/2021) |
| --- | --- | --- |
| 08/20/2021 | 271 | MINUTE ORDER by Judge David O. Carter: ORDER. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 08/23/2021) |
| 08/20/2021 | 275 | MINUTES OF Jury Trial - 4th Day Held and Continued before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Case continued to 8/23/2021 09:00 A.M. for further trial/further jury deliberation. The Court DENIES Defendant's Motion for Mistrial. Court Reporter: Debbie Gale/Deborah Parker/Court Smart. (et) (Entered: 08/24/2021) |
| 08/20/2021 | 277 | AMENDED MINUTES held before Judge David O. Carter re: Fourth Day Jury Trial - Held and Continued 275 . SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 08/25/2021) |
| 08/22/2021 | 269 | TRANSCRIPT for proceedings held on 8-19-21 Vol. 2, 1:02 p.m. Court Reporter/Electronic Court Recorder: Sharon Seffens, phone number sseffens@earthlink.net. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 9/13/2021. Redacted Transcript Deadline set for 9/22/2021. Release of Transcript Restriction set for 11/22/2021. (Seffens, Sharon) (Entered: 08/22/2021) |
| 08/22/2021 | 270 | NOTICE OF FILING TRANSCRIPT filed for proceedings 8-19-21 Vol. 2, 1:02 p.m. re Transcript 269 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Seffens, Sharon) TEXT ONLY ENTRY (Entered: 08/22/2021) |
| 08/23/2021 | 272 | NOTICE Defendants' Notice Re Filing Deposition Testimony of Kamshad Raiszadeh, M.D. Presented to Court During August 23, 2021 Trial Proceedings filed by Defendants Brandon Billinger(individually), Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Justin Gunderson(individually), Kevin Pahel(as a peace officer), Chad Renegar(as a peace officer). (Heathcote, Tamara) (Entered: 08/23/2021) |
| 08/23/2021 | 278 | MINUTES OF Jury Trial - 5th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 8/24/2021 at 08:30 AM before Judge David O. Carter. Court Reporter: Debbie Gale / Debbie Hino-Spaan. (twdb) (Entered: 08/25/2021) |
| 08/24/2021 | 273 | MINUTES ORDER GRANTING IN PART DEFENDANTS'MOTION IN LIMINE #8 194 by Judge David O. Carter: Before the Court is Defendants' motion in limine #8 to exclude the testimony of Plaintiff's orthopedic expert ("MIL") (Dkt. 194). Plaintiff opposes (Dkt. 203) and provided supplemental briefing (Dkt. 244). Having considered the briefing andarguments, the Court GRANTS IN PART the MIL. The Application is GRANTED insofar as Defendants are permitted to call Dr. Wagner as an expert witness. (et) (Entered: 08/24/2021) |
| 08/24/2021 | 283 | MINUTES OF Jury Trial - 6th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 8/25/2021 at 08:30 AM before Judge David O. Carter. Court Reporter: Debbie Hino-Spaan, Deborah Parker, Debbie Gale, Court Smart. (twdb) (Entered: 08/27/2021) |
| 08/25/2021 | 279 | TRIAL BRIEF re Questions to Jury-Qualified Immunity filed by Defendant Chad Renegar(as a peace officer), Chad Renegar(individually ).. (Swiss, Christie) (Entered: 08/25/2021) |

| 08/25/2021 | 280 | Questions to Jury on Issue of Qualified Immunity of Deputy Renegar filed by Defendants Chad Renegar, Chad Renegar (Swiss, Christie) (Entered: 08/25/2021) |
|---|---|---|
| 08/25/2021 | 286 | MINUTES OF Jury Trial - 7th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 8/26/2021 at 8:30 AM before Judge David O. Carter. Court Reporters: Sharon Seffens, Deborah Parker, Debbie Gale, Court Smart. (bm) (Entered: 08/30/2021) |
| 08/26/2021 | 289 | MINUTES OF Jury Trial - 8th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to 8/27/2021 at 08:30 AM before Judge David O. Carter. Court Reporter: Sharon Seffens, Deborah Parker, Debbie Gale, Court Smart. (twdb) (Entered: 09/01/2021) |
| 08/27/2021 | 281 | TRIAL BRIEF *re Rule 50 on Excessive Force* filed by Defendant Chad Renegar(as a peace officer), Chad Renegar(individually ).. (Swiss, Christie) (Entered: 08/27/2021) |
| 08/27/2021 | 282 | TRIAL BRIEF *re Rule 50 Motion Regarding Punitive Damages* filed by Defendant Chad Renegar(as a peace officer), Chad Renegar(individually ).. (Swiss, Christie) (Entered: 08/27/2021) |
| 08/27/2021 | 287 | ORDER GRANTING DEFENDANTS' ORAL MOTION FOR JUDGMENT AS A MATTER OF LAW by Judge David O. Carter: For the foregoing reasons, the Court GRANTS Defendants' Motion for Judgment as a Matter of Law on the conspiracy charge against Defendants Deputies Billinger and Gunderson. (see document for further details) (bm) (Entered: 08/30/2021) |
| 08/27/2021 | 290 | MINUTES OF Jury Trial - 9th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Plaintiff(s) rest. Jury Trial continued to 8/31/2021 at 08:30 AM before Judge David O. Carter. Other: The Court GRANTS Defendants' Motion for Judgment as a Matter of Law on the conspiracy charge against Defendant's Deputies Billinger and Gunderson. Court Reporter: Debbie Hino-Spaan, Deborah Parker, Debbie Gale, Court Smart. (twdb) (Entered: 09/01/2021) |
| 08/29/2021 | 284 | PROPOSED JURY INSTRUCTIONS (Annotated Supplemental set) filed by Plaintiff Jeremy Holloway.. (Mkrtchyan, Narine) (Entered: 08/29/2021) |
| 08/30/2021 | 285 | PROPOSED JURY INSTRUCTIONS (Supplemental, Annotated set) filed by Defendants Gonzalez, Pahel, Borba, Gotts, and Renegar Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Justin Gunderson(individually), Justin Gunderson(as a peace officer), Kevin Pahel(as a peace officer), Kevin Pahel(individually).. (Bond, Jonathan) (Entered: 08/30/2021) |
| 08/30/2021 | 288 | PROPOSED JURY INSTRUCTIONS (Supplemental, Annotated, on Probation Status of Plaintiff set) filed by Defendants Gonzalez, Pahel, Borba, Gotts, and Renegar Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually).. (Bond, Jonathan) (Entered: 08/30/2021) |
| 08/31/2021 | 292 | MINUTES OF Jury Trial - 10th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Juror #1 excused by the Court for reasons stated on the record. Jury Trial continued to 9/1/2021 at 08:30 AM before Judge David O. Carter. Court Reporter: Deborah Parker, Debbie Gale. (twdb) (Entered: 09/03/2021) |
| 09/01/2021 | 293 | MINUTES OF Jury Trial - 11th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Jury Trial continued to |

| | | 9/2/2021 at 08:30 AM before Judge David O. Carter. Court Reporter: Deborah Parker, Debbie Gale; Court Smart. (twdb) (Entered: 09/03/2021) |
|---|---|---|
| 09/02/2021 | 291 | TRIAL BRIEF *re Rule 50(a) Motion Regarding Conspiracy to Violate Civil Rights (42 U.S.C. § 1983)* filed by Defendant Chad Renegar(as a peace officer), Chad Renegar(individually ).. (Swiss, Christie) (Entered: 09/02/2021) |
| 09/02/2021 | 294 | MINUTES OF Jury Trial - 12th Day held before Judge David O. Carter: Witnesses called, sworn and testified. Exhibits identified and admitted. Defendant(s) rest. Closing arguments made. Motion for Judgment/Directed Verdict by defendant submitted. SEE DOCUMENT FOR FURTHER INFORMATION. Jury Trial continued to 9/3/2021 at 09:00 AM before Judge David O. Carter. Court Reporter: Debbie Gale / Deborah Parker / Court Smart. (twdb) (Entered: 09/03/2021) |
| 09/03/2021 | 295 | MINUTES OF Jury Trial - 13th Day held before Judge David O. Carter: Jury resumes deliberations. Jury Note #2 received and counsel stipulate to providing copies of the jury instructions. Jury Note #3 received. Jury Note #3 is handled on the record. Jury Trial continued to 9/7/2021 at 09:00 AM before Judge David O. Carter. Court Reporter: Deborah Parker. (twdb) (Entered: 09/07/2021) |
| 09/07/2021 | 296 | MINUTES OF Jury Trial - 14th Day held before Judge David O. Carter: Jury resumes deliberations. Counsel stipulate to the return of exhibits upon the conclusion of trial. Exhibit Release Form prepared and filed. Jury Note #4- Jury remains deadlocked. The Court declares a mistrial. The Court excuses the jury. The case is continued to 9/23/21 at 1:30 PM for a status conference. Court Reporter: Deborah Parker. (twdb) (Entered: 09/10/2021) |
| 09/13/2021 | 297 | Exhibit List (twdb) (Entered: 09/13/2021) |
| 09/13/2021 | 298 | RECEIPT FOR RELEASE OF EXHIBITS to Counsel Upon Verdict/Judgment at Trial; Pursuant to stip of counsel and/or by Order of the Court, all exhibits listed on exhibits list are returned to counsel for respective party(ies). (twdb) (Entered: 09/13/2021) |
| 09/13/2021 | 299 | CONFIRMATION OF EXHIBIT REVIEW AND AUTHORIZATION TO SUBMIT EXHIBITS TO JURY. (twdb) (Entered: 09/13/2021) |
| 09/13/2021 | 300 | JURY INSTRUCTIONS by Judge David O. Carter. (twdb) (Entered: 09/13/2021) |
| 09/13/2021 | 301 | (REDACTED) Jury Notes (twdb) (Entered: 09/13/2021) |
| 09/13/2021 | 302 | JURY NOTES (UNREDACTED) RE REDACTED JURY NOTES 301 (twdb) (Entered: 09/13/2021) |
| 09/13/2021 | 303 | Witness List (twdb) Modified on 9/13/2021 (twdb). (Entered: 09/13/2021) |
| 09/20/2021 | 304 | NOTICE OF MOTION AND MOTION to Appoint Expert , NOTICE OF MOTION AND MOTION to Designate Expert filed by Plaintiff Jeremy Holloway. Motion set for hearing on 10/18/2021 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Exhibit Exhibit A) (Mkrtchyan, Narine) (Entered: 09/20/2021) |
| 09/20/2021 | 305 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: NOTICE OF MOTION AND MOTION to Appoint Expert NOTICE OF MOTION AND MOTION to Designate Expert 304 . The following error(s) was/were found: Proposed Document was not submitted as separate attachment. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 09/20/2021) |

| | | |
|---|---|---|
| 09/22/2021 | 306 | SCHEDULING NOTICE by Judge David O. Carter: The Court ADVANCES the in-person Status Conference to 8:30 AM on September 23, 2021 before Judge David O. Carter. IT IS SO ORDERED. **TIME CHANGE ONLY** THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 09/22/2021) |
| 09/23/2021 | 307 | MINUTES OF STATUS CONFERENCE (Held and Completed) held before Judge David O. Carter: Outside the presence of the court reporter, the Court and counsel confer. The new trial date is set for May 3, 2022 at 8:30 a.m. Pretrial conference is set for March 28, 2022 at 8:30 a.m. Court Reporter: Not Reported. (lc) (Entered: 09/24/2021) |
| 09/27/2021 | 308 | Limited Opposition to Plaintiff Motion for Leave to Designate Late Expert (to ECF 304) Limited Opposition re: NOTICE OF MOTION AND MOTION to Appoint Expert NOTICE OF MOTION AND MOTION to Designate Expert 304 filed by Defendants Mark Borba, Mark Borba, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Kevin Pahel, Kevin Pahel. (Bond, Jonathan) (Entered: 09/27/2021) |
| 10/08/2021 | 309 | MINUTES (IN CHAMBERS) by Judge David O. Carter: Granting 304 Plaintiff's MOTION to Designate Expert. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 10/10/2021) |
| 02/28/2022 | 310 | NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: Qualified Immunity, Failure of Substantial Evidence filed by Defendants Gonzalez, Pahel, Borba, and Gotts Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually). Motion set for hearing on 3/28/2022 at 08:30 AM before Judge David O. Carter. (Bond, Jonathan) (Entered: 02/28/2022) |
| 03/01/2022 | 311 | NOTICE OF LODGING filed re NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: Qualified Immunity, Failure of Substantial Evidence 310 (Attachments: # 1 Proposed Order)(Bond, Jonathan) (Entered: 03/01/2022) |
| 03/01/2022 | 312 | EX PARTE APPLICATION to Continue Pre-Trial Conference from 3/28/22 to 4/19/22 Re: NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: Qualified Immunity, Failure of Substantial Evidence 310 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Proposed Order Proposed Order, # 2 Exhibit A, # 3 Exhibit B) (Mkrtchyan, Narine) (Entered: 03/01/2022) |
| 03/02/2022 | 313 | Opposition re: EX PARTE APPLICATION to Continue Pre-Trial Conference from 3/28/22 to 4/19/22 Re: NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: Qualified Immunity, Failure of Substantial Evidence 310 312 filed by Defendant Chad Renegar. (Attachments: # 1 Declaration of Christie Swiss in Support of Opposition)(Swiss, Christie) (Entered: 03/02/2022) |
| 03/02/2022 | 314 | Opposition to Plaintiff Ex Parte Application Opposition re: EX PARTE APPLICATION to Continue Pre-Trial Conference from 3/28/22 to 4/19/22 Re: NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: Qualified Immunity, Failure of Substantial Evidence 310 312 filed by Defendants Mark Borba, Mark Borba, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Kevin Pahel, Kevin Pahel. (Bond, Jonathan) (Entered: 03/02/2022) |
| 03/04/2022 | 315 | TEXT ONLY ORDER by Judge David O. Carter: The Court is in receipt of Plaintiffs Application to Continue 312 . Despite the late notice, the Court is conscious of a colleague Courts planned trial date. The Court also wishes to combine hearing dates for efficiency. Accordingly, the Court CONTINUES the Final Pre-Trial Conference to April 18, 2022 at 3:00 pm. The Court also CONTINUES the hearing on Defendants Motion for |

| | | |
|---|---|---|
| | | Judgment as a Matter of Law 310 to April 18, 2022 at 3:00 pm. The parties are ORDERED to file amended joint witness and exhibit lists. The parties are also instructed to meet and confer regarding any other pre-trial documents. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 03/04/2022) |
| 03/21/2022 | 316 | [POINTS AND AUTHORITIES, filed as] NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: FRCP 50(a) filed by PLAINTIFF Jeremy Holloway. Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C) (Mkrtchyan, Narine) Modified on 3/22/2022 (twdb) (Entered: 03/21/2022) |
| 03/21/2022 | 317 | NOTICE OF MOTION AND MOTION to VOIR DIRE *FRCP 47* filed by PLAINTIFF Jeremy Holloway. Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B) (Mkrtchyan, Narine) (Entered: 03/21/2022) |
| 03/22/2022 | 318 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: FRCP 50(a) 316 . The following error(s) was/were found: Hearing information is missing, incorrect, or not timely. Incorrect document is attached to the docket entry. Proposed Document was not submitted as separate attachment. Other error(s) with document(s): The document attached is a Memorandum. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 03/22/2022) |
| 03/22/2022 | 319 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: NOTICE OF MOTION AND MOTION to VOIR DIRE *FRCP 47* 317 . The following error(s) was/were found: Hearing information is missing, incorrect, or not timely. Proposed Document was not submitted as separate attachment. Not sure whether this is a motion or a request. Lacking notice of motion. If this is a request no hearing date is necessary. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 03/22/2022) |
| 03/25/2022 | 320 | SCHEDULING NOTICE by Judge David O. Carter re: MOTION to VOIR DIRE *FRCP 47* 317 , MOTION for Judgment as a Matter of Law on the basis of: Qualified Immunity, Failure of Substantial Evidence 310 previously scheduled for 4/18/2022 at 3:00 PM has been rescheduled. Motion Hearings set for 4/18/2022 at 8:30 AM **TIME CHANGE ONLY** before Judge David O. Carter. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (dgo) TEXT ONLY ENTRY (Entered: 03/25/2022) |
| 03/26/2022 | 321 | OPPOSITION Opposition re: NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: Qualified Immunity, Failure of Substantial Evidence 310 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 03/26/2022) |
| 03/28/2022 | 322 | MEMORANDUM of CONTENTIONS of FACT and LAW filed by Defendant Chad Renegar(individually ). (Swiss, Christie) (Entered: 03/28/2022) |
| 03/28/2022 | 323 | Witness List filed by Defendant Chad Renegar(individually ).. (Swiss, Christie) (Entered: 03/28/2022) |
| 03/28/2022 | 324 | Proposed Joint Exhibit List filed by Defendant Chad Renegar(individually ).. (Swiss, |

| | | Christie) (Entered: 03/28/2022) |
|---|---|---|
| 03/28/2022 | 325 | Opposition re: NOTICE OF MOTION AND MOTION to VOIR DIRE *FRCP 47* 317 filed by Defendant Chad Renegar. (Swiss, Christie) (Entered: 03/28/2022) |
| 03/28/2022 | 326 | MEMORANDUM of CONTENTIONS of FACT and LAW filed by Defendants Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer). (Heathcote, Tamara) (Entered: 03/28/2022) |
| 03/28/2022 | 327 | Opposition re: NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: FRCP 50(a) 316 filed by Defendant Chad Renegar. (Attachments: # 1 Objections to Evidence, # 2 Declaration)(Swiss, Christie) (Entered: 03/28/2022) |
| 03/28/2022 | 328 | MEMORANDUM in Opposition to NOTICE OF MOTION AND MOTION to VOIR DIRE *FRCP 47* 317 *with Notice of Joinder and Joinder to Defendant Renegar's Opposition (Dkt # 325)* filed by Defendants Mark Borba, Mark Borba, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Kevin Pahel, Kevin Pahel. (Bond, Jonathan) (Entered: 03/28/2022) |
| 04/04/2022 | 329 | REPLY in Support NOTICE OF MOTION AND MOTION for Judgment as a Matter of Law on the basis of: Qualified Immunity, Failure of Substantial Evidence 310 *Declaration of S. Frank Harrell in support* filed by Defendants Mark Borba, Mark Borba, Joel Gonzalez, Joel Gonzalez, Jameson Gotts, Jameson Gotts, Kevin Pahel, Kevin Pahel. (Attachments: # 1 Exhibit A - Trial Exhibit 222)(Bond, Jonathan) (Entered: 04/04/2022) |
| 04/07/2022 | 330 | NOTICE OF LODGING Proposed Pretrial Conference Order Plaintiff Jeremy Holloway. (Attachments: # 1 Proposed Order Final Pre-Trial Conference Order)(Mkrtchyan, Narine) (Entered: 04/07/2022) |
| 04/07/2022 | 331 | MEMORANDUM of CONTENTIONS of FACT and LAW filed by PLAINTIFF Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/07/2022) |
| 04/07/2022 | 332 | NOTICE OF MOTION AND MOTION IN LIMINE #1 to Exclude Plaintiff's criminal record history filed by PLAINTIFF Jeremy Holloway. Motion set for hearing on 4/18/2022 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Mkrtchyan, Narine) (Entered: 04/07/2022) |
| 04/07/2022 | 333 | NOTICE OF MOTION AND MOTION IN LIMINE #4 to Exclude Evidence, Argument, or Reference to the Criminal Matter People v. Chad Renegar Case No 21CF0438 filed by Defendant Chad Renegar(individually ). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Declaration, # 2 Supplement, # 3 Proposed Order)(Swiss, Christie) (Entered: 04/07/2022) |
| 04/07/2022 | 334 | NOTICE OF MOTION AND Joint MOTION IN LIMINE #8 to Exclude Any News or Media Regarding the Incident, Other Use of Force Incidents, or the Orange County Sheriff's Department filed by Defendants Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(individually), Kevin Pahel(individually), Chad Renegar(individually ). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Declaration, # 2 Proposed Order)(Swiss, Christie) (Entered: 04/07/2022) |
| 04/07/2022 | 335 | NOTICE OF MOTION AND Joint MOTION IN LIMINE #9 to Exclude Any Reference to the Fact there was a Previous Trial in this Matter filed by Defendants Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(individually), Kevin Pahel(individually), Chad Renegar(individually ). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Declaration, # 2 Proposed Order)(Swiss, Christie) (Entered: 04/07/2022) |

