**MKRTCHYAN LAW**
Narine Mkrtchyan, Esq. (SBN 243269)
1010 N. Central Ave, Suite 204
Glendale, CA 91202
Telephone No. (818) 388-7022
Web:  www.narinelaw.com
Email: narine57@gmail.com

Attorney for Jeremy Holloway

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY HOLLOWAY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE, DEPUTY CHAD RENEGAR, individually and as a peace officer, DEPUTY JOEL GONZALEZ, individually and as a peace officer, DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY BRANDON BILLINGER, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS individually and as a peace officer, DEPUTY JUSTIN GUNDERSON, individually and as a peace officer, and DOES 1-10.<br><br>Defendants. | Case No. 8:19-cv-01514-DOC-DFM<br><br>**Honorable David O. Carter**<br><br>**PLAINTIFF'S *RENEWED* MOTION TO DISQUALIFY DISTRICT JUDGE FOR BIAS AND PREJUDICE; MOTION TO CERTIFY APPEAL 28 U.S.C. 1292(B) WITH STAY OF PROCEEDINGS; DECLARATION OF NARINE MKRTCHYAN** |

TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:

1

Plaintiff Jeremy Holloway, through counsel of record Narine Mkrtchyan hereby renews his previous motion for an Order to disqualify the assigned District Judge David O. Carter from further hearing this case on the following grounds detailed in the appended Declaration of Counsel, supported with memorandum of points and authorities or certify this case for appeal under 28 U.S.C. 1292(b):

1. District Judge has displayed prejudice towards Plaintiff and his counsel making it impossible for counsel to discharge his duties;
2. District Judge has made pre-trial rulings not based on controlling law or case facts, but on partiality towards defendants by ensuring indigent Plaintiff is entrenched in long, expensive and protracted litigation he cannot afford;
3. Irreparable harm will result to Plaintiff by going to second trial in this courtroom;
4. Certification of appeal will expedite resolution of this case.

Therefore, Plaintiff Jeremy Holloway, respectfully renews his motion to recuse the assigned District Judge David Carter from further hearing this case. In the alternative, Plaintiff seeks an order to certify this case for appeal on the controlling issues of law.

This motion is based on this Notice, the records, papers and files in this case, trial transcripts, as well as such oral and documentary evidence as may be produced at the hearing on the motion.

**Date: November 30, 2022**          **MKRTCHYAN LAW**

By: _____/s/Narine Mkrtchyan_____

**NARINE MKRTCHYAN**
Attorney for Plaintiff Jeremy Holloway

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

This case is about the homeless veteran Jeremy Holloway who on January 21, 2018 was sleeping peacefully in his tent at the O'Neill Regional Park, Orange County, when awakened and harassed by the Orange County Sheriff's deputies, after they received calls of a domestic dispute on the campground. Needlessly agonizing Holloway when they immediately recognized he was alone, and not cause for a domestic dispute, they left his campsite to come back and beat him up after a few minutes, claiming he failed to comply with their commands to get down on the ground. Holloway was then ruthlessly beaten on the ground by at least 5 or more deputies, receiving punches and kneestrikes to his head causing serious injuries, then tasered and arrested, all for a call for a domestic disturbance he was not involved in. The use of force was audio recorded on PVS, objectively proving the excessiveness of the beating evident from Holloway's screams and noises.

Then to cover up their brutality, these defendants engaged in an intricate cover-up and conspiracy, lied about the headstrikes, denied about them to their supervisor and in police reports, claimed they were justified in their actions because Holloway who was on probation, aroused their officer safety concerns by not getting down to the ground quickly enough and had weapons within reach. To further absolve themselves of liability, they did not take pictures of his bleeding head until after the paramedics wrapped him up, covering up the damage they inflicted and arrested him on felony charges of Resisting police PC 69 and Battery on a peace officer PC 243(b). Plaintiff was not given his color booking photograph taken at the jail on the day of the incident reflecting his facial injuries until he learned of its existence in April 2022 after the first trial, after defense counsel attached it mistakenly to their motion in limine to exclude it from the second trial.

