**MKRTCHYAN LAW**
Narine Mkrtchyan, Esq. (SBN 243269)
1010 N. Central Ave, Suite 204
Glendale, CA 91202
Telephone No. (818) 388-7022
Web:  www.narinelaw.com
Email: narine57@gmail.com

Attorney for Jeremy Holloway

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY HOLLOWAY,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE, DEPUTY CHAD RENEGAR, individually and as a peace officer, DEPUTY JOEL GONZALEZ, individually and as a peace officer, DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY BRANDON BILLINGER, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS individually and as a peace officer, DEPUTY JUSTIN GUNDERSON, individually and as a peace officer, and DOES 1-10.<br><br>Defendants. | Case No. 8:19-cv-01514-DOC-DFM<br><br>**DECLARATION OF COUNSEL NARINE MKRTCHYAN TO PLAINTIFF'S RENEWED MOTION TO DISQUALIFY DISTRICT JUDGE AND FOR MOTION TO CERTIFY THE COURT'S ORDERS FOR APPEAL** |

## **DECLARATION OF NARINE MKRTCHYAN**

1. I am Plaintiff's counsel in this matter. The facts stated herein are personally known to me of firsthand knowledge, except where alleged on information and belief, and if called as a witness I would competently testify thereto.

2. I had previously filed a Motion to Disqualify Judge Carter from presiding over this case with a supporting declaration on behalf of Plaintiff. See **Doc. 377.** The motion was denied.

3. The Court now has retaliated against Plaintiff for filing this motion in the pre-trial orders.

4. At the first trial, I was mistreated, minimized, discredited and treated antagonistically by the Court before the jury, which partially affected Plaintiff's ability to obtain a verdict in the case. I could not function as counsel in this courtroom, because I was threatened with sanctions, brought to tears after being admonished and humiliated in open court for two hours, and was not permitted to impeach credibility of key defendants to the detriment of my client's claims. As an attorney of 16 years with a background as a public defender, with multiple trial experience, daily cross-examining police officers in court, I felt disabled in this courtroom.

5. After the first trial, the Court permitted these defendants to relitigate new motions in limine without regard to the law of the case doctrine. In the most recent pre-trial orders, this Court ruled that Plaintiff now, after a first trial where this evidence was admissible and relevant, cannot reference his status as a homeless person at the second trial. This is a highly relevant fact in proving Plaintiff's claims and theory of the case. Essentially, this Court is permitting these defendants to get a second bite at an apple,

without regard to the 'law of the case', which states that the evidentiary rulings cannot change in the case without a change of circumstances. Now after defendants have had a test drive of Plaintiff's theory of the case, this Court is foreclosing Plaintiff's ability from using the same theory at second trial. This is done only a week before trial when Plaintiff has already filed his trial witness lists and has no time to change his theory of the case that has been developed for years in this case. At no point in time did defendants throughout the first trial object to this evidence. I do not believe I can adequately present and prove Plaintiff's claims in this lawsuit without this evidence. Meanwhile, Plaintiff's expunged criminal conviction with probationary terms is admitted while probative value of this evidence to the claims is minimal over its prejudicial effect.

6. I am attaching to this motion as an **Exhibit** witness Brian Fuerbach's statement to Plaintiff's investigator, where Fuerbach expressed his contempt for Plaintiff and indicated he knew Plaintiff was 'transient' at the time of the incident. This is evidence of bias and explains why Fuerbach was so adamant why Plaintiff was beating on a woman, with no evidence of a female at his campsite and when Plaintiff heard the noise coming from the next campsite at 66. This report is protected attorney work product and was not produced to defense. However, in effort to make the record of relevancy of this evidence, I am forced to disclose protected attorney work product since my representations as attorney in previous motions were not sufficient. See **Plaintiff's Opp. to Def. Motion, Doc. 353**. I attempted to impeach Fuerbach with his prior statements to investigator at the first trial and intend to impeach him again at the second trial to prove he was biased towards Plaintiff. This is critical evidence because these defendants prejudice Plaintiff in the eyes of the

jury as a 'woman beater' when there is no evidence he was ever with a woman, and when they refused to check on the next door campsite 66 for the actual woman in distress. If Plaintiff's status as homeless was apparent to his neighbors, then a reasonable inference can be drawn it was apparent to trained officers regularly patrolling this neighborhood and aware of the homeless populations in the OC parks.

7. I had made these arguments both in writing in Plaintiff's motions in limine and at hearing on November 8. The hearing for pre-trial motions took place without a court reporter. I was told it was electronically recorded and the transcript should be available.

8. It is clear to me based on the first trial, that this Court will not give my client a fair trial. It is also highly unlikely, that based on these rulings, there will not be another mistrial and hung jury.

9. The Court's pre-trial orders make resolution of this case almost impossible. Plaintiff does not have unlimited resources to try this case, as these defendants. I have expended upward of $100,000 in this case alone and now cannot afford going to a second trial which may end in a mistrial or hung jury due to this Court's erroneous and prejudiced understanding of the controlling law and facts in the case.

10. Furthermore, continuous delays of trial have caused Plaintiff not only to expend additional sums to keep track of witnesses, but have also caused loss of witnesses. Plaintiff does not believe this Court is cognizant of the prejudice it has caused to Plaintiff by a mistrial, and long delays for a second trial. Now only a week before second trial, this Court is depriving Plaintiff of his theory of the case by making arbitrary and retaliatory rulings depriving him of any ability to prove his case.

11. Because of the foregoing, Plaintiff renews his motion for recusal of the District Judge in this case, or for certification of the issues for immediate appeal and stay the proceedings pending appeal.

I declare under penalty of perjury that the foregoing is true and correct. Executed this November 30, 2022 at Los Angeles, CA

<u>/s/ Narine Mkrtchyan</u>

Attorney for Plaintiff