UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-01514-DOC-DFM                     Date:  December 2, 2022

Title: JEREMY HOLLOWAY v. COUNTY OF ORANGE ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER DENYING MOTION TO DISQUALIFY AND MOTION TO CERTIFY APPEAL [426]**

Before the Court is a renewed Motion to Disqualify and Motion to Certify Appeal (collectively, "Motion" or "Mot.") (Dkt. 426) brought by Plaintiff Jeremy Holloway. The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **DENIES** Plaintiff's Motions.

**I.      Background**

This case arises out of two incidents in January 2018 involving Plaintiff and several Orange County Sheriff's Department deputies. *See generally* Second Amended Complaint ("SAC") (Dkt. 28). After the second incident with the deputies, Plaintiff was left with multiple injuries that necessitated spending the night in the hospital. *Id.* ¶ 7. Plaintiff sued the County and individual deputies for violations of his constitutional rights under 42 U.S.C. § 1983. *See generally id.*

On August 6, 2019, Plaintiff filed his complaint in this Court (Dkt. 1). Plaintiff filed his First Amended Complaint (Dkt. 11) on August 26, 2019. Plaintiff filed his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-01514-DOC-DFM                             Date: December 2, 2022

Page 2

Second Amended Complaint on December 10, 2019. On October 23, 2020, Defendants filed a Motion for Summary Judgment (Dkt. 102) and a Motion for Summary Adjudication (Dkt. 105). On May 5, 2021, the Court granted summary judgment for the deputy Defendants on Plaintiff's Fourth Amendment and false arrest claims, granted summary judgment for two of the deputies on Plaintiff's excessive force claim, and granted summary judgment for the County on Plaintiff's *Monell* claim (Dkt. 217).

A 12-day jury trial was held beginning August 17, 2021. After three days of deliberations, the jury deadlocked and the Court declared a mistrial on September 7, 2021. (Dkt. 296). The Court initially set the second trial for May 23, 2022 (Dkt. 307). However, due to the backlog of criminal trials from the Central District's trial suspension for COVID-19, the Court moved the second trial date to July 26, 2022 (Dkt. 363). After Defendant Renegar's counsel notified the Court of conflicts with pre-planned family vacations, the Court asked the parties to meet and confer and submit other potential trial dates; the Court then moved the trial to December 6, 2022 based on counsel's representations (Dkt. 376).

Plaintiff filed a first motion to disqualify on June 16, 2022. (Dkt. 377). On July 15, 2022, the Court denied Plaintiff's first motion to disqualify. (Dkt. 381). On November 24, 2022, the Court ruled on a series of pretrial motions in limine. Order re Pretrial Motions (Dkt. 414). On November 28, the Court denied two more pretrial motions. Order Denying Motion to Voir Dire and Motion for Sanctions (Dkt. 415).

On November 30, Plaintiff filed the instant Motion to Disqualify and Motion to Certify Appeal. (Dkt. 426).

## II.      Legal Standard

### A.      Disqualification

Title 28 of the U.S. Code, which deals with the judiciary and judicial procedure, provides for disqualification of a judge whenever "a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The affidavit must set forth "the facts and the reasons for the belief that bias or prejudice exists." *Id.* Under 28 U.S.C. § 455, judges must disqualify themselves "in any proceeding in which [their] impartiality might reasonably

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-01514-DOC-DFMDate: December 2, 2022

Page 3

be questioned." Although § 455 does not require an affidavit, the substantive standard for disqualification under § 144 and § 455 is the same: "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453–54 (9th Cir. 1997) (per curiam) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)).

Any "The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934 (9th Cir. 1986) (citing *Mayes v. Leipziger*, 729 F.2d 605 at 607 (9th Cir. 1984)). Indeed, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Further, "judicial rulings almost never constitute a valid basis for a bias or partiality motion." *Id.*

### B. Certification of Interlocutory Appeal

Under federal law, a district court may certify for appeal an otherwise unappealable decision in certain exceptional circumstances. 28 U.S.C. § 1292(b). A party seeking an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) must demonstrate that (1) there is a controlling question of law; (2) there are substantial grounds for difference of opinion regarding the issue; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020 at 1026 (9th Cir. 1981). This burden is high. *See United States Rubber Co. v. Wright,* 359 F.2d 784, 785 (9th Cir. 1966); *see also Fukuda v. County of Los Angeles,* 630 F.Supp. 228, 299 (C.D. Cal. 1986) ("The party seeking certification has the burden of showing that exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment.' ") (citing *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475 (1978)). District courts should not certify an issue for interlocutory appeal unless it would help avoid protracted and expensive litigation. *Id.*

### III. Discussion

Plaintiff moves to disqualify this Court on three grounds. Mot. at 2. Plaintiff first alleges that the Court displayed prejudice towards Plaintiff. *Id.* Plaintiff also challenges

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-01514-DOC-DFM                       Date: December 2, 2022

Page 4

the Court's pretrial rulings as contrary to law "ensuring indigent Plaintiff is entrenched in long, expensive litigation." *Id.* Finally, Plaintiff alleges that a second trial will result in "[i]rreparable harm." *Id.* The Court considers each argument in turn.

