**MKRTCHYAN LAW**
Narine Mkrtchyan (SBN 243269)
655 N. Central Ave, Suite 1700
Glendale, CA 91203
(818) 388-7022
www.narinelaw.com
narine57@gmail.com

Attorneys for Plaintiff Jeremy Holloway

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY HOLLOWAY, | No. CV 19-01514 DOC- DFM |
| Plaintiff, | *Assigned for All Purposes to the Honorable David O. Carter* |
| v. | |
| DEPUTY CHAD RENEGAR, individually and as a peace officer, DEPUTY JOEL GONZALEZ, individually and as a peace officer, DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS individually and as a peace officer, and DOES 1-10, | **NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEY FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS; EXHIBITS** |
| | DATE:      10/16/2023 |
| | TIME:      8:30 am |
| | CTRM:      10A |
| Defendants. | |

TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 16, 2023, at 8:30 am, in Courtroom 10A of the above entitled court, located at 411 W. 4th Street, Santa Ana, California, Plaintiff will move the court for an order awarding attorneys fees and costs.

Plaintiff has prevailed in establishing defendants liability on § 1983 claim by a jury verdict reached on August 16, 2023. Pending entry of judgment on the verdict

and Court's order on post-trial motions, Plaintiff's costs and fees to date are therefore recoverable as a matter of law.

This motion will be based on this notice, on the attached memorandum of points and authorities, declarations and exhibits, and on such other evidence as may be received by the Court.


Dated: October 12, 2023                **MKRTCHYAN LAW**


                                        By: /s/Narine Mkrtchyan

                                             Narine Mkrtchyan
                                             Attorney for Plaintiff

1

**TABLE OF CONTENTS**

2

I        INTRODUCTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

II       PLAINTIFF IS ENTITLED TO PETITION THE COURT FOR
         FEES AND COSTS AS THE PREVAILING PARTY
         PURSUANT TO 42 U.S.C. § 1988. . . . . . . . . . . . . . . . . . . . . . . . . . 7

         A.    AUTHORITY FOR AWARD OF ATTORNEYS  FEES  . . . . . . . . 7

         B.    STANDARDS FOR DETERMINING STATUS AS
               PREVAILING PARTY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

III.     THE LODESTAR SOUGHT BY PLAINTIFF IS
         DEMONSTRABLY REASONABLE  . . . . . . . . . . . . . . . . . . . . . . . 9

         A.    THE LODESTAR CALCULATION . . . . . . . . . . . . . . . . . . . . . . . 9

         B.    PLAINTIFF BEARS THE BURDEN OF ESTABLISHING THE
               LODESTAR.        . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

               1.    The Hours Claimed Are Reasonable  . . . . . . . . . . . . . . . . . . . 11

               2.    Plaintiffs Attorney's Hourly Rate Is Reasonable . . . . . . . . . . 13

         C.    COUNSEL HAS ACCURATELY DOCUMENTED HOURS,
               FEES AND EXPENSES.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

         D.    TIME TOWARD THE RECOVERY OF FEES
               IS COMPENSABLE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

IV.      PLAINTIFF IS ENTITLED TO REIMBURSEMENT OF
         LITIGATION COSTS OVER AND ABOVE TITLE  28 U.S.C.
         §1920 AND LOCAL RULE 54-4 . . . . . . . . . . . . . . . . . . . . . .    15

         A.    Plaintiff is entitled to recover pre and post-verdict interest . . . . . . .  15

         B.    Copying, Postage, And Other Costs Ordinarily Not Encompassed
               by 28 U.S.C. §1920 Are Awardable under §1988. . . . . . . . . . . . . .  16

V.       CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

DECLARATION OF NARINE MKRTCHYAN  . . . . . . . . . . . . . . . . . . . . . . . .  21

DECLARATION OF THOMAS BECK. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DECLARATION OF CAROL SOBEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Air Separation Inc. v. Underwriters at Lloyd's of London*,
   (9th Cir.1995) 45 F.3d 288, 289–90 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Anderson v. Director, OWCP*,
   (9th Cir. 1996) 91 F.3d 1322, 1325  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Barnard v. Theobald*,
   (9th Cir. 2013) 721 F,3d 1069, 1076-1077  . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Blum v. Stensen*,
   465 U.S. at 897 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Cabrales v. County of Los Angeles*,
   (9th Cir. 1991) 935 F.2d 1050, 1053  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Chalmers v. City of Los Angeles*,
   (9th Cir. 1985) 796 F.2d 1205, 1214  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*City of Riverside v. Rivera*,
   477 U.S. at 568 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*City of Riverside v. Rivera*,
   477 U.S. at 575 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Chalmers v. City of Los Angeles*,
   (9th Cir. 1986) 796 F.2d 1205, 1214  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*City of Riverside v. Rivera*,
   (1986) 477 U.S. 561, 580 n. 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Dang v. Cross*,
   (9th Cir. 2005) 422 F.3d 800, 804 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Davis v. City of San Francisco*,
   (9th Cir. 1992) 976 F.2d 1536, 1547 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*DeLaCruz v. Pruitt*,
   (N.D. Ind. 1984) 590 F. Supp. 1296, 1309  . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Dowell v. City of Apopka*,
   (11th Cir. 1983) 698 F.2d 1181, 1188-92 . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Fadhl v. City and County of San Francisco*,
   (9th Cir. 1986) 804 F.2d 1097, 1099  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Farrar v. Hobby*,
   (1992) 506 U.S. 103, 111, 121; L.Ed.2d 492, 503;
   113 S.Ct. 566 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Gates v. Deukmejian,*
    (9th Cir. 1992) 987 F.2d 1392, 1404 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Gates v. Rowland,*
    (9th Cir. 1994) 39 F.3d 1439, 1441 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Golden State Transit Corp. v. Los Angeles,*
    (C.D. Cal. 1991 773 F. Supp. 204, 211) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Gonzales v. City of Maywood,*
    (9th Cir. 2013) 2013 U.S. App. LEXIS 18703 * 3 . . . . . . . . . . . . . . . . . . . . .

