**Michael L. Wroniak (State Bar No. 210347)**
**Christie B. Swiss (State Bar No. 245151)**
**Bonnie J. Bennett (State Bar No. 240313)**
**COLLINS + COLLINS LLP**
**750 The City Drive, Suite 400**
**Orange, CA 92868**
**(714) 823-4100 – FAX (714) 823-4101**
**Email: mwroniak@ccllp.law**
**Email: cswiss@ccllp.law**
**Email: bbennett@ccllp.law**

Attorneys for Defendant
DEPUTY CHAD RENEGAR

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DISTRICT**

| | |
|---|---|
| JEREMY HOLLOWAY,<br><br>Plaintiff,<br>vs.<br><br>COUNTY OF ORANGE; DEPUTY CHAD RENEGAR, individually and as a peace officer, DEPUTY JOEL GONZALEZ, individually and as a peace officer. DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY BRANDON BILLINGER, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS, individually and as a peace officer, DEPUTY JUSTIN GUNDERSON, individually and as a peace officer, and DOES 1 through 10, Inclusive<br><br>Defendants. | CASE NO. 8:19-cv-01514-DOC-DFM<br>***Honorable David O. Carter; Courtroom 10A***<br><br>**DEFENDANT DEPUTY CHAD RENEGAR'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW UNDER F.R.C.P. RULE 50(b); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**HEARING DATE: July 14, 2025**<br>**TIME: 9:00 a.m.**<br>**COURTROOM: 10A**<br><br>**Complaint Filed: Aug. 6, 2019**<br><br>**Trial Date: April 29, 2025**<br><br>*[Filed concurrently with Declaration of Christie B. Swiss]* |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 14, 2025 at 9:00 a.m. or as soon thereafter as it may be heard in Courtroom 10A of the above-captioned court, Defendant DEPUTY CHAD RENEGAR (hereinafter "Renegar") will and hereby does move the Court for an order granting judgment in his favor as a matter of the law pursuant to Federal Rules of Civil Procedure Rule 50(b).

This Motion is based on the fact Plaintiff JEREMY HOLLOWAY (hereinafter "Plaintiff") failed to produce proof at trial of sufficient substantiality to support a verdict against Renegar on Plaintiff's cause of action for Excessive Force (42 U.S.C. § 1983) and Plaintiff's prayer for punitive damages. Additionally, Renegar is entitled to qualified immunity because his actions in relation to Plaintiff were objectively reasonable under the circumstances and because the law governing Renegar's conduct was not clearly established at the time of the incident.

///

///

///

///

///

///

///

///



COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Christie B. Swiss, the testimony and exhibits received during trial of this matter, and all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

DATED: May 30, 2025 COLLINS + COLLINS LLP

By: ______________________
CHRISTIE BODNAR SWISS
MICHAEL L. WRONIAK
Attorneys for Defendant DEPUTY CHAD RENEGAR



COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

## TABLE OF CONTENTS

I. INTRODUCTION ........ 6

II. STANDARD FOR ENTRY OF JUDGMENT AS A MATTER OF LAW ........ 7

III. PLAINTIFF'S REPEATED REFERENCE TO THE USE OF A TASER AS EXCESSIVE FORCE VIOLATED THIS COURT'S ORDERS AND UNDULY PREJUDICED RENEGAR ........ 8

IV. DEPUTY RENEGAR IS ENTITLED TO QUALIFIED IMMUNITY BECAUSE THERE IS NO CORROBORATING EVIDENCE TO PLAINTIFF'S CLAIM THAT RENEGER PUNCHED PLAINTIFF IN THE FACE ........ 11

