**Michael L. Wroniak (State Bar No. 210347)**
**Christie B. Swiss (State Bar No. 245151)**
**James C. Jardin (State Bar No. 187482)**
**COLLINS + COLLINS LLP**
**750 The City Drive, Suite 400**
**Orange, CA 92868**
**(714) 823-4100 – FAX (714) 823-4101**
**Email: mwroniak@ccllp.law**
**Email: cswiss@ccllp.law**
**Email: jjardin@ccllp.law**

Attorneys for Defendant
DEPUTY CHAD RENEGAR

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DISTRICT

| | |
|---|---|
| JEREMY HOLLOWAY, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF ORANGE; DEPUTY CHAD RENEGAR, individually and as a peace officer, DEPUTY JOEL GONZALEZ, individually and as a peace officer. DEPUTY KEVIN PAHEL, individually and as a peace officer, DEPUTY BRANDON BILLINGER, individually and as a peace officer, DEPUTY MARK BORBA, individually and as a peace officer, DEPUTY JAMESON GOTTS, individually and as a peace officer, DEPUTY JUSTIN GUNDERSON, individually and as a peace officer, and DOES 1 through 10, Inclusive <br><br> Defendants. | CASE NO. 8:19-cv-01514-DOC-DFM <br> *Honorable David O. Carter; Courtroom 10A* <br><br> **RESPONSE TO WRIT OF EXECUTION AND REQUEST FOR STAY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 62** <br><br> **[Filed concurrently with Declaration of James C. Jardin in support of Response to Writ of Execution and Request for Stay Pursuant to Federal Rule of Civil Procedure 62]** <br><br> **Complaint Filed: August 6, 2019** <br><br> **Trial Date: April 29, 2025** |

*FILE # 23084*

1

**RESPONSE AND REQUEST FOR STAY (FRCP 62)**

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone  (714) 823-4100
Fax     (714) 823-4101

Defendant CHAD RENEGAR submits the following Response to Plaintiff JEREMY HOLLOWAY's Writ of Execution and Request for Stay Pursuant to Federal Rule of Civil Procedure 62.

## I.    Introduction

As previously ruled by this Court, Defendant CHAD RENEGAR ("Defendant"), along with Defendant COUNTY OF ORANGE, has obtained adequate security against enforcement of the Judgment in this matter which Plaintiff likewise has appealed. Dkt. 954. The security is in the form of an irrevocable letter of credit ("ILOC") in the amount of **$1,996,635.24** issued by Wells Fargo Bank in favor of Plaintiff, and payable on demand in the event the County or Renegar fail to satisfy the Judgment after appeal if necessary.

As ordered by this Court, the Renegar and the County have maintained the ILOC pending completion of the appeals process currently underway and will renew the ILOC prior to its expiration on February 18, 2027 and as ordered by the Court.

On that basis, Defendant respectfully requests that the Court stay enforcement of the Judgment in this matter pending appeal, including but not limited to the Writ of Execution.

## II.    Pertinent Facts.

As previously attested, subsequent to Deputy Renegar's Opposition to Plaintiff's Motion to Compel Post Judgment Interrogatory Responses with Sanctions, the County of Orange ("County") and Deputy Renegar obtained a irrevocable letter of credit ("ILOC") from Wells Fargo Bank in the amount of **$1,996,635.24**, which is 1.5 times the amount of the Judgment in this matter: $337,000 + $45,000 + 848,754.30 + $100,435.86 = $1,331,190.16 x 1.5 = $1,996,785.24). Jardin Decl., ¶ 2, Exh. A. Despite best efforts, Wells Fargo Bank and Brunswick Companies failed to resolve their differences regarding Wells Fargo's form of ILOC. Jardin Decl., ¶3. Nonetheless, the County and Deputy Renegar have maintained the ILOC in place. *Id.*, ¶ 4.