| 04/07/2022 | 336 | NOTICE OF MOTION AND Joint MOTION IN LIMINE #10 to Preclude Any Discussion Regarding Plaintiff's Purported Homelessness at Trial filed by Defendants Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(individually), Kevin Pahel(individually), Chad Renegar(individually ). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Declaration, # 2 Proposed Order)(Swiss, Christie) (Entered: 04/07/2022) |
|---|---|---|
| 04/07/2022 | 337 | NOTICE OF MOTION AND MOTION IN LIMINE #18 to Exclude Evidence, Argument, or Reference to Deputy Renegar's Personnel Records or Other Use of Force Incidents filed by Defendant Chad Renegar(individually ). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Declaration, # 2 Proposed Order)(Swiss, Christie) (Entered: 04/07/2022) |
| 04/07/2022 | 338 | NOTICE OF MOTION AND Joint MOTION IN LIMINE #2 to Exclude EXCLUDE REFERENCES TO OR EVIDENCE OF DEFENDANT DEPUTIES PERSONNEL RECORDS OR OTHER BAD ACTS EVIDENCE ; *DECLARATION IN SUPPORT* filed by Defendants Deputy Joel Gonzalez, Deputy Kevin Pahel, Deputy Mark Borba, and Deputy Jameson Gotts Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter.(Heathcote, Tamara) (Entered: 04/07/2022) |
| 04/07/2022 | 339 | NOTICE OF MOTION AND Joint MOTION IN LIMINE #3 to Exclude TO EXCLUDE REFERENCE TO AND EVIDENCE OF THE DEFENDANTS DEPUTIES OTHER USES OF FORCE ; *DECLARATION OF TAMARA M. HEATHCOTE; EXHIBITS* filed by Defendants Deputy Joel Gonzalez, Deputy Kevin Pahel, Deputy Mark Borba, and Deputy Jameson Gotts Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter.(Heathcote, Tamara) (Entered: 04/07/2022) |
| 04/07/2022 | 340 | NOTICE OF MOTION AND Joint MOTION IN LIMINE #5 to Exclude TO EXCLUDE EVIDENCE, ARGUMENT, OR TESTIMONY REGARDING PLAINTIFFS ALLEGED EXPERIENCES IN ORANGE COUNTY JAIL ; *DECLARATION OF TAMARA M. HEATHCOTE; EXHIBITS* filed by Defendants Deputy Joel Gonzalez, Deputy Kevin Pahel, Deputy Mark Borba, and Deputy Jameson Gotts Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Heathcote, Tamara) (Entered: 04/07/2022) |
| 04/07/2022 | 341 | NOTICE OF MOTION AND Joint MOTION IN LIMINE #6 to Preclude TO PRECLUDE INFLAMMATORY PHOTOGRAPHS, INCLUDING PHOTOGRAPHS OF PLAINTIFFS INJURIES THAT ARE PREJUDICIAL AND LACK PROBABTIVE VALUE ; *DECLARATION OF TAMARA M. HEATHCOTE; EXHIBITS* filed by Defendants Deputy Joel Gonzalez, Deputy Kevin Pahel, Deputy Mark Borba, and Deputy Jameson Gotts Mark Borba(individually), Joel Gonzalez(individually), Jameson Gotts(as a peace officer), Kevin Pahel(as a peace officer). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Exhibit MIL #6 Exhibit A (1) Pictures, # 2 Exhibit MIL #6 Exhibit A (2) Pictures, # 3 Exhibit MIL #6 Ex. B Holloway M&C re MILs)(Heathcote, Tamara) (Entered: 04/07/2022) |
| 04/07/2022 | 342 | NOTICE OF MOTION AND MOTION IN LIMINE (#7) to Bar Testimony, Evidence, Argument re "Negligent Investigation" filed by Defendants Gonzalez, Pahel, Borba, and Gotts, with Renegar Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin |

| | | |
|---|---|---|
| | | Pahel(individually). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Bond, Jonathan) (Entered: 04/07/2022) |
| 04/07/2022 | 343 | NOTICE OF MOTION AND MOTION IN LIMINE (#12) to Exclude Testimony, evidence, and argument that Plaintiff was "Unlawfully Arrested" filed by Defendants Gonzalez, Pahel, Borba, Gotts, and Renegar Mark Borba(as a peace officer), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Exhibit A)(Bond, Jonathan) (Entered: 04/07/2022) |
| 04/07/2022 | 344 | NOTICE OF MOTION AND MOTION IN LIMINE (#14) to Exclude Evidence, argument, or testimony re: Indemnity or Hearsay Comments by Walters filed by Defendants Gonzalez, Pahel, Borba, Gotts, and Renegar Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Exhibit A)(Bond, Jonathan) (Entered: 04/07/2022) |
| 04/07/2022 | 345 | NOTICE OF MOTION AND MOTION IN LIMINE (#16) to Admit Evidence, Testimony, Argument re: Plaintiff's Alternative Stressors filed by Defendants Gonzalez, Pahel, Borba, Gotts, and Renegar Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Bond, Jonathan) (Entered: 04/07/2022) |
| 04/07/2022 | 346 | NOTICE OF MOTION AND MOTION IN LIMINE (#17) to Prevent Argument, Suggestion, etc. of a "David v. Goliath" circumstance, and similar comments filed by Defendants Gonzalez, Pahel, Borba, Gotts, and Renegar Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin Pahel(individually). Motion set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Exhibit A)(Bond, Jonathan) (Entered: 04/07/2022) |
| 04/11/2022 | 347 | OPPOSITION Opposition re: Joint MOTION IN LIMINE #6 to Preclude TO PRECLUDE INFLAMMATORY PHOTOGRAPHS, INCLUDING PHOTOGRAPHS OF PLAINTIFFS INJURIES THAT ARE PREJUDICIAL AND LACK PROBABTIVE VALUE ; DECLARATION OF TAMARA M. HEATHCOTE; EXHIBITS 341 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Mkrtchyan, Narine) (Entered: 04/11/2022) |
| 04/11/2022 | 348 | OPPOSITION Opposition re: MOTION IN LIMINE #4 to Exclude Evidence, Argument, or Reference to the Criminal Matter People v. Chad Renegar Case No 21CF0438 333 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B)(Mkrtchyan, Narine) (Entered: 04/11/2022) |
| 04/11/2022 | 349 | OPPOSITION Opposition re: MOTION IN LIMINE #18 to Exclude Evidence, Argument, or Reference to Deputy Renegar's Personnel Records or Other Use of Force Incidents 337 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration |

| | | Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A)(Mkrtchyan, Narine) (Entered: 04/11/2022) |
|---|---|---|
| 04/11/2022 | 350 | OPPOSITION Opposition re: MOTION IN LIMINE (#12) to Exclude Testimony, evidence, and argument that Plaintiff was "Unlawfully Arrested" 343 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A)(Mkrtchyan, Narine) (Entered: 04/11/2022) |
| 04/11/2022 | 351 | OPPOSITION Opposition re: MOTION IN LIMINE (#3) to Exclude Reference to and Evidence of the Defendant Deputies' Other Uses of Force 189 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/11/2022) |
| 04/11/2022 | 352 | OPPOSITION Opposition re: MOTION IN LIMINE (#17) to Prevent Argument, Suggestion, etc. of a "David v. Goliath" circumstance, and similar comments 346 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/11/2022) |
| 04/11/2022 | 353 | OPPOSITION Opposition re: Joint MOTION IN LIMINE #10 to Preclude Any Discussion Regarding Plaintiff's Purported Homelessness at Trial 336 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/11/2022) |
| 04/11/2022 | 354 | OPPOSITION Opposition re: MOTION IN LIMINE (#7) to Bar Testimony, Evidence, Argument re "Negligent Investigation" 342 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/11/2022) |
| 04/11/2022 | 355 | OPPOSITION Opposition re: Joint MOTION IN LIMINE #8 to Exclude Any News or Media Regarding the Incident, Other Use of Force Incidents, or the Orange County Sheriff's Department 334 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/11/2022) |
| 04/11/2022 | 356 | OPPOSITION Opposition re: MOTION IN LIMINE (#14) to Exclude Evidence, argument, or testimony re: Indemnity or Hearsay Comments by Walters 344 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/11/2022) |
| 04/11/2022 | 357 | OPPOSITION Opposition re: Joint MOTION IN LIMINE #2 to Exclude EXCLUDE REFERENCES TO OR EVIDENCE OF DEFENDANT DEPUTIES PERSONNEL RECORDS OR OTHER BAD ACTS EVIDENCE ; DECLARATION IN SUPPORT 338 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/11/2022) |
| 04/11/2022 | 358 | OPPOSITION Opposition re: Joint MOTION IN LIMINE #5 to Exclude TO EXCLUDE EVIDENCE, ARGUMENT, OR TESTIMONY REGARDING PLAINTIFFS ALLEGED EXPERIENCES IN ORANGE COUNTY JAIL ; DECLARATION OF TAMARA M. HEATHCOTE; EXHIBITS 340 filed by Plaintiff Jeremy Holloway. (Mkrtchyan, Narine) (Entered: 04/11/2022) |
| 04/11/2022 | 359 | OPPOSITION Opposition re: MOTION IN LIMINE (#16) to Admit Evidence, Testimony, Argument re: Plaintiff's Alternative Stressors 345 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Mkrtchyan, Narine) (Entered: 04/11/2022) |
| 04/11/2022 | 360 | Joint Opposition re: MOTION IN LIMINE #1 to Exclude Plaintiff's criminal record history 332 filed by Defendant Chad Renegar. (Attachments: # 1 Declaration of Courtney Orliss in Support of Opposition)(Swiss, Christie) (Entered: 04/11/2022) |
| 04/12/2022 | 361 | REQUEST for Leave of Tamara M. Heathcote, Esq. to Appear for Remote (Zoom) non-lead trial counsel (Lead Trial Counsel will Attend in Person) filed by Defendants Gonzalez, Pahel, Borba, and Gotts Mark Borba(individually), Mark Borba(as a peace officer), Joel Gonzalez(individually), Joel Gonzalez(a peace officer), Jameson Gotts(as a peace officer), Jameson Gotts(individually), Kevin Pahel(as a peace officer), Kevin |

| | | Pahel(individually). Request set for hearing on 4/18/2022 at 03:00 PM before Judge David O. Carter. (Attachments: # 1 Proposed Order Proposed Order Approving Zoom for Non-Lead Counsel) (Bond, Jonathan) (Entered: 04/12/2022) |
|---|---|---|
| 04/13/2022 | 362 | NOTICE OF MOTION AND MOTION for Sanctions FRCP 37 *for failure to disclose material evidence- booking photograph* filed by PLAINTIFF Jeremy Holloway. Motion set for hearing on 4/18/2022 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Proposed Order Proposed Order) (Mkrtchyan, Narine) (Entered: 04/13/2022) |
| 04/13/2022 | 363 | MINUTE ORDER (IN CHAMBERS): ORDER CONTINUING TRIAL, FINAL PRETRIAL CONFERENCE, AND MOTIONS [310, 316, 317, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346 by Judge David O. Carter. The trial in this matter is therefore CONTINUED to Tuesday, July 26, 2022. The Final Pretrial Conference is CONTINUED to Tuesday, June 28, 2022, at 8:30 am. The three outstanding motions (Dkts. 310, 316, 317), and all motions in limine (Dkts. 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346), are also CONTINUED to June 28, 2022 at 8:30 am. The Court DENIES AS MOOT the request for remote appearance (Dkt. 361). (lom) (Entered: 04/13/2022) |
| 04/14/2022 | 364 | SCHEDULING NOTICE by Judge David O. Carter: Plaintiff's MOTION for Sanctions FRCP 37 *for failure to disclose material evidence- booking photograph* 362 Motion hearing is reset for hearing on 6/28/2022 at 08:30 AM before Judge David O. Carter. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (kdu) TEXT ONLY ENTRY (Entered: 04/14/2022) |
| 04/21/2022 | 365 | APPLICATION to Enforce Trial Subpoenas Properly Served for the Rescheduled Trial date filed by PLAINTIFF Jeremy Holloway. (Attachments: # 1 Proposed Order Proposed Order) (Mkrtchyan, Narine) (Entered: 04/21/2022) |
| 04/22/2022 | 366 | ORDER by Judge David O. Carter: Granting 365 APPLICATION Regarding Trial Subpoenas. SEE DOCUMENT FOR FURTHER INFORMATION. (twdb) (Entered: 04/25/2022) |
| 05/16/2022 | 367 | NOTICE OF MOTION AND MOTION to Continue TRIAL from July 26, 2022 to a date that is convenient to this Court and all parties, filed by Defendant Chad Renegar(as a peace officer). Motion set for hearing on 6/13/2022 at 08:30 AM before Judge David O. Carter. (Attachments: # 1 Declaration OF CHRISTIE B. SWISS IN SUPPORT OF MOTION TO CONTINUE TRIAL, # 2 Declaration OF MICHAEL L. WRONIAK IN SUPPORT OF MOTION TO CONTINUE TRIAL, # 3 Declaration OF COUNSEL FOR DEFENDANTS PAHEL, GONZALEZ, BORBA, AND GOTTS' RE: TRIAL CONTINUANCE, # 4 Proposed Order GRANTING DEFENDANT DEPUTY CHAD RENEGARS MOTION TO CONTINUE TRIAL DATE) (Swiss, Christie) (Entered: 05/16/2022) |
| 05/16/2022 | 368 | SCHEDULING NOTICE by Judge David O. Carter: Defendant's MOTION to Continue TRIAL from July 26, 2022 to a date that is convenient to this Court and all parties 367 has been rescheduled to June 28, 2022 at 8:30 a.m. before Judge David O. Carter. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (dca) TEXT ONLY ENTRY (Entered: 05/16/2022) |
| 05/18/2022 | 369 | OPPOSITION Opposition re: NOTICE OF MOTION AND MOTION to Continue TRIAL from July 26, 2022 to a date that is convenient to this Court and all parties, 367 filed by Plaintiff Jeremy Holloway. (Attachments: # 1 Declaration Declaration of Counsel Narine Mkrtchyan, # 2 Exhibit A)(Mkrtchyan, Narine) (Entered: 05/18/2022) |

| 05/25/2022 | [370](#) | MINUTE (IN CHAMBERS) ORDER RE: MOTION TO CONTINUE TRIAL [367](#) by Judge David O. Carter. The Court ORDERS all parties to meet and confer and submit a list of trial dates between July 26, 2022 and December 1, 2022 suitable for all parties. The submission shall be filed by Friday, June 3, 2022 at 4:00 pm. (iv) (Entered: 05/26/2022) |
| --- | --- | --- |
| 06/03/2022 | [371](#) | STATUS REPORT *trial scheduling* filed by Plaintiff Jeremy Holloway. (Attachments: # [1](#) Exhibit A)(Mkrtchyan, Narine) (Entered: 06/03/2022) |
| 06/03/2022 | [372](#) | OBJECTIONS to Status Report [371](#) *and Status Report re Compliance with Court Order on Trial Availability* filed by Defendant Chad Renegar. (Swiss, Christie) (Entered: 06/03/2022) |
| 06/07/2022 | [373](#) | Opposition re: NOTICE OF MOTION AND MOTION for Sanctions FRCP 37 *for failure to disclose material evidence- booking photograph* [362](#) filed by Defendant Chad Renegar. (Swiss, Christie) (Entered: 06/07/2022) |
| 06/07/2022 | [374](#) | OPPOSITION to NOTICE OF MOTION AND MOTION for Sanctions FRCP 37 *for failure to disclose material evidence- booking photograph* [362](#) filed by Defendants Mark Borba, Joel Gonzalez, Jameson Gotts, Kevin Pahel. (Heathcote, Tamara) (Entered: 06/07/2022) |
| 06/09/2022 | [375](#) | REPLY Support of NOTICE OF MOTION AND MOTION for Sanctions FRCP 37 *for failure to disclose material evidence- booking photograph* [362](#) filed by Plaintiff Jeremy Holloway. (Attachments: # [1](#) Declaration Declaration of Counsel Narine Mkrtchyan, # [2](#) Exhibit H)(Mkrtchyan, Narine) (Entered: 06/09/2022) |
| 06/13/2022 | [376](#) | MINUTES (IN CHAMBERS) by Judge David O. Carter: ORDER GRANTING MOTION TO CONTINUE TRIAL [367](#) AND CONTINUING TRIAL AND ASSOCIATED DATES [310, 316, 317, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 362]. Accordingly, the Court CONTINUES the trial in this matter to Tuesday, December 6, 2022. SEE DOCUMENT FOR FURTHER INFORMATION. Motion hearing continued to 11/8/2022 at 08:30 AM before Judge David O. Carter. Final Pretrial Conference continued to 11/8/2022 at 08:30 AM before Judge David O. Carter. Jury Trial continued to 12/6/2022 at 08:30 AM before Judge David O. Carter. (twdb) (Entered: 06/14/2022) |
| 06/16/2022 | [377](#) | NOTICE OF MOTION AND MOTION to Disqualify Judge David O. Carter filed by PLAINTIFF Jeremy Holloway. Motion set for hearing on 7/18/2022 at 08:30 AM before Judge David O. Carter. (Attachments: # [1](#) Declaration Declaration of Counsel Narine Mkrtchyan, # [2](#) Exhibit A) (Mkrtchyan, Narine) (Entered: 06/16/2022) |
| 06/17/2022 | [378](#) | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: NOTICE OF MOTION AND MOTION to Disqualify Judge David O. Carter [377](#) . The following error(s) was/were found: Proposed Document was not submitted as separate attachment. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (twdb) (Entered: 06/17/2022) |
| 06/27/2022 | [379](#) | Opposition re: NOTICE OF MOTION AND MOTION to Disqualify Judge David O. Carter [377](#) filed by Defendant Chad Renegar. (Wroniak, Michael) (Entered: 06/27/2022) |

**PACER Service Center**

**Transaction Receipt**

6/27/22, 5:42 PM Case 8:19-cv-01514-DOC-DFM Document 380 - California Central District Filed 06/27/22 Page 69 of 171 Page ID #:12206

06/27/2022 17:41:07

| PACER Login: | theathcote193312 | Client Code: | Holloway |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 8:19-cv-01514-DOC-DFM End date: 6/27/2022 |
| Billable Pages: | 30 | Cost: | 3.00 |

EXHIBIT B

1  **MKRTCHYAN LAW**
2  Narine Mkrtchyan, Esq. (SBN 243269)
   1010 North Central Avenue, Suite 204
3  Glendale, CA 91202
   Telephone No. (818) 338-7022
4  Web:  www.narinelaw.com
   Email: narine57@gmail.com
5
6  Attorney for Jeremy Holloway
7
8  ### UNITED STATES DISTRICT COURT
   ### CENTRAL DISTRICT OF CALIFORNIA
9
| JEREMY HOLLOWAY, | Case No. 8:19-cv-01514-DOC-DFM |
|---|---|
| Plaintiff, | **EX PARTE APPLICATION AND PROPOSED ORDER FOR RESUMPTION OF DEPOSITION OF OFFICER CHAD RENEGAR AND TO COMPEL DEPOSITIONS OF DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF NARINE MKRTCHYAN** |
| vs. | |
| COUNTY OF ORANGE, DEPUTY CHAD RENEGAR, individually and as a peace officer, DEPUTY JOEL GONZALEZ, individually and as a peace officer, DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY BRANDON BILLINGER, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS individually and as a peace officer, DEPUTY JUSTIN GUNDERSON, individually and as a peace officer, and DOES 7-10. | |
| | **DCO: August 31, 2020** |
| Defendants | |

Plaintiff Jeremy Holloway, through counsel of record, Narine Mkrtchyan hereby seeks an *ex parte* Order to compel the attendance of Defendant Chad Renegar for deposition which was commenced July 7, 2020 pursuant to notice on

June 26, 2020 and cancelled unilaterally by defense on the grounds detailed in the appended declaration of Narine Mkrtchyan counsel supported with a memorandum of points and authorities.