Defendant Deputy Renegar in particular, claimed Holloway placed him in a headlock and grabbed his ballistic vest while on the ground, necessitating the use of force. Needless to say, all of these was falsification. Renegar who was in charge of the conspiratorial pack, had been caught lying in reports on multiple occasions, was reprimanded twice by his supervisors for excessive use of force, and was prosecuted for lying in police reports and forging a signature of a victim of a crime report, covered in the news.

 This case was filed in federal court in August 2019, has received a highly antagonistic treatment at the Santa Ana Ronald Reagan Federal Building. Beginning from the assigned magistrate and his rulings on discovery motions, infused with outright hostility towards Plaintiff and his counsel, to the District Judge and his actions, Plaintiff simply has had no fair chance of proving his case in Santa Ana, Orange County against these deputies.

 After the Covid-related multiple delays in discovery, which was extremely acrimonious in this court, Plaintiff's trial was continued multiple times until August 17, 2021. Defendants' motion for summary judgment, opposed by Plaintiff, was granted in all respect and multiple claims of Plaintiff were dismissed. The trial took place and ended in a mistrial on September 7, 2021, after the jury could not reach a verdict.

 Thereafter, Hon. Judge David Carter continued the re-trial of this case for over a year to December 6, 2022 over Plaintiff's objection, causing loss of material witnesses to Plaintiff and expenditure of incredible resources in keeping track of witnesses. Plaintiff filed a motion to disqualify District Judge on June 16, 2022 which was denied.

 In retaliation of the motion to disqualify, at the pre-trial conference on November 8, 2022, this Court did not provide Plaintiff's counsel adequate opportunity to be heard on Plaintiff's motions in limine, held a conference without a court reporter, reiterated that this case will not resolve no matter how many times

Plaintiff tries this case. The Court issued pre-trial orders on November 28, 2022 by denying Plaintiff's motion to exclude/sanitize his expunged felony conviction, but granting defendant's motion to exclude Plaintiff's homeless status, highly probative of issues in the case. The Court also denied Plaintiff's request for a modified voir dire procedure to prevent another mistrial or hung jury in this hotly contested case. **Doc**. **413, 414.**

Based on the Court's retaliatory pre-trial orders, it is clear that Plaintiff will not get a fair trial in this court, will never reach a resolution of this case, and will be held hostage in an expensive, protracted litigation with no end to be seen. Plaintiff as indigent litigant has expended extraordinary sums of money and cannot afford trying this case multiple times in this Court where the judge does not have a grasp of the controlling law or facts in the case, does not allow Plaintiff's counsel to effectively represent his client as it was apparent at the first trial, and makes arbitrary rulings jeopardizing Plaintiff's ability to reach a fair resolution of this case and recover compensation as a victim of police brutality.

**A. This Court is prejudiced and biased against Plaintiff's case because after Plaintiff filed a motion to disqualify, this Court is now retaliating against Plaintiff and his counsel in the pre-trial orders.**

Plaintiff had filed a motion to disqualify this Court on bias and prejudice to his case and his counsel on June 16, 2022. **Doc. 377**. It was denied without a hearing. Plaintiff incorporates all his arguments with points and authorities in that motion herein.

However, in retaliation, this Court now has made pre-trial orders that irreparably harm Plaintiff in this pursuit for justice and entrench him in a more expensive and protracted litigation. **Doc. 414**. Notably, this Court has declined to make rulings on Plaintiff's Rule 50 motion against Defendant Renegar both at trial

and thereafter when Plaintiff renewed it. See **Plaintiff's Motion for a Judgment as a Matter of Law**, Doc. 316.