    First, Plaintiff argues that the Court "has displayed prejudice towards Plaintiff and his counsel making it impossible for counsel to discharge his duties." Mot. at 2. Specifically, Plaintiff contends that the Court did "not provide Plaintiff's counsel adequate opportunity to be heard on Plaintiff's motions in limine, held a conference without a court reporter," and "reiterated that this case will not resolve no matter how many times Plaintiff tries this case." Mot. at 4–5. According to Plaintiff, the Court has also "declined to make rulings on Plaintiff's Rule 50 motion against Defendant Renegar." *Id.*

    As a preliminary matter, the Court notes that the November 8, 2022 hearing on the pretrial motions was recorded by both a Court reporter and CourtSmart, and that the full transcript is available for review. *See* Transcript of Proceedings, November 8, 2022 (Dkt. 411). A brief examination of said transcript suggests that the parties had equal opportunities to be heard.[1] Further, "if the [C]ourt does not grant a motion for judgment as a matter of law made under Rule 50(a), the [C]ourt is considered to have submitted the action to the jury." Fed. R. Civ. P. 50(b). At the conclusion of the first trial, the Court submitted the action to the jury, denying the parties' respective Rule 50(a) motions. Any subsequent motions under Rule 50(a) were premature in light of the pending re-trial. *See, e.g. Ervco, Inc. v. Texaco Ref. & Mktg., Inc.*, 428 F. App'x 725, 727 (9th Cir. 2011) ("Our circuit law clearly holds that Rule 50 JMOL—whether raised by the parties or sua sponte by the district court—cannot be granted before the trial has begun and the party's evidence on that issue has been fully heard by the jury."); *see also McSherry v. City of Long Beach*, 423 F.3d 1015, 1019 (9th Cir. 2005) (reversing the district court's grant of Rule 50 JMOL at the outset of trial, before any evidence had been presented to the jury).

    Second, Plaintiff argues that the Court's ruling on Plaintiff's various pretrial motions were made in "retaliation," and that these rulings "irreparably harm Plaintiff." Mot. at 5. Plaintiff particularly points to the Court's rulings excluding evidence relating

---

[1] Transcript of Proceedings, November 8, 2022. While a rough estimate, the Court notes that the two parties spoke a comparable number of times. Plaintiff's Counsel, Narine Mkrtchyan, spoke 108 distinct times. Counsel for Defendants, Frank Harrell and Christie Swiss, spoke a combined 103 distinct times.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-01514-DOC-DFM                         Date: December 2, 2022

Page 5

to Holloway's alleged homelessness and allowing of evidence relating to Holloway's expunged felony conviction. *Id.* at 6.

       Holloway's complaints do not provide a basis for recusal because the complaints involve the Court's performance while presiding over this case. *See Studley*, 783 F.2d at 939. As stated above, "judicial rulings almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. The Court's ruling on evidence relating to Holloway's purported homelessness was based on a determination that such evidence would be more prejudicial than probative. *See* Order Re Pretrial Motions (Dkt. 414) at 4. The Court's ruling allowing evidence relating to Holloway's expunged felony conviction was based on a determination that there was no express "finding of rehabilitation" pursuant to *United States v. Wood*, such that the expunged felony conviction was still admissible under Federal Rule of Evidence 609. *See id.* at 2 (citing *United States v. Wood*, 943 F.2d 1048, 1055 (9th Cir. 1991)). The Court also notes that multiple rulings on said pretrial motions were in Plaintiff's favor; such as the rulings denying Defendants' requests to (1) exclude evidence relating to Plaintiff's alleged unlawful arrest, (2) bar testimony from Plaintiff's expert witness, or (3) exclude evidence relating to a criminal matter involving a Defendant. *Id.*

       Third, and lastly, Plaintiff argues that the Court has "disabled Plaintiff's counsel from effectively representing his client at second trial by attitude at first trial." Mot. at 8. Plaintiff argues that "Plaintiff's counsel was threatened with sanctions" and that the Court "admonished counsel in front of the jury." *Id.* at 8–9.

       Plaintiff has not identified any of the Court's actions that are linked to any bias or "deep-seated antagonism" against Plaintiff or his counsel. *See Liteky*, 510 U.S. at 555. "[T]he judge's conduct during the proceedings should not, except in the 'rarest of circumstances' form the sole basis for recusal." *United States v. Holland*, 519 F.3d 909 (9th Cir. 2008) (citing *Liteky*, 510 U.S. at 555.)

       Accordingly, the Court DENIES Plaintiff's Motion to Disqualify. Plaintiff has also failed to establish that "there are substantial grounds for difference of opinion regarding the issue," and so the Court DENIES Plaintiff's Motion to Certify Appeal. *In re Cement Antitrust Litigation,* 673 F.2d at 1026. The Court has full confidence in all counsel's ability to ensure the second trial proceeds smoothly and professionally.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-01514-DOC-DFM                                 Date: December 2, 2022

Page 6

### IV. Disposition

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Disqualify and **DENIES** Plaintiff's Motion to Certify Appeal. (Dkt. 426).

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                 Initials of Deputy Clerk: kdu

CIVIL-GEN