*Gorelangton v. City of Reno,*
    (D. Nev. 1986) 638 F. Supp. 1426, 1433 . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Graham v. Sauk Prairie Police Comm. ,*
    (7th Cir. 1990) 915 F.2d 1085, 1109 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Guam Society of Obstetricians and Gynecologists v. Ada,*
    (9th Cir. 1996) 100 F.3d 691, 697 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Hall v. Ochs,*
    (1st Cir. 1987) 817 F.2d 920, 926 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Harris v. McCarthy,*
    (9th Cir. 1986) 790 F.2d 753, 758-59 . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Harris v. Marhoefer,*
    (9th Cir 1994) 24 F.3d 16 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Henry v. Webermeier,*
    (7th Cir. 1984) 738 F.2d 188, 192 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Hensley v. Eckerhart,*
    (1983) 461 U.S. 424, 428; 103 S. Ct. 1933;

    76 L.Ed.2d 40 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Herrington v. Cnty. of Sonoma,*
    (9th Cir.1989) 883 F.2d 739, 743 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Hewitt v. Helms,*
    (1987) 482 U.S. 755, 760 and 763; 100 S. Ct. 1987;
     64 L.Ed. 2d 670 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Int'l Woodworkers of America, AFL-CIO v. Donovan,*
    (9th Cir. 1986) 792 F.2d 762, 767 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Jacobs v. Mancuso,*
    (1st Cir. 1987) 825 F.2d 559, 562 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Jane L. v. Bangerter*,
(10th Cir. 1995) 61 F.3d 1505, 1517 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Keith v. Volpe*,
(C.D. Cal. 1986) 644 F. Supp. 1317 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Laffey v. Northwest Airlines, Inc.*,
(D.C. Cir. 1984) 746 F.2d 4, 30, (1985) *cert denied*, 472 U.S. 1021 . . . . . . . .

*Jones v. Diamond*
(5th Cir. 1981) 636 F.2d 1364, 1382 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*McCown v. City of Fontana*,
(9th Cir. 2008) 565 F.3d 1097, 1102 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*McGinnis v. Kentucky Fried Chicken*,
(9th Cir. 1994) 51 F.3d 805, 809 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Mendez v. Cnty. of San Bernadino*,
(9th Cir.2008) 540 F.3d 1109, 1126 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Moreno v. City of Sacramento*,
(9th Cir. 2008) 534 F.3d 1106, 1116 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Murphy v. City of Elko*,
(D.Nev.1997) 976 F.Supp. 1359, 1364 . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Northcross v. Board of Education*,
(6th Cir. 1979) 611 F.2d 624, 639, (1980) *cert denied* 447 U.S. 911 . . . . . . .

*Palmigiano v. Harrahy*,
(1st Cir. 1983) 707 F.2d 636, 637 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*,
(1986) 478 U.S. 546, 565; 106 S. Ct. 3088; 92 L.Ed.2d 439 . . . . . . . . . . . . .

*Perkins v. Mobile Housing Board*,
(11th Cir. 1988) 847 F.2d 735, 738 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Quesada v. Thomason*,
(9th Cir. 1988) 850 F.2d 537 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Ramos v. Lamm*,
(10th Cir. 1983) 713 F.2d 546, 559 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Romberg v. Nichols*,
953 F.2d 1152, 1164 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Sablan v. Dept. of Finance of N. Mariana Islands*,
(9th Cir. 1988) 856 F.2d 1317, 1324 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Save Our Cumberland Mountains, Inc., v. Hodel*,
(D.C.Cir. 1988) 857 F.2d 1516 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Schneider v. Cnty. of San Diego*,

iv

(9th Cir.2002) 285 F.3d 784, 789   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Schwartz v. Secretary of Health & Human Services*,
   (9th Cir. 1995) 73 F.3d 895, 909, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Sorenson v. Mink*,
   (9th Cir. 2001) 239 F.3d 1140, 1149   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Texas State Teachers Assn v. Garland Independent School District*,
   (1989) 489 U.S. 782, 790 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*United States v. Ernst & Whinney*,
   (N.D. Ga. 1983) 557 F.Supp. 1152, 1156 . . . . . . . . . . . . . . . . . . . . . . . . . . .

*United Steelworkers v. Phelps Dodge Corp.*,
   (9th Cir. 1990) 896 F.2d 403, 407   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*West Virginia Univ. Hosps., Inc., v. Casey*,
   (1991) 499 U.S. 83, 87-88 n.3   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**FEDERAL STATUTES**

28 U.S.C. §1920   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

28 U.S.C. § 1961   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

42 USC § 1983   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

42 U.S.C. § 1988   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**FEDERAL RULES OF CIVIL PROCEDURE**

Federal Rule of Civil Procedure Rule 54(d)   . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Federal Rules of Civil Procedure  section 54(d)(1)   . . . . . . . . . . . . . . . . . . . . . . . .

<u>**OTHER AUTHORITIES**</u>

LOCAL RULE 54-4   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

1

**I**

2

**INTRODUCTION**

3     On August 6, 2019 Plaintiff brought this action under 42 U.S.C. § 1983

4  alleging his rights had been violated  by defendants Chad Renegar, Joel Gonzalez,

5  Kevin Pahel, Mark Borba, Jameson Gotts.  Plaintiff prevailed at jury trial on

6  August 16, 2023 by a finding of liability for excessive force against the named

7  defendants. Plaintiff is therefore the prevailing party and hereby moves for an order

8  awarding attorneys fees and costs pursuant to 42 U.S.C. § 1988 pending Plaintiff's

9  post-trial motion for new trial on damages.