V. PLAINTIFF HAS NOT MET HIS BURDEN TO ESTABLISH PUNITIVE DAMAGES ARE WARRANTED ........ 17

VI. CONCLUSION ........ 23



COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Creighton*, 483 U.S. (1987) .......... 12
*BMW of North America, Inc. v. Gore*, 517 U.S. (1996) .......... 18
*City and County of San Francisco v. Sheehan*, 135 S.Ct. (2015) .......... 12
*Clement v. Gomez*, 298 F.3d (9th Cir. 2002) .......... 12
*Dang v. Cross*, 422 F.3d (9th Cir.2005) .......... 18, 19
*E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d (9th Cir. 2009) .......... 6
*Jeffers v. Gomez*, 267 F.3d (9th Cir. 2001) .......... 13
*Johnson v. Paradise Valley Unified Sch. Dist., 251 F.3d* (9th Cir. 2001*)* .......... 7
*Josephs v. Pacific Bell*, 443 F.3d (9th Cir. 2006). .......... 8
*Kennedy v. City of Ridgefield*, 439 F.3d (9th Cir. 2006) .......... 12
*Lakeside-Scott v. Multnomah County*, 556 F.3d (9th Cir. 2009) .......... 8
*Lakeside-Scott*, *supra*, 556 F.3d (9th Cir. 2009) .......... 17
*Malley v. Briggs*, 475 U.S. (1986) .......... 12
*Martin v. Cal. Dep't of Veterans Affairs*, 560 F.3d (9th Cir. 2009) .......... 8
*Mattos v. Agarano*, 661 F.3d (2011) .......... 11
*Passantino v. Johnson &Johnson Consumer Prods., Inc., 212 F.3d (9th Cir. 2000)* .......... 7
*Pearson v. Callahan*, 555 U.S. (2009) .......... 13
*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. (2000) .......... 7
*Rodriguez v. County of Los Angeles*, 891 F.3d (9th Cir. 2018) .......... 21
*Saucier v. Katz*, 533 U.S. (2001) .......... 12
*Schwenk v. Hartford*, 204 F.3d (9th Cir. 2000) .......... 12
*Tri-Tron Int'l v. Velto*, 525 F.2d (9th Cir. 1975) .......... 21
*Ward v. City of San Jose*, 967 F.2d (9th Cir. 1991) .......... 18



COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Chad Renegar brings this Renewed Motion for Judgment as a Matter of Law regarding Plaintiff Jeremy Holloway's cause of action for excessive force and claim for punitive damages pursuant to Federal Rule of Civil Procedure 50(b). A party seeking judgment as a matter of law under Rule 50(b) must first bring a motion under Rule 50(a). A party must make a motion for judgment as a matter of law under Rule 50(a) before a case is submitted to the jury. *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009). Deputy Renegar properly brought his Rule 50(a) motion during trial. (ECF No. 819). The Court bookmarked the motions to be heard at a later time, and the case proceeded to be decided by the jury. The jury reached a verdict against Deputy Renegar and Deputy Gotts, awarding compensatory damages to Plaintiff in the amount of $337,000, punitive damages against Deputy Renegar in the amount of $45,000, and punitive damages against Deputy Gotts in the amount of $30,000. (ECF No. 830). Deputy Renegar now renews his request for Judgment as a Matter of Law under Rule 50(b) on the issues of excessive force and punitive damages.

The evidence introduced at trial confirms that Renegar is entitled to judgment as a matter of law on the issues of excessive force and punitive damages because Plaintiff failed to produce proof at trial of sufficient substantiality to support a verdict against Renegar on these issues. Additionally, Renegar is entitled to judgment as a matter of law on the issue of qualified immunity because he used objectively reasonable force in



COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

his attempts to overcome Plaintiff's resistance and because the law governing Renegar's conduct was not clearly established at the time of the incident.

## II. STANDARD FOR ENTRY OF JUDGMENT AS A MATTER OF LAW

The standard for judgment as a matter of law "mirrors" that for granting summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court "should review all of the evidence in the record," but "may not make credibility determinations or weigh the evidence." *Id*. The court should give credence to the evidence favoring the non-moving party, as well as that evidence supporting the moving party that is uncontradicted and unimpeached, to the extent that it comes from disinterested witnesses. *Id*. at 151. (quotation and citation omitted). "Substantial evidence is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence." *Johnson v. Paradise Valley Unified Sch. Dist., 251 F.3d 1222, 1226* (9th Cir. 2001). "Although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.* (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000)) (internal quotation marks omitted). The Court "may not substitute its view of the evidence for that of the jury." *Id.* A jury's verdict is entitled to substantial deference. *See, e.g., Passantino v. Johnson &Johnson Consumer Prods., Inc., 212 F.3d 493, 511 n.16 (9th Cir. 2000).* Judgment as a matter of law "is appropriate when the jury could have relied only on speculation to reach its verdict." *Lakeside-Scott v. Multnomah County*, 556 F.3d 797, 803 (9th Cir. 2009);



COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

*Martin v. Cal. Dep't of Veterans Affairs*, 560 F.3d 1042, 1046 (9th Cir. 2009); *Josephs v. Pacific Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006).