///

*FILE # 23084*

**COLLINS + COLLINS** LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone  (714) 823-4100
Fax      (714) 823-4101

2

**RESPONSE AND REQUEST FOR STAY (FRCP 62)**

Regardless, the County maintains sufficient resources to satisfy the full amount of the Judgment as well as any surplus amount up to and in excess of the full amount of the ILOC. *Id.*, ¶ 5. The County's Fiscal Year 2024-2025 Annual Comprehensive Financial Report ("2025 ACRF") is published yearly on June 30 and confirms the County's financial status. *Id.*, ¶ 6, Exh. B. The 2025 ACRF confirms that, as of June 30, 2025, the County's combined net position from both governmental and business activities totals $7,563,914,000, far in excess of the Judgment in place. *Id.*, Exh. B, pp. 23, 25.

The Court reviewed the ILOC on Defendant's response to Plaintiff's Application for Judgment Debtor Examination and approved it as to form and amount. Dkt. 954.

Despite the Court's prior approval of the ILOC, subsequent to issuance of that Order Plaintiff personally served the Writ of Execution upon Defendant. Prior to Plaintiff's service of the Writ of Execution, Plaintiff made no attempt to contact County to inquire regarding enforcement or regarding the status of security. Jardin Decl., ¶ 8.

## III. The Court Has Discretion to Modify Rule 62's Security Requirements, Both as to the Type and Amount of Security.

Under Rule 62(b), "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." The 2018 amendments to Rule 62(b) expressly made "explicit the opportunity to post security in a form other than a bond." Fed. R. Civ. P. 62 advisory committee notes (2018). The advisory committee notes do not enumerate specific types of qualifying security but leave the form to the Court's judgment. Federal Rule of Appellate Procedure 8 similarly contemplates that a stay may be conditioned upon the filing of "a bond or other security in the district court."

The practical effect of this framework is that parties have the right to a stay obtained by providing a bond or other approved security. *American Civil Liberties Union of Nevada v. Masto*, 670 F.3d 1046, 1066 (9th Cir. 2012); *Bennett v. Franklin Resources, Inc.*, 360 F.Supp.3d 972, 977 (N.D. Cal. 2018); *Estate of Casillas v. City of*

*FILE # 23084*

3

**RESPONSE AND REQUEST FOR STAY (FRCP 62)**

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

*Fresno*, 471 F.Supp.3d 1035, 1036 (E.D. Cal. 2020). However, the rule does not mandate a traditional surety bond, and courts have long exercised discretion to accept alternative security arrangements. *International Telemeter Corp. v. Hamlin Intern. Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985).

This Court has not adopted a local rule that specifies the required form or amount of security under Rule 62(b), and no local rule expressly authorizes or prohibits the use of an irrevocable letter of credit as substitute security for a stay pending appeal. In the absence of a relevant local rule, this Court relies on the flexible framework of Rule 62(b) and the court's inherent discretionary authority. Rule 83 makes clear that judges may regulate practice consistent with federal law and rules.

The Ninth Circuit has confirmed that, although FRCP 62 provides for a supersedeas bond as the standard vehicle for obtaining a stay of execution pending appeal, "the court has discretion to allow other forms of judgment guarantee." International Telemeter Corp. v. Hamlin Intern. Corp., 754 F.2d 1492 (1985) District courts in the Ninth Circuit's California districts have acted on this discretion in a variety of ways.

In *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 757 F.Supp. 1101 (S.D. Cal. 1990), the Southern District granted a stay without requiring a traditional supersedeas bond, instead requiring the judgment debtor to post real property security worth twice the judgment amount. The court's analysis began with the proposition that "the trial court may, at its discretion, either waive the bond requirement or allow the judgment debtor to use some alternative type of security," relying on the Ninth Circuit's decision in *In re Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977). This alternative security framework has been adopted consistently across the California federal districts.