Plaintiff further requests Court orders attendance of Defendants for their properly noticed scheduled depositions on July 9, 13, 14, 16, 20, 21, 23, August 3.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Rule 26(b)(1) permits discovery in civil actions of "any matter, not privileged, that is relevant to the claim or defense of any party...." Fed.R.Civ.P. 26(b)(1). " 'Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute.' " Moon v. SCP Pool Corp., 232 F.R.D. 633, 636 (C.D.Cal.2005) (quoting Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D.Cal.1998)). "Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D.Cal.1998).

Rule 30 governs counsel's behavior during a deposition. In particular, Rule 30(c) provides that:

> The examination and cross-examination of a deponent proceed[s] as they would at trial ... An objection at the time of examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds....

Fed.R.Civ.P. 30(c)(1) & (2).

Rule 30(d)(3)(A) provides that, on motion of a party or deponent:

> [A]t any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

Rule 30(d)(3) "is the only authority allowing the interruption of a deposition." Biovail Laboratories, Inc. v. Anchen Pharmaceuticals, Inc., 233 F.R.D. 648 (C.D.Cal.2006) (citing, Perrignon v. Bergen Brunswig Corp., 77 F.R.D. 455, 460–61 n. 4 (N.D.Cal.1978)). "To obtain a protective order under Rule [30(d)(3)], 'the moving party must show that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the witness or party. Unless a sufficient showing of these grounds are made the motion will be denied.'" Biovail Laboratories, Inc. v. Anchen Pharmaceuticals, Inc., 233 F.R.D. 648 (C.D.Cal.2006) (citing, Hearst/ABC–Viacom Entertainment Servs. v. Goodway Marketing, Inc., 145 F.R.D. 59, 62 (E.D.Pa.1992)). See also ACF Western USA v. Travelers Casualty 2012 WL 5838865, No. CV 12–0182–BAM, Not currently reported in F. Supp.2d.

> ... [A]n application to terminate must be made to the court. Hearst/ABC–Viacom Entertainment Servs., 145 F.R.D. at 62; see also In re Omeprazole Patent Litigation, 227 F.R.D. 227, 230 (S.D.N.Y.2005) ("It is not the prerogative of counsel, but of the court, to rule on objections.... [I]f the plaintiff's attorney believed that the examination was being conducted in bad faith ... or that the deponents were being needlessly annoyed, embarrassed, or oppressed, he should have halted the examination and applied immediately to the ex parte judge for a ruling on the questions, or for a protective order, pursuant to Rule 30(d)." (citation omitted)).

ACF Western USA v. Travelers Casualty, *supra*, 2012 WL 5838865.

The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed.R.Civ.P. 30(d)(2); See also, Biovail Laboratories, Inc., 233 F.R.D. 648 (C.D.Cal.2006) (awarding monetary sanctions when the offending party became disruptive and caused the deponent's deposition to end abruptly). Rule 37(a)(5) applies to an award of expenses under Rule 30(d). Fed.R.Civ.P. 30(d)(3)(c). Phinney v. Paulshock, 181 F.R.D. 185, 206 n. 49 (D.N.H.1998), affirmed by, Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir.1999); ARP v. Amezaga, 195 B.R. 221, 228-29 (Bankr.D.P.R.1996).

> The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 (concerning court rulings on evidence) and 605 (concerning sequestration of witnesses). Fed.R.Civ.P. 30(c)(1). Objections at the time of the examination, whether to evidence, a party's conduct, the officer's qualifications, the manner of taking the deposition, or to any other aspect of the deposition, must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. Fed.R.Civ.P. 30(c)(2). The rule expressly provides:
>
> An objection must be stated concisely in a non-argumentative and non-suggestive manner.
>
> Rule 30(c)(2) permits counsel to "instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."

These rules were commented upon in In re Stratosphere Corp. Securities Litigation, 182 F.R.D. 614, 618–19 (D.Nev.1998):

It is usually not necessary to make an objection based upon irrelevancy. 8A Wright, Miller & Marcus, Federal Practice and Procedure § 2113 (1994). Federal Rule of Civil Procedure 32(d)(3) provides: "Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition unless the ground of the objection is one which might have been obviated or removed if presented at that time." It is difficult to conceive of the likelihood that a question which calls for irrelevant information can be "cured" by restating the question, unless the question is changed to ask for relevant (i.e., different) information. Accordingly, it would be rare that an irrelevant question could be cured. Thus, the objecting party may wait until trial (or just prior to trial) to make the objection when, and if, the deposition testimony is offered into evidence...

It is only necessary to object at a deposition where the "form" of the question (not the nature of the question) is objectionable and a "seasonable" objection would provide an opportunity to correct the form.

If irrelevant questions are asked, the proper procedure is to answer the questions, noting them for resolution at pretrial or trial. W.R. Grace & Co. v. Pullman, Inc., 74 F.R.D. 80 (D.C.Okl.1977); Drew v. International Bhd. of Sulphite & Paper Mill Workers, 37 F.R.D. 446 (D.D.C.1965). Where there are questions during a deposition which are objectionable, "the examination shall proceed, with the testimony being taken subject to the objections."Fed.R.Civ.P. 30(c). A party may object to an irrelevant line of question, but instructing a witness not to answer a question because it calls for inadmissible facts is sanctionable. Boyd v. University of Maryland Medical System, 173 F.R.D. 143, 144, 149 (D.Md.1997). However, counsel should avoid the prohibited practice of engaging in so-called Rambo tactics where counsel attacks or objects to every question posed, thus interfering with, or even preventing, the elicitation of any meaningful testimony and disrupting the orderly flow of the deposition. American Directory Service Agency, Inc. v. Beam, 131 F.R.D. 15, 18–19 (D.C.D.C.1990).

BNSF Ry Co. V. San Joaquin Valley Co., 2009 WL 3872043, No. 1:08–cv–01086–AWI–SMS (where the Court sanctioned the attorney for making frequent and frivolous objections, interrupting and unnecessarily prolonging the deposition.)

Dated: July 8, 2020

Respectfully submitted,

**MKRTCHYAN LAW**

By: _____/s/Narine Mkrtchyan_____
          **NARINE MKRTCHYAN**
Attorney for Plaintiff Jeremy Holloway

## **DECLARATION OF NARINE MKRTCHYAN**

1. I am Plaintiff's counsel in this matter. The facts stated herein are personally known to me of firsthand knowledge, except where alleged on information and belief, and if called as a witness I would competently testify thereto.

2. After accommodating the defense schedule and requests to reschedule, Plaintiff has scheduled the depositions of Defendants and party witnesses on July 7, 9, 13, 14, 16, 20, 21, 23, August 3. **See Exhibit A**. Despite travel restrictions, Plaintiff has also agreed to travel from Pennsylvania where he resides for his in-person deposition in August.

3. In light of the Covid 19 restrictions, I have had major difficulties in obtaining a large enough conference room with a court reporter to accommodate in-person depositions.

4. On July 7, the first deposition of Defendant Chad Renegar began in Glendale at 9:00 am.

5. Very early on, the defense counsel representing Defendant Renegar, Tamara Heathcote, began interfering with the deposition, objecting to the form of questions, displaying disdain and disrespect towards Plaintiff's counsel questioning style, and encouraging the witness not to respond to direct questions, but provide evasive responses. The upshot of her conduct

was to actively coach her witness what questions to answer, and how to answer them. She would display outright criticism of my questioning of the witness and impeachment tactics, when I have been a criminal defense/civil rights trial attorney cross-examining police officers at various proceedings for over 14 years. Needless to say, her objections were not supported by the Evidence Code.

6. I believe the defense counsel was clearly unhappy to be present at the deposition due to her earlier medical condition when she had asked to reschedule the deposition. I had accommodated her earlier request to reschedule.

7. When I objected to this interruption, the defense counsel threatened to stop the deposition and walk out with her client. On multiple occasions the defense counsel took the liberty of taking breaks with her client, giving cues to her client that the deposition was not a serious proceeding and he could take a restroom break unilaterally whenever he wanted, unceremoniously interrupting the flow of questions. The defense counsel would interrupt the deposition by taking phone calls or asking for a restroom break separate from her client.

8. I called in the clerk asking for Magistrate's interference and also emailed the chambers. Due to the time constraints, when the clerk called me, I

tried to resolve the issues and not to interrupt the flow of the deposition, although things were going far from smoothly.

9. By disdainful and arrogant attitude, Defendant Renegar was refusing to provide direct answers to direct questions, and was encouraged to engage in such behavior by his counsel who was similarly disrespectful and disparaging to me. This prolonged and disrupted the deposition, which had by now turned into a power game of sorts to defense and Officer Renegar who kept arguing with me, speaking over me and even making sarcastic comments.

10. On several occasions I was pushed to the edge, and insisted the witness provide direct answers instead of evasive responses. The witness was demonstrating direct disregard for the proceeding and to me as a questioner. At last, I used the rare f-word in referencing the police report, which was taken as an affront by the defense who unceremoniously interrupted the deposition and walked out with the Defendant by stating on the record that the reason she was cancelling the deposition was that I used the f-word in describing the police report.

11. The deposition was terminated unilaterally by the defense counsel at around 4:12, when we had at least two more hours to go. We had taken multiple breaks during the day.

12. On July 8, 2020 the defense emailed me telling me that she was also cancelling the deposition of Joel Gonzalez, scheduled for July 9. She had the stamina to accuse me of lack of civility when her and her client's behavior throughout the deposition was nothing else but to obstruct the entire proceeding.

13. I have asked for a rough draft of the transcript from the court reporter and will be producing it to the Court when it is prepared. The court reporter told me due to her schedule she could not produce a rough draft earlier than in 10 days.

14. Reconvening this deposition will cost Plaintiff additional court reporting agency fees in the amount of at least $1000 costing the entire two-session deposition at least $2,000. A certificate of non-appearance by the court reporting agency costs about $125 each time a deposition is unilaterally cancelled. Not to mention the waste of my time to prepare and appear at a deposition and to reschedule it again. I request appropriate sanctions for this conduct including attorney's fees.

15. I requested the Court informal interference but given the current tight schedule with depositions, I am compelled to file this *ex parte* application to resume the Deposition of Chad Renegar and to compel depositions of the rest of the Defendants.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this July 8, 2020, at Glendale, CA

/s/ Narine Mkrtchyan

Attorney for Plaintiff

# EXHIBIT A

**MKRTCHYAN LAW**
Narine Mkrtchyan, Esq. (SBN 243269)
1010 North Central Avenue, Suite 204
Glendale, CA 91202
Telephone No. (818) 338-7022
Web:  www.narinelaw.com
Email: narine57@gmail.com

Attorney for Jeremy Holloway

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY HOLLOWAY, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF ORANGE, DEPUTY CHAD RENEGAR, individually and as a peace officer, DEPUTY JOEL GONZALEZ, individually and as a peace officer, DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY BRANDON BILLINGER, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS individually and as a peace officer, DEPUTY JUSTIN GUNDERSON, individually and as a peace officer, and DOES 7-10. <br><br> Defendants | Case No. 8:19-cv-01514-DOC-DFM <br><br> ***AMENDED* NOTICE OF DEPOSITION OF OFFICER CHAD RENEGAR** <br><br> NOTICE THAT THE DEPOSITION WILL BE VIDEO-TAPED <br><br> NOTICE THAT PLAINTIFF RESERVES THE RIGHT TO USE THE VIDEOTAPE AT TRIAL <br><br> (Fed. R. Civ. P., Rule 30(b)(1)) <br><br> Date:  July 7 2020 <br> Time: 9 a.m. <br> Place: 450 North Brand Boulevard Suite 600 Glendale, CA 91203 |

//

//

1

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD

HEREIN:

PLEASE TAKE NOTICE that plaintiff JEREMY HOLLOWAY will take

the deposition of witness OFFICER CHAD RENEGAR on the date, hour, location

as indicated below:

**DEPONENT:       CHAD RENEGAR**

**DATE:              JULY 7, 2020**

**TIME:              9 a.m.**


PLEASE TAKE NOTICE that said witness is requested to produce for

inspection and copying at his deposition the following documents:

1.  All documents (reports, booking records, etc.) reviewed by Chad Renegar

    for the preparation of this deposition.

Plaintiff will videotape the deposition and reserves the right to use the

videotape(s) at the time of trial.

The deposition will be taken at 450 North Brand Boulevard

Suite 600 Glendale, CA 91203.

PLEASE TAKE FURTHER NOTICE that if the assistance of an interpreter

is needed, counsel representing the party to be deposed is requested to advise the

noticing party immediately upon receipt of this document.  Otherwise, the noticed

deposition shall be conducted in English.

Said deposition will be taken under the provisions of <u>Federal Rule of Civil Procedure</u>, Rule 30 and is based on the records and files in the above-entitled action.

The deposition will be taken before a notary public or other person authorized by law to administer oaths, by stenographic means and also by audio and video means and will continue from day to day, except for Sundays and holidays, until completed. *See* Fed.R.Civ.P. 30(b)(3). The additional recording will be made using a video camera operated by the undersigned. *See Rice's Toyota World, Inc. v. Southeast Toyota Distributors, Inc.,* 114.F.R.D. 647, 651 (M.D.N.C. 1987); *Ott v. The Stip Law Firm*, 169 F.R.D. 380, 381 (E.D. Okla. 1996).

Dated: June 25, 2020

Respectfully submitted,

**MKRTCHYAN LAW**

By: _____/s/Narine Mkrtchyan_____
             **NARINE MKRTCHYAN**
Attorney for Plaintiff Jeremy Holloway

## **PROOF OF SERVICE**

### **JEREMY HOLLOWAY v. COUNTY OF ORANGE, et al.**

STATE OF CALIFORNIA COUNTY OF ORANGE

I am employed in the aforesaid county, State of California; I am over eighteen years of age and not a party to the within action; my business address is 1010 North Central Avenue, Suite 204, Glendale, CA 91202.

On June 26, 2020, I served the foregoing **NOTICE OF DEPOSITION OF OFFICER RENEGAR** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope addressed as follows:

Tamara Heathcote
LYNBERG & WATKINS
1100 W. Town & Country Road, Suite 1450
Orange, CA 92868

_XX_  By ELECTRONIC MAIL

____  BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

____  BY PERSONAL SERVICE: I caused to be delivered such document(s) by hand to the person(s) stated above.

____  BY TELECOPIER: In addition to the above service by mail or hand delivery, I caused said document(s) to be transmitted by telecopier to the addressee(s).

_XX_  (Federal/State) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 26, 2020, at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Narine Mkrtchyan

**MKRTCHYAN LAW**
Narine Mkrtchyan, Esq. (SBN 243269)
1010 North Central Avenue, Suite 204
Glendale, CA 91202
Telephone No. (818) 338-7022
Web:  www.narinelaw.com
Email: narine57@gmail.com

Attorney for Jeremy Holloway

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY HOLLOWAY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE, DEPUTY CHAD RENEGAR, individually and as a peace officer, DEPUTY JOEL GONZALEZ, individually and as a peace officer, DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY BRANDON BILLINGER, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS individually and as a peace officer, DEPUTY JUSTIN GUNDERSON, individually and as a peace officer, and DOES 7-10.<br><br>Defendants | Case No. 8:19-cv-01514-DOC-DFM<br><br>**NOTICE OF DEPOSITION OF OFFICER BRANDON BILLINGER**<br><br>NOTICE THAT THE DEPOSITION WILL BE VIDEO-TAPED<br><br>NOTICE THAT PLAINTIFF RESERVES THE RIGHT TO USE THE VIDEOTAPE AT TRIAL<br><br>(Fed. R. Civ. P., Rule 30(b)(1))<br><br>Date:  July 23, 2020<br>Time: 9 a.m.<br>Place: 1010 North Central Avenue, Suite 204, Glendale, CA 91202 |

//

//

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that plaintiff JEREMY HOLLOWAY will take the deposition of witness OFFICER BRANDON BILLINGER on the date, hour, location as indicated below:

**DEPONENT:** **BRANDON BILLINGER**

**DATE:** **JULY 23, 2020**

**TIME:** **9 a.m.**

PLEASE TAKE NOTICE that said witness is requested to produce for inspection and copying at his deposition the following documents:

1. All documents (reports, booking records, etc.) reviewed by Brandon Billinger for the preparation of this deposition.

Plaintiff will videotape the deposition and reserves the right to use the videotape(s) at the time of trial.

The deposition will be taken at 1010 North Central Avenue, Suite 204 Glendale, CA 91202.

PLEASE TAKE FURTHER NOTICE that if the assistance of an interpreter is needed, counsel representing the party to be deposed is requested to advise the noticing party immediately upon receipt of this document. Otherwise, the noticed

deposition shall be conducted in English.

Said deposition will be taken under the provisions of <u>Federal Rule of Civil Procedure</u>, Rule 30 and is based on the records and files in the above-entitled action.

The deposition will be taken before a notary public or other person authorized by law to administer oaths, by stenographic means and also by audio and video means and will continue from day to day, except for Sundays and holidays, until completed. *See* Fed.R.Civ.P. 30(b)(3). The additional recording will be made using a video camera operated by the undersigned. *See Rice's Toyota World, Inc. v. Southeast Toyota Distributors, Inc.,* 114.F.R.D. 647, 651 (M.D.N.C. 1987); *Ott v. The Stip Law Firm*, 169 F.R.D. 380, 381 (E.D. Okla. 1996).