Despite the well-established 'law of the case doctrine', this Court now has excluded any reference to Plaintiff's homeless status at the time of the incident, which was both admissible and relevant at the first trial and was introduced without objection by defendants. The probative value of this evidence to provide an important context to the material facts here was unquestionable at the first trial and it was Plaintiff's theory about behavior of all parties and witnesses in this case. See **Plaintiff's Opp. to D's Motion, Doc. 353** If this Court takes away Plaintiff's critical evidence by finding it prejudicial to defendants and paralyzes Plaintiff's ability to prove his claims, it speaks volumes about this Court's attitude towards the case and Plaintiff. It is remarkable that the same purported balancing of prejudice versus probative value has not been made in admitting Plaintiff's expunged felony conviction, now reduced to a misdemeanor, with informal probation terms. This Court has not made complete rulings with respect to Plaintiff's Motion in limine #1 to exclude/sanitize his felony conviction and did not address how Plaintiff's probationary status is more probative than prejudicial to any issues in the case. See Doc. **332, 384**. Plaintiff can not risk another mistrial by going to an expensive second trial when while his criminal record is showcased and admitted as 'probative', his homeless status is excluded as 'prejudicial'. This is an epitome of injustice. If Plaintiff's criminal record history is relevant to explain the state of mind of these defendants in detaining him, so is his homeless status relevant to explain his own state of mind when maliciously detained and beaten by these defendants! Furthermore, these defendants' theory is that Plaintiff was beating on a woman and over Plaintiff's objection are permitted at this trial to bring the reporting parties who reported a domestic violence incident at the campground and prejudice Plaintiff in the eyes of the jury as a 'domestic batterer' when no female was ever found or connected to his campsite. Plaintiff is entitled to

impeach credibility of these reporting parties who were biased towards Plaintiff due to his obvious homeless status, as much as these defendants were biased who attacked and arrested him without any evidence of any female at his campsite! Plaintiff is entitled to impeach witness Brian Fuerbach with his prior statement to Plaintiff's investigator where he expressed his belief that he thought Plaintiff was transient by showing a lot of contempt towards Plaintiff and refused to provide information to investigator. See **attached attorney work product witness statement to Plaintiff's investigator. Declaration of Counsel.** If Plaintiff's homeless status is irrelevant, then this Court should exclude testimony of the reporting parties Brian Fuerbach and Joshua Gomez who reported domestic violence that was not connected to Plaintiff. These defendants do not have to admit they specifically knew Plaintiff's status to make it relevant for this trial, when the inference of bias can be drawn circumstantially. It is plain statistics that the O'Neill Regional Park had a homeless camping population and these officers were well aware of that as part of their regular patrol and training! At the time of this incident, a total 300 veterans were reported to be homeless and when Plaintiff told them at first encounter he was a veteran, these deputy defendants could draw an inference he was also homeless given the tents and multiple supplies he carried.

[Orange County CA Homeless Shelter Directory Homeless Statistics and Shelters.](#) [City Net – Newly-Released Report Reveals Increase in Homeless Population in North Orange County](#)

     Excluding Plaintiff's homeless status therefore is extremely prejudicial to his case, does not provide a necessary framework for the jury to evaluate facts, when the arguable prejudice to these defendants is minimal and inarticulable. Plaintiff is not using this as a sympathy card, for which there is a curative jury instruction, but as an evidence of bias and malice towards him and evidence of his own state of mind when interacting with defendants, who argue he was noncompliant and aggressive, necessitating the actions they took. His mental health state and homelessness have a lot to do with his overall irritability, frustration and verbal

abuse. Double standards drive this Court's analysis of the law and facts here and thereby prejudice Plaintiff irreparably and a week before the trial Plaintiff is paralyzed in his ability to pursue his theory of the case by this Court's retaliatory exclusionary rulings with disregard to the 'law of this case'. Characteristically, the Court has not found any prejudice to Plaintiff of a suppressed booking photograph with his injuries by defendants, when it was not produced at the first trial to prove his claims. **Doc. 413**. Plaintiff has to go through another trial in this Court by expending double resources, without the benefit of key evidence <u>intentionally</u> withheld from him for the entirety of discovery phase and first trial. Expensive litigation for an indigent Plaintiff is clearly a prejudice to Plaintiff that is not being recognized by this Court. This Plaintiff was sanctioned for closing his Facebook account after defendants downloaded hundreds of pages of irrelevant information from it. Meanwhile these defendants have gotten away not producing all 911 calls, not disclosing all witnesses to incident and suppressing the booking photograph from the day of incident. Plaintiff has asked for proper jury instructions on discovery abuses at first trial and was denied.