10     Plaintiff's counsel's lodestar begins on April 24, 2018 and continues through

11  the present date as described in Exhibit A, Exhibit B appended hereto:

| Attorney | Hours Sought | Hourly Rate | Lodestar |
|---|---|---|---|
| Narine Mkrtchyan | 2818 | $810 | $2,282,580.00 |
| Thomas Beck | 112.95 | $1150 | $129,892.50 |

COSTS AND EXPENSES SOUGHT: $ 91,119.71 (Exhibit A)

GROSS TOTAL **$** 2,503,592.20

18     The work performed by Plaintiff's counsel was necessary to the demands of

19  the lawsuit that entailed contested discovery phase, motions for summary

20  judgment, three trials, and the time dedicated to the case is consistent with the

21  duties of the litigation. Ms. Mkrtchyan's $810 hourly rate requested is reasonable

22  for counsel of her depth of professional experience in police misconduct litigation

23  and prevailing hourly rates for counsel similarly situated in the Los Angeles

24  metropolitan legal community. See appended Carol Sobel, Esq. declaration ¶ 22.

25     Exhibit A is a copy of contemporaneous time billing records  as set forth in

26  the appended declaration of Narine Mkrtchyan. Exhibit B is the contemporaneous

27  time billing records as set forth in the appended declaration of Thomas Beck.

28

1

## II

2
3
**PLAINTIFF IS ENTITLED TO PETITION THE COURT FOR FEES AND COSTS AS THE PREVAILING PARTY PURSUANT TO 42 U.S.C. § 1988.**

4

5 ### A.   AUTHORITY FOR AWARD OF ATTORNEYS FEES

6   A party who prevails in an action brought under 42 U.S.C. § 1983 has a
7 statutory right to reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

8   To be eligible for such award, the prevailing party must have obtained some
9 relief on the merits of his claim that alters the legal status of the parties, in accord
10 with the legislative intent of the civil rights fee shifting statutes.  *Hewitt v. Helms*,
11 482 U.S. 755, 760 and 763; 100 S. Ct. 1987; 64 L.Ed. 2d 670 (1987). "Therefore, to
12 qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief
13 on the merits of his claim." *Farrar v. Hobby*,  506 U.S. 103, 111, 121 L.Ed.2d 492,
14 503, 113 S.Ct. 566 (1992).  Succeeding on his challenging federal claim, as is the
15 case here, indubitably grants plaintiff prevailing party status for fee entitlement
16 purposes. "42 U.S.C. § 1988 'provides that in federal civil rights actions the court,
17 in its discretion, may allow the prevailing party, other than the United States, a
18 reasonable attorney's fee as part of the costs.' *Hensley v. Eckerhart*, 461 U.S. 424,
19 426, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (internal quotation marks and citation
20 omitted). Congress passed § 1988 "to attract competent counsel to prosecute civil
21 rights cases." *Mendez v. Cnty. of San Bernardino*, 540 F.3d 1109, 1126 (9th
22 Cir.2008) (citation omitted). Consequently, 'a court's discretion to deny fees under
23 § 1988 is very narrow and fee awards should be the rule rather than the exception.'
24 *Id.* (quoting *Herrington v. Cnty. of Sonoma*, 883 F.2d 739, 743 (9th Cir.1989))
25 (internal quotation marks omitted)." *Barnard v. Theobald* 721 F,3d 1069, 1076-
26 1077 (9th Cir. 2013). An award of attorneys' fees as sought in this motion will
27 satisfy the primary purposes of the pertinent fee shifting statutes.  The award of
28 reasonable fees is necessary to attract competent counsel for plaintiff in cases as in

the instant matter, within which  important constitutional and statutory rights have been vindicated. See *Hensley v. Eckerhart,* 461 U.S. 424, 428; 103 S. Ct. 1933; 76 L.Ed.2d 40 (1983) (citing legislative history of 42 U.S.C. § 1988); *City of Riverside v. Rivera,* 477 U.S. 561; 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986); and *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565; 106 S. Ct. 3088; 92 L.Ed.2d 439 (1986).  Furthermore, Congress and the courts have recognized that payment of such fees by Defendants in civil rights cases is necessary to discourage violations of these rights.

> "Because damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief. Rather, Congress made clear that it "intended that the amount of fees awarded under [§ 1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases and not be reduced because the rights involved may be non-pecuniary in nature."

*Riverside v. Rivera*, 477 U.S. 561, 575 (1986)


**B.    STANDARDS FOR DETERMINING STATUS AS PREVAILING PARTY.**

In the Ninth Circuit, there is a two-part analysis for establishing entitlement to status of a prevailing party who merits attorneys' fees.

Initially, the Court "must determine what [Plaintiff] sought to accomplish in bringing [the] lawsuit and then determine whether the lawsuit was causally linked to the relief actually obtained.  *Sablan v. Dept. of Finance of N. Mariana Islands*, 856 F.2d 1317, 1324 (9th Cir. 1988).

Second, the "prevailing party" standard determines entitlement to an award

1  of attorneys' fees if "there . . . [is] a legal basis for [the Plaintiff's] claim – it must

2  not be 'frivolous, unreasonable or groundless.'" Plaintiff undoubtedly meets

3  "prevailing party" status. The lawsuit sought to establish liability for deprivation of

4  rights guaranteed to him by the United States Constitution and he was awarded

5  liability verdict.

6       Plaintiff is the prevailing party even though he did not receive an award for

7  damages. Plaintiff has filed a motion for new trial on damages/amend the verdict.

8  Pending the Court's determination on those motions, Plaintiff's entitlement to full

9  fee compensation is mandatory. "[I]t is clear that a litigant need not prevail on

10  every claim in order to receive a full fee." *Gates v. Deukmejian,* 987 F.2d 1392,

11  1404 (9th Cir. 1992). *Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1053 (9th

12  Cir. 1991)("Rare, indeed, is the litigant who doesn't lose some skirmishes on the

13  way to winning the war. Lawsuits usually involve many reasonably disputed issues

14  and a lawyer who takes on only those battles he is certain of winning is probably

15  not serving his client vigorously enough; losing is part of winning. The County

16  would have us scalpel out attorney's fees for every setback, no matter how

17  temporary, regardless of its relationship to the ultimate disposition of the case. This

18  makes little sense. Plaintiffs are entitled to compensation for unsuccessful motions

19  during successful litigation.""A plaintiff who is unsuccessful at a stage of litigation

20  that was a necessary step to her ultimate victory is entitled to attorneys fees even

21  for the unsuccessful stage." *Romberg v. Nichols*, 953 F.2d 1152, 1164.

22                                    **III.**

23          **THE LODESTAR SOUGHT BY PLAINTIFF IS**

24          **DEMONSTRABLY REASONABLE**

25     **A.     THE LODESTAR CALCULATION**

26       "'Several important principles bear on the district court's determination of a

27  reasonable fee amount. First, the court must compute the fee award using an hourly

28  rate that is based on the "prevailing market rates in the relevant community.'*Dang*

1   *v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005)" *Gonzales v. City of Maywood*, 2013

2   U.S. App. LEXIS 18703 * 3 (9th Cir. 2013). The lodestar calculation is based upon

3   determination of an applicable hourly fee multiplied by number of hours expended.

4   *Hensley v. Eckerhart, supra,* 461 U.S. at 433.  The lodestar is "presumed to be the

5   reasonable fee contemplated by Section 1988." *City of Riverside v. Rivera, supra,*

6   477 U.S. at 568.

7       More than occasionally, the fee award will exceed damages awarded,

8   particularly when demands of the litigation drive attorney hours upward beyond the

9   value of the damages incurred. "Those who elect a militant defense in the face of a

10  statute allowing attorney's fees if they are defeated must take into account the time

11  and effort they extract from their opponents. It was ... [defendants] right to contest

12  every aspect of this claim, but they cannot now disclaim the consequences of their

13  actions." *City of Riverside v. Rivera*, 477 U.S. 561, 580 n. 11 (1986). See also,

14  *Graham v. Sauk Prairie Police Comm.* 915 F.2d 1085, 1109 (7th Cir.

15  1990)(upholding plaintiff's requested hours noting posture adopted by the

16  defendants increased the amount of time needed to protect plaintiff's rights);

17  *Jacobs v. Mancuso*, 825 F.2d 559, 562 ((1st Cir. 1987)(defendants have only

18  themselves to blame for prompting responses from the plaintiffs); *McGinnis v.*

19  *Kentucky Fried Chicken*, 51 F.3d 805, 809 (9th Cir. 1994)(refusing to reduce award

20  by district court for overstaffing and excessive hours agreeing with the district

21  court's that the defendant's arguments "might have more weight if it had not found

22  it necessary to spend considerably more money losing that its adversary spent

23  winning.") Accordingly, it is not per se unreasonable for the prevailing party in a

24  civil rights case to be awarded an amount of attorney's fees that exceeds the amount

25  of money recovered by his or her client. *Gonzales v. Maywood, supra*, *4.

26      The defense bears the burden of producing a sufficiently cogent explanation

27  and specific reasons for reductions of the lodestar. *Moreno v. City of Sacramento*,

28  534 F.3d 1106, 1116 (9th Cir. 2008). Only exceptional circumstances will justify

1  deviating from the lodestar calculation.  *Quesada v. Thomason,* 850 F.2d 537 (9th
2  Cir. 1988).

3        Once the lodestar figure is fixed, it may be adjusted upwards or downward
4  by the court. Courts must determine whether "the Plaintiffs achieve[d] a level of
5  success that makes the hours reasonably expended a satisfactory basis for making a
6  fee award." *Ibid.*  "*Hensley* indicates that the *degree* of the plaintiff's success in
7  relation to other goals of the lawsuit is a factor critical to the determination of the
8  size of a reasonable fee, not to eligibility for a fee award at all. "*Texas State*
9  *Teachers Assn v. Garland Independent School District* 489 U.S. 782, 790 (1989),
10  quoted with approval in *Farrar v. Hobby.* 506 U.S. 103, 114 (1992). "Where a
11  Plaintiff has obtained excellent results, his attorney should recover a fully
12  compensatory fee. . ." *Hensley v. Eckerhart, supra,* 464 U.S. at 435.

13
14        **B.      PLAINTIFF BEARS THE BURDEN OF ESTABLISHING THE**
15                **LODESTAR.**

16        The fee applicant bears the burden of documenting the appropriate hours
17  expended in the litigation and must submit evidence in support of those hours
18  worked. *Hensley v. Eckerhart, supra p.* 437.  These details are set forth in
19  plaintiff's counsel's contemporaneous billing records set forth in Exhibit A hereto.

20        The party opposing the fee application has the burden of rebuttal that
21  requires submission of evidence to the district court challenging the accuracy and
22  reasonableness of the hours charged of the facts asserted by the prevailing party in
23  its submitted affidavits.  *Gates v. Rowland*, 39 F.3d 1439, 1441 (9th Cir. 1994),
24  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008). Non
25  compensable time are those hours which are shown to be "excessive, redundant, or
26  otherwise unnecessary." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir.
27  2008).

28              **1.      The Hours Claimed Are Reasonable**

1    Exhibit A sets forth Ms. Mkrtchyan's expenditure of 2818  hours between

2  April 24, 2018 and the present date as the lead counsel for the plaintiff.

3    The litigation began immediately after pre-lawsuit investigation and filing of

4  informal complaints with the Orange County Sheriff's Department, taking no

5  substantial hours pre-filing. Substantial hours were expended at every stage of the

6  lawsuit, where defendants litigated motions to dismiss, multiple discovery motions,

7  motions for summary judgment. Plaintiff conducted over 10 depositions during the

8  course of the discovery period, which was hotly contested, apparent from a casual

9  glance at the docket. Plaintiff's first trial in August-September 2021 ended in a

10  hung jury, after Ms. Mkrtchyan expended substantial hours. Between first and

11  second trials, the Court permitted limited discovery on the issues of new expert

12  witness designation and more discovery of experts was conducted in the interim.

13  Plaintiff's second trial proceeded as scheduled on December 6, 2022, which took

14  up Ms. Mkrtchyan's substantial time for preparation for the case, refiling and

15  opposing multiple motions in limine. See Docket. After two weeks of trial when

16  Ms. Mkrtchyan spent considerable time at trial by calling multiple witnesses at trial

17  for Plaintiff's case-in-chief, Court declared a mistrial over Plaintiff's objection at

18  defense request on the basis of a slip of a tongue by Plaintiff referencing prior

19  'trial' on cross-examination. Plaintiff argued that this technical violation of the

20  motion in limine was not grounds for a mistrial under the legal standards and

21  mistrial caused severe prejudice to Plaintiff in depriving him of relief sought.

22  Plaintiff was prejudiced by mistrial that cost Plaintiff witness availability for the

23  third trial, more expenditures in paying those witnesses and attorney time.

24  Thereafter, Ms. Mkrtchyan prepared yet again for a third trial, expending time and

25  resources, taking time away from other cases, which took up substantial hours,

26  when Plaintiff finally received a verdict on liability. The hours claimed by Plaintiff

27  are reasonably and necessarily spent in prosecuting this hotly contested civil rights

28  case. They are also within the range of hours normally associated with the tasks

1    performed in such cases through the filing of the instant motion.

2        An attorney declaration supporting the time incurred constitutes "[s]worn

3    testimony that, in fact, it took the time claimed" and "is evidence of considerable

4    weight on the issue of the time required in the case." *Perkins v. Mobile Housing*

5    *Board,* 847 F.2d 735, 738 (11th Cir. 1988). Evidence that the rate has been

6    awarded in the past is also competent proof. *Chalmers v. City of Los Angeles*, 796

7    F.2d 1205, 1214 (9th Cir. 1986).

8        Exhibit A reflects the actual attorney time dedicated directly to advancing

9    the litigation to its successful result.

10

11            **2.    Plaintiffs Attorney's Hourly Rate Is Reasonable**

12        This application seeks an hourly rate comparable to the prevailing rates for

13   comparably experienced counsel  in the greater Los Angeles metropolitan legal

14   community.  Reasonable rates are "to be calculated according to the prevailing

15   market rates in the relevant community." *Blum v. Stenson, supra,* 465 U.S. at 900.

16   "Furthermore, it is perfectly appropriate for a district court to award an hourly rate

17   higher than is customarily charged by the Plaintiff's attorney or than is set forth in

18   the retainer fee agreement." *Guam Society of Obstetricians and Gynecologists v.*

19   *Ada,* 100 F.3d 691, 697 (9th Cir. 1996). Defendants bear the burden of competently

20   challenging hourly rates requested. *Gates v. Rowland*, 39 F.3d 1439, 1441 (9th Cir.

21   1994). See also *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001) (noting that

22   the district court "must use" the market rate "to determine a fee under § 1988").

23        The hourly rate sought in this application is $810 per hour for Ms.

24   Mkrtchyan, which is well within the range for counsel of her depth of professional

25   experience. The hourly rate is well within  prevailing market rates for similarly

26   experienced attorneys.  The supporting declarations by Carol Sobel for Ms.

27   Mkrtchyan's hourly rate is consistent with the hourly billing rates and awards to

28   comparably experienced plaintiff's counsel in this legal community. Ms. Sobel's

declaration and appended exhibits demonstrating recent fee awards in the Central District support Ms. Mkrtchyan's requested $810 hourly rate is slightly beneath the prevailing rate for attorneys of like experience and qualifications. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1214 (9th Cir. 1985) (fee motion supported with proof the requested hourly rate had been awarded in another matter adequate to establish entitlement to the requested hourly rate). Ms. Mkrtchyan has been a police misconduct litigator since 2014, constituting 10 years of experience in multiple police misconduct cases in federal courts. Ms. Mkrtchyan has been a trial lawyer for 17 years, when she began her career as a public defender and then opened her private practice serving Los Angeles in 2009. Her areas of expertise are primarily criminal defense and civil rights. Ms. Mkrtchyan is recognized in the Los Angeles metropolitan legal community as an experienced criminal defense and police misconduct specialist.

The survey of the reported fee awards presented by Ms. Sobel's declaration and exhibits  demonstrates the acceptable hourly fee range has come a long way from the $110/hr used in 1988 to recent graduates, (*Davis v. City of San Francisco*, 976 F.2d 1536, 1547 (9th Cir. 1992), *amended after denying rehearing to omit award of expert witness fees* 984 F.2d 345 (9th Cir. 1993) or the $400 per hour in 2005 to seasoned counsel in *Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005). Ms. Sobel's input establishes the hourly rates for experienced counsel in the relevant legal community have kept pace with the economic realities of the times.

## C.    COUNSEL HAS ACCURATELY DOCUMENTED HOURS, FEES AND EXPENSES.

Plaintiff has  complied with legal and evidentiary standards related to documentation of fees and costs to demonstrate the lodestar claimed is reasonable and necessary and that the claimed rates are those prevailing in the community for similar services of attorneys with comparable experience and background.  See *Hensley v. Eckerhart, supra,* 461 U.S. at 433.

Plaintiff has provided the court and opposing counsel a detailed breakdown of the tasks and legal services performed and the costs incurred. (See Summary of Hours, Rates and Costs, Exhibit A) This establishes prima facie reasonableness for the hours expended by counsel. See, *Blum v. Stensen, supra,* 465 U.S. at 897.

## D.   TIME TOWARD THE RECOVERY OF FEES IS COMPENSABLE

"[I]t's now well established that time spent in preparing fee applications under 42 U.S.C. § 1988 is compensable." *Anderson v. Director, OWCP*, 91 F.3d 1322, 1325 (9th Cir. 1996). This is so, even where the district court does not award the applicant the full amount of fees he requests. *See Harris v. McCarthy*, 790 F.2d 753, 758-59 (9th Cir. 1986). *Schwartz v. Secretary of Health & Human Services*, 73 F.3d 895, 909, (9th Cir. 1995)(endorsing entitlement to fees award for litigating fee applications). In this case, that time commences April 24, 2018 through the reply and hearing at a future date and will be provided to the court by supplemental declaration at the end.

### IV.

## PLAINTIFF IS ENTITLED TO REIMBURSEMENT OF LITIGATION COSTS OVER AND ABOVE TITLE 28 U.S.C. §1920 AND LOCAL RULE 54-4

### A.   Plaintiff is entitled to recover pre and post-verdict interest

The prevailing plaintiff is entitled to pre and post judgment interest. *Barnard v. Theobald, supra*, p. 1078. "Under 28 U.S.C. § 1961, the award of post judgment interest on a district court judgment is mandatory. See *Air Separation Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 289–90 (9th Cir.1995)." "We have held that prejudgment interest is an element of compensation, not a penalty. See *Schneider v. Cnty. of San Diego*, 285 F.3d 784, 789 (9th Cir.2002) (explaining that prejudgment interest "serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby

achieving full compensation for the injury those damages are intended to redress."). Non-economic damages awarded for a plaintiff's pain and suffering are "just as much an 'actual loss' (for which prejudgment interest is in order)" as purely economic damages. See *Murphy v. City of Elko*, 976 F.Supp. 1359, 1364 (D.Nev.1997). Thus, to the extent the district court denied prejudgment interest because it thought such interest is unavailable for non-economic damages, the district court abused its discretion." *Id*., p. 1078.

Prejudgment interest is also available to § 1983 plaintiffs such as Plaintiff once his general damages have been liquidated by a verdict. "In addition, guided by the principles of full compensation and deterrence, other courts have awarded prejudgment interest in § 1983 cases. *See Hall  v. Ochs,* 817 F.2d 920, 926 (1st Cir. 1987) (prejudgment interest awarded successful § 1983 plaintiffs who charged assault and battery, false arrest and imprisonment); *Gorelangton v. City of Reno,*638 F. Supp. 1426, 1433 (D. Nev. 1986)(prejudgment interest awarded at 12% per annum on§ 1983 claims of false arrest and wrongful death); *DeLaCruz v. Pruitt,*590 F. Supp. 1296, 1309 (N.D. Ind. 1984) (prejudgment interest awarded in case because it serves to further the congressional purposes underlying § 1983)." *Golden State Transit Corp. v. Los Angeles,* 773 F. Supp. 204, 211(C.D. Cal. 1991). The prejudgment interest applies at the same rate from July 19, 2013.

**B. Copying, Postage, And Other Costs Ordinarily Not Encompassed by 28 U.S.C. §1920 Are Awarded under §1988**.

The traditional authority for the recovery of statutory costs by the prevailing plaintiff under FRCP Rule 54(d) is 28 U.S.C. §1920.  However, §1988 has been interpreted to authorize the recovery, as part of the reasonable attorney's fees awarded to the prevailing plaintiff, of a broad range of litigation expenses that exceed or are not included within statutory costs. *Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir. 1983); *Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4, 30 (D.C.Cir

1    1984) *cert denied*, 105 S.Ct. 3488 (1985)(Title VII); *Henry v. Webermeier*, 738

2    F.2d 188, 192 (7th Cir. 1984); *Palmigiano v. Harrahy*, 707 F.2d 636, 637 (1st Cir.

3    1983); *Dowell v. City of Apopka*, 698 F.2d 1181, 1188-92 (11th Cir. 1983); *Jones*

4    *v. Diamond* 636 F.2d 1364, 1382 (5th Cir. 1981)(*en banc*); *Northcross v. Board of*

5    *Education*, 611 F.2d 624, 639 (6th Cir. 1979), *cert denied* 447 U.S. 911 (1980).

6         Thus § 1988 has been construed to encompass the reimbursement for all

7    reasonable out-of-pocket expenses that are normally charged separately to fee-

8    paying clients and that are not part of the office overhead incorporated into the

9    attorney's billing rates.  *Int'l Woodworkers of America, AFL-CIO v. Donovan*, 792

10   F.2d 762, 767 (9th Cir. 1986).  Plaintiff is entitled to recover these expenses as

11   costs in the same manner fees are regarded as costs within the meaning of section

12   1988.

13         The Act [section 1988] seeks to shift the cost of the winning party's

14         lawyer (in cases within the intended scope of the Act) to the losing

15         party; and that costs includes the out-of-pocket expenses for which

16         lawyers normally bill their clients separately, as well as fees for lawyer

17         effort. The Act would fall short of its goal if it excluded those

18         expenses. What is more, the line between fees and expenses is

19         arbitrary. A lawyer's hourly billing rate includes many overhead

20         expenses such as local telephone calls. It is impossible to believe that

21         Congress would have wanted prevailing parties to get back their

22         lawyer's local telephone expenses (invariably included in the hourly

23         fee) but not their long-distance expenses (invariably billed separately);

24         or to get back their secretarial expenses--which are included in

25         overhead and therefore billed as part of the lawyer's hourly rate rather

26         than separately--but not the expenses of word processing, often billed

27         separately to the client.

28         *Henry v. Webermeier, supra* at p. 192:

1   Accordingly, postage, long distance, photocopying, transportation, tolls,

2   travel, food, lodging, parking, LEXIS or Westlaw research, messengers, couriers,

3   Fed Ex, programming and computer use, transcripts, maps and exhibits, express

4   mail service have been declared recoverable costs under §1988 although not

5   particularized by the federal cost statute. *Jane L. v. Bangerter*, 61 F.3d 1505, 1517

6   (10th Cir. 1995) applied this broad interpretation of § 1988: "[O]ut of pocket

7   expenses incurred during litigation may be awarded as attorneys fees under section

8   1988 if (1) the expenses are not absorbed as part of law firm overhead but are

9   normally billed to a private client, and (2) the expenses are reasonable."

10   "Under § 1988 Harris may recover as part of the award of attorney's

11   fees those out-of-pocket expenses that 'would normally be charged to

12   the fee paying client.' *Chalmers v. City of Los Angeles*, 796 F.2d 1205,

13   1216 n. 7 (9th Cir. 1987); *Laffey v. Northwest Airlines, Inc.*, 746 F.2d

14   4, 30 (D.C. Cir. 1984), *cert denied*, 472 U.S. 1021 (1985), *overruled*

15   *on other grounds, Save Our Cumberland Mountains, Inc., v. Hodel*,

16   857 F.2d 1516 (D.C.Cir. 1988)(en banc); *see also West Virginia Univ.*

17   *Hosps., Inc., v. Casey*, 499 U.S. 83, 87-88 n.3 (1991). Thus reasonable

18   expenses, thought greater than taxable costs, may be proper." *Harris*

19   *v. Marhoefer*  24 F.3d 16 (9th Cir 1994)

20   "Whether the costs are taxable depends not so much on the nature of the

21   items, but rather whether the item for which costs are sought was 'necessarily'

22   obtained for use in the case.'" *United States v. Ernst & Whinney*, 557 F.Supp. 1152,

23   1156 (N.D. Ga. 1983). See also *Keith v. Volpe*, 644 F. Supp. 1317 (C.D. Cal. 1986),

24   "Plaintiffs also seek reimbursement of $6,641.29 for out-of-pocket expenses.

25   These expenses include transcribing an administrative hearing, a next-day-delivery

26   deposition surcharge, duplicating, mail, long distance telephone calls, travel

27   mileage, and parking.  . . . [I]t is current practice in Los Angeles to bill private

28   clients separately for such expenses.  Thus, plaintiffs are entitled to reimbursement

1   . . . 644 F. Supp. at 1326.

2        It is immaterial that the courts in *Int'l Woodworkers* and *Keith* were

3   awarding fees under federal fee award statutes other than 42 U.S.C. § 1988.  The

4   same standards for fee awards are generally applicable in all cases in which

5   Congress has authorized an award of fees to the prevailing party.  *Hensley v.*

6   *Eckerhart*, 461 U.S. 424, 433 n.7 (1983); *Keith*, *supra*, 644 F. Supp. at 1322.)

7   By these reasons, Plaintiff requests the court make an  award of $**91,119.71** in costs

8   pursuant to F.R.Civ.P. section 54(d)(1), and 42 U.S.C. § 1988.  These expenses

9   were required and necessary to the litigation. *United Steelworkers v. Phelps Dodge*

10  *Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).  This includes a variety of actual out of

11  pocket expenses not often considered but paid out on behalf of clients and not

12  expressly set forth in  28 U.S.C. §1920.

13        "Even though not normally taxable as costs, out of pocket expenses

14        incurred by an attorney which would normally be charged to a fee

15        paying client are recoverable as attorney's fees under section 1988."

16        *Chalmers v. City of Los Angeles,* 796 F.2d 1205, n.7 (9th Cir. 1986).

17        The expenses claimed are documented in the Summary of Hours, Rates and

18  Costs.  (Exhibit A).

19        The declaration of plaintiff's counsel, together with the detailed

20  disbursements in the Summary of Hours, Rates and Costs (Exhibits A) the costs

21  and disbursements necessarily and reasonably incurred in connection with

22  litigating this action, set forth costs and expenses ordinarily billed to hourly paying

23  clients.  Plaintiff therefore requests that all compensable costs and disbursements

24  be included in the order made by the Court.

25                                         **V.**

26                                   **CONCLUSION**

27

28        For the foregoing reasons, this Court should award Plaintiff's counsel the

requested fees and costs, and issue appropriate findings with respect to rates, hours,

and costs. "There is no reason to delay receipt of . . . undisputed fees." *Fadhl v. City and County of San Francisco,* 804 F.2d 1097, 1099 (9th Cir. 1986).

**DATED**:   October 12, 2023

                                          **MKRTCHYAN LAW**

                                By:   /s/Narine Mkrtchyan

                                    Narine Mkrtchyan
                                    Attorney for Plaintiff

# DECLARATION OF NARINE MKRTCHYAN

I NARINE MKRTCHYAN declare:

1.  I am an attorney duly licensed to practice law in the courts of the States of California (6/6/2006); before the United States District Courts for the Central, (2009) and Eastern Districts (2023) of California, the United States Court of Appeals for the Ninth Circuit (2009) and the United States Supreme Court (2009). Each fact set forth herein is within my personal knowledge and if called upon to testify I could and would competently swear to each such fact.

2.     I was the lead counsel of record for the plaintiff in this action. Attorney Thomas Beck was associated to assist me at various stages of the case.

3.     My pertinent legal education, background and professional experience are enumerated below.

a.     I was raised in Armenia and Russia where I graduated from High School in Moscow 1995 with high honors. My family immigrated to the United States in 1996 from Armenia after the historic disintegration of the Soviet Union when I was 18 years old. I have graduated from the University of California, Los Angeles, Magna Cum Laude, High Honors in 2001. I have graduated from law school at the University of California, Davis, School of Law (King Hall), in 2005. I chose King Hall as my law school because of my lifelong dream to contribute to the cause of justice and civil/human rights. I earned the highest grades in my class in Constitutional Law, Civil Rights and Evidence courses. My career as a lawyer began as a public defender at the San Bernardino and Kern County Public Defender Offices, where I received rigorous trial training from distinguished trial lawyers at the prominent California Public Defenders Association and did multiple trials in a variety of criminal cases with great results, where I earned the reputation of a 'trial machine' and 'tiger' by colleagues and

supervisors.  Thereafter, I opened my private practice in 2009 serving Los Angeles, primarily in criminal cases. From 2009-2014 I was on the conflict panel at the Los Angeles County Bar Association, and represented indigent criminal defendants in hundreds of appointed cases throughout the Los Angeles County. My first civil rights case with similar claims here, <u>Howard v. City of Los Angeles</u>, 14-03687, FMO-AS that I tried with Attorney Thomas Beck, ended with a Plaintiff's verdict with punitive damages against defendant police officers. The case settled for $875,000 including attorney's fees and costs post-trial without litigating any fee award motions. Thereafter, I primarily focused my boutique practice on police misconduct litigation, obtaining settlement awards in a variety of civil rights cases involving claims of false arrest and excessive force, including a well-publicized case of <u>Pelayo v. City of Pomona</u>, 17-07292 $700,000; <u>Nazarian v. City of Beverly Hills</u>, 19-04391 $500,000; <u>Williams v. City of Long Beach</u>, 19-05929 $498,000. I am the attorney of record in a highly publicized police shooting case in <u>Hernandez v. City of Los Angeles</u>, 20-04477  currently pending on appeal, after a grant of Motion for Summary Judgment, where I did the oral argument at the Ninth Circuit. See the link.

https://www.youtube.com/live/JbdR43nLEG8?si=XddQvpFFeZgWdhw2. I am the attorney of record in multiple civil rights cases currently pending in the Central and Eastern Districts of California, including another high-profile case of <u>I.R. v. County of Los Angeles</u>, 23-07073.

https://youtu.be/ZXOes7T06x0?si=9cba0pRRPUm6S-VA See the link.

Plaintiff's publicized case here also covered in the news in 2021-2022 took up enormous time and effort for me, taking my time away from other cases, in light of the heavily contested litigation by the defendants at every stage and the three trials I had to do. I hired law clerks as independent contractors to perform specific assignments for this case and paid them based on hours performed between 2020-2023. I was unable to devote more time to taking other cases and was predominantly working on this case. My hours reflect my devotion to this case, the

cause of my client, impairing my ability to draw significant income from other cases. I had to borrow a loan in 2020 from the SBA (Small Business Administration) to fund this case for three trials and owe them the loan with interest. I continue to specialize in police misconduct litigation. This year I received the Trial Lawyer of the Year award from the private criminal defense bar in Los Angeles for my trial experience and devotion to constitutional rights.

4.      I am responsible for maintaining my billable time keeping system since the inception of this case.  I have personally made the entries or reviewed the time sheets  manually recording the tasks and calculated the lodestar for my activities in this case. I certify the number of hours spent to date on this case amounting to 2818 hours, is accurate and fairly reflect the tasks performed, the time it took me perform those tasks. While the number of hours seems excessive at first blush, it is sufficient to look at the docket of this case to surmise how much time and effort I had to spend in pursuing this case for Plaintiff. The Court may reduce my hours for specific tasks performed as it deems just and proper. However, I have not billed for time spent on clerical duties, such as copying, printing, preparing trial exhibits, etc. Defendants litigated every aspect of this case, beginning from motion to dismiss, objecting to Plaintiff's discovery requests, necessitating multiple rounds of motions to compel by Plaintiff. Defendants filed multiple motions to compel to, forcing me to spend substantial number of hours in defending them. Plaintiff had to conduct over 10 depositions in this case of multiple defendants, multiple non-party witnesses. Thereafter, defendants filed motions for summary judgment that I had to spend time in defending those motions. Plaintiff had to go to three trials in this case which required me to spend enormous amount of time to prepare for trial. The entries are made daily, contemporaneously with the events recorded. Each expense entry contained therein pertains to this case and this case only.  The expenses reported are necessary and

essential to the proper representation of the plaintiff. I excluded from the calculation the costs paid to expert witnesses.

5.      My current hourly rate which I ask be applied to the instant motion is $810. That rate is supported by the appended declarations of Carol Sobel, Esq. , Thomas Beck. Each are prominent and distinguished civil rights/police misconduct practitioners of long standing in this legal community. As Ms. Sobel's declaration and exhibits demonstrate, she is particularly well versed in legal billing rates in this legal universe.  I am informed and believe that attorneys in private practice, on a comparable level have been billing  $810 or greater hourly for the past three  years.

6.      The hourly rate being sought represents my length and depth of personal experience as a §1983police misconduct litigator. The $810 hourly billing rates is a direct reflection of the economic necessities of my law practice.

7.      I respectfully ask the Court to apply the current rate of $810 per hour to all of my legal services and labor, reflected in Exhibit A in the manner authorized by *Missouri v. Jenkins* (1984) 491 U.S. 274, 109 S.Ct 2463, *Barnard v. Theobald* 721 F. 3d 1069 (9th Cir. 2013) and *Gonzalez v City of Maywood*, 2013 U.S. App. LEXIS 18703 (9th Cir. 2013)

8.      Attorney Thomas Beck, distinguished civil rights attorney, was associated in the case, assisting me at depositions and other earlier stages of the case, as reflected in his billable time sheet attached herein as Exhibit B. His contribution and expertise were extremely valuable to me, while he did not conduct trials with me as he was not the counsel of record. I request the Court to award him hours for time expended as reflected in his billing time sheet as they accurately reflect his assistance in the case.

10.     In this §1988 fee application I have sought the recovery of our out of pocket costs which I ordinarily pass to clients and which are not absorbed into my overhead. I do not have full-time staff and have hired independent contractors as law clerks and paralegals to perform specific tasks for this case paying them based on their hours performed exclusively on this case. Expert witness fees were excluded from this calculation. The costs charged to this case and summarized in Exhibit A, Summary of Hours, Rates and Costs are those that were actually charged to the plaintiff and paid out in this case out of my pocket. Exhibit A, Summary of Hours, Rates and Costs is a true and accurate reflection of attorney hours spent by myself on this lawsuit. The hours spent were necessary and reasonable under the circumstances of this case.

10.     By reason of the foregoing, I respectfully request the Court to set §1988 fees for legal services rendered to and on behalf of the plaintiff through October 6 in the aggregate sum of $ **2,282,580** for my services, $**129,892.50** services of Thomas Beck, together with $**91,119.71** costs.

I declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct.

Executed this 12th day of October, 2023 at Los Angeles, California.

/s/ Narine Mkrtchyan

_____

Narine Mkrtchyan