## III. PLAINTIFF'S REPEATED REFERENCE TO THE USE OF A TASER AS EXCESSIVE FORCE VIOLATED THIS COURT'S ORDERS AND UNDULY PREJUDICED RENEGAR

Plaintiff alleges he was subjected to excessive force because he was **punched on the left side of his face** by "at least one Defendant," unnamed deputies got on top of Plaintiff when he was on the ground and **choked him and kneed him in the temple**, he was **shot with a taser**, and he was **kneed and kicked in the head**. Second Amended Complaint (ECF No. 28) ¶ 7, pp. 5-6. The Second Amended Complaint fails to attribute any of these actions to any specific deputy defendant. However, Plaintiff has testified at trial that it was Deputy Renegar who punched him on the left side of his face. (Declaration of Christie Swiss ("Swiss Decl."), Exhibit G, 5/9/25, 120:8-17.) Plaintiff has also testified that he was kicked and kneed in the head repeatedly, but he has never identified Deputy Renegar as the individual who kicked and kneed him in the head. (Swiss Decl., Exhibit F, 5/8/25, 23:5-6, 24:1-4, 27:6-12.)

On March 18, 2024, the Court issued an Order on Post-Trial Motions submitted after the third trial. See Omnibus Order, ECF No. 679 ("Omnibus Order"). There, the Court addressed Renegar's Motion for Judgment as a Matter of Law and the application of qualified immunity. The Court ruled as follows:

- Renegar's punch violated clearly established law and was not entitled to



COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

qualified immunity (Omnibus Order, Section B.1.a.)

- Renegar's use of the taser did not violate clearly established law and he was entitled to qualified immunity (Omnibus Order, Section B.1.b.)

As to the use of the taser, the Court found that Renegar first employed the taser in dart mode, which was ineffective, and employed the taser again in drive stun mode to Plaintiff's calf, which was effective. Omnibus Order, 8:26-9:4. The Court determined "these two tasings are protected by qualified immunity [] because there is no case law that would put Renegar on notice that the tasings were excessive." Omnibus Order 9:4-6. The Court determined Plaintiff was a threat to Renegar and the other officers when Renegar tased him. See Omnibus Order, 10:6-16. As such, "Renegar's use of the taser is protected by qualified immunity." Omnibus Order, 11:3. The Court clarified in footnote 5 of the Omnibus Order that Plaintiff is not precluded from presenting evidence of the tasings at the fourth trial because it is "**relevant to other issues in the case** (e.g. whether Gotts' knees were reasonable)" but "**Renegar's use of the taser itself does not violate clearly established law**." Omnibus Order, fn. 5 (emphasis added).

Additionally, the Court issued an instruction to the jury on Day 9 as follows:

> This court holds that the initial use and drawing of the taser did not violate department policy. But the fact that the individual was tased is presented to you, the jury, in evaluating the reasonableness of the officers' actions after the initial tasing.

Swiss Decl., Exhibit H, 5/13/25, Vol. I, 40:3-16.

///



COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

Based on the clear language of this Court's Omnibus Order and the jury instruction given in the middle of the Fourth Trial, Plaintiff was not permitted to continue arguing the use of the taser by Renegar constituted excessive force and the only remaining issues pertaining to Renegar in the Fourth Trial were (1) whether he punched Plaintiff in the head and (2) whether that punch constituted excessive force under the circumstances.

In direct violation of the Court's prior orders, Plaintiff's counsel repeatedly referenced the use of the taser as unreasonable and excessive force. First, she questioned Plaintiff's use of force expert, Roger Clark, regarding the permissible use of the taser. Mr Clark was permitted to testify to the jury that "[t]he use of the taser has specific requirements that are focused on aggressive behavior and credible threat. None of that is apparent." Swiss Decl., Exhibit E, 5/7/25 Vol. II, 25:5-23. Mr. Clark testified that the taser, along with the other force used, was "very extreme and not necessary in the totality of the circumstance…" Swiss Decl., Exhibit E, 5/7/25, Vol. II, 26:1-17. Counsel for Plaintiff then asked Mr. Clark whether the use of the taser was appropriate and necessary under these circumstances and he responded that because there were three officers present at the time, he "considered the taser as provocative." Swiss Decl., Exhibit E, 5/7/25, Vol. II, 33:4-14. Finally, counsel for Plaintiff asked Mr. Clark whether it is "reasonable to taser someone multiple times" and Mr. Clark was permitted to respond "no" over the objections of counsel. Swiss Decl., Exhibit E, 5/7/25, Vol. II, 112:12-21.

During her closing argument, counsel for Plaintiff repeatedly referenced the use of the taser as being malicious and unnecessary. Swiss Decl., Exhibit L, 5/20/25, Vol. I,



COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

49:11-16 (Plaintiff was growling from pain from the taser application and was tasered "multiple times" while Gotts had his knee on Plaintiff's back); 56:1-6 (Renegar was "out of control" and "unreasonable" when he used the taser multiple times); 60:10-20 (Renegar's use of the taser was malicious and unnecessary). She also blatantly misstated the evidence to the jury and argued Plaintiff was actually tasered three times, not two. Swiss Decl., Exhibit L, 5/20/25, Vol. I, 45:2-8; see also Omnibus Order, 8:26-9:6 (Renegar deployed the taser twice and both tasings are protected by qualified immunity).

Plaintiff's conduct throughout the trial has severely prejudiced Renegar and was intended to mislead or confuse the jury regarding the scope of issues they were to consider when evaluating whether Renegar used excessive force. The only remaining allegation made by Plaintiff against Deputy Renegar in support of his excessive force claim should have been Deputy Renegar punched him in the face, but Plaintiff continued to argue that the taser was still at issue.

## IV. DEPUTY RENEGAR IS ENTITLED TO QUALIFIED IMMUNITY BECAUSE THERE IS NO CORROBORATING EVIDENCE TO PLAINTIFF'S CLAIM THAT RENEGER PUNCHED PLAINTIFF IN THE FACE

The doctrine of qualified immunity shields a public officer from an action under a federal civil rights statute. *Mattos v. Agarano*, 661 F.3d 433, 440 (2011). Officers should be protected by qualified immunity for actions within the course and scope of their duties, unless their actions violated clearly established statutory or constitutional rights which a



COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

reasonable officer would have known. *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). The purpose of qualified immunity "is to ensure that defendants reasonably can anticipate when their conduct may give rise to liability by attaching liability only if the contours of the right violated are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000). Moreover, qualified immunity is intended to protect "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002) (holding that the purpose of qualified immunity is to protect government officials from lability for good faith mistakes); *City and County of San Francisco v. Sheehan*, 135 S.Ct. 1765, 1774 (2015).

Courts rely on a two-part inquiry to determine whether an officer is entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The first prong requires courts to consider whether a constitutional right has been violated when resolving all disputes of fact and credibility in favor of the party asserting the injury. *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1061 (9th Cir. 2006). The second prong prompts the court to determine if the right was clearly established at the time of the violation. *Id.* A right is clearly established if its "contours" are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier*, 533 U.S. at 202 (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). Courts may exercise sound discretion in deciding which of the two prongs of the *Saucier* inquiry should be addressed first in light of the circumstances in the particular case at hand. *Pearson v. Callahan*, 555 U.S.



COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

223, 237 (2009).

Additionally, peace officers must be given broad discretion and afforded immunity even when the officer makes a good faith mistake, thus giving "deference to the judgment of reasonable officers on the scene." *Jeffers v. Gomez*, 267 F.3d 895, 909 (9th Cir. 2001) (citing *Saucier*, 533 U.S. at 215).

Here, the facts established by Plaintiff at trial show that Deputy Renegar's use of force was objectively reasonable. During her opening statement, counsel for Plaintiff told the jury that Plaintiff was punched in the face by Renegar and gratuitously beaten for fun. Swiss Decl., Exhibit A, 5/2/25 AM, 22:5-23:15. As the Court noted, "[w]ith Renegar, the whole issue is coming down to that punch in the face, quite frankly, and do you believe it or not." Swiss Decl., Exhibit B, 5/5/25, Vol. IV, 7:25-8:1. However, the evidence presented by Plaintiff has not supported the allegation that Deputy Renegar punched Plaintiff in the face and Deputy Renegar is therefore entitled to qualified immunity.

The case presented by Plaintiff has established the following facts for the jury:

- Deputy Renegar responded to a previous domestic violence call at the campsite where he and other deputies encountered Plaintiff at Plaintiff's campsite; (See Trial Exhibit 35)
- During the first encounter, Plaintiff did not want to cooperate with the deputies, Plaintiff cursed at the deputies, Plaintiff had multiple knives scattered around the campsite, including a machete and an axe, Plaintiff was a convicted felon and was on probation and subject to search, and Plaintiff



COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

was a U.S. Marine Corps veteran; (Swiss Decl., Exhibit H, 5/13/25, Vol. I, 101:20-102:7, see also Trial Exhibit 35)

- While leaving the campsite following the first encounter, Deputy Renegar heard Holloway saying he was going to find out who called the cops on him; (Swiss Decl., Exhibit H, 5/13/25, Vol. I, 90:9-17; see also Trial Exhibit 35)
- Dispatch reported to Deputy Renegar that there was a male subject walking from campsite to campsite to find out who called the police on him and that reporting party heard a little girl screaming, which upgraded the urgency of the call; (See Trial Exhibit 35)
- When Deputy Renegar and other deputies arrived at Plaintiff's campsite, Plaintiff ignored repeated commands to show his hands and get down on the ground; (See Trial Exhibit 35)
- Deputy Renegar was concerned for his safety and the safety of the other deputies when Plaintiff refused to comply with the deputies' lawful orders, so he wanted to put Plaintiff on the ground in a position of disadvantage, away from his weapons, in order to subdue Plaintiff and investigate the potential crimes committed by Plaintiff; (See Trial Exhibit 35)
- Deputy Renegar attempted an arm-bar takedown of Plaintiff, but Plaintiff maneuvered away from Deputy Renegar, grabbed at Deputy Renegar's tactical vest, and placed Deputy Renegar in a headlock; (Swiss Decl., Exhibit H, 5/13/25, Vol. I, 7:18-10:23; see also Trial Exhibit 35)



COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

- Deputy Renegar punched Plaintiff ***in the side*** several times in order to free himself from Plaintiff's headlock; (Swiss Decl., Exhibit H, 5/13/25, Vol. I, 27:15-19; see also Trial Exhibit 35)
- Once Deputy Renegar was able to get out of Plaintiff's headlock, Plaintiff continued to struggle on the ground, kicking his legs, and fought against being handcuffed; (Swiss Decl., Exhibit H, 5/13/25, Vol. I, 35:22-36:7; see also Trial Exhibit 35)
- After giving Plaintiff several warnings, Deputy Renegar used a taser to incapacitate Plaintiff, allowing the other deputies to put Plaintiff in handcuffs; (Swiss Decl., Exhibit H, 5/13/25, Vol. I, 35:22-36:7; see also Trial Exhibit 35)

Plaintiff called several witnesses to testify on his behalf, but none have corroborated Plaintiff's claim that Deputy Renegar punched Plaintiff in the face. Plaintiff called retired Deputy Joel Gonzalez, who testified he "never saw [Plaintiff] get punched in the face." Swiss Decl., Exhibit B, 5/5/25, Vol. IV, 22:23-25; see also Swiss Decl., Exhibit C, 5/6/25, Vol. I, 58:1-7. Gonzalez testified it was his belief that Plaintiff got his injury to his head when he was taken to the ground by deputies. Swiss Decl., Exhibit B, 5/5/25, Vol. IV, 23:4-12. Additionally, Gonzalez recalled hearing Deputy Renegar say something to the effect of "He's got my head." Swiss Decl., Exhibit B, 5/5/25, Vol. IV, 29:6-19.

Plaintiff also called his treating physician, Dr. Susan Hopp, who testified about Plaintiff's injuries following the incident. Dr. Hopp confirmed that Plaintiff never reported



COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

he was punched in the face. Swiss Decl., Exhibit D, 5/6/25 PM, 78:10-12; see also Trial Exhibit 5.

Plaintiff called his law enforcement practices expert, Roger Clark, who confirmed there are no independent witnesses who saw Deputy Renegar punch Plaintiff in the face. Swiss Decl., Exhibit E, 5/7/25, Vol. II, 104:15-105:6. Mr. Clark further agreed that reasonable force is warranted and justified where a suspect wraps his arms around an officer's head or tries to grab an officer's ballistic vest. Swiss Decl.., Exhibit E, 5/7/25, Vol. II, 105:7-22.

Plaintiff also called Sergeant Rawlings, who conducted the investigation into Deputy Renegar's use of force on behalf of the Orange County Sheriff's Department. Sergeant Rawlings testified the force used by Deputy Renegar was objectively reasonable and within Department policy. See Trial Exhibit 40.

Plaintiff has presented the Patrol Video System ("PVS") that recorded both encounters between Plaintiff and the Deputy Defendants. At no point in these recordings does Plaintiff ever report he was punched in the face. See Trial Exhibits 102-1, 102-2, and 102-6.

Finally, Brian Fuerbach testified on May 14, 2025, who was in the RV near Plaintiff's campsite and witnessed the incident. He was a neutral third-party witness. He testified he "watched the entire situation unfold" and did not see any deputy punch Plaintiff in the face. Swiss Decl., Exhibit I, 5/14/25, 52:20-53:2.

///



COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

Defendants called Deputy Borba and Deputy Pahel during their case in chief. Deputy Borba testified he did not see anyone punch Plaintiff in the face. Swiss Decl., Exhibit J, 5/16/25, 17:20-22. Deputy Pahel testified on direct and cross examination that Deputy Renegar did not punch Plaintiff in the face. Swiss Decl., Exhibit J, 5/16/25, 166:4-6, 170:5-13.

There is no evidence outside of Plaintiff's self-serving and inconsistent testimony suggesting Deputy Renegar punched Plaintiff in the face. Plaintiff's Second Amended Complaint does not identify Deputy Renegar as the deputy who punched him in the face, the PVS recording does not show Deputy Renegar punching Plaintiff in the face, and Plaintiff has not presented a single witness or document to corroborate Plaintiff's claim that he was punched in the face by Deputy Renegar. Judgment as a matter of law "is appropriate when the jury could have relied only on speculation to reach its verdict." *Lakeside-Scott, supra*, 556 F.3d at 803 (9th Cir. 2009). As such, Plaintiff did not meet his burden to establish excessive force and the jury could have only relied on speculation to reach its verdict that Deputy Renegar used excessive force based on the evidence presented at trial. Deputy Renegar is entitled to qualified immunity and judgment as a matter of law as to the issue of Plaintiff's alleged punch to the face.

## V. <u>PLAINTIFF HAS NOT MET HIS BURDEN TO ESTABLISH PUNITIVE DAMAGES ARE WARRANTED</u>

"[D]efendants are entitled to a directed verdict if the evidence and its inferences, considered as a whole and viewed in the light most favorable to plaintiffs, can reasonably


COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

support a defense verdict only." *Ward v. City of San Jose*, 967 F.2d 280, 286 (9th Cir. 1991) (vacating punitive damages against police officers who had shot and killed a citizen.) The Court can enter a judgment as a matter of law solely on the issue of punitive damages when there is no evidence that the defendant acted with evil intent. *Id.*

In a case such as this, a jury may only award punitive damages upon a finding of "evil motive or intent," "reckless or callous indifference" to the constitutional rights of others or "oppression." *Dang v. Cross,* 422 F.3d 800, 807 (9th Cir.2005). On a motion for judgment as a matter of law, the court must determine whether there is "substantial evidence" to support such a finding by the jury. The overall constitutionality of a punitive damage award is to be evaluated in light of three factors: (1) the degree of reprehensibility; (2) the disparity between the harm suffered and the punitive damages award; and (3) the difference between the remedy and the civil penalties authorized or imposed in comparable cases. *See BMW of North America, Inc. v. Gore,* 517 U.S. 559, 574–75 (1996). These many factors ultimately reduce to one simple question: based on the evidence presented at trial, could a reasonable jury have concluded that Deputy Renegar did not just make a mistake, but rather went out of his way to deliberately hurt Plaintiff?

Here, it could not. Not a single witness testified as to any overt cruelty by Renegar. There was no evidence that Renegar's conduct was malicious, oppressive, or with reckless disregard for Plaintiff's civil rights. There is no evidence that Renegar acted out of ill will or spite toward Plaintiff. In every version of the facts, Renegar used methods of restraint to gain compliance from a suspect he perceived was actively resisting and combative. The



COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

closest that Plaintiff can come to identifying the requisite "cruelty" from Renegar is the fact that Renegar allegedly punched him in the face to subdue him, which is not supported by a single witness other than Plaintiff himself.

As discussed in detail above, Plaintiff has not presented any witnesses or documents to corroborate Plaintiff's claim that Deputy Renegar punched Plaintiff in the face. To the contrary, numerous witnesses unequivocally testified that Deputy Renegar did ***not*** punch Plaintiff in the face. See generally Section IV above. Further, Plaintiff has never identified Deputy Renegar as the one who allegedly kicked, kneed, or struck him in the head, and Deputy Renegar denies that ever happened. There is simply no evidence that Renegar misused or abused his authority, or took advantage of some weakness, disability, or misfortune of Plaintiff. *See Dang, supra*, 422 F.3d at 809 (citations omitted). Renegar used force that he was trained in and believed was reasonable to subdue someone who he reasonably believed was actively resisting his lawful efforts to take him into custody.

Further, it is undisputed that once Plaintiff was subdued and in handcuffs, all use of force stopped. The deputies stopped using force once they knew Plaintiff was no longer resisting. This demonstrates that Renegar did not act with a reckless disregard of, or indifference to, the rights or safety of Plaintiff. *Dang*, 422 F.3d at 806.

Even if the force used by Renegar is found to be excessive, there is not a single piece of evidence to demonstrate that he acted with malice or reckless indifference towards Plaintiff's rights. In fact, Renegar's use of force expert, Robert Fonzi, clearly explained the dynamics of the situation that caused the deputies to be on high alert and concerned



COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

for their safety and the safety of Plaintiff and others in the vicinity. This was a domestic violence call, which typically involves a high risk of danger to law enforcement and requires officers to immediately establish control over the situation. Swiss Decl., Exhibit K, 5/19/25, Vol. III, 124:5-125:2, 126:7-127:8. Plaintiff was not cooperative during the first encounter and he was found to be in possession of several knives, which elevated officer safety concerns when they were called back a second time. Swiss Decl., Exhibit K, 5/19/25, Vol. III, 128:12-130:1. The Deputies were called back to the scene a second time because a person was yelling and trying to find the person who called the cops on him, which further heightened the safety issues for the Deputies. Swiss Decl., Exhibit K, 5/19/25, Vol. III, 133:1-17. The Deputies were also informed by dispatch that a little girl was heard screaming, which elevated the call to a priority one and further put the Deputies on high alert for their safety and the safety of those in the area. Swiss Decl., Exhibit K, 5/19/25, Vol. III, 133:23-135:3. Based on the information learned during the first encounter, Deputies had reason to believe Plaintiff could have armed himself with one of his knives between the first and second encounter. Swiss Decl., Exhibit K, 5/19/25, Vol. III, 135:4-17. Based on each of these facts, it was urgent and imperative for the Deputies to gain control of the situation and control of Plaintiff in order to continue their investigation. Plaintiff was ordered to the ground multiple times and refused, requiring the Deputies to use force to neutralize him and gain control of the dangerous and fluid situation. See Swiss Decl., Exhibit K, 5/19/25, Vol. III, 137:16-138:8, 139:2-22. Considering the high risk of harm and the dynamics of the situation, there is no evidence

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

Deputy Renegar acted with malice, oppression, or reckless disregard of Plaintiff's rights. To the contrary, it is clear Deputy Renegar simply intended to gain control of the situation in order to conduct an investigation into the alleged domestic violence.

Plaintiff has presented no evidence that would lead a reasonable jury to find that Deputy Renegar's conduct was malicious, oppressive, or in reckless disregard of Plaintiff's rights. Deputy Renegar's version of events has been consistent since the night of the event that he did not punch plaintiff in the face. As noted above, despite the Court's clear ruling on this issue, Renegar's use of the taser was presented to the jury as unreasonable, malicious, and excessive. The jury was not asked to determine which force it found to be excessive, nor was it asked what force it based its award of punitive damages on. Therefore, if the jury found that Deputy Renegar is required to pay punitive damages for use of the taser that the Court already deemed appropriate, then the punitive damages award would be improper.

Additionally, the amount of punitive damages is extraordinarily high based on Deputy Renegar's financial condition. "Under federal law, 'ability to pay is of some importance' in assessing the propriety of a punitive damages award but it is not dispositive.'" *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 806, (9th Cir. 2018), quoting *Tri-Tron Int'l v. Velto*, 525 F.2d 432, 438 (9th Cir. 1975). Deputy Renegar requested that the case be bifurcated as to the punitive damages phase (See Defendants' Memorandum of Contentions of Fact and Law ECF 712, 19: 1-17) so that evidence of his financial condition could be presented to the jury, which was denied. However, Deputy



COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

Renegar did testify that he is a law enforcement officer and has three small children. Swiss Decl., Exhibit H, 5/13/25, Vol. I, 119:22-25 A punitive damages award of $45,000 to a law enforcement officer with three small children is inappropriate. Aside from having three small children, there is simply no evidence on the record to establish Deputy Renegar's financial condition in order for the jury to reasonably evaluate an appropriate amount for an award of punitive damages.

Finally, the improper statements made by counsel for Plaintiff during her closing arguments were unduly prejudicial, needlessly inflamed the jury, and misled the jury regarding the standard for awarding punitive damages. Counsel for Plaintiff made several statements that were overtly improper "Golden Rule" or "Reptile Theory" arguments intended to manipulate the jury. For example, counsel for Plaintiff suggested that while this case is about an abuse of power over a "homeless veteran" but next it could be "one of us," implying the jury should punish Deputy Renegar to prevent any harm from later coming to the jury. Swiss Decl., Exhibit L, 5/20/25 AM, 72:1-24, 75:3-20, 76:5-20. She then directed the jury to "send a clear, long message" to Deputy Renegar to avoid those in power from taking advantage of "our rights as the people." Swiss Decl., Exhibit L, 5/20/25 AM, 77:6-21, 81:24-82:5. She ended this colloquy by instructing the jury that "injustice to one is injustice to everyone." Swiss Decl., Exhibit L, 5/20/25 AM, 78:9; see also Exhibit L, 84:20-22. These remarks are not only in gross violation of the law and the orders of this Court, but also directly prejudiced Renegar and misled and inflamed the jury into awarding unwarranted and unjustified punitive damages. Counsel for Plaintiff repeatedly



COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

implied that a failure to award punitive damages could eventually result in harm to the jury, which is a transparent manipulation of the jury and a blatant Golden Rule argument.

The clear manipulation of the jury is underscored by the fact that the jury issued $30,000 in punitive damages to Deputy Gotts when there is no evidence to suggest he was even present at the scene at the time Plaintiff claims he was being kneed in the head. See Gotts' 50(b) Motion. Therefore, if the jury issued punitive damages to a Deputy was not on scene for the use of force, which is entirely unsupported by facts or evidence, then any punitive damages award to either deputy is rendered suspect and improper and was likely unfairly influenced by Plaintiff's improper closing argument.

The evidence in this case does not support even an inference that any deputy acted with malice, oppression, or reckless disregard for Plaintiff's rights. For that reason, no reasonable jury would have any legally sufficient evidentiary basis to find that an award of punitive damages against Deputy Renegar is warranted. As a matter of law, the jury's punitive damages finding and award is unwarranted and should be set aside.

## VI. CONCLUSION

Based on these facts, Deputy Renegar is entitled to qualified immunity because the force he used was objectively reasonable and there is no evidence that he punched Plaintiff in the face. Plaintiff has not presented evidence establishing otherwise such that a reasonable jury would have a legally sufficient evidentiary basis to find that Deputy Renegar used excessive force. Further, deference must be given to the deputies at the scene who were dealing with an undisputedly agitated individual who had access to multiple



COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

weapons, was trained in hand-to-hand combat by the U.S. Marine Corps, and who may have committed multiple crimes at the camp that night. Additionally, Plaintiff has not presented evidence that Deputy Renegar acted with malice, oppression, or fraud to support his claim for punitive damages. As a matter of law, this Court should conclude Deputy Renegar is entitled to qualified immunity and Plaintiff's claims for excessive force and punitive damages against Deputy Renegar should be dismissed.

DATED: May 30, 2025

COLLINS + COLLINS LLP

By: ______________________
CHRISTIE BODNAR SWISS
MICHAEL L. WRONIAK
Attorneys for Defendant DEPUTY CHAD RENEGAR



COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101