In *Cotton ex rel. McClure v. City of Eureka*, 860 F.Supp.2d 999 (S.D. Cal. 2012), the Southern District confirmed that district courts have "inherent discretionary authority in setting supersedeas bonds," which includes "discretion to allow other forms

*FILE # 23084*

**RESPONSE AND REQUEST FOR STAY (FRCP 62)**

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone  (714) 823-4100
Fax     (714) 823-4101

of judgment guarantee" as well as "broad discretionary power to waive the bond requirement if it sees fit." *Id.* at 1027, quoting *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505, n. 1 (9th Cir. 1987), *International Telemeter Corp., supra*, 745 F.2d at 1495, and *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796-797 (9th Cir. 1989) (partially vacated on other grounds on rehearing en banc). The court articulated that the burden is on the moving party to "objectively demonstrate" the reasons for departing from the full supersedeas bond, applying a five-factor framework that considers: (1) the complexity of the collection process; (2) the time required to obtain a judgment after affirmance on appeal; (3) the court's degree of confidence in the availability of funds; (4) whether the debtor's ability to pay is so plain that the bond would be a waste of money; and (5) whether the debtor's financial precariousness would place other creditors at risk. *Cotton ex rel. McClure v. City of Eureka, supra*, 860 F.Supp.2d at 1028, citing *Dillon v. City of Chicago*, 866 F.2d 902, 904-905 (7th Cir. 1988); see also *United States v. Moyer*, 2008 WL 3478063, at *12 (N.D. Cal. 2008) (noting that district courts within the Ninth Circuit "regularly use these factors").

In *Century 21 Real Estate LLC v. All Professional Realty, Inc.*, 889 F.Supp.2d 1198 (E.D. Cal. 2012), the Eastern District observed that "[c]ourts addressing a motion for an unsecured stay under Rule 62(d) have expressed a willingness to grant such requests when: (1) defendant's ability to pay is so plain that the cost of the bond would be a waste of money or (2) the requirement would put the defendant's other creditors in undue jeopardy (in other words, the requirement is impracticable because it would, for example, force appellant into bankruptcy or paralyze the business)." *Id.* at 1242-1243, quoting *Bolt v. Merrimack Pharmaceuticals, Inc.*, 2005 WL 2298423, at *3 (E.D. Cal. 2005); see also *Olympia Equip. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986); *Brooktree Corp. v. Advanced Micro Devices, Inc., supra*, 757 F.Supp. at 1104.

The Ninth Circuit's decision in *In re Hamada*, 291 F.3d 645 (9th Cir. 2002) is directly instructive on the strength of letters of credit as security in comparison to a superseadas bond. In *Hamada*, a judgment debtor obtained a supersedeas bond from a

*FILE # 23084*

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

5

**RESPONSE AND REQUEST FOR STAY (FRCP 62)**

surety company. The surety required the debtor to post standby irrevocable letters of credit from two banks as collateral backing the supersedeas bond. *Id.* at 647-648. The letters of credit were thus used as collateral securing the surety's own performance obligation rather than being posted directly with the court as the primary form of security. The Ninth Circuit noted that a bank's obligation under a letter of credit is primary and independent of the underlying contractual obligation and is triggered upon the principal's failure to remit payment. *Id.* at 650-651.

## III.   Deputy Renegar Respectfully Requests that the Court Stay Enforcement of the Writ of Execution.

The ILOC issued by Wells Fargo Bank provides for payment upon demand in the event Defendants fail to satisfy the Judgment following appeal. Jardin Decl., ¶ 2, Exh. B. County and Deputy Renegar have maintained the ILOC in place since issuance and will do so if ordered to do so by this Court. Jardin Decl., ¶ 4.

Regardless of the ILOC, however, the County has more than sufficient assets to satisfy the Judgment. California Government Code section 825 requires a public entity to defend and indemnify its employees for acts or omissions occurring within the scope of employment. See *Deocampo v. Potts,* 836 F.3d 1134, 1141–1142 (9th Cir. 2016) (Cal. Govt. Code § 825 applies to federal civil rights claims, requiring public entities to indemnify employees). The indemnification obligation requires the County to indemnify Renegar against the Judgment and fee award, because Renegar is an employee of the Orange County Sheriff's Department, and he is entitled to indemnity for the judgment.

The County's Fiscal Year 2024-2025 Annual Comprehensive Financial Report ("2025 ACRF") is published yearly on June 30 and confirms the County's financial status. Jardin Decl., ¶ 6, Exh. B. The 2025 ACRF confirms that, as of June 30, 2025, the County's combined net position from both governmental and business activities totals $7,563,914,000, far in excess of the Judgment in place. *Id.*, Exh. B, pp. 23, 25.

///

///

*FILE # 23084*

**RESPONSE AND REQUEST FOR STAY (FRCP 62)**

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA 92868
Phone (714) 823-4100
Fax (714) 823-4101

## V.   Conclusion

For the foregoing reasons, Deputy Renegar respectfully requests that the Court stay enforcement or the Writ of Execution based on the Court's prior approval of the ILOC as security on appeal.

DATED:  July 6, 2026                    COLLINS + COLLINS LLP


By: _____
    JAMES C. JARDIN
    MICHAEL L. WRONIAK
    CHRSTIE B. SWISS
    Attorneys for Defendant DEPUTY CHAD RENEGAR

COLLINS + COLLINS LLP
750 The City Drive
Suite 400
Orange, CA  92868
Phone   (714) 823-4100
Fax       (714) 823-4101

**PROOF OF SERVICE**

**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California,　　　　　）  
　　　　　　　　　　　　　　）　ss.  
County of San Diego.　　　　）

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 2011 Palomar Airport Road, Suite 207, Carlsbad, California 92011.

On this date, I served the foregoing document described as **RESPONSE AND REQUEST FOR STAY (FRCP 62)** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Carlsbad, California to be served on the parties as indicated on the attached service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Carlsbad, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Carlsbad, California.

☐ **BY EXPRESS MAIL OR ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY**

☒ **(BY ELECTRONIC FILING AND/OR  SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached Service on: July 6, 2026

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☐ **(BY FACSIMILE)** - I caused the above-described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) indicated on the attached <u>Service List</u> and the activity report(s) generated by facsimile number (760) 274-2111 indicated all pages were transmitted.

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on **July 6, 2026** at Carlsbad, California.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Patrice Porter  
pporter@ccllp.law

*FILE # 23084*

**COLLINS + COLLINS** LLP  
750 The City Drive  
Suite 400  
Orange, CA  92868  
Phone　(714) 823-4100  
Fax　　(714) 823-4101

**RESPONSE AND REQUEST FOR STAY (FRCP 62)**

**SERVICE LIST**
**Case Name: Holloway v. County of Orange, et al.**
**Case Number: 8:19-cv-01514-DOC-DFM**
**CCMS: 23084**

Narine Mkrtchyan
655 North Central Avenue Suite 1700
Glendale CA, CA 91203
**Mailing Address:**
10063 Riverside Dr #2288
Toluca Lake, CA 91602
Tel: 818-388-7022
Email: narine56@msn.com
**ATTORNEYS FOR PLAINTIFF JEREMY HOLLOWAY**

S. Frank Harrell
Tamara M. Heathcote
Lynberg and Watkins APC
1100 West Town and Country Road Suite 1450
Orange, CA 92868
714-937-1010
Fax: 714-937-1003
sharrell@lynberg.com
cnaltsas@lynberg.com
theathcote@lynberg.com
**ATTORNEY FOR County of Orange, Deputy Joel Gonzalez, Deputy Kevin Pahel, Deputy Brandon Billinger, Deputy Mark Borba, Deputy Jameson Gotts, Deputy Justin Gunderson**

*FILE # 23084*

**COLLINS + COLLINS** LLP
750 The City Drive
Suite 400
Orange, CA  92868
Phone   (714) 823-4100
Fax      (714) 823-4101

9

**RESPONSE AND REQUEST FOR STAY (FRCP 62)**