Dated: June 8, 2020

Respectfully submitted,

**MKRTCHYAN LAW**

By: _____/s/Narine Mkrtchyan_____
                    **NARINE MKRTCHYAN**
Attorney for Plaintiff Jeremy Holloway

# **PROOF OF SERVICE**

## **JEREMY HOLLOWAY v. COUNTY OF ORANGE, et al.**

STATE OF CALIFORNIA COUNTY OF ORANGE

I am employed in the aforesaid county, State of California; I am over eighteen years of age and not a party to the within action; my business address is 1010 North Central Avenue, Suite 204, Glendale, CA 91202.

On June 8, 2020, I served the foregoing **NOTICE OF DEPOSITION OF OFFICER BILLINGER** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope addressed as follows:

Tamara Heathcote
LYNBERG & WATKINS
1100 W. Town & Country Road, Suite 1450
Orange, CA 92868

 XX  BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ BY PERSONAL SERVICE: I caused to be delivered such document(s) by hand to the person(s) stated above.

_____ BY TELECOPIER: In addition to the above service by mail or hand delivery, I caused said document(s) to be transmitted by telecopier to the addressee(s).

 XX  (Federal/State) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

 Executed on June 8, 2020, at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Narine Mkrtchyan

4

**MKRTCHYAN LAW**
Narine Mkrtchyan, Esq. (SBN 243269)
1010 North Central Avenue, Suite 204
Glendale, CA 91202
Telephone No. (818) 338-7022
Web:  www.narinelaw.com
Email: narine57@gmail.com

Attorney for Jeremy Holloway

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY HOLLOWAY, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF ORANGE, DEPUTY CHAD RENEGAR, individually and as a peace officer, DEPUTY JOEL GONZALEZ, individually and as a peace officer, DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY BRANDON BILLINGER, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS individually and as a peace officer, DEPUTY JUSTIN GUNDERSON, individually and as a peace officer, and DOES 7-10. <br><br> Defendants | Case No. 8:19-cv-01514-DOC-DFM <br><br> **NOTICE OF DEPOSITION OF OFFICER JAMESON GOTTS** <br><br> NOTICE THAT THE DEPOSITION WILL BE VIDEO-TAPED <br><br> NOTICE THAT PLAINTIFF RESERVES THE RIGHT TO USE THE VIDEOTAPE AT TRIAL <br><br> (Fed. R. Civ. P., Rule 30(b)(1)) <br><br> Date:  July 16, 2020 <br> Time: 9 a.m. <br> Place: 1010 North Central Avenue, Suite 204, Glendale, CA 91202 |

//

//

1

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD

HEREIN:

PLEASE TAKE NOTICE that plaintiff JEREMY HOLLOWAY will take

the deposition of witness OFFICER JAMESON GOTTS on the date, hour, location

as indicated below:

**DEPONENT:**   **JAMESON GOTTS**

**DATE:**   **JULY 16, 2020**

**TIME:**   **9 a.m.**

PLEASE TAKE NOTICE that said witness is requested to produce for

inspection and copying at his deposition the following documents:

1.  All documents (reports, booking records, etc.) reviewed by Jameson

    Gotts for the preparation of this deposition.

Plaintiff will videotape the deposition and reserves the right to use the

videotape(s) at the time of trial.

The deposition will be taken at 1010 North Central Avenue, Suite 204

Glendale, CA 91202.

PLEASE TAKE FURTHER NOTICE that if the assistance of an interpreter

is needed, counsel representing the party to be deposed is requested to advise the

noticing party immediately upon receipt of this document.  Otherwise, the noticed

deposition shall be conducted in English.

Said deposition will be taken under the provisions of <u>Federal Rule of Civil Procedure</u>, Rule 30 and is based on the records and files in the above-entitled action.

The deposition will be taken before a notary public or other person authorized by law to administer oaths, by stenographic means and also by audio and video means and will continue from day to day, except for Sundays and holidays, until completed. *See* Fed.R.Civ.P. 30(b)(3). The additional recording will be made using a video camera operated by the undersigned. *See Rice's Toyota World, Inc. v. Southeast Toyota Distributors, Inc.,* 114.F.R.D. 647, 651 (M.D.N.C. 1987); *Ott v. The Stip Law Firm*, 169 F.R.D. 380, 381 (E.D. Okla. 1996).

Dated: June 8, 2020

Respectfully submitted,

**MKRTCHYAN LAW**


By: _____/s/Narine Mkrtchyan_____
             **NARINE MKRTCHYAN**
Attorney for Plaintiff Jeremy Holloway

# PROOF OF SERVICE

## JEREMY HOLLOWAY v. COUNTY OF ORANGE, et al.

STATE OF CALIFORNIA COUNTY OF ORANGE

I am employed in the aforesaid county, State of California; I am over eighteen years of age and not a party to the within action; my business address is 1010 North Central Avenue, Suite 204, Glendale, CA 91202.

On June 8, 2020 I served the foregoing **NOTICE OF DEPOSITION OF OFFICER GOTTS** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope addressed as follows:

Tamara Heathcote
LYNBERG & WATKINS
1100 W. Town & Country Road, Suite 1450
Orange, CA 92868

 XX  BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ BY PERSONAL SERVICE: I caused to be delivered such document(s) by hand to the person(s) stated above.

_____ BY TELECOPIER: In addition to the above service by mail or hand delivery, I caused said document(s) to be transmitted by telecopier to the addressee(s).

 XX  (Federal/State) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.


        Executed on June 8, 2020, at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.


                                        _____
                                        Narine Mkrtchyan

**MKRTCHYAN LAW**
Narine Mkrtchyan, Esq. (SBN 243269)
1010 North Central Avenue, Suite 204
Glendale, CA 91202
Telephone No. (818) 338-7022
Web:  www.narinelaw.com
Email: narine57@gmail.com

Attorney for Jeremy Holloway

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY HOLLOWAY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE, DEPUTY CHAD RENEGAR, individually and as a peace officer, DEPUTY JOEL GONZALEZ, individually and as a peace officer, DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY BRANDON BILLINGER, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS individually and as a peace officer, DEPUTY JUSTIN GUNDERSON, individually and as a peace officer, and DOES 7-10.<br><br>Defendants | Case No. 8:19-cv-01514-DOC-DFM<br><br>**NOTICE OF DEPOSITION OF OFFICER JUSTIN GUNDERSON**<br><br>NOTICE THAT THE DEPOSITION WILL BE VIDEO-TAPED<br><br>NOTICE THAT PLAINTIFF RESERVES THE RIGHT TO USE THE VIDEOTAPE AT TRIAL<br><br>(Fed. R. Civ. P., Rule 30(b)(1))<br><br>Date:  July 14, 2020<br>Time: 9 a.m.<br>Place: 1010 North Central Avenue, Suite 204, Glendale, CA 91202 |

//

//

1

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD

HEREIN:

PLEASE TAKE NOTICE that plaintiff JEREMY HOLLOWAY will take

the deposition of witness OFFICER JUSTIN GUNDERSON on the date, hour,

location as indicated below:

**DEPONENT:**    **JUSTIN GUNDERSON**

**DATE:**        **JULY 14, 2020**

**TIME:**        **9 a.m.**

PLEASE TAKE NOTICE that said witness is requested to produce for

inspection and copying at his deposition the following documents:

1.  All documents (reports, booking records, etc.) reviewed by Justin

     Gunderson for the preparation of this deposition.

Plaintiff will videotape the deposition and reserves the right to use the

videotape(s) at the time of trial.

The deposition will be taken at 1010 North Central Avenue, Suite 204

Glendale, CA 91202.

PLEASE TAKE FURTHER NOTICE that if the assistance of an interpreter

is needed, counsel representing the party to be deposed is requested to advise the

noticing party immediately upon receipt of this document.  Otherwise, the noticed

deposition shall be conducted in English.

Said deposition will be taken under the provisions of <u>Federal Rule of Civil Procedure</u>, Rule 30 and is based on the records and files in the above-entitled action.

The deposition will be taken before a notary public or other person authorized by law to administer oaths, by stenographic means and also by audio and video means and will continue from day to day, except for Sundays and holidays, until completed. *See* Fed.R.Civ.P. 30(b)(3). The additional recording will be made using a video camera operated by the undersigned. *See Rice's Toyota World, Inc. v. Southeast Toyota Distributors, Inc.,* 114.F.R.D. 647, 651 (M.D.N.C. 1987); *Ott v. The Stip Law Firm*, 169 F.R.D. 380, 381 (E.D. Okla. 1996).

Dated: June 8, 2020

Respectfully submitted,

**MKRTCHYAN LAW**

By: _____/s/Narine Mkrtchyan_____
               **NARINE MKRTCHYAN**
Attorney for Plaintiff Jeremy Holloway

# **PROOF OF SERVICE**

## **JEREMY HOLLOWAY v. COUNTY OF ORANGE, et al.**

STATE OF CALIFORNIA COUNTY OF ORANGE

I am employed in the aforesaid county, State of California; I am over eighteen years of age and not a party to the within action; my business address is 1010 North Central Avenue, Suite 204, Glendale, CA 91202.

On June 8, 2020, I served the foregoing **NOTICE OF DEPOSITION OF OFFICER GUNDERSON** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope addressed as follows:

Tamara Heathcote
LYNBERG & WATKINS
1100 W. Town & Country Road, Suite 1450
Orange, CA 92868

 XX  BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

\_\_\_\_  BY PERSONAL SERVICE: I caused to be delivered such document(s) by hand to the person(s) stated above.

\_\_\_\_  BY TELECOPIER: In addition to the above service by mail or hand delivery, I caused said document(s) to be transmitted by telecopier to the addressee(s).

 XX  (Federal/State) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 8, 2020, at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Narine Mkrtchyan

4

1 | **MKRTCHYAN LAW**
Narine Mkrtchyan, Esq. (SBN 243269)

2 | 1010 North Central Avenue, Suite 204
Glendale, CA 91202

3 | Telephone No. (818) 338-7022
Web:  www.narinelaw.com

4 | Email: narine57@gmail.com

5 | Attorney for Jeremy Holloway

6 | **UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

7 |

| | |
|---|---|
| JEREMY HOLLOWAY, | Case No. 8:19-cv-01514-DOC-DFM |
| Plaintiff, | **NOTICE OF DEPOSITION OF OFFICER KEVIN PAHEL** |
| vs. | NOTICE THAT THE DEPOSITION WILL BE VIDEO-TAPED |
| COUNTY OF ORANGE, DEPUTY CHAD RENEGAR, individually and as a peace officer, DEPUTY JOEL GONZALEZ, individually and as a peace officer, DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY BRANDON BILLINGER, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS individually and as a peace officer, DEPUTY JUSTIN GUNDERSON, individually and as a peace officer, and DOES 7-10. | NOTICE THAT PLAINTIFF RESERVES THE RIGHT TO USE THE VIDEOTAPE AT TRIAL |
| | (Fed. R. Civ. P., Rule 30(b)(1)) |
| | Date:  July 13, 2020 |
| | Time: 9 a.m. |
| Defendants | Place: 1010 North Central Avenue, Suite 204, Glendale, CA 91202 |

17 | //

18 | //

1

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD

HEREIN:

PLEASE TAKE NOTICE that plaintiff JEREMY HOLLOWAY will take

the deposition of witness OFFICER KEVIN PAHEL on the date, hour, location as

indicated below:

**DEPONENT:**     **KEVIN PAHEL**

**DATE:**          **JULY 13, 2020**

**TIME:**          **9 a.m.**


PLEASE TAKE NOTICE that said witness is requested to produce for

inspection and copying at his deposition the following documents:

1.  All documents (reports, booking records, etc.) reviewed by Kevin Pahel

    for the preparation of this deposition.

Plaintiff will videotape the deposition and reserves the right to use the

videotape(s) at the time of trial.

The deposition will be taken at 1010 North Central Avenue, Suite 204

Glendale, CA 91202.

PLEASE TAKE FURTHER NOTICE that if the assistance of an interpreter

is needed, counsel representing the party to be deposed is requested to advise the

noticing party immediately upon receipt of this document.  Otherwise, the noticed

deposition shall be conducted in English.

Said deposition will be taken under the provisions of <u>Federal Rule of Civil Procedure</u>, Rule 30 and is based on the records and files in the above-entitled action.

The deposition will be taken before a notary public or other person authorized by law to administer oaths, by stenographic means and also by audio and video means and will continue from day to day, except for Sundays and holidays, until completed. *See* Fed.R.Civ.P. 30(b)(3). The additional recording will be made using a video camera operated by the undersigned. *See Rice's Toyota World, Inc. v. Southeast Toyota Distributors, Inc.,* 114.F.R.D. 647, 651 (M.D.N.C. 1987); *Ott v. The Stip Law Firm*, 169 F.R.D. 380, 381 (E.D. Okla. 1996).

Dated: June 8, 2020

Respectfully submitted,

**MKRTCHYAN LAW**

By: _____/s/Narine Mkrtchyan_____
          **NARINE MKRTCHYAN**
Attorney for Plaintiff Jeremy Holloway

## **PROOF OF SERVICE**

### **JEREMY HOLLOWAY v. COUNTY OF ORANGE, et al.**

STATE OF CALIFORNIA COUNTY OF ORANGE

I am employed in the aforesaid county, State of California; I am over eighteen years of age and not a party to the within action; my business address is 1010 North Central Avenue, Suite 204, Glendale, CA 91202.

On June 8, 2020, I served the foregoing **NOTICE OF DEPOSITION OF OFFICER PAHEL** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope addressed as follows:

Tamara Heathcote
LYNBERG & WATKINS
1100 W. Town & Country Road, Suite 1450
Orange, CA 92868

 XX  BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

____ BY PERSONAL SERVICE: I caused to be delivered such document(s) by hand to the person(s) stated above.

____ BY TELECOPIER: In addition to the above service by mail or hand delivery, I caused said document(s) to be transmitted by telecopier to the addressee(s).

 XX  (Federal/State) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 8, 2020, at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Narine Mkrtchyan

**MKRTCHYAN LAW**
Narine Mkrtchyan, Esq. (SBN 243269)
1010 North Central Avenue, Suite 204
Glendale, CA 91202
Telephone No. (818) 338-7022
Web:  www.narinelaw.com
Email: narine57@gmail.com

Attorney for Jeremy Holloway

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY HOLLOWAY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE, DEPUTY CHAD RENEGAR, individually and as a peace officer, DEPUTY JOEL GONZALEZ, individually and as a peace officer, DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY BRANDON BILLINGER, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS individually and as a peace officer, DEPUTY JUSTIN GUNDERSON, individually and as a peace officer, and DOES 7-10.<br><br>Defendants | Case No. 8:19-cv-01514-DOC-DFM<br><br>**NOTICE OF DEPOSITION OF OFFICER MARK BORBA**<br><br>NOTICE THAT THE DEPOSITION WILL BE VIDEO-TAPED<br><br>NOTICE THAT PLAINTIFF RESERVES THE RIGHT TO USE THE VIDEOTAPE AT TRIAL<br><br>(Fed. R. Civ. P., Rule 30(b)(1))<br><br>Date:  July 21, 2020<br>Time: 9 a.m.<br>Place: 1010 North Central Avenue, Suite 204, Glendale, CA 91202 |

//

//

1

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that plaintiff JEREMY HOLLOWAY will take the deposition of witness OFFICER MARK BORBA on the date, hour, location as indicated below:

**DEPONENT:**   **MARK BORBA**

**DATE:**   **JULY 21, 2020**

**TIME:**   **9 a.m.**

PLEASE TAKE NOTICE that said witness is requested to produce for inspection and copying at his deposition the following documents:

1. All documents (reports, booking records, etc.) reviewed by Mark Borba for the preparation of this deposition.

Plaintiff will videotape the deposition and reserves the right to use the videotape(s) at the time of trial.

The deposition will be taken at 1010 North Central Avenue, Suite 204 Glendale, CA 91202.

PLEASE TAKE FURTHER NOTICE that if the assistance of an interpreter is needed, counsel representing the party to be deposed is requested to advise the noticing party immediately upon receipt of this document.  Otherwise, the noticed

deposition shall be conducted in English.

Said deposition will be taken under the provisions of <u>Federal Rule of Civil Procedure</u>, Rule 30 and is based on the records and files in the above-entitled action.

The deposition will be taken before a notary public or other person authorized by law to administer oaths, by stenographic means and also by audio and video means and will continue from day to day, except for Sundays and holidays, until completed. *See* Fed.R.Civ.P. 30(b)(3). The additional recording will be made using a video camera operated by the undersigned. *See Rice's Toyota World, Inc. v. Southeast Toyota Distributors, Inc.,* 114.F.R.D. 647, 651 (M.D.N.C. 1987); *Ott v. The Stip Law Firm*, 169 F.R.D. 380, 381 (E.D. Okla. 1996).

Dated: June 8, 2020

Respectfully submitted,

**MKRTCHYAN LAW**

By: _____/s/Narine Mkrtchyan_____
             **NARINE MKRTCHYAN**
Attorney for Plaintiff Jeremy Holloway

## PROOF OF SERVICE

### JEREMY HOLLOWAY v. COUNTY OF ORANGE, et al.

STATE OF CALIFORNIA COUNTY OF ORANGE

I am employed in the aforesaid county, State of California; I am over eighteen years of age and not a party to the within action; my business address is 1010 North Central Avenue, Suite 204, Glendale, CA 91202.

On June 8, 2020 I served the foregoing **NOTICE OF DEPOSITION OF OFFICER BORBA** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope addressed as follows:

Tamara Heathcote
LYNBERG & WATKINS
1100 W. Town & Country Road, Suite 1450
Orange, CA 92868

_XX_ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ BY PERSONAL SERVICE: I caused to be delivered such document(s) by hand to the person(s) stated above.

_____ BY TELECOPIER: In addition to the above service by mail or hand delivery, I caused said document(s) to be transmitted by telecopier to the addressee(s).

_XX_ (Federal/State) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 8, 2020, at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Narine Mkrtchyan

4

**MKRTCHYAN LAW**
Narine Mkrtchyan, Esq. (SBN 243269)
1010 North Central Avenue, Suite 204
Glendale, CA 91202
Telephone No. (818) 338-7022
Web:  www.narinelaw.com
Email: narine57@gmail.com

Attorney for Jeremy Holloway

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY HOLLOWAY, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF ORANGE, DEPUTY CHAD RENEGAR, individually and as a peace officer, DEPUTY JOEL GONZALEZ, individually and as a peace officer, DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY BRANDON BILLINGER, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS individually and as a peace officer, DEPUTY JUSTIN GUNDERSON, individually and as a peace officer, and DOES 7-10. <br><br> Defendants | Case No. 8:19-cv-01514-DOC-DFM <br><br> **NOTICE OF DEPOSITION OF OFFICER STEWART RAWLINGS** <br><br> NOTICE THAT THE DEPOSITION WILL BE VIDEO-TAPED <br><br> NOTICE THAT PLAINTIFF RESERVES THE RIGHT TO USE THE VIDEOTAPE AT TRIAL <br><br> (Fed. R. Civ. P., Rule 30(b)(1)) <br><br> Date:  July 20, 2020 <br> Time: 9 a.m. <br> Place: 1010 North Central Avenue, Suite 204, Glendale, CA 91202 |

//

//

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD
HEREIN:

PLEASE TAKE NOTICE that plaintiff JEREMY HOLLOWAY will take
the deposition of witness SERGEANT STEWART RAWLINGS on the date, hour,
location as indicated below:

**DEPONENT:**    **STEWART RAWLINGS**

**DATE:**            **JULY 20, 2020**

**TIME:**             **9 a.m.**


PLEASE TAKE NOTICE that said witness is requested to produce for
inspection and copying at his deposition the following documents:

1.  All documents (reports, booking records, etc.) reviewed by Stewart
    Rawlings for the preparation of this deposition.

Plaintiff will videotape the deposition and reserves the right to use the
videotape(s) at the time of trial.

The deposition will be taken at 1010 North Central Avenue, Suite 204
Glendale, CA 91202.

PLEASE TAKE FURTHER NOTICE that if the assistance of an interpreter
is needed, counsel representing the party to be deposed is requested to advise the
noticing party immediately upon receipt of this document.  Otherwise, the noticed

deposition shall be conducted in English.

Said deposition will be taken under the provisions of <u>Federal Rule of Civil Procedure</u>, Rule 30 and is based on the records and files in the above-entitled action.

The deposition will be taken before a notary public or other person authorized by law to administer oaths, by stenographic means and also by audio and video means and will continue from day to day, except for Sundays and holidays, until completed.  *See* Fed.R.Civ.P. 30(b)(3).  The additional recording will be made using a video camera operated by the undersigned.  *See Rice's Toyota World, Inc. v. Southeast Toyota Distributors, Inc.,* 114.F.R.D. 647, 651 (M.D.N.C. 1987); *Ott v. The Stip Law Firm*, 169 F.R.D. 380, 381 (E.D. Okla. 1996).

Dated: July 1, 2020

Respectfully submitted,

**MKRTCHYAN LAW**

By: _____/s/Narine Mkrtchyan_____
**NARINE MKRTCHYAN**
Attorney for Plaintiff Jeremy Holloway

# PROOF OF SERVICE

## JEREMY HOLLOWAY v. COUNTY OF ORANGE, et al.

STATE OF CALIFORNIA COUNTY OF ORANGE

I am employed in the aforesaid county, State of California; I am over eighteen years of age and not a party to the within action; my business address is 1010 North Central Avenue, Suite 204, Glendale, CA 91202.

On July 1, 2020, I served the foregoing **NOTICE OF DEPOSITION OF SERGEANT RAWLINGS** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope addressed as follows:

Tamara Heathcote
LYNBERG & WATKINS
1100 W. Town & Country Road, Suite 1450
Orange, CA 92868

 **XX**  By ELECTRONIC MAIL

_____ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ BY PERSONAL SERVICE: I caused to be delivered such document(s) by hand to the person(s) stated above.

_____ BY TELECOPIER: In addition to the above service by mail or hand delivery, I caused said document(s) to be transmitted by telecopier to the addressee(s).

 **XX**  (Federal/State) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 1, 2020, at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Narine Mkrtchyan

4

**MKRTCHYAN LAW**
Narine Mkrtchyan, Esq. (SBN 243269)
1010 North Central Avenue, Suite 204
Glendale, CA 91202
Telephone No. (818) 338-7022
Web: www.narinelaw.com
Email: narine57@gmail.com

Attorney for Jeremy Holloway

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY HOLLOWAY, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF ORANGE, DEPUTY CHAD RENEGAR, individually and as a peace officer, DEPUTY JOEL GONZALEZ, individually and as a peace officer, DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY BRANDON BILLINGER, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS individually and as a peace officer, DEPUTY JUSTIN GUNDERSON, individually and as a peace officer, and DOES 7-10. <br><br> Defendants | Case No. 8:19-cv-01514-DOC-DFM <br><br> **NOTICE OF DEPOSITION OF OFFICER CHAD TAYLOR** <br><br> NOTICE THAT THE DEPOSITION WILL BE VIDEO-TAPED <br><br> NOTICE THAT PLAINTIFF RESERVES THE RIGHT TO USE THE VIDEOTAPE AT TRIAL <br><br> (Fed. R. Civ. P., Rule 30(b)(1)) <br><br> Date: August 3, 2020 <br> Time: 9 a.m. <br> Place: 1010 North Central Avenue, Suite 204, Glendale, CA 91202 |

//

//

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD

HEREIN:

PLEASE TAKE NOTICE that plaintiff JEREMY HOLLOWAY will take

the deposition of witness CAPTAIN CHAD TAYLOR on the date, hour, location

as indicated below:

**DEPONENT:**      **CHAD TAYLOR**

**DATE:**            **AUGUST 3, 2020**

**TIME:**            **9 a.m.**


PLEASE TAKE NOTICE that said witness is requested to produce for

inspection and copying at his deposition the following documents:

1.  All documents (reports, booking records, etc.) reviewed by Chad Taylor

    for the preparation of this deposition.

Plaintiff will videotape the deposition and reserves the right to use the

videotape(s) at the time of trial.

The deposition will be taken at 1010 North Central Avenue, Suite 204

Glendale, CA 91202.

PLEASE TAKE FURTHER NOTICE that if the assistance of an interpreter

is needed, counsel representing the party to be deposed is requested to advise the

noticing party immediately upon receipt of this document.  Otherwise, the noticed

deposition shall be conducted in English.

Said deposition will be taken under the provisions of <u>Federal Rule of Civil Procedure</u>, Rule 30 and is based on the records and files in the above-entitled action.

The deposition will be taken before a notary public or other person authorized by law to administer oaths, by stenographic means and also by audio and video means and will continue from day to day, except for Sundays and holidays, until completed.  *See* Fed.R.Civ.P. 30(b)(3).  The additional recording will be made using a video camera operated by the undersigned.  *See Rice's Toyota World, Inc. v. Southeast Toyota Distributors, Inc.,* 114.F.R.D. 647, 651 (M.D.N.C. 1987); *Ott v. The Stip Law Firm*, 169 F.R.D. 380, 381 (E.D. Okla. 1996).

Dated: July 1, 2020

Respectfully submitted,

**MKRTCHYAN LAW**

By: _____/s/Narine Mkrtchyan_____
                **NARINE MKRTCHYAN**
Attorney for Plaintiff Jeremy Holloway

# PROOF OF SERVICE

## JEREMY HOLLOWAY v. COUNTY OF ORANGE, et al.

STATE OF CALIFORNIA COUNTY OF ORANGE

I am employed in the aforesaid county, State of California; I am over eighteen years of age and not a party to the within action; my business address is 1010 North Central Avenue, Suite 204, Glendale, CA 91202.

On July 1, 2020, I served the foregoing **NOTICE OF DEPOSITION OF CAPTAIN TAYLOR** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope addressed as follows:

Tamara Heathcote
LYNBERG & WATKINS
1100 W. Town & Country Road, Suite 1450
Orange, CA 92868

 XX  By ELECTRONIC MAIL

____    BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

____    BY PERSONAL SERVICE: I caused to be delivered such document(s) by hand to the person(s) stated above.

____    BY TELECOPIER: In addition to the above service by mail or hand delivery, I caused said document(s) to be transmitted by telecopier to the addressee(s).

 XX   (Federal/State) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

        Executed on July 1, 2020, at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Narine Mkrtchyan

4

**MKRTCHYAN LAW**
Narine Mkrtchyan, Esq. (SBN 243269)
1010 North Central Avenue, Suite 204
Glendale, CA 91202
Telephone No. (818) 338-7022
Web:  www.narinelaw.com
Email: narine57@gmail.com

Attorney for Jeremy Holloway

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY HOLLOWAY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE, DEPUTY CHAD RENEGAR, individually and as a peace officer, DEPUTY JOEL GONZALEZ, individually and as a peace officer, DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY BRANDON BILLINGER, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS individually and as a peace officer, DEPUTY JUSTIN GUNDERSON, individually and as a peace officer, and DOES 7-10.<br><br>Defendants | Case No. 8:19-cv-01514-DOC-DFM<br><br>***AMENDED* NOTICE OF DEPOSITION OF OFFICER JOEL GONZALEZ**<br><br>NOTICE THAT THE DEPOSITION WILL BE VIDEO-TAPED<br><br>NOTICE THAT PLAINTIFF RESERVES THE RIGHT TO USE THE VIDEOTAPE AT TRIAL<br><br>(Fed. R. Civ. P., Rule 30(b)(1))<br><br>Date:  07/09/2020<br>Time: 9 a.m.<br>Place: 1010 North Central Avenue, Suite 204, Glendale, CA 91202 |

//

//

1

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that plaintiff JEREMY HOLLOWAY will take the deposition of witness OFFICER JOEL GONZALEZ on the date, hour, location as indicated below:

**DEPONENT:**      **JOEL GONZALEZ**

**DATE:**              **JULY 9, 2020**

**TIME:**              **9 a.m.**

PLEASE TAKE NOTICE that said witness is requested to produce for inspection and copying at his deposition the following documents:

1.  All documents (reports, booking records, etc.) reviewed by Joel Gonzalez for the preparation of this deposition.

Plaintiff will videotape the deposition and reserves the right to use the videotape(s) at the time of trial.

The deposition will be taken at 1010 North Central Avenue, Suite 204 Glendale, CA 91202.

PLEASE TAKE FURTHER NOTICE that if the assistance of an interpreter is needed, counsel representing the party to be deposed is requested to advise the noticing party immediately upon receipt of this document.  Otherwise, the noticed

deposition shall be conducted in English.

Said deposition will be taken under the provisions of <u>Federal Rule of Civil Procedure</u>, Rule 30 and is based on the records and files in the above-entitled action.

The deposition will be taken before a notary public or other person authorized by law to administer oaths, by stenographic means and also by audio and video means and will continue from day to day, except for Sundays and holidays, until completed. *See* Fed.R.Civ.P. 30(b)(3). The additional recording will be made using a video camera operated by the undersigned. *See Rice's Toyota World, Inc. v. Southeast Toyota Distributors, Inc.,* 114.F.R.D. 647, 651 (M.D.N.C. 1987); *Ott v. The Stip Law Firm*, 169 F.R.D. 380, 381 (E.D. Okla. 1996).

Dated: June 25, 2020

Respectfully submitted,

**MKRTCHYAN LAW**

By: _____/s/Narine Mkrtchyan_____
                          **NARINE MKRTCHYAN**
Attorney for Plaintiff Jeremy Holloway

# PROOF OF SERVICE

## JEREMY HOLLOWAY v. COUNTY OF ORANGE, et al.

STATE OF CALIFORNIA COUNTY OF ORANGE

I am employed in the aforesaid county, State of California; I am over eighteen years of age and not a party to the within action; my business address is 1010 North Central Avenue, Suite 204, Glendale, CA 91202.

On June 25, 2020, I served the foregoing **NOTICE OF DEPOSITION OF OFFICER GONZALEZ** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope addressed as follows:

Tamara Heathcote
LYNBERG & WATKINS
1100 W. Town & Country Road, Suite 1450
Orange, CA 92868

<u>XX</u>  By ELECTRONIC MAIL

_____ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ BY PERSONAL SERVICE: I caused to be delivered such document(s) by hand to the person(s) stated above.

_____ BY TELECOPIER: In addition to the above service by mail or hand delivery, I caused said document(s) to be transmitted by telecopier to the addressee(s).

<u>XX</u> (Federal/State) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 25, 2020, at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Narine Mkrtchyan

4

1   **MKRTCHYAN LAW**
2   Narine Mkrtchyan, Esq. (SBN 243269)
    1010 North Central Avenue, Suite 204
3   Glendale, CA 91202
    Telephone No. (818) 338-7022
4   Web:  www.narinelaw.com
    Email: narine57@gmail.com
5
6   Attorney for Jeremy Holloway

7
              **UNITED STATES DISTRICT COURT**
8              **CENTRAL DISTRICT OF CALIFORNIA**

9   JEREMY HOLLOWAY,                    Case No. 8:19-cv-01514-DOC-DFM

10          Plaintiff,
                                         **[Proposed] ORDER RE**
11                                       **RESUMPTION OF DEPOSITION**
        vs.                              **OF OFFICER CHAD RENEGAR**
12                                       **AND TO COMPEL DEPOSITIONS**
    COUNTY OF ORANGE, DEPUTY             **OF DEFENDANTS**
13  CHAD RENEGAR, individually and as
    a peace officer, DEPUTY JOEL
14  GONZALEZ, individually and as a      DCO: August 31, 2020
    peace officer, DEPUTY KEVIN
15  PAHEL, individually and as a peace
    officer, DEPUTY BRANDON
16  BILLINGER, individually and as a
    peace officer, DEPUTY MARK
17  BORBA, individually and as a peace
    officer, DEPUTY JAMESON GOTTS
18  individually and as a peace officer,
    DEPUTY JUSTIN GUNDERSON,
19  individually and as a peace officer, and
    DOES 7-10.
20
            Defendants
21

22        GOOD CAUSE APPEARING THEREFOR,

23        Plaintiff's Ex Parte Application for Resumption of Deposition of Officer

24  Chad Renegar to a mutually agreeable date by all parties prior to the Discovery

                                    1

Cut-Off Date of August 31, 2020 is granted. Further, Defendants and party witnesses are ordered to attend their scheduled depositions at the designated time and location noticed by Plaintiff as follows:

1. Defendant Joel Gonzalez, July 9
2. Defendant Kevin Pahel July 13
3. Defendant Justin Gunderson, July 14
4. Defendant Jameson Gotts, July 16
5. Defendant Mark Borba, July 21
6. Defendant Brandon Billinger, July 23
7. Captain Chad Taylor, August 3
8. Sergeant Stewart Rawlings, July 20

Defendants are sanctioned—including court reporter fees and attorney's fees—in the amount for $5,000 for their non-compliance with FRCP 30.

IT IS SO ORDERED

Hon. Douglas F. McCormick
United States Central District
Magistrate Judge

EXHIBIT C

1  S. FRANK HARRELL (SBN 133437)
2  sharrell@lynberg.com
   TAMARA HEATHCOTE (SBN 193312)
3  theathcote@lynberg.com
4  **LYNBERG & WATKINS**
   A Professional Corporation
5  1100 W. Town & Country Road, Suite 1450
6  Orange, California 92868
   (714) 937-1010 Telephone
7  (714) 937-1003 Facsimile
8  Attorneys for Defendants COUNTY OF ORANGE,
9  DEPUTY CHAD RENEGAR, DEPUTY JOEL GONZALEZ,
   DEPUTY KEVIN PAHEL, DEPUTY BRANDON BILLINGER,
   DEPUTY MARK BORBA, DEPUTY JAMESON GOTTS and
10 DEPUTY JUSTIN GUNDERSON

11                **UNITED STATES DISTRICT COURT**

12                **CENTRAL DISTRICT OF CALIFORNIA**

13

14 JEREMY HOLLOWAY,                      CASE NO. 8:19-cv-01514-DOC-DFM

15 Plaintiff,                            *Assigned for All Purposes to:*
                                         *Hon. David O. Carter, Courtroom 9D*
16 vs.
                                         *Assigned for Discovery Purposes to:*
17 COUNTY OF ORANGE,                     *Hon. Douglas F. McCormick, Courtroom*
   DEPUTY CHAD RENEGAR,                  *6B*
18 individually and as a peace officer,
   DEPUTY JOEL GONZALEZ,                 **DEFENDANTS' OPPOSITION TO**
19 individually and as a peace officer,  **PLAINTIFF'S EX PARTE**
   DEPUTY KEVIN PAHEL, individually      **APPLICATION AND PROPOSED**
20 and as a peace officer, DEPUTY         **ORDER FOR RESUMPTION OF**
   BRANDON BILLINGER, individually       **DEPOSITION OF OFFICER CHAD**
21 and as a peace officer, DEPUTY         **RENEGAR AND TO COMPEL**
   MARK BORBA, individually and as a     **DEPOSITIONS OF DEFENDANTS**
22 peace officer, DEPUTY JAMESON
   GOTTS individually and as a peace
23 officer, DEPUTY JUSTIN                 *Trial Date: November 10, 2020*
   GUNDERSON, individually and as a      *Second Amended Complaint filed:*
24 peace officer, and DOES 1-10.         *December 10, 2019*

25
   Defendants.
26

27

28                                        **1**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   PRELIMINARY STATEMENT

Plaintiff's instant Ex Parte "Motion" is the epitome of what the courts have termed an "abuse [that] is detrimental to the administration of justice…." Mission Power Engineering Co. v. Continental Casualty Co., 883 F.Supp. 488, 493 (C.D. Cal. 1995).  Less than three (3) hours after the scheduling of an Informal Discovery Conference ("IDC"), at Plaintiff's counsel's request, Plaintiff filed this ex parte application regarding the very issues she requested to be addressed at the IDC.  The filing of this ex parte application is also in stark contrast to this Magistrate Judge, the Honorable Douglas F. McCormick's Procedures for Ex Partes which states that "[d]iscovery disputes should generally not be brought to the Court's attention in an ex parte application." (Court's Website as to Judicial Procedures.)  Moreover, Plaintiff's ex parte is in direct disobedience of this Court's order stated in the Minute Order of January 7, 2020:  "Counsel are ordered to utilize the Court's informal telephonic discovery process before filing future discovery motions."  (Civil Minutes – General, dated January 7, 2020, Dkt #35.)

As this Court is well aware, ex parte relief is reserved for emergency situations such that irreparable prejudice not attributable to the moving party will result if the requested relief is not granted.  See, Mission Power, supra, 883 F.Supp. 488 (C.D.Cal. 1995).  There is no "emergency" here, as this Court had already scheduled an IDC conference within 24 hours of Plaintiff's filing of this ex parte application.  Plaintiff does not site to any prejudice to Plaintiff as indeed, any such perceived prejudice to Plaintiff is self-inflicted based on the actions of Plaintiff's counsel at the deposition of Deputy Chad Renegar on July 7, 2020.  Defendants oppose Plaintiff's ex parte because the request works an unfair hardship on defense counsel and this Court, and is bereft of any showing of good cause.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR RESUMPTION OF DEPOSITION OF OFFICER CHAD RENEGAR AND TO COMPEL DEPOSITIONS OF DEFENDANTS

## II. PLAINTIFF'S EX PARTE SHOULD BE DENIED

Plaintiff's ex parte demonstrates an unfortunate indifference to the disruption such filings create for the judicial system. See, Mission Power, supra, 883 F. Supp. at 493 ("'Ex parte applications have reached epidemic proportions in the Central District.' Judge Rymer warned us of this in 1989…. Since then the abusive use of ex parte motions has worsened. This abuse is detrimental to the administration of justice and, unless moderated, will increasingly erode the quality of litigation and present ever-increasing problems for the parties, their lawyers, and for the court."). Apart from being disruptive, it also fails to meet the requirements for extraordinary relief. As all litigants were instructed by the court in Mission Power:

> What showing is necessary to justify ex parte relief? First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.

Mission Power, supra, 883 F.Supp. at 493.

Here, Plaintiff's moving papers fail to satisfy Mission Power. As an initial matter, Plaintiff does not set forth a single sentence identifying the "prejudice" he will sustain, particularly in light of the Court's already scheduled IDC conference on the very same issues. As stated by the Court in Mission Power:

> Safeguards that have evolved over many decades are built into the Federal Rules of Civil Procedure and the Local Rules of this court. The rules contemplate that regular noticed motions are most likely to produce a just result. This is because they give the adversary an opportunity to prepare a thorough opposition (and, if needed, an opportunity for oral argument) according to a predesigned, consistent timetable. As Judge Rymer noted: Timetables for the submission of responding papers and for the setting of hearings are intended to provide a framework for the fair, orderly, and efficient resolution of disputes. Ex parte applications throw the system out of whack. They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel

3

DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR RESUMPTION OF DEPOSITION OF OFFICER CHAD RENEGAR AND TO COMPEL DEPOSITIONS OF DEFENDANTS

> who are required to make a hurried response under pressure, ***usually for no good reason***.  [Citation].

<u>Mission Power</u>, 883 F.Supp. at 491-492 (emphasis added).

The procedures for ex parte applications discussed above are not new and are surely well-known and respected by Plaintiff's counsel, who holds herself out to be "a criminal defense/civil rights trial attorney . . . for over 14 years."  (<u>See</u>, Declaration of Narine Mkrtchyan, Ex Parte Application, p. 8:3-6).  What is clear is that ex parte application lacks the substance needed to justify Plaintiff's request made within hours of the setting of an IDC by this Court at Plaintiff's request.  <u>See</u>, <u>Mission Power</u>, <u>supra</u>, 883 F.Supp. at 492 ("It is rare that a lawyer's credibility is more on the line, more vulnerable, than when he or she has created this kind of interruption.  Lawyers must understand that filing an ex parte motion, whether of the pure or hybrid type, is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be a fire.").

As Plaintiff's ex parte application is made without justification for the urgency and in contradiction to the Court's proceedings and prior order, the ex parte application should be denied.

## III.  <u>THE DEPOSITION TRANSCRIPT IS NECESSARY TO DETERMINE THE TRUTH OF WHAT TRANSPIRED AT THE DEPOSITION</u>

Defendants vehemently disagree with Plaintiff counsel's portrayal of the actions taking place during the deposition of July 7, 2020.  The only method to determine the truth of what transpired at the deposition and the actions of each parties' counsel.  Counsel for Defendants requested the identification of the court reporting firm in order to request an expedited transcript for the Court's review.  As of the filing of this opposition, this information has not been provided.

/ / /

/ / /

DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR RESUMPTION OF DEPOSITION OF OFFICER CHAD RENEGAR AND TO COMPEL DEPOSITIONS OF DEFENDANTS

## IV.   **CONCLUSION**

Based on the above, Defendants respectfully request that Plaintiff's ex parte application be denied

DATED:  July 8, 2020

Respectfully submitted,
**LYNBERG & WATKINS**
A Professional Corporation


By:  */s/ Tamara M. Heathcote*
**S. FRANK HARRELL**
**TAMARA HEATHCOTE**
Attorneys for Defendants
County of Orange, Deputy Chad Renegar,
Deputy Joel Gonzalez, Deputy Kevin
Pahel, Deputy Brandon Billinger, Deputy
Mark Borba, Deputy Jameson Gotts and
Deputy Justin Gunderson

4810-8321-4274, v. 1

**5**

EXHIBIT D

1          **UNITED STATES DISTRICT COURT**

2      **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

3        **HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE**

4
JEREMY HOLLOWAY,                         )
5                                        )
                        Plaintiff,       )  **Certified Transcript**
6                                        )
          vs.                            )  Case No.
7                                        )  8:19-cv-01514-DOC-DFM
COUNTY OF ORANGE, et al.,                )
8                                        )
                        Defendants.      )  **DAY 4, VOLUME II**
9  _____  )

10

11

12

13              REPORTER'S TRANSCRIPT OF PROCEEDINGS
                        JURY TRIAL
14              FRIDAY, AUGUST 20, 2021
                        1:03 P.M.
15              SANTA ANA, CALIFORNIA

16

17

18

19

20

21

22  _____

23              **DEBBIE HINO-SPAAN, CSR 7953, CRR**
                FEDERAL OFFICIAL COURT REPORTER
24              411 WEST 4TH STREET, ROOM 1-053
                SANTA ANA, CA 92701
25              dhinospaan@yahoo.com

**UNITED STATES DISTRICT COURT**

```
 1                MR. BECK:  Oh, may I present this to --

 2                THE COURT:  Oh, absolutely.  My apologies.  I just

 3       couldn't hear you.  Thank you.

 4                (Videotape was played, not reported.)

03:39PM 5       Q    BY MS. MKRTCHYAN:  So we heard the point in time before

 6       he's taken down to the ground all the commands given to Jeremy

 7       Holloway; yes?

 8                MR. WRONIAK:  Objection.  Misstates the evidence.

 9                THE COURT:  Sustained.  I'm not certain -- you may

03:39PM 10      be correct, but that's a statement by you.  Continue playing

 11      this tape.

 12                MS. MKRTCHYAN:  This is -- I'm talking about prior

 13      to him --

 14                THE COURT:  You're playing this tape.  I'm not sure

03:39PM 15      you completed that yet.  You may have.  But that's a statement

 16      by you.  You're not a witness.

 17                MS. MKRTCHYAN:  Yes, Your Honor.  My question next

 18      is different.

 19                THE COURT:  Complete playing this tape.

03:39PM 20                MS. MKRTCHYAN:  But that's not my question, sir.

 21      This is my direct examination of a witness; right?  You are

 22      diverting my ability to question him.  I'm talking about the

 23      juncture before Holloway was taken to the ground.

 24                THE COURT:  I'm sorry, Counsel.  I apologize.

03:39PM 25                MS. MKRTCHYAN:  Yes.
```

THE COURT:  I'm not diverting you in any way.  I'm
just not certain as the judge, and you may be right, that this
is all of the statements made.  And I can't take either you or
opposing counsel's word for that.  You may be absolutely
03:40PM  correct, but I need to make certain that these are all the
statements.

And when you make a statement in front of the jury
that these are all the statements, you may be correct.  I don't
know.  And I direct you to play this tape and continue on for a
03:40PM  few moments.  That's an order.  That's not a request.

And when you directly confront the Court in that
way, that's not appropriate --

MS. MKRTCHYAN:  I am just making --

THE COURT:  -- because that draws me into this kind
03:40PM  of discussion which is harmful for you and for the Court, and I
don't want that created.  But this is the third time for my
record that that confrontation has taken place where you direct
the comment to the Court.

Now, I have no option now except either to correct
03:40PM  you, because you're incorrect in the way you're presenting
evidence, or let you to continue this kind of conduct.  What am
I going to do about that?

MS. MKRTCHYAN:  Your Honor, I was making --

THE COURT:  Ladies and gentlemen, would you recess
03:41PM  for just a moment.  My apologies.  I need to have a thoughtful

1    discussion with all counsel.

2                **(Out of the presence of the jury.)**

3                THE COURT:  For my record, whether the Court's

4    correct or not, I have to be certain that I'm correct.  And

03:41PM  5    when counsel makes a statement that this is all of the

6    information, counsel may be absolutely correct.  But I not only

7    don't have a transcript, once again, I'm not certain from this

8    tape that that is all of the information.  So those kinds of

9    comments are inappropriate.

03:42PM 10                And when I ask you to play the tape for a few more

11   seconds so I can discern that and then you confront the Court,

12   I have two choices:  To let you continue on with that kind of

13   conduct, which means I lose control consistently now in a

14   situation where I'm in a confrontational situation with you,

03:42PM 15   which I choose not to be drawn into.  Unless you have a remedy,

16   this case is not continuing.

17                And I think, unfortunately, you've been able to do

18   that now, and I think the record's established with the

19   magistrate judge as well on a continuing basis.  But in front

03:43PM 20   of the jury, this Court does not want to be drawn into those

21   kinds of confrontations with you.  And it's much jeopardy in

22   this setting where you can confront the Court and I can respond

23   outside the jury and it's not prejudicial to your client.

24                But I'm very uncomfortable now, even on your

03:43PM 25   client's behalf, that I'm being drawn into this kind of

```
 1    accusation with the Court, whether you agree with my ruling or
 2    not.
 3              MS. MKRTCHYAN:  There's no --
 4              THE COURT:  It seems that you're very favorable in
 5    terms of the ruling when I overruled my magistrate judge when
 6    it's favorable, but you're very disrespectful, quite frankly,
 7    to the Court when you get an unfavorable ruling and then
 8    continue to badger.  And apparently, you've been able to
 9    achieve that on a number of occasions.  And, quite frankly,
10    that won't be happening in this court.
11              MS. MKRTCHYAN:  There was no accusations.  May I
12    respond?
13              THE COURT:  I'm sorry.  I couldn't hear you.  Speak
14    loudly so we have a clear record of our discussion now.
15              MS. MKRTCHYAN:  Yes.  There was never on my part any
16    intent to disrespect anyone.  I have a very uncooperative
17    witness.  This is 3:44 p.m.  I have not even gotten to the
18    use-of-force incident.  Do you understand?
19              I have an uncooperative witness here.  And you are
20    referencing a magistrate's highly biased -- you are prejudicing
21    my client, and I don't appreciate that.  At this point I want
22    to take a break because -- you know, you see what I'm going
23    through.  I have a liar on the stand, and I'm trying to prove
24    my case.  And you're just telling me that I'm being
25    disrespectful.
```

**UNITED STATES DISTRICT COURT**

1          My question specific was that before he was taken

2   down to the ground.  I'm going methodically sequence by

3   sequence into the use-of-force incident.  Every point -- every

4   point is important.  And the reason I ask you not -- because

03:44PM  5   you are interrupting my flow.

6          Whether you agree or not, it's for

7   cross-examination.  If I am wrong, it's from cross-examination

8   to bring that up.  Okay?  You interrupted me.  You wanted me to

9   play the use-of-force incident where this issue is not an

03:45PM 10   issue.  Okay?  I am trying to -- you keep me under pressure.  I

11   am the plaintiff.  I have the burden of proof; right?  You put

12   me under pressure.  You keep me after hours.  You want me to

13   present this case efficiently, effectively, and then you don't

14   want me to be aggressive with the witness.  How am I going to

03:45PM 15   prove my case, Your Honor?

16          And you don't like when I am making an offer of

17   proof.  You don't want to give us a sidebar.  I mean, I never

18   had a situation where I cannot have a sidebar with a judge

19   during examination.  I mean, we are operating in a very

03:45PM 20   different courtroom here, different rules.  I'm still learning

21   your rules, you know.  Every trial I've had judges give us

22   sidebar at any point in time.  I have not been given that

23   opportunity in this court.

24          So, I mean -- and I have an adverse witness here.

03:46PM 25   I'm trying to -- this is, like I said, 3:44 p.m.  Because of

1   his evasive answers, I still have not even gotten to the use of

2   force.

3           And that is why I was trying to give you an offer of

4   proof that, Your Honor, that's not where we are going.  The

03:46PM 5   question was specifically before he was taken down to the

6   ground.  It was about what commands was given to this man when

7   they just approached him.  And I played that part of the video.

8           So you keep going back to some magistrate's rulings

9   that have no play in this trial right now.  That's badgering me

03:46PM 10  as an attorney.  That's offensive.  That prejudices my client.

11  That was a biased ruling, and I took it up, and I asked to

12  disqualify that magistrate because he was biased towards me and

13  my client with all these rulings.

14          So right now we are here in a new court in a new

03:47PM 15  place, and you keep bringing that up.  How fair is that to me

16  as an attorney?  How fair is that?  It's not fair.  Because

17  that just, you know -- it really prejudices me in terms of

18  proving this case.

19          So instead of admonishing this witness who keeps

03:47PM 20  giving evasive answers, who doesn't remember his deposition --

21  you know, they prepared their clients for hours.  They don't

22  remember their deposition transcripts.  They don't remember.

23  So -- and they don't remember their patrol vehicle recordings.

24  I have to keep playing this stuff for them.

03:47PM 25          So anyway, bottom line, Your Honor, is that you are

UNITED STATES DISTRICT COURT

```
 1    being unfair to me because my point was not to disrespect you.

 2    I have not been disrespectful towards you.  That's not my

 3    intention, never was my intention.  But we have a witness who

 4    is not cooperative.  And you need to give us the benefit of the

 5    doubt.  I am allowed to give leading questions.  If there is

 6    anything wrong I'm doing, it's up for cross-examination.  I am

 7    right here direct examination.

 8             And with an adverse party, I have a right to lead

 9    him.  And I'm entitled to yes-or-no answers.  And if he does

10    not remember his deposition transcript, I'm also allowed to

11    read it or have him read it.

12             So I don't really understand why you are so

13    concerned when I just -- only what I did is tell you,

14    "Your Honor, that's not where we are going."  If you want to be

15    her for another week, just -- that's fine.  I have the burden

16    of proof.  But I'm trying to make this case go faster.  That's

17    what I'm trying to do.  You tell me to slow down, but at the

18    same time you're not giving me -- you're putting me under

19    pressure.  So I don't know what else I'm supposed to do.  I

20    really do not know.

21             THE COURT:  Thank you, Counsel.  I'm going to

22    respond that your questions in some ways are very appropriate,

23    and I've allowed those.  But when they're compound or

24    argumentative or especially confusing, the Court cannot allow

25    that.  Nor can I allow you to make statements about what the
```

1    facts are of this case and continue to do so without proof.

2    You are not a witness in this case, and yet, you put yourself

3    into this as a witness.

4              And when a simple request of the Court is to play

03:49PM 5    the tape a little bit further and you become confrontational so

6    the next few moments I could discern if your statement, which

7    was inappropriate, was the entitled summation of all the

8    commands given, and you may be right, and you refuse to do

9    that, then you are confrontational.

03:50PM 10             So I think in the next trial I'm going to demand a

11   witness list from each of you.  I think I'm going to demand

12   time frames from each of you.  It will be a timed trial.  And,

13   quite frankly, I'll have a joint witness list on the next

14   occasion.

03:50PM 15             Pick a date in the future, Counsel.  I'll return in

16   five minutes.

17             **(Recess from 3:50 p.m. to 4:01 p.m.)**

18             THE COURT:  We're on the record.  All counsel are

19   present.

04:01PM 20             Counsel, if each of you would get a calendar, I'm

21   going to suggest some dates.

22             I think the next time, also, we'll need a jointly

23   prepared exhibit list.  You never agreed upon an exhibit list,

24   and it was submitted to this Court one day before.  I received,

04:01PM 25   with no fault by either party, last-minute motions from the

1    defendant concerning collateral acts that kept me up at night,

2    quite frankly.  So when we complain about the time, each of you

3    bear the responsibility for this late preparedness.

4            And I'll make the record that I think the Court was

04:02PM 5    extremely humble and gracious in this regard, and that is, you

6    are one of 300 cases, and, quite frankly, there's a criminal

7    case pending that was put back so you could try this matter in

8    my court.  And the time estimate was four to eight days.  And

9    I've actually moved two calendars now on your behalf and over

04:02PM 10   30 cases through my clerk to make room for you and give you

11   actually 12 to 13 days.

12           So, Counsel, look at your calendar.  Let's see if we

13   can get together.  But I'm thinking about March of next year.

14   That's the earliest on my calendar.  If not, I've got a

04:02PM 15   two-and-a-half-month murder case.  See if you can agree on a

16   date sometime in March.

17           MR. HARRELL:  Your Honor, would you like us to

18   confer amongst ourselves?

19           THE COURT:  Yeah, confer amongst yourselves.

04:02PM 20           **(Counsel conferred off the record.)**

21           MR. HARRELL:  Your Honor, I am available the first

22   three weeks of March.  It's my understanding plaintiff's

23   counsel is not available in March.

24           THE COURT:  What day would you be available then,

04:03PM 25   Counsel?  Because there's going to be a lot more preparation.

1    Next time I think I'm going to demand time estimates of each

2    witness.  I'm going to demand, quite frankly, a joint witness

3    list.  And that way I can give a good faith estimate, because

4    the best estimate was four to eight days, and I tried to give

04:03PM 5    you ten.

6           So what days -- what month is best for you, Counsel?

7           MS. MKRTCHYAN:  Your Honor, I'm not agreeable to --

8    so you are declaring mistrial based on comment that you took

9    confrontational from me?

04:03PM 10          THE COURT:  In other words, unless I can make

11   rulings in good faith to the best of my ability and not be

12   constantly confronted by you in court, then I lose control, and

13   it encourages that kind of behavior.  If you could be

14   respectful, that's a whole different matter.  But,

04:04PM 15   unfortunately, I'm getting drawn into a conflict, and I think

16   that that's harmful to your client, quite frankly.

17          So it's easier for me just to start over and feel

18   good ethically about a clean trial where we haven't had this

19   kind of confrontation because I don't want that to occlude

04:04PM 20   Mr. Holloway.

21          MS. MKRTCHYAN:  That would prejudice Mr. Holloway,

22   Your Honor, because as indicated --

23          THE COURT:  That's your conduct, Counsel, you're

24   responsible for.  And I've made my record, and you've made your

04:04PM 25   record.

          1            MS. MKRTCHYAN:  Well, that's prejudicial to my

          2    client because my conduct --

          3            THE COURT:  I'm sorry.

          4            MS. MKRTCHYAN:  -- was not directed at you.

04:04PM   5            THE COURT:  It was.

          6            MS. MKRTCHYAN:  My conduct was confrontational only

          7    to the witness.

          8            THE COURT:  Am I about to hear an apology?

          9            MS. MKRTCHYAN:  Of course.  I already indicated to

04:04PM  10    you.

         11            THE COURT:  In front of the jury?

         12            MS. MKRTCHYAN:  Apology to you?

         13            THE COURT:  Absolutely.

         14            MS. MKRTCHYAN:  Absolutely.  I never intended to

04:04PM  15    disrespect you.  Didn't I say that?

         16            THE COURT:  In front of this jury.

         17            MS. MKRTCHYAN:  Absolutely.  The problem is that you

         18    misinterpret me.  And you know why you misinterpret me?

         19    Because you already have a track record by another magistrate.

04:05PM  20    Why don't you give me clean slate?  You know, everyone is

         21    entitled to clean slate.

         22            THE COURT:  Counsel -- Counsel, I have given you a

         23    clean slate.  In fact, you have got rulings where I overruled

         24    the magistrate judge.

04:05PM  25            MS. MKRTCHYAN:  Sure.

         1              THE COURT:  It has no effect upon me.  But what I've

         2    seen is a continuing conduct on your part that's abusive

         3    towards the court system in general and this court in

         4    particular.

04:05PM  5              MS. MKRTCHYAN:  Your Honor --

         6              THE COURT:  So between that kind of behavior --

         7    you're either going to have to retrain yourself or this case is

         8    not going to go forward in a timely fashion.

         9              MS. MKRTCHYAN:  Your Honor, as I said, I already

04:05PM 10    indicated I was -- there was no -- first because of your age,

        11    I'm not disrespectful to people who are older than me.  Okay?

        12    That's not my background and personality, number one.

        13              Number two, this is -- this is trenches.  I am a

        14    criminal defense attorney.  What do you expect?  What do you

04:06PM 15    expect?  That was not directed against you.

        16              THE COURT:  I'm going to take a recess, Counsel.

        17    Just a moment.  You pick a date now.

        18              **(Recess from 4:05 p.m. to 4:08 p.m.)**

        19              THE COURT:  All parties are once again present.

04:08PM 20              Counsel?

        21              MR. HARRELL:  Judge, the defense is agreeable any

        22    time during the first three weeks of March.  We have been

        23    available for the Court.  And, frankly, the other matter is a

        24    case of mine, it's a conflict.  It's another County of Orange

04:09PM 25    case.  I'll see what I can do to get that moved.

1          THE COURT:  All right.  Counsel, now I want to be

2    courteous to both sides.

3          Which is the best move for you, Counsel?

4          MS. MKRTCHYAN:  The best move for us is for me to

04:09PM 5    apologize to this Court, if I have done that.  Again, apologize

6    because I have witnesses.  I have my client who needs a

7    resolution of this case.  I will do my best not to engage in

8    the behavior that I've engaged in.  I'm not sure, of course,

9    what I did wrong because the intention was not what was

04:09PM 10   projected.  But if it was indeed disrespectful or

11   confrontational, I apologize.

12         I'm not available later.  I want my client to

13   resolve this case because we have expended a lot of resources,

14   time.  I have filed everything that I was supposed to file.  I

04:09PM 15   want to finish this case.  And I will apologize in front of the

16   jury.  But I want to make it very clear --

17         THE COURT:  How are we going to avoid getting into

18   this kind of confrontation?  Because I am extraordinarily

19   worried about Mr. Holloway right now.  I've gotten drawn into

04:10PM 20   this on more than one occasion now, unintentionally on my part.

21   Quite frankly, I think that's prejudicial to Mr. Holloway, and

22   I'm not too certain it's not prejudicial to you gentlemen,

23   also, on the defense side.  That's what I'm worried about.

24         I'm especially worried about those officers who may

04:10PM 25   be subject to either a summary judgment motion or a directed

verdict because there's at least two of you that are really in play right now where a summary judgment motion wasn't brought. I'm not certain about the rest.

But I've always had some misgivings granting the substantive portions and not knowing what to do with the conspiracy. So I've kept you in waiting to see the default of the conspiracy or not. And I didn't know if I was going to wrestle with that issue with at least two of you after the plaintiff's case or wait until the defense case or never reach that and let you go to verdict. So all that was up in the air, quite frankly, so no representation.

But two of you are very close in this matter in terms of motions. And I haven't made up my mind, but I know that I was very concerned and waiting for the plaintiff and the defendant to finish their cases to even attempt to make a decision.

The second thing is I'm even worried as I reflect upon it to have you apologize to me in front of the jury. The more I think about that, I think that's even inappropriate for me to request that of you. Because in doing so, there's some intonation that you've done something wrong. And if this did go forward, I don't think, upon reflection, I would want your apology because I think it might be harmful to your client.

I just, quite frankly, don't know how to control and am unwilling to control the argument that takes place when you

          1    direct a comment to the Court.  And if you disagree, we've got

          2    to recess.  You can be caustic if you want to.  You can be

          3    confrontational with me.  I don't mind that during the recess.

          4    I do mind that in front of the jury.

04:12PM   5          And by not taking action, somehow you're being

          6    encouraged to continue, at least in my court, with that, and

          7    that I cannot allow.  How can I get some guarantee that if I

          8    humbly back off that we're not going to get into this kind of

          9    confrontation again come Monday or Tuesday or Wednesday?

04:12PM  10    Because having said it once, if I back away now, it becomes a

         11    joke.  Gee, did the judge really mean it?  Well, normally I

         12    mean it.

         13          How are we going to resolve this, Counsel?

         14          MS. MKRTCHYAN:  We can resolve it, Your Honor, by

04:13PM  15    setting clear rules.  If, for example -- and I've been an

         16    attorney for 15 years.  I have been able to appear many judges,

         17    and I have been in the same way with many judges.  I've never

         18    been sanctioned in trial.  So here's the issue I'm having.

         19          THE COURT:  I'm not sanctioning you.

04:13PM  20          MS. MKRTCHYAN:  I understand.  But you asked me how

         21    to guarantee this; right?  I want to understand the clear rules

         22    here.

         23          THE COURT:  Do not confront me over rulings.  If you

         24    disagree with them, don't make side comments.  Don't address

04:13PM  25    the other attorney.  And if I ask you to do something, even if

1   you disagree with my ruling, please do that.  And then if I'm

2   wrong, the appellate court will reverse me.

3          MS. MKRTCHYAN:  But I'm not confronting your

4   rulings.  This is the whole point of it.  I understand what

04:13PM  5   you're telling me.  But all I was trying to do at this

6   juncture -- at this juncture, all I was trying to do, all I was

7   trying to do is to make an offer of proof that, Your Honor,

8   where I'm going with this question is not there.

9          But, of course, if it sounded like I'm confronting

04:14PM 10   you, again, I apologize.  But that's why we need to have clear

11   rules.

12          THE COURT:  Counsel, you're making statements as if

13   you're a witness.  Let me give you just one small example.

14          MS. MKRTCHYAN:  Sure.  Sure.

04:14PM 15          THE COURT:  "Well, that concludes all of the

16   evidence concerning the commands made.  And I'll have that read

17   back."  I'm paraphrasing that.  You may be right.  But I'm

18   looking at a tape.  And I don't know that from the best

19   evidence.  And I'm asking you at the time in front of the jury

04:14PM 20   just to play a few more moments of that tape so I can be

21   certain that those are all the commands.

22          And instead of doing that, you can't even give me 60

23   more seconds of a tape so I can verify that with the best

24   evidence.  And that is in your transcript.

04:14PM 25          MS. MKRTCHYAN:  That's true.

1           THE COURT:  That is the tape.

2           MS. MKRTCHYAN:  Yes.

3           THE COURT:  So, therefore, you confront me and put

4    me in the position as the judge in my own court of asking for

04:15PM 5    what, 5 to 30 seconds at the most to make certain that that

6    statement, which was improper on your part, is verifiable.  And

7    if it is and you're right, I'm going to say, "Counsel, cut off

8    the tape."

9           But you can't even give me that courtesy of a few

04:15PM 10   seconds to verify that, and you continually make statements.

11   And you put yourself in a position of being a witness.

12          And what I'm afraid of is this:  Unless you obey the

13   rules, then you somehow have come to believe, at least in my

14   court, that you can continue on with this.  And if I can't

04:15PM 15   control that now, I'm not going to be able to control that in

16   the next couple days.  And you are not going to continue on

17   with this in my court.

18          And yes, I am worried about Mr. Holloway because I

19   don't know his financial well-being.  It's got to be

04:16PM 20   devastating to him.  Most of these officers would like to get a

21   resolution.  And whether you agree with me or not, for goodness

22   sakes, have the respect to obey my ruling without comment, and

23   have the respect on all parties' parts not to engage each other

24   in combative language when I make a ruling.  If you don't like

04:16PM 25   it, have at it at the recess.  I've got a thick skin, but not

1    in front of this jury.

2         Having said that, I'm right back in the same

3    position with the continuing conduct on your part.  And if I

4    have to go through this record, I'll pick it out, but that's

04:16PM 5    dangerous for you.  Because if I have to go through this, I'm

6    telling you, it is not a good record for you regardless of what

7    you think.

8         And if you don't understand that, then I'm dealing

9    with a person who, quite frankly, isn't capable now or in the

04:16PM 10   next trial of adopting himself or herself to the rules of the

11   Court.  And if you tell me that other judges have allowed that,

12   then I am absolutely baffled by it.

13        And I think what's happened is you've been able to

14   do this in my court a number of times when we aren't in front

04:17PM 15   of the jury, and I have absorbed that.  And perhaps I sent the

16   wrong message, but I am not absorbing that.  And you are not in

17   control of my court.  I am.

18        So what's my guarantee if there is one?  And,

19   Counsel, if I did this in front of the jury -- and, by the way,

04:18PM 20   the record doesn't reflect the facial expressions, but watch

21   for a moment.  Let's assume that you said something that I

22   didn't appreciate as the judge, and I looked over at the jury

23   and went like this -- watch me (indicating).  What's the

24   impression on the jury?  Devastating.

04:18PM 25        What's the impression when I make a ruling and you

UNITED STATES DISTRICT COURT

1    convey and that 30 percent of the record doesn't capture, a

2    demeanor that's disrespectful to the rulings I've made, and

3    that's what the record is not capturing also.

4            I just need some comfort level that I don't have to

04:19PM 5    go through this every single day because it's detrimental to

6    your client.  And, quite frankly, it's easier for me just to

7    start over again.  And if you haven't learned it by that time,

8    I'll start it over again.  Because I don't want this to go up

9    to the Circuit on this kind of record.  Do you understand that?

04:19PM 10   I don't want this kind of confrontation with you.  Do you

11   understand that?

12           MS. MKRTCHYAN:  Yes, Your Honor.

13           THE COURT:  I want a fair trial.  Do you understand

14   that?  And you're the cause in this Court's opinion and finding

04:19PM 15   of the exacerbation that's taking place right now, and that's

16   detrimental to your client.  And that's what's disturbing me.

17   It's not you, it's Mr. Holloway and the deputies I'm concerned

18   about.  How are we going to resolve this?

19           MS. MKRTCHYAN:  If you get to know me better, if

04:20PM 20   you --

21           THE COURT:  I don't want to.  I don't want to know

22   either counsel any better.  I just want respect concerning my

23   rulings.  No more eyeball-rolling, no more demeanor gestures,

24   and no more confrontation with the Court, and no more side

04:20PM 25   content, and no more testifying as if you were a witness in

```
 1   this case.  Ask the question.
 2          Some of these areas are absolutely good for you.
 3   The problem is they get so compound that I'm going to sustain
 4   the objection because they're either not understandable or
 5   compound.  And a couple times I literally told you what could
 6   be asked.
 7          And here's what will happen.  So let me trace this
 8   out.  This isn't a situation where I get reversed.  This isn't
 9   the trial that I have to fear going on, which I, quite frankly,
10   do at this point in terms of, you know, the fairness to the
11   parties.  Then the Circuit gets this and they should be looking
12   at this record.  This is a case where if I start over again,
13   Circuit isn't going to have much say in it.  Are they?  We just
14   start over again.
15          Can you stop directing in a confrontational way
16   comments towards the Court?
17          MS. MKRTCHYAN:  Yes, Your Honor.  I did not intend
18   to do that.
19          THE COURT:  Can you stop doing that?
20          MS. MKRTCHYAN:  Yes.
21          THE COURT:  Because yes, you did.
22          MS. MKRTCHYAN:  Yes.
23          THE COURT:  And I won't let you make the record that
24   you did.  Yes, you did, and that's my finding.
25          Number two, can we stop the banter with other
```

```
 1   counsel?  And can we stop the testimony where you make a

 2   statement as if you were a witness which automatically is going

 3   to bring an objection?  Can we minimally stop that?

 4              MS. MKRTCHYAN:  Those are leading questions,

 5   Your Honor.

 6              THE COURT:  You can ask leading questions, but

 7   you're testifying at the same time.

 8              MS. MKRTCHYAN:  If my question is, "Isn't it true to

 9   this point in time you did not hear commands, any more commands

10   about hands?" that's, to my understanding, a question.  But as

11   far as going to my body language or eye contact or any other

12   body language, I was not aware of that type of body language,

13   nor was my intention to be disrespectful towards you.  You have

14   been a fair judge to this so far.  You have given us a fair

15   trial.

16              THE COURT:  I can't hear you.  I'm sorry.

17              MS. MKRTCHYAN:  You have been a fair judge in this

18   case so far.  There's no need for me --

19              THE COURT:  Well, I'm trying to.  Time out.  That's

20   what's disappointing to me.  I'm trying to be fair to both

21   sides.

22              MS. MKRTCHYAN:  Sure.  And I agreed with that, and I

23   appreciated that.  And I was never intending to be in any way

24   disrespectful towards you, but I hope you understand it was the

25   heat of passion.  You know, I mean, there is something to be
```

said about heat of passion.

     THE COURT:  I don't mind your exuberance.  I don't mind your enthusiasm.  I don't mind you ripping and tearing at a witness.  What I do mind is the inappropriateness of some of the questions.

     MS. MKRTCHYAN:  And that was my best --

     THE COURT:  And the problem is I don't want to have a chilling effect on you, but this has to be retrained and retrained quickly, unfortunately.

     MS. MKRTCHYAN:  Well, Your Honor, I'm learning your rules.  As I said --

     THE COURT:  No, they're not my rules.  These are simple rules of evidence.

     MS. MKRTCHYAN:  Sure.  No, but --

     THE COURT:  Let's do this.  Are you moving for a mistrial in this matter?  In other words, so far this has been sua sponte.  Are you moving for mistrial on behalf of the officers?

     MR. HARRELL:  Your Honor, this has been a lot to take in.  And there's a lot of things at play here.

     THE COURT:  I'll take a recess.  You discuss it with the officers.  I'm going to get a decision this evening.  Are you moving for mistrial on behalf of your client?

     MR. WRONIAK:  Can we take -- discuss that, please, Your Honor?

1          THE COURT:  Uh-huh.

2          MR. WRONIAK:   Thank you.

3          THE COURT:  All right.  I'm going to take another

4   recess because before I take action, I want to know if there's

04:24PM  5   a mistrial because I'm the one who brought this up sua sponte,

6   and I want to --

7          MR. WRONIAK:  Your Honor, we're all thinking here.

8          THE COURT:  You discuss this with your clients,

9   please.

04:25PM 10          **(Recess from 4:25 p.m. to 4:35 p.m.)**

11          THE COURT:  We're on the record.

12          MR. BECK:  There's no defense lawyers present yet.

13          THE COURT:  So we're not going to be on the record

14   yet.

04:36PM 15          **(A discussion was held off the record.)**

16          THE COURT:  A couple thoughts as you're making your

17   decisions right now.  Obviously, the two of the officers I've

18   given an indication -- I'm looking -- they're all parties at

19   present.  The two of you I'm looking very carefully at whether

04:36PM 20   a directed verdict should be granted.  Those are the two

21   gentlemen I dismissed subsequent counts against.

22          I'm not saying it would have, but there was a good

23   possibility that those two defendants with the substantive

24   counts are probably the weakest part of the plaintiff's case

04:36PM 25   right now.  With the others, I was simply waiting to see if

**UNITED STATES DISTRICT COURT**

1    there was some kind of conspiracy involved.

2           The problem is it could be prejudicial to your side

3    also, because Mr. Renegar apparently is under indictment -- or

4    Sheriff Renegar, I'm sorry.  And if, in fact, that took place

04:37PM  5    before this case, and if he, in fact, was found guilty, then he

6    would be in a much different position with a felony conviction.

7    And a felony conviction would come into this court.

8           So I don't know the time schedule across the street,

9    and I worry about any prejudice to the remaining deputies

04:37PM 10    unless the case goes forward.  Because standing trial in a

11    joint situation which you would be has the same ramifications

12    that one of you then would be a convicted felon.  And I don't

13    know how that plays with the jury.  So I worry about the other

14    defendants also.  But if Sheriff Renegar is acquitted, no harm,

04:37PM 15    no foul.

16           Same token, Mr. Holloway, I worry about you in terms

17    of finances.  How do we get this case going?  And do I have any

18    different situation three months from now or six months from

19    now?  So I've got the equal concern on your part.  And whether

04:38PM 20    I think the trial is fair or not thus far, you know, I've made

21    my best efforts of keeping the same hours of counsel to make

22    the best decisions I could under the circumstances.

23           What are we going to do?

24           MR. HARRELL:  Your Honor, I have a suggestion.

04:38PM 25    First of all, in answer to the Court's question, yes, we do

```
 1    move for a mistrial.

 2              THE COURT:  Okay.

 3              MR. HARRELL:  Wholeheartedly we move for a mistrial.

 4    We have a great -- we concur entirely in the Court's comments.

 5    We've seen the same thing the Court has.  And we just have a

 6    concern at this point in time that the process has been tainted

 7    or prejudicial --

 8              THE COURT:  But tainted towards who?  In other

 9    words, my concern in thinking about it in chambers, if there's

10    anybody who I'm concerned about being tainted right now is

11    Mr. Holloway because of the confrontation between us.  And I'm

12    a little worried that there's a benefit gained on the other

13    side and not that detriment.

14              MR. HARRELL:  Your Honor --

15              THE COURT:  So explain to me the prejudice or

16    detriment other than the motion for mistrial which I've denied.

17    I've put that aside.

18              MR. HARRELL:  As the Court has well explained, this

19    trial has been punctuated by repeated testimony from

20    plaintiff's counsel.  It is hard to unring the bell.  Everybody

21    has tried.  But it hasn't been a momentary slip of the tongue.

22    It has been repeatedly -- she has practically testified as a

23    witness.

24              THE COURT:  Can we do this?  Can we gather the jury,

25    can I send them home so we can have a thoughtful and lengthy
```

discussion?  Can I tell them to return on Monday at

8:00 o'clock, and if I decide that there's a mistrial, I can

simply inform them then.

MR. HARRELL:  Sure.

THE COURT:  But I don't want to make a snap decision

this evening.  I think that with all of your permission, let's

summon the jury.  Let's just say the matter's been resolved for

the time being, whether it has been or not.  So there's no

harm, no foul if we go forward.  And we'll resume on Monday at

8:30.  That's subject to the Court's ruling.  I can always say

if there's a mistrial on that date.

**(In the presence of the jury.)**

THE COURT:  First of all, the jury is present.

We're going to send you home immediately.  We're

going to resume at 8:30 on Monday.  We think we've resolved all

the issues.

Whatever is occurring is the Court's responsibility.

It shouldn't bear on either counsel.  So take that as my

inability for the moment.  And I think we resolved everything

satisfactorily this evening.

Don't think about the case.  Don't discuss it.

There's no reason for you to be here except to have a very good

weekend.  We'll see you Monday at 8:30.  By the way, you'll be

in session until 1:00 o'clock.  We have consecutive days.  So

we've moved about --

1           What, Kelly, 15 cases?  I don't know.

2           We moved a lot of cases to give us about a five-hour

3    block of time on Monday.  You can expect 1:00 o'clock on

4    Monday.  You're free the rest of the day.  And then we'll go on

04:42PM 5    Tuesday with a full day, Wednesday.  But I want to have

6    continuous days so we get the case to you.  Okay?  Have a good

7    weekend.  Thank you.

8           **(Out of the presence of the jury.)**

9           THE COURT:  This isn't fault-finding, but it is

04:42PM 10   something that's occurring, and that is, part of the problem

11   has been the lateness of some of the filings.  That's what's

12   kept me up, frankly.  And so as you file briefs, you know, on a

13   Tuesday, I respect that opportunity, but, you know, there could

14   be criticism going the other way also when I'm handed a

04:43PM 15   telephone book of exhibits and I'm supposed to read a brief on

16   Tuesday evening which, by the way, we did read, okay.  And

17   that's putting a lot of stress in terms of the hours on us

18   also.

19           So I've started to reflect that in trying to get

04:43PM 20   your case off the ground for all parties, I think I humbly need

21   to say that there's a tremendous amount of fault on my part for

22   trying to get a time frame for you because, quite frankly, we

23   are so inundated after COVID that all my criminal cases are

24   taking precedence.  So when the criminal case pled, my eyes lit

04:43PM 25   up.  I then didn't have to put you in a trailing position with

experts or officers on call and you're wondering when do you come into court, you know, in a week or two, disturbing vacations, et cetera.  So I thought, gee, that's a good thing.

In retrospect, I want to put on the record that I should have had a joint exhibit list, et cetera.  I've never signed your pretrial because I wasn't satisfied with your pretrial documents.  I didn't have accuracy fault-finding with me on the record of whether it's four days or eight days.  So I took the eight-day time estimate, in fact, tried to throw in two extra days.

And if I humbly say that to you, then you know that judges certainly aren't perfect.  It was meant not out of meanness but out of kindness.  So, therefore, when I heard the complaint about the time, I understand everybody needs food, but all of you look healthy.  I'm joking with you.  The same hours that you're keeping, I'm keeping.  So it was meant and intended out of goodness to try to get the case resolved.

And especially, Mr. Renegar, if, in fact, you were under indictment and you went to jury trial over there, one of the things that I saw is if you're acquitted, terrific.  But if you were convicted, then you're in a joint trial as a felon, and that prior does come in.  And right now you have a favorable ruling that that charge isn't before this jury.

By the same token, you have a favorable ruling because I've reversed the magistrate judge in this court, quite

frankly, and I think for good reason.  So I tell you humbly, I think some of that fault lies with the Court because I pushed the case forward.  But this is the first phase I've gotten to with this kind of inadequacy, and I should have made more demands upon you.

I should have said frankly, you know, "What's your first, second, third, fourth witness?  What is that order?  What's your time frame?  What's your cross-examination?  And you have a timed trial, that's it.  That's what you're limited to in terms of the witnesses."  Because I thought, well, the case has all sorts of pop-ups and I'm just going to give you unlimited time.  I find fault with that because normally you got a timed trial, end of discussion.

I, frankly, don't see the prejudice to your client.  I do see the prejudice to Mr. Holloway because on appeal, what I'm concerned about is the Circuit would have to examine some of the statements now I've made to maintain control of my court.  And if the verdict was favorable -- or I'm sorry -- unfavorable in a sense, it could be appealable.  And so I'm a little worried about that.

By the same token -- well, state to me the prejudice.  I've stated the prejudice as far as the Court's concerned, and that is the constant confrontation.  But I think the detriment lies with Holloway, frankly.  I don't think your officers are suffering from that.

**UNITED STATES DISTRICT COURT**

1           MR. HARRELL:  Your Honor, thank you for allowing me

2   to be heard.

3           As I stated, we do make a motion for mistrial on

4   behalf of my officers.  Thank you for the opportunity to have a

04:47PM  5   break to confer, to hear their concerns.  I'm here to be their

6   voice.  They do want a mistrial.

7           My co-counsel for Mr. Renegar, he can speak to

8   Mr. Renegar's status.  But I can tell you sometimes I know

9   things before you do, and they join in the motion too.

04:47PM 10           THE COURT:  All right.  Let me hear from counsel.

11           MR. WRONIAK:  We join in the motion as well,

12   Your Honor.

13           THE COURT:  Let me hear from the plaintiffs.

14           MS. MKRTCHYAN:  Yes, Your Honor.  Thank you.

04:47PM 15           I do believe it would be prejudicial to my client,

16   Mr. Holloway, because first as an indigent person who is

17   virtually unable to work full time, he, first of all, has to --

18   he had to come from Pennsylvania.  He lost a few jobs already,

19   contract jobs, by being here.

04:48PM 20           And continuing this trial further, it has been

21   already long time that this case has been pending.  We have

22   expended -- I have expended on his behalf enormous sum of

23   money.  More expensive case than I've ever had is this case.

24           And putting all these witnesses on call again,

04:48PM 25   bringing them back -- I have VA's medical providers waiting

```
 1   online to testify, and I'm trying to cut them back as much as
 2   possible given the delays they're having.
 3          Yes, I agree with you wholeheartedly at this point
 4   that I might have crossed the line.  I agree with you because
 5   that is not my -- I am aggressive.  I am very, very aggressive
 6   attorney.  But my intention is never to disrespect people,
 7   especially, first of all, just fundamentally and morally
 8   speaking, a man of your age, you know.
 9          So secondly, a judge who has been fair to us,
10   frankly.  And we appreciate the fact -- all my cases have been
11   continued, and I appreciate it very much so you giving us a
12   courtroom under COVID to try this case.  I am very grateful for
13   that.  And I am trying -- part of the reason why I have been
14   abrasive and confrontational is because I've been doing my best
15   to move things along.  That is my whole purpose, to move this
16   case along because this is already how many days, four days
17   already we are in court, and we have gotten only very few
18   witnesses in and out.
19          So we are going slow, at a very slow pace.  And part
20   of the reason is -- I agree with you.  And why we didn't have
21   joint exhibit list, there is a reason for that too if you want
22   to be heard.
23          THE COURT:  I do.
24          MS. MKRTCHYAN:  Okay.  The exhibit lists, if you
25   recall, were filed initially when our trial was set in May.
```

04:48PM 5
04:49PM 10
04:49PM 15
04:49PM 20
04:50PM 25

**UNITED STATES DISTRICT COURT**

1    May 25 was our trial set.  We filed our initial joint exhibit

2    list, completely joined, in April.

3              After that, when our trial was continued at the

4    May 6 pretrial conference, I -- we didn't have any exhibit

04:50PM 5    list.  That was it.  But then when the -- Ms. Davis sent us

6    confirmation on July 30 for trial, I had amended my list.  I

7    sent a proposed amended list to the defense to get their side;

8    right?

9              So what happened then, the defense started adding

04:50PM 10   new names, new records on their exhibit list without

11   supplemental disclosures which has been the trend in this case.

12   I've been getting new and new exhibits, and you saw they're

13   filing continuously new stuff which I have never seen while

14   this case has been pending.  Discovery ended in November last

04:51PM 15   year.

16             So that's why I was very frustrated when we keep

17   getting new exhibits, new witnesses on their list.  And that's

18   why I filed my list separately.  And after they filed theirs,

19   their list, they continue still.  They have three amended lists

04:51PM 20   filed.  Three amended lists after this trial has been

21   confirmed.

22             So that's the frustration we have, that they -- they

23   were not prepared in May apparently.  And after May they added

24   an expert witness, which we have still supplemental briefing on

04:51PM 25   that issue.  But they just kept adding stuff on their exhibit

```
 1   list without supplemental disclosures.  That's the reason we
 2   don't have a joint exhibit/witness list.  But initially we did
 3   in April.  And apparently, of course, it would have speed up
 4   things.
 5           And, of course, another reason was you wanted us to
 6   go over the exhibits.  And, you know, the way I was thinking --
 7   I was envisioning the exhibits should be done differently,
 8   electronically a lot of times.  But -- so I'm learning how you
 9   wanted the exhibits to be presented.  But that's the reason why
10   we don't have joint exhibit list, because they keep adding
11   stuff without supplemental disclosures.
12           But going back to the prejudice in this trial, I
13   will -- I mean, the problem I just want you to understand, my
14   intent was never to confront you.  But I will guarantee, if we
15   come back on Monday, if I'm not under pressure to try this
16   case, I will be -- you know, I will not be under pressure, and
17   I --
18           THE COURT:  I don't want a chilling effect on you.
19   I want to stop the confrontation between the Court and you.
20           MS. MKRTCHYAN:  Sure.
21           THE COURT:  Because, quite frankly, I'm going to
22   find that there isn't prejudice to the defense at the present
23   time.  The reason for this mistrial would have been the lack of
24   control and the abeyance of my order, quite frankly.  And I
25   don't find prejudice to the defendants at the present time.  In
```

fact, this will be no harm, no foul if we can get through the

rest of the trial without a direct confrontation between you

and me and between -- and no side banter.

And I don't mean baiting by the other side, and they

04:53PM haven't done that.  But this discussion back and forth between

the parties just has to end.  If I make a ruling, that's the

end of it for all sides.

All right.  I'm going to deny the motion for

mistrial.  I'm going to give it the good old whatever try

04:53PM another time.  I don't want you to have a chilling effect in

terms of your aggressiveness, but I do want you to obey my

rulings without a confrontation with the Court.

MS. MKRTCHYAN:  Yes, Your Honor.

THE COURT:  Okay.

04:53PM MS. MKRTCHYAN:  I agree.

THE COURT:  All right.

MS. MKRTCHYAN:  Thank you.

THE COURT:  Now, Mr. Holloway and the deputies, go

home.  We're going to be here late tonight so it's better

04:53PM organized.  You go have a nice weekend.  Forget about this

case.  We'll see you on Monday at 8:30.  Good night.

Let's do this.  I'm going to do the same thing as I

did last evening.  I'll see you at 7:00 o'clock.  What I care

about is knowing what happens with -- on Monday -- I'm not

04:54PM going to intermeddle in that anymore.  I care to know what

happens after Renegar, you know, who the next witness is.  And you two can discover that without me baby-sitting.  You two can go over the evidentiary items, quite frankly, professionally, and make sure they're marked.  It was much better today.  It was much better today.

04:54PM

        If we can get through two days, in fact, that I don't have to keep you late Monday evening -- and what I'm debating is this.  I was going to bring you in for jury instructions, so let me lay out my worst fear.  We get through the plaintiff's case whenever.  You bring up a directed verdict motion.  You know I'm looking right now very closely at two officers.  That cannot be a secret in terms of my substantive decision, but the conspiracy still being out there.

04:54PM

        And regards to the conspiratorial aspects of the Renegar incident, that's not connected to the report writing in this case.  Those are two separate constellations.  So Renegar's false reporting allegation on the other case with the district attorney indicting him goes to his credibility, but it doesn't go to my initial determination of is there a conspiracy here.  And a speculation of there being a blue line of silence is a great line, and that may be true.  But I have to see the evidence of that.

04:55PM

        So all of you are on notice that I'm very concerned about two officers right now.  I don't know what I would have done if a summary judgment motion had been brought as to those

04:56PM

1    two officers, but they weren't.

2          As far as the others, I've got two ways of doing

3    this to keep you fresh.  I would probably wait for your other

4    officers and let you bookmark a directed verdict at the end of

04:56PM 5    the plaintiff's case.  I would probably take that up at the end

6    of the defense case because I would want to see who you called

7    in case plaintiff's counsel didn't call them.

8          So let's say you just called Renegar and Gonzalez

9    hypothetically and one other person, or plaintiff's counsel

04:56PM 10   did.  You may decide to call all the additional officers.  And

11   I wouldn't want to make a decision until you have done your

12   cross-examination, because then I've got a full record.

13         Now, at that time they all may remain in the case.

14   But at that time maybe two or three other officers are

04:56PM 15   departing this case before we get to the jury.  I don't know.

16   I've got a completely open mind about that.

17         So all I've gotten to was kind of a warning on both

18   your part that it just seemed that the Court would obviously

19   look at two officers where I granted summary judgment on all

04:57PM 20   the substantive counts and the conspiracy remains.  And what

21   I'm waiting to do is to see if that's developed into a

22   conspiracy like, quite frankly, I'm hearing, which may be an

23   interesting allegation concerning the other incident with

24   Renegar and the sergeant where he says, you know, "Come on in

04:57PM 25   and we'll fix it."  But that's a conspiracy over here that has

        1    nothing to do with these officers over here.  So I've got to

        2    hear that.  I hope that makes sense to you.

        3            So what I thought was to keep the case moving and to

        4    keep everybody fresh, you know that under the law I can

04:57PM  5    bookmark it.  You have to bring it at that point to preserve

        6    it, but I was going to have you have your witnesses ready at

        7    that point so we have a date/time certain, that we weren't

        8    spending a day and a half on those motions at the time.  We

        9    could do that at night at the end of the defense case, and you

04:57PM 10    bring it up in a thoughtful manner and I have a complete

       11    record.

       12            So I'm going to kind of telegraph to everybody you

       13    didn't have to stay up late briefing it.  Just bookmark it for

       14    me because I'm probably going to delay it.  Okay?  That way you

04:58PM 15    have additional time and you weren't having to file a

       16    supplemental.  And that's good for you as the plaintiff.

       17    That's good for you as the defendant.

       18            The other thing was that I was really worried about

       19    the jury instructions because I don't know what remains.  And

04:58PM 20    if the conspiracy doesn't remain, then this case takes a whole

       21    set of instructions and spins them out.

       22            So what I was going to do was get the basics out of

       23    the way.  You would be amazed if we just took the basic opening

       24    instructions and concluding instructions, it would take us an

04:58PM 25    hour and a half to do them on the table.  I know you don't

**UNITED STATES DISTRICT COURT**

1     believe it, but it does.

2            And what we do in my court is we have what's called

3     a walk-around.  We take the exhibits, and we put them on the

4     table, and we're going to do that next door.  And what we can

04:58PM  5   do is look at those exhibits for the next three or four days --

6     I'm sorry, instructions, and the basic ones are about 12 to 15

7     in number, got the burden of proof, you know, don't talk to

8     anybody at home, here's your credibility instruction, those

9     basic things, and we got concluding instructions.

04:59PM 10           In between, we know certain counts are going to

11    survive obviously.  Those we bear down -- you know I've got an

12    issue concerning emotional, and I've got to look at that and

13    see if I'm going to bolster that or not or what the suggestions

14    are, and there's a number of ways to do that.  I don't like the

04:59PM 15   temporal time frame, but I do like a more robust instruction

16    concerning emotion.

17           And I'm also wondering about a special verdict.  You

18    know, I've been toying since the beginning of this case is if

19    there's emotional damages, maybe the jury should be required to

04:59PM 20   tell us what the emotional damages are up to first since May

21    and to give us the emotional damages after May if they're

22    occurring and give us a total.

23           And that way, if you get emotional damages, at least

24    for the Circuit argument, you're protected to take it to the

04:59PM 25   Circuit and say, "You know what?  It was too much.  There

wasn't the evidence in the record up until May 25th or July
when he moved for the judge to continue to allow emotional
damages after that or there was."  And that way I have got full
control of that case and the initial decision and the Circuit
05:00PM  sees the special verdict.

Now, I'm not saying I'm doing that, but I've been
toying with three or four ways to sort out emotional damages in
a fair way, because for my record this is what happened.
Excellent counsel on the plaintiff's side heard and have sworn
05:00PM  the following:  "Gee, if I go with the emotional damages
strongly all the way down and not just damages, maybe these
collateral issues become more relevant, and I really don't want
to take a chance and know what Judge Carter is going to do."

And so very wisely you went into damages, which are
05:00PM  significant physically.  You took him through emotional
damages.  And I understand that you shouldn't be, nor are you
ever going to be forced to say, "I accede to the stipulation."
I mean, it's an excellent counsel on the other side.  It's a
great tactic.  It worked for Tom Beck.  Congratulations.  But
05:01PM  it worked for good reasons.

You're not forced to do that.  But I think I'd like
to know, also, you know, where that demarcation line is and
have control.  So I've been toying with a special verdict when
this issue was first raised, and I wanted to alert you to that.
05:01PM  The second thing is I think the instructions will be

relatively easy until I get to conspiracy if it survives.  The problem will be that the verdict form won't be.  The verdict form will be a mess.

So here's my offer to you.  If the verdict form is too convoluted and not understandable, I just give general verdict forms.  Why?  I can't be reversed on it.  Let me repeat that.  I can't be reversed on it.

So the burden really shifts to the defense to convince me that they brought these verdict forms into a manageable, easy to read.  And if they have, then normally I've given them.  But you should be objecting to every one of these and probably, quite frankly, and I'm speculating, want a general verdict form because you don't want to dig too deeply into the jury if they give you a big emotional damages award.

The defense knows, and I'm tipping you off, if you dumb these down so that I can understand them -- and I'm joking with you but I'm not -- to a level that my jury can understand them, then I'm inclined to give those if they're reasonable and give you a fair shot if you have liability of going up to the Circuit and sorting out your greatest fear.  So I've been toying with this special verdict form.

But here's what you can't do.  You can't take my general packet of instructions and then put in those headers that come with the special instructions because it's an add-on to my instructions, and everything comes in that general

1   packet.  So every time I get a special verdict form, it's got a

2   little paragraph, "If you find willfulness beyond whatever

3   doubt" -- no, no, no.  Dumb it down.  And if you do that for me

4   and it's concise, then I can work with you.

05:03PM  5        That's what I was going to start into this weekend.

6   But what I'm worried about is I want some recovery time for

7   you.  Go home and get rest.  Okay?  Get enthused and exuberant.

8   And I'm just thinking maybe I just take the weekend off, which

9   is unheard of.  No, I'm serious, unheard of.

05:03PM 10        MR. HARRELL:  No, I'm laughing because I --

11        THE COURT:  But tonight I'll see you at

12   7:00 o'clock.  And the reason for that is I want to know if you

13   have a discussion about what happens next without me

14   baby-sitting you.  And I just don't want to sit through those.

05:03PM 15   I think you got a lot done last night on your own.  I think it

16   was much smoother today until we ran into the confrontation.

17   Please help me help myself.

18        Let me say this again.  I'm going to be the first to

19   apologize to both of you.  That should be refreshing from a

05:04PM 20   federal court standpoint.  When something goes wrong, it's my

21   fault.  Okay?  It's my fault.  Yes, it is.  It's my fault.  But

22   I've got to have control of this court, and I can't have

23   confrontation, and I can't have my rulings questioned even if

24   they're wrong.  The Circuit will correct me right away, and I

05:04PM 25   will humbly obey anything that they tell me.  I promise you

1    that.

2            But in my own court, I must have that control, and I

3    have to stop the bantering between both of you.  Fair enough?

4    And if we can do that, you're not going to be hearing from me.

05:04PM  5    I don't think whatever prejudices occurred either to the

6    defendant, whether it's real or not, or to your client, quite

7    frankly, after this point is going to be a concern if we can

8    get through the next week or so, you know, in a workmanlike

9    manner.  Okay?

05:04PM 10            Now, I'm taking too much of your time.  My clerk's

11   going to go home and have a wonderful evening.

12            I'm wondering why you're still here.  There's no

13   reason to be except I'm really going to miss you this weekend.

14            Good night.  I'll see you at 7:00 o'clock and that

05:05PM 15   will be informal.  I want to humbly thank you on the record.

16            I want to thank the court reporter.

17            THE REPORTER:  You're welcome, Your Honor.

18            THE COURT:  All right.  Thank you very much.

19            I'll see you at 7:00 o'clock.

05:05PM 20            **(Proceedings concluded at 5:05 p.m.)**

21                          **--oOo--**

22

23

24

25

1               *CERTIFICATE OF OFFICIAL REPORTER*

2

3    COUNTY OF LOS ANGELES   )
                            )
4    STATE OF CALIFORNIA    )

5               I, DEBBIE HINO-SPAAN, FEDERAL OFFICIAL REALTIME

6    COURT REPORTER, in and for the United States District Court for

7    the Central District of California, do hereby certify that

8    pursuant to Section 753, Title 28, United States Code that the

9    foregoing is a true and correct transcript of the

10   stenographically reported proceedings held in the

11   above-entitled matter and that the transcript page format is in

12   conformance with the regulations of the Judicial Conference of

13   the United States.

14

15   *Date:  August 21, 2022*

16

17

18

19                        */S/ DEBBIE HINO-SPAAN*

20                        *Debbie Hino-Spaan, CSR No. 7953*
                         *Federal Official Court Reporter*
21

22

23

24

25

**UNITED STATES DISTRICT COURT**