      This Court has likewise refused to modify the voir dire procedure and give Plaintiff an opportunity to do a better voir dire at second trial, and ensure a fair chance of a resolution of this hotly contested case. Plaintiff was unable to do a fair voir dire in this case, causing a mistrial with hung jury.

    **B. This Court has disabled Plaintiff's counsel from effectively representing his client at second trial by attitude at the first trial.**

      The Court's treatment of Plaintiff's counsel at the first trial has disabled Plaintiff's counsel from effectively representing her client. Plaintiff's counsel was threatened with sanctions for aggressively pursuing her client's rights and questioning defendants. Any argument by Plaintiff's counsel was taken with animosity and condescension by this Court thereby sealing any effective

representation of Plaintiff at the second trial. In a police misconduct case where credibility of the officers is critical, Plaintiff's counsel was shut down from effectively impeaching these officers' credibility with their prior testimony at depositions. Each time, Plaintiff's counsel pointed out prior testimony, the Court found it lacking impeachment and did not permit counsel to introduce it to jury, discrediting counsel in the eyes of the jury. When counsel argued with the Court, the Court admonished counsel in front of the jury and at one point, abruptly stopped the proceedings to begin sanctioning Plaintiff's counsel for arguing with the Court.

Plaintiff's counsel has been minimized and discredited before the jury previously and cannot function in this Court. See **Declaration of Counsel Narine Mkrtchyan**.

### C. Recusal of the District Judge or certifying this case for appeal will expedite resolution and termination of this case

In light of the foregoing, Plaintiff does not believe, he will get a resolution of this case at the second trial, nor believes will get a fair trial in violation of his due process rights under the Fourteenth Amendment. Forcing indigent Plaintiff to go through multiple trials with mistrials and hung jury in this Court constitutes irreparable harm to Plaintiff as an indigent litigant who does not have unlimited resources as the defendants, and is an exceptional circumstance where the Court should certify the case for appeal under 28 U.S.C. 1292(b).

**POINTS AND AUTHORITIES**

Pursuant to 28 U.S.C. § 1292(b), the district court may certify an appeal of an interlocutory order if (1) the order involves a controlling question of law, (2)

appealing the order may materially advance the ultimate termination of the litigation, and (3) there is substantial ground for difference of opinion as to the question of law. *Roberts v. C.R. England*, No. C 11-2586 CW (N.D.Ca 2012) See also, *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 687-88 (9th Cir. 2011)

In this case, all factors are present. Without appeal of the Court's interlocutory orders at this time, Plaintiff will be entrenched in indefinite litigation in this Court without an end to be seen. The appeal of the controlling issues is the only way Plaintiff can get this case terminated and resolved without engaging in multiple sessions of trial and re-trial which he cannot afford. This Court has ensured that Plaintiff will not reach a verdict in the most recent pre-trial orders. **Doc. 413, 414**. The issues in pre-trial orders and motion for summary judgement are controlling issues of law and there is substantial ground for difference of opinion.

This Court had previously denied Plaintiff's motion to disqualify him, and that denial is a proper order for an interlocutory appeal under 28 U.S.C. 1292(b) under these circumstances when Plaintiff is renewing it before trial. See *In re Cement Antitr. Litigation*, 673 F.2d 1020 (9th Cir. 1981).

Therefore, Plaintiff requests this Court to certify the following orders for interlocutory appeal and order stay of the proceedings:

1. The Court's Order on Defendants' Motion for Summary Judgment, **Doc. 217**;
2. The Court's Pretrial Orders, **Doc. 413, 414, 376, 221**.
3. The Court's Order(s) on Recusal, **Doc. 381**.

**CONCLUSION**

For the following reasons, Plaintiff believes this Court is biased and prejudiced against his cause or his attorney and requests this Court to recuse

himself and reassign this case to another judge for trial. In the alternative, Plaintiff requests certification for immediate appeal of the controlling orders in this case.

**Date: November 30, 2022**         **MKRTCHYAN LAW**

By: _____/s/Narine Mkrtchyan_____

**NARINE MKRTCHYAN**
Attorney for Plaintiff Jeremy